James E. Doroshow (SBN 112920)
    jdoroshow@foxrothschild.com
Ashe Puri (SBN 297814)
    apuri@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone:  310-598-4150
Facsimile:   310-556-9828

Attorneys for Defendants,
OPPENHEIMER CINE RENTAL, LLC,
OPPENHEIMER CAMERA PRODUCTS, INC.,
and MARTY OPPENHEIMER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOICE INTERNATIONAL, INC., a California corporation; DAVID GROBER, an individual,<br><br>                    Plaintiffs,<br><br>          v.<br><br>OPPENHEIMER CINE RENTAL, LLC, a Washington corporation; OPPENHEIMER CAMERA PRODUCTS, INC., a Washington corporation; MARTY OPPENHEIMER, an individual; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.: CV-15-08830-JAK-KS<br><br>Hon. Judge John A. Kronstadt<br><br>**NOTICE OF RELATED CASE**<br><br>Complaint filed:        11/12/15 |

NOTICE OF RELATED CASE
1

Pursuant to Local Rule 83-1.3.1, the undersigned counsel of record for Defendants Oppenheimer Cine Rental, LLC, Oppenheimer Camera Products, Inc., and Marty Oppenheimer (collectively, "Defendants") hereby state that they believe that the instant, above-captioned action (the "Instant Action") is related to United States District Court for the Central District of California Civil Action No. 04-CV-08604-JZ-OP, captioned *David Grober and Voice International, Inc. v. Mako Products, Inc., et. al.* (the "Mako Products Action").  The Instant Action and the Mako Products Action are related because they (a) arise from the same or closely related transactions, happenings or events; (b) call for determination of the same or substantially related or similar questions of law and fact; and (c) for other reasons that would entail substantial duplication of labor if heard by different judges.

The parties are nearly identical in both Actions.  The Plaintiffs in the Mako Products Action, David Grober and Voice International, Inc. are the same Plaintiffs as in the Instant Action.  The Defendants in the Instant Action also include some of the same Defendants from the Mako Products Action.  In the Mako Products Action, Defendant Oppenheimer Cine Rentals was previously a named Defendant just as it is now named as a Defendant in the Instant Action.  While Plaintiffs have also named Oppenheimer Camera Products and Marty Oppenheimer as defendants in the Instant Action, neither of those defendants have ever dealt in the accused products.

Plaintiffs' claims are also substantially similar in both Actions.  Thus, in the Mako Products Action, Plaintiffs allege that the Defendants in the Mako Products Action allegedly infringe U.S. Patent No. 6,611,622 ("the '622 patent") because they make, sell, lease, or use camera stabilizers sold under the "MakoHead" brand. Identically, in the Instant Action, Plaintiffs allege that the Defendants (in the Instant Action) allegedly infringe the '622 patent because they rent or sell the same MakoHead camera stabilizers.  This is not in dispute.  In fact, in their Complaint (at ¶ 6) in the Instant Action, Plaintiffs specifically allege "[t]he '622 patent is the subject

of *Grober v. Mako Products, Inc.*, currently pending in this District as Case No. 2:04-CV-08604," just as the '622 patent is the subject of the Instant Action.

Both the Instant Action and the Mako Products Action also each arise from the manufacture and/or sale of the MakoHead stabilizer. Both cases entail substantial overlap with respect to several issues, including questions of law and fact regarding alleged infringement of the '622 patent, questions of law and fact regarding the proper construction of this same patent and its claims, and questions of law and fact regarding the validity of these same claims. In addition, at the same time that Defendants are now filing this Notice of Related Case in the Instant Action, they are also moving to dismiss this action for lack of personal jurisdiction as they previously did (in the case of Oppenheimer Cine Rental) in the Mako Products Action. In fact, *Defendant Oppenheimer Cine was previously dismissed in the Mako Products Action for lack of jurisdiction* by another Judge in this District who was the Presiding Judge in the Mako Products Action. *See* Exhibit A hereto. Plaintiffs in their Complaint (at ¶ 6) don't dispute this. In fact, they specifically allege that "Oppenheimer Cine was originally a named Defendant in the Mako Products Action."

Under these circumstances, Plaintiff themselves should have clearly filed a Notice of Related Case when they filed the Instant Action but failed to do so. In any event, since the cases call for the determination of similar questions of law and fact, and because there would be substantial duplication of labor if the two cases were heard by different judges, the Instant Action should be transferred to the Court hearing the Mako Products Action for all purposes.

Dated: December 10, 2015       FOX ROTHSCHILD LLP

                               By   */s/ James E. Doroshow*
                                    James E. Doroshow
                                    Ashe Puri
                                    Attorneys for Defendants,
                                    OPPENHEIMER CINE RENTAL, LLC,
                                    OPPENHEIMER CAMERA PRODUCTS,
                                    INC., AND MARTY OPPENHEIMER

NOTICE OF RELATED CASE

3