James E. Doroshow (SBN 112920)
  jdoroshow@foxrothschild.com
Ashe Puri (SBN 297814)
  apuri@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: 310-598-4150
Facsimile: 310-556-9828

Attorneys for Defendants,
OPPENHEIMER CINE RENTAL, LLC,
OPPENHEIMER CAMERA PRODUCTS, INC.,
and MARTY OPPENHEIMER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOICE INTERNATIONAL, INC., a California corporation; DAVID GROBER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>OPPENHEIMER CINE RENTAL, LLC, a Washington corporation; OPPENHEIMER CAMERA PRODUCTS, INC., a Washington corporation; MARTY OPPENHEIMER, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: CV-15-08830-JAK-KS<br><br>Hon. Judge John A. Kronstadt<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MARTY OPPENHEIMER AND JEFFREY H. GRANT; [PROPOSED] ORDER**<br><br>Hearing Date: 4/4/16<br>Hearing Time: 8:30 a.m.<br>Dept: 750, 7th Floor<br><br>Complaint filed: 11/12/15 |

MOTION TO DISMISS

ACTIVE 32590607v2 12/10/2015

# Table of Contents

**Page**

I. INTRODUCTION ........................................................................................... 2

II. FACTUAL BACKGROUND. ......................................................................... 3

   A. THE DEFENDANTS OPPENHEIMER CINE RENTAL, OPPENHEIMER CAMERA PRODUCTS AND MARTY OPPENHEIMER. ........................... 3

   B. THE PLAINTIFFS VOICE INTERNATIONAL AND GROBER. ............. 4

   C. PLAINTIFFS' PREVIOUSLY-FILED CLAIMS AGAINST OPPENHEIMER CINE RENTAL, ALLEGING THAT THE MAKOHEAD STABILIZERS INFRINGE THE '622 PATENT, WERE DISMISSED FOR LACK OF PERSONAL JURISDICTION. ............................................................. 5

III. ARGUMENT. .................................................................................................. 6

   A. LEGAL STANDARD FOR ESTABLISHING PERSONAL JURISDICTION. ........................................................................................ 7

     1. GENERAL JURISDICTION: DEFENDANTS ARE NOT SUBJECT TO GENERAL JURISDICTION IN CALIFORNIA. ..................................... 7

     2. SPECIFIC JURISDICTION: DEFENDANTS ARE NOT SUBJECT TO SPECIFIC JURISDICTION IN CALIFORNIA FOR THE ACTS AVERRED IN THE COMPLAINT. ..................................................................... 9

IV. NO JURISDICTIONAL DISCOVERY IS WARRANTED. ........................ 12

V. CONCLUSION. ............................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baldwin v. Iowa State Traveling Men's Association*,
   283 U.S. 522 (1931) ................................................................................... 8, 10

*Burger King Corp. v. Ruzeweicz*,
   471 U.S. 462 (1985) ......................................................................................... 11

*Daimler AG v. Bauman*,
   __ U.S. __, 134 S. Ct. 746 (2014) .................................................................... 8

*Data Disc, Incorporated v. Systems Technology Associates, Inc.*, 557
   F.2d 1280 .......................................................................................................... 9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   __ U.S. __, 131 S. Ct. 2846 (2011) .............................................................. 7, 8

*Grober v. Mako Products, Inc.*,
   686 F.3d 1335 (Fed. Cir. 2012) ................................................................ *passim*

*Hanson v. Denckla*,
   357 U.S. 235 (1958) .......................................................................................... 9

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ............................................................................................ 8

*Mitan v. Feeney*,
   497 F.Supp.2d 1113 (C.D. Cal. 2007) ............................................................. 12

*Omeluk v. Langsten Slip and Batbyggeri A/S*,
   52 F.3d 267 (9th Cir. 1995) ............................................................................... 7

*Pavlovich v. Superior Court*,
   29 Cal. 4th 262 (2002) ...................................................................................... 7

*Rio Props, Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ........................................................................... 7

*Snowney v. Harrah's Enter. Inc.*,
   35 Cal. 4th 1054 (2005) .................................................................................. 11

*Vons Companies, Inc. v. Seabest Foods, Inc,.*
    14 Cal. 4th 434 (1996) ............................................................................ 7, 11

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ............................................................................ 7, 9, 10

**Other Authorities**

Cal. Civ. Proc. § 410.10 ........................................................................................ 7

Federal Rule of Civil Procedure 12(b)(2) .......................................................... 6, 13

L.R. 83-1.3.1 .......................................................................................................... 3

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 4, 2016, at 8:30 A.M., or as soon thereafter as counsel may be heard, in Courtroom 750 (7th Floor) of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012-3332, Defendants Oppenheimer Cine Rental, LLC, Oppenheimer Camera Products, Inc., and Marty Oppenheimer ("Defendants") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(2), for an order dismissing all Defendants for lack of personal jurisdiction.

Defendants' Motion should be granted because: (1) the District Court for the Central District of California and the Court of Appeals for the Federal Circuit have already previously held in a related case that Oppenheimer Cine Rental, LLC is not subject to personal jurisdiction in California, including for any of the claims alleged in the Complaint; (2) none of the Defendants have purposefully availed themselves of the privilege of conducting business in California; (3) none of the Defendants reside in or have any direct contacts with California; and (4) the exercise of jurisdiction over Defendants would be unreasonable.

This Motion is and will be based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof and the accompanying Declarations of Marty Oppenheimer and Jeffrey H. Grant in support thereof. This Motion is made following the conference of counsel pursuant to Local Rule 7-3. Declaration of Jeff Grant ("Grant Decl.") ¶ 2.

Dated: December 10, 2015      FOX ROTHSCHILD LLP

By   */s/ James E. Doroshow*
James E. Doroshow
Ashe Puri
Attorneys for Defendants,
OPPENHEIMER CINE RENTAL, LLC,
OPPENHEIMER CAMERA PRODUCTS,
INC., and MARTY OPPENHEIMER

MOTION TO DISMISS
1

ACTIVE 32590607v2 12/10/2015

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Defendants Oppenheimer Cine Rental, LLC ("Oppenheimer Cine Rental"), Oppenheimer Camera Products, Inc. ("Oppenheimer Camera Products") and Marty Oppenheimer (collectively, "Defendants") are not subject to personal jurisdiction in California for any of the claims asserted in the Complaint. Plaintiffs Voice International, Inc. ("Voice International") and David Grober ("Grober") (collectively, "Plaintiffs") allege in their Complaint that Defendants purportedly infringed their patent, U.S. Patent No. 6,611,622 (the "'622 patent"), by renting or selling "MakoHead" branded professional-grade camera stabilizers. Plaintiffs' Complaint fails to acknowledge, however, that Plaintiffs have already tried – and failed – to assert these same claims before a different Court in this District. Plaintiffs' claims should be dismissed again and Plaintiffs should be admonished for trying to reprise claims without even so much as acknowledging that they have already been rejected.

Plaintiffs' have already tried to force Oppenheimer Cine Rental – the *only* defendant to have actually dealt in the accused products (although not in California) – to answer their infringement claims in this District in a related action[1] that concerns the same patent, the same accused product and many of the same parties (hereinafter, the "Mako Products Action"). In August 2008, the Hon. Stephen G. Larson (now retired) held that Oppenheimer Cine Rental was not subject to personal jurisdiction in California for Plaintiffs' infringement claims.[2] *That ruling was appealed by Plaintiffs and upheld by the Federal Circuit in a published decision. See Grober v. Mako Products, Inc.*, 686 F.3d 1335 (Fed. Cir. 2012). The doctrine of *res judicata* mandates that the claims against Oppenheimer Cine Rental be dismissed.

---

[1] Civil Action No. 04-CV-08604-JZ-OP, entitled *David Grober and Voice International, Inc. v. Mako Products, Inc., et. al.*

[2] For the Court's convenience, a copy of the order in the Mako Products Action dismissing Oppenheimer Cine Rentals for lack of personal jurisdiction is attached hereto as Exhibit A.

Plaintiffs' claims against the other two, newly-named Defendants, Oppenheimer Camera Products and Marty Oppenheimer, are actually weaker. Neither resides in California and neither has ever bought, sold, rented, or used any of the accused products. Oppenheimer Camera Products and Marty Oppenheimer should never have been named in this lawsuit and should be dismissed forthwith.

Plaintiffs' decision to bring another lawsuit before a second court is a transparent "end-run" around previous court orders that Plaintiffs would like this Court to ignore. Plaintiffs' conduct clearly violates of the Local Rules and is manifestly sanctionable.[3] This Court should dismiss Plaintiffs' Complaint or transfer the case to the Court hearing the Mako Products Action.

## II.   FACTUAL BACKGROUND.

### A.   The Defendants Oppenheimer Cine Rental, Oppenheimer Camera Products and Marty Oppenheimer.

Defendant Oppenheimer Cine Rental is a Washington limited liability company with its principal place of business in Seattle, Washington. Declaration of Marty Oppenheimer ("Oppenheimer Decl."), ¶ 2. Oppenheimer Cine Rental is a camera rental house that has been renting cameras, lenses and filming equipment since 1979. *Id.*, ¶ 3. Defendant Oppenheimer Camera Products is a Washington corporation with its principal place of business in Seattle, Washington. *Id.*, ¶ 4. Oppenheimer Camera Products designs and sells products for the film and video industry, including mounts, handles, and battery systems. *Id.* ¶ 5. Defendant Marty Oppenheimer is the founder, manager, and owner of both Oppenheimer Cine Rental (the rental company) and Oppenheimer Camera Products (the manufacturing and sales company). *Id.* ¶¶ 2-4.

---

[3] Defendants have concurrently filed a Notice of Related Case seeking to consolidate or coordinate the above-entitled action with Civil Action No. 04-CV-08604-JZ-OP, entitled *David Grober and Voice International, Inc. v. Mako Products, Inc., et. al.* (the "Mako Products Action"). The Mako Products Action is still active. That case involves the same accused product, the same asserted claims, and many of the same parties. Plaintiffs' failure to identify this (intimately) related case with its initial filing constitutes a brazen violation of the Local Rules. *See, e.g.*, L.R. 83-1.3.1.

MOTION TO DISMISS
3
ACTIVE 32590607v2 12/10/2015

Marty Oppenheimer does not conduct business on his own but rather conducts all of his business activities as an owner and agent for Oppenheimer Cine Rental and Oppenheimer Camera Products. *Id*. ¶ 6.

Oppenheimer Cine Rental rents numerous brands of cameras and equipment, including the accused MakoHead stabilizers. Oppenheimer Decl., ¶ 3. **Neither Oppenheimer Camera Products nor Marty Oppenheimer deals in the accused product in California, Washington or in any other jurisdiction**. Oppenheimer Decl., ¶¶ 5-6. **In fact, Oppenheimer Camera Products has never made, used or sold the "MakoHead" camera stabilizer. *Id.***

Defendants' contacts with the State of California are, practically speaking, nonexistent. Oppenheimer Decl., ¶¶ 8-9. This includes, without limitation:

- The Defendants are not registered, qualified, or authorized to do business in California;
- The Defendants do not have an agent for service of process in California;
- The Defendants do not employ any California residents;
- The Defendants do not maintain an office in the State of California;
- The Defendants do not maintain any company files or records in the State of California;
- The Defendants do not have any bank accounts in the State of California;
- The Defendants do not own any personal or real property in the State of California;
- The Defendants do not have a telephone listing in the State of California; and
- Defendants do not regularly conduct business in the State of California. *Id*.

**B.     The Plaintiffs Voice International And Grober.**

Plaintiffs' Complaint asserts that Plaintiff Voice International is a California corporation based in Marina Del Rey, California. Complaint, ¶ 5. The Complaint further alleges that Plaintiff David Grober has an office in Marina Del Ray. *Id*., ¶ 4.

The Complaint also avers that Grober is the inventor and owner of the '622 patent, and that Voice International is the exclusive licensee of the '622 patent. Plaintiffs' Complaint does not allege that Voice International or Grober practice the '622 patent or otherwise take any action to exploit the '622 patent other than by filing lawsuits.

### C. Plaintiffs' Previously-Filed Claims Against Oppenheimer Cine Rental, Alleging That The MakoHead Stabilizers Infringe The '622 Patent, Were Dismissed For Lack Of Personal Jurisdiction.

On October 18, 2004, Plaintiffs[4] brought an action in the District Court for the Central District of California alleging infringement of the '622 patent. *See* Civil Action No. 04-CV-08604-JZ-OP, *David Grober and Voice International, Inc. v. Mako Products, Inc., et. al.* (the "Mako Products Action"). On September 24, 2007, Plaintiffs filed their First Amended Complaint, naming Oppenheimer Cine Rental as a Defendant. Mako Products Action, Dkt. No. 128. In the Mako Products Action, Plaintiffs alleged that the named defendants, including Oppenheimer Cine Rental, allegedly infringed the '622 patent by selling, using or renting camera stabilizers sold under the brand name "MakoHead." *Id*.

On October 29, 2007, Oppenheimer Cine Rental moved to dismiss the claims against it for lack of personal jurisdiction. *See* Mako Products Action, Dkt. No. 136. The Court, the Hon. Judge Stephen Larson (now retired), granted Oppenheimer Cine Rental's motion and dismissed the claims against it. Mako Products Action, Dkt. No. 214. *See* Exhibit A hereto. Specifically, in the Court's Order dated August 29, 2008, the Hon. Larson ruled:

> Plaintiffs have failed to establish a prima facie case that Oppenheimer [Cine Rental] has sufficiently continuous and systematic contacts with the forum state to warrant the exercise of general jurisdiction. . . .

---

[4] The original Complaint in the Mako Products Action named David Grober as a Plaintiff. Voice International was added as a Plaintiff in the First Amended Complaint. Mako Products Action, Dkt. No. 128.

> Plaintiffs fail to establish a rebuttable presumption that their claims against Oppenheimer [Cine Rental] arise out of Oppenheimer [Cine Rental's] contacts with the forum state. . . . Thus, the evidence presented is insufficient to warrant the exercise of specific jurisdiction over Oppenheimer [Cine Rental]. . . . the Court GRANTS the motion to dismiss for lack of personal jurisdiction as to defendant[] Oppenheimer Cine Rental, LLC.

*Mako Products Action*, Dkt. No. 214, pp. 5-7, 14. Ex. A hereto.

Plaintiffs subsequently appealed Judge Larson's decision. However, the Federal Circuit affirmed his order, finding that:

> The district court correctly found that it lacked general jurisdiction over Oppenheimer [Cine Rental]. Oppenheimer [Cine Rental] has very limited contacts with California . . . The district court also correctly found that [Plaintiffs] did not make a prima facie showing of specific jurisdiction . . . [Plaintiffs] did not show that Oppenheimer [Cine Rental] has sufficient contacts with the state of California to warrant specific jurisdiction.

*Grober*, 686 F.3d at 1346-47.

Neither the District Court's Order nor the Federal Circuit's Opinion have ever been overturned. At the same time, Plaintiffs did not refile their claims against Oppenheimer Cine Rental, including in Washington or in any other jurisdiction (at least until recently filing the current lawsuit in the Central District Court of California before this Court, and without filing a Notice of Related Case noting the pending Mako Products Action).

### III. ARGUMENT.

A motion to dismiss for lack of personal jurisdiction may be brought under Federal Rule of Civil Procedure 12(b)(2). "Although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that

jurisdiction exists." *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citation omitted). As two Courts have already held with respect to Defendant Oppenheimer Cine Rental, Defendants lack sufficient contacts with California for this Court to exercise general jurisdiction. Moreover, Defendants' actions do not warrant the exercise of specific jurisdiction. Therefore, the claims against Defendants cannot stand in this Court.

### A. Legal Standard For Establishing Personal Jurisdiction.

The exercise of personal jurisdiction must comport both with the state long-arm statute and with the constitutional requirements of due process. *Omeluk v. Langsten Slip and Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995). California has a "long-arm" statute that authorizes personal jurisdiction on any basis not inconsistent with the constitutions of California and the United States. Cal. Civ. Proc. § 410.10; *Pavlovich v. Superior Court*, 29 Cal. 4th 262, 268 (2002). "A state court may exercise personal jurisdiction over a non-resident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). There are two bases for exercising personal jurisdiction over a non-resident defendant in California: (1) general jurisdiction, or (2) specific jurisdiction. *See Vons Companies, Inc. v. Seabest Foods, Inc,*.14 Cal. 4th 434, 445 (1996). Here, the Defendants are not subject to either general or specific personal jurisdiction in this District.

#### 1. General Jurisdiction: Defendants are Not Subject to General Jurisdiction in California.

A corporation is subject to general personal jurisdiction only where its in-state contacts are "so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, __ U.S. __, 131 S. Ct. 2846, 2851 (2011) (internal quotation marks omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place . . . in which the corporation is fairly regarded

as at home," such as its "domicile, place of incorporation, and principal place of business." *Id*. at 2853-54; *see also Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 760 (2014) (holding that general jurisdiction typically requires the corporation either to be incorporated or have its principal place of business in the forum state). As the Supreme Court has explained, "'[p]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities ... [a]nd in practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).

The Federal Circuit has already ruled that Oppenheimer Cine Rental is not subject to general jurisdiction. *Grober*, 686 F.3d at 1346. The Federal Circuit held that Oppenheimer "has very limited contacts with California" and that Plaintiff had previously failed to show that those limited contacts "amount to continuous and systematic contacts with California." *Id*. This ruling is binding under the doctrine of *res judicata*. *Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522, 525-26 (1931) (principals of *res judicata* apply to the issue of personal jurisdiction).

The other two Defendants (Oppenheimer Camera Products and Marty Oppenheimer), *neither of which ever bought, sold, rented, or used MakoHead stabilizers*, are similarly not subject to general jurisdiction in California. There is no question that Oppenheimer Camera Products and Marty Oppenheimer are not "at home" in California. *They both reside in Seattle*. Oppenheimer Decl., ¶¶ 1, 4. Oppenheimer Camera Products was formed under and is governed by the laws of the State of Washington, and has a principal place of business in Seattle. *Id*. Neither Marty Oppenheimer nor Oppenheimer Camera Products maintains any offices in California and neither has any employees or bank accounts in California. *Id*., ¶¶ 8-9. Plaintiffs' conclusory allegation that Defendants have "systematic and continuous contacts with this District" is manifestly insufficient to find the exercise of general jurisdiction over Defendants, and the Court should deny jurisdiction on these grounds.

*Data Disc, Incorporated v. Systems Technology Associates, Inc.,* 557 F.2d 1280 at 1289, fn. 5.

None of the Defendants maintain substantial, continuous, or systematic contacts with California sufficient to warrant the exercise of general personal jurisdiction.

### 2. **Specific Jurisdiction:  Defendants are Not Subject to Specific Jurisdiction in California for the Acts Averred in the Complaint.**

For this Court to exercise personal jurisdiction over Defendants, they must be subject to specific jurisdiction based on a three-step analysis:  (1) whether Defendants have purposefully availed themselves of the forum; (2) whether Plaintiffs' claims arise out of the defendants' forum-related activities; and (3) whether the exercise of jurisdiction over these defendants would be reasonable.  *See* the *Grober* decision, 686 F.3d at 1346 (*citing Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)).  "The plaintiff has the burden of proving parts one and two of the test, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable." *Id*.  Here, Defendants' contacts with the forum are either nonexistent or extremely limited, and requiring them to defend in California would impose an unjustified and unreasonable burden.

### a. **Purposefully Avail:  Defendants did not purposefully avail themselves of California or purposefully direct their activities at California.**

In order to exercise specific personal jurisdiction, the U.S. Supreme Court requires that a nonresident defendant purposefully direct its activities at a forum resident, or purposefully avail itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of local law.  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  Mere foreseeability of causing injury in the forum state is not alone a sufficient basis for finding minimum contacts.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980).  Instead, the nonresident

defendant's conduct in the forum state must be of such a quality that it "reasonably anticipates being hauled into court there." *Id*. at 297.

Here, the Federal Circuit has *already held* that Oppenheimer Cine Rental did not purposefully avail itself of California. The Federal Circuit noted that Plaintiffs failed to establish that Oppenheimer Cine Rental "operated or rented the MakoHead in California," and failed to show that, "out of the hundreds of available products, the accused MakoHead[] was ever shipped to California." *Grober*, 686 F.3d at 1347. The doctrine of *res judicata* dictates that this Court follow the Federal Circuit's ruling. *Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522, 525-26 (1931) (principals of res judicata apply to the issue of personal jurisdiction).

Dismissal of Oppenheimer Cine Rental would be required even if the Federal Circuit's decision was not binding on this Court (it is). Oppenheimer Cine Rental is organized and has its principal place of business in Washington. Oppenheimer Decl., ¶ 2. It does not have any agents, employees, or offices in California. *Id*., ¶ 8. Oppenheimer Cine Rental has never shipped the accused product to California. *Id*., ¶ 3.

Plaintiffs' claims against Oppenheimer Camera Products and Marty Oppenheimer are even more attenuated. *Oppenheimer Camera Products has never bought, owned, used, sold, or rented MakoHead stabilizers, in California or in any other state*. Oppenheimer Decl., ¶ 5. Further, to the extent that Marty Oppenheimer had any involvement in California with a MakoHead stabilizer (and he did not), it would have been in conjunction with his role as an owner and a manager for Oppenheimer Cine Rental, and therefore protected by the fiduciary shield doctrine. *Id*., ¶ 6; *Grober*, 686 F.3d at 1347 (affirming dismissal of other individual defendants on the grounds that the "fiduciary shield doctrine buffers corporate officers from personal jurisdiction when their official duties were their only contact with the forum state").

///

        **b.**     **Arise out of Forum Activities:** None of Plaintiffs' claims against Defendants relate to or arise out of contacts between Defendants and California.

Plaintiffs' claims must "arise out of" or "be "related to" Defendants' alleged forum activities. *See Burger King Corp. v. Ruzeweicz*, 471 U.S. 462, 472 (1985). To satisfy this test, "there must be a substantial nexus or connection between the defendant's forum activities and the plaintiff's claim." *Snowney v. Harrah's Enter. Inc.*, 35 Cal. 4th 1054, 1068 (2005). Here, no such connection or nexus exists. Plaintiffs cannot connect any of Defendants' forum-related activity to Plaintiffs' infringement claims, and Plaintiffs have not specifically or otherwise identified a single instance in which any one of Defendants' activities in California caused Plaintiff any harm.

        **c.**     **Fair Play and Substantial Justice:** Exercising personal jurisdiction over Defendants would not comport with notions of fair play and substantial justice.

It is unnecessary for this Court to even reach this third prong of the specific jurisdiction test, as Plaintiffs fall far short in their attempt to satisfy the first two prongs. However, assuming *arguendo* that Plaintiffs satisfied the first two prongs, there still is no specific jurisdiction because this third prong weighs decidedly in Defendants' favor. In determining fairness, courts weigh the following five factors: (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Vons*, 14 Cal. 4th at 476.

Here, each of these factors demonstrate that the exercise of jurisdiction over Defendants would be manifestly unfair in this case. It would be unreasonable to drag Defendants into a state where they are neither domiciled nor performed any act related to Plaintiffs' claims. Additionally, California has no significant interest in resolving a

patent infringement action where there is no evidence that Defendants made, used, or sold any of the accused products in California. Plaintiffs' interest in obtaining relief and California's interest in resolving this controversy is satisfied by currently-pending claims against the manufacturer of the equipment and against companies that actually made, used, or sold the accused product in California. Finally, hauling Defendants into a California courtroom would clearly both be unfair and contrary to the interests of justice in this case.

### IV. NO JURISDICTIONAL DISCOVERY IS WARRANTED.

Jurisdictional discovery is only warranted where the plaintiff can demonstrate that the discovery is likely to lead to the production of evidence of facts establishing jurisdiction. "[T]o obtain discovery on jurisdictional facts, the plaintiff must make at least a 'colorable' showing that the Court can exercise personal jurisdiction over the defendant." *Mitan v. Feeney*, 497 F.Supp.2d 1113, 1119 (C.D. Cal. 2007) (*citing Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000)). Here, Plaintiffs can make no such showing.

The District Court's 2008 Order dismissing Oppenheimer Cine Rental from the Mako Products Action – and denying Plaintiffs' request for jurisdictional discovery – also underscores why any jurisdictional discovery should be denied here. In the Mako Products Action, the District Court noted that Plaintiffs had known about Oppenheimer Cine Rental's rental of MakoHead branded stabilizers since as early as July 2007, and filed their opposition to Oppenheimer Cine Rental's motion to dismiss for lack of personal jurisdiction in February 2008. The Court noted that, during those seven months, Plaintiffs could have sought discovery "through third party requests and other discovery devices." Ex. A, at 14. Under these circumstances, the Court rejected Plaintiffs' argument that "[d]iscovery has yet to open as to new defendant Oppenheimer" and held that "[j]udicial efficiency begs that this matter be put to rest." *Id.* at 12, 14.

///

Plaintiffs have now had more than **eight years** to seek jurisdictional discovery "through third party requests and other discovery devices." In that time, Plaintiffs have failed to identify any evidence establishing that the Defendants are subject to personal jurisdiction in California. As Judge Larson ruled over seven years ago, it is long since time to put this matter to rest once and for all.

## V. CONCLUSION.

For each of the foregoing reasons, the Court should dismiss Plaintiffs' claims against Defendants in accordance with Federal Rule of Civil Procedure 12(b)(2).

Dated: December 10, 2015        FOX ROTHSCHILD LLP

By   */s/ James E. Doroshow*
James E. Doroshow
Ashe Puri
Attorneys for Defendants,
OPPENHEIMER CINE RENTAL, LLC,
OPPENHEIMER CAMERA PRODUCTS,
INC., and MARTY OPPENHEIMER