Robert J. Lauson, Esq., SBN 175,486
bob@lauson.com
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, California  90245
Tel.   (310) 726-0892
Fax   (310) 726-0893

Attorneys for Plaintiff, Voice International, Inc.

David Grober
davidgrober1@gmail.com
578 West Washington Blvd., Suite 866
Marina Del Rey, CA  90292
Tel. (310) 822-1100

Plaintiff, Pro se

James E. Doroshow, Esq. SBN 112,920
jodoroshow@foxrothschild.com
Ashe Puri, Esq. SBN 297,814
apuri@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA  90067-1506
Tel. (310) 598-4150
Fax (310) 556-9828

Attorneys for Defendants, Oppenheimer Cine Rental, LLC,
Oppenheimer Camera Products, Inc.,
and Marty Oppenheimer

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION**

| | |
|---|---|
| **VOICE INTERNATIONAL, INC.,** a California corporation; **DAVID GROBER,** an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>**OPPENHEIMER CINE RENTAL, LLC,** a Washington corporation; **OPPENHEIMER CAMERA PRODUCTS, INC.,** a Washington corporation; **MARTY OPPENHEIMER,** an individual; and DOES 1- 10, inclusive,<br><br>**Defendants** | Case No.: 2:15-cv-08830-JAK(KS)<br><br>**Joint Rule 26(f) Report**<br><br>**Date:  March 14, 2106**<br>**Time:  8:30 a.m.**<br>**Place: Courtroom 750**<br>            Los Angeles - Roybal |

1

Pursuant to Rule 26(a)(1) and 26(f) of the Federal Rules of Civil Procedure and the Court's Scheduling Conference Order Issued on January 14, 2016, Plaintiffs Voice International and David Grober ("Plaintiffs") and Defendants Oppenheimer Cine Rental, LLC, Oppenheimer Camera Products, Inc., and Marty Oppenheimer ("Defendants") jointly report to the Court.

**A.   Statement of The Case**

**1.   Plaintiff's Statement**

Plaintiff David Grober is an individual and his company Voice International, Inc., a California corporation, is doing business as Motion Picture Marine.

Defendant Oppenheimer Cine Rentals, along with Oppenheimer Camera Products, are Washington companies with offices in the Seattle area. They are engaged in the business of producing, distributing, selling and renting film and video production equipment including camera stabilizers. Defendant Marty Oppenheimer is the owner of Oppenheimer Cine Rental and Oppenheimer Camera Products and an individual personally involved in and coordinates, supports and/or directs the alleged infringing activities of the other Defendants.

Plaintiffs' U.S. Patent No. 6,611,662 "Autonomous, Self Leveling, Self Correcting Stabilized Platform" describes and claims a stabilizer for keeping a camera stable on a moving platform, such as a boat. Grober won both Academy and Emmy awards for technical achievement for the invention. The '662 patent is the subject of *Grober v. Mako Products, Inc.*, currently pending in this District as case no. 2:04-cv-08604. The validity of the '662 patent was previously affirmed in U. S. Patent Office reexamination proceeding no. 95/000,092.

Defendants rent and or sell the Makohead device thereby infringing the '662 patent. From at least 2011 to the present, Defendants have rented, used, and/or rented out and sold the infringing MakoHead to video and film productions located in this District and elsewhere and have received over $120,000 in income from their infringing activities. Defendants willfully infringed the '662 patent, with full

knowledge of the earlier filed *Grober v. Mako Products* case still pending in this judicial district in which Oppenheimer Cine Rental was originally a named Defendant. The case is before visiting Judge Zouhary from the Northern District of Ohio, Toledo, with trial set for May 14, 2016.

Defendants previously withheld evidence, and made false and misleading statements concerning their infringing activities, including stating they had no documents relating to sales or rentals of the MakoHead. But Plaintiffs now have documents produced by other parties in the *Grober v. Mako Products* case showing Defendants engaged in renting the accused MakoHead device on multiple occasions. Plaintiffs have been and are now being damaged by Defendants infringing the '662 patent, entitling Plaintiffs to monetary and injunctive relief.

Below, Defendants contend that because Oppenheimer was dismissed for lack of personal jurisdiction in 2008, that somehow means Defendants can *never* be required to answer to Plaintiff in this judicial district. The law is otherwise. As per Plaintiff's Opposition to Defendants' Motion to Dismiss, personal jurisdiction over Defendants is established by their 2011 – 2015 infringing acts in this judicial district, including those of Marty Oppenheimer. Under the patent law, it is not necessary for Plaintiff to pierce the corporate veil or prove Mr. Oppenheimer is the alter ego of the corporate entities, to make out an infringement claim against him. Given Defendants' unreasonable refusal to participate in the discovery plan below and attached, the Court should adopt Plaintiff's dates.

## 2. Defendant's Statement

This lawsuit marks the second time Plaintiffs Voice International, Inc. and David Grober ("Plaintiffs") have filed a lawsuit against Defendant Oppenheimer Cine Rental, LLC. ("Oppenheimer Cine Rental") in this District alleging patent infringement associated with the MakoHead stabilizer equipment. In the first lawsuit, United States District Court for the CD Cal. Case No. 04-cv-8604-JZA

(OPX) ("Oppenheimer I"), this Court dismissed the lawsuit against Oppenheimer Cine Rental for lack of personal jurisdiction. Plaintiffs thereafter lost an appeal to the Federal Circuit Court of Appeals. The Federal Circuit held, among others, that Plaintiffs "did not show that out of hundreds of available products, the accused Makohead, was ever shipped to California." See *Grober,* 686 F.3d at 1346.

Since the time the District Court and Federal Circuit issued their opinions in Oppenheimer I, nothing has changed in the way Oppenheimer Cine Rentals supplies its MakoHead stabilizers which would warrant this Court exercising jurisdiction over Oppenheimer Cine Rental. As before, as shown in Defendants' pending Motion to Dismiss which this Court is scheduled to hear on March 14, 2016, Oppenheimer Cine Rental supplies the MakoHead stabilizer in the States of Washington, Oregon, Alaska and British Columbia, irrespective of where the company's clients are based. Oppenheimer Cine Rental does not supply the MakoHead stabilizers for use in California. The decisions of the District Court and Federal Circuit in Oppenheimer I so held and nothing has changed since the time they were decided. In fact, Oppenheimer Cine Rental does not avail itself of any of the benefits or protections of California law in its business dealings with its customers. In fact, all of its equipment rental agreements expressly state that any dispute arising between the parties are governed solely under the laws of the State of Washington with venue in the event of a dispute in Kings County, Washington.

Plaintiffs have also now named new Defendants in this second lawsuit, including Oppenheimer Camera Products, Inc. ("Oppenheimer Camera Products") and Marty Oppenheimer himself individually. However, for its part, Oppenheimer Camera Products is a dealer of products manufactured by third parties, but has never served as a dealer of Mako Products (much less sold such Products in California). In fact, this separate company is also a Washington based company and not subject to jurisdiction in California. Nor is Marty Oppenheimer, who is a resident of the State of Washington. While Plaintiffs now argue in their Opposition

to Defendants' Motion to Dismiss that Oppenheimer Camera Products is allegedly the same as or interchangeable with Oppenheimer Cine Rental and Marty Oppenheimer is allegedly the alter ego of Oppenheimer Cine Rental, even if these unsubstantiated allegations were true (which they are not), this would still not mean either of these two new Defendants are subject to jurisdiction in this Court. The reason is obvious – i.e., if Oppenheimer Cine Rental is not subject to jurisdiction in California neither are Oppenheimer Camera Products are Marty Oppenheimer based upon the claim they should be treated as if they were the same as Oppenheimer Cine Rental. Also, while Plaintiffs now make the "argument" in their Opposition to Defendants' Motion to Dismiss that these new Defendants are the same or alter egos of Oppenheimer Cine Rental, this is not pled in Plaintiffs' Complaint. As such, there are no grounds alleged in the Complaint to support any such claim or to assert jurisdiction over these two new Defendants now.

For these reasons, this case should be dismissed with prejudice once and for all when this Court hears Defendants' Motion to Dismiss on March 14, 2016. Until then, it is premature to schedule any further deadlines in this case.

**B.     Subject Matter Jursidiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**C.     Legal Issues**

      1.     Does accused Makohead infringe the patent-in-suit?
      2.     Are Defendants liable for infringement?
      3.     What damages should be awarded Plaintiff?
      4.     Are Defendants subject to personal jurisdiction in this Court?

**D. Parties and Non-Party Witnesses**

    1. Plaintiff's key witness is David Grober.

    2. Defendants key witness is Marty Oppenheimer.

**E. Damages**

Plaintiff seeks lost profits as well as actual damages Plaintiff sustained as a consequence of Defendants' knowing and willful acts of patent infringement, in an amount not yet determined but that will be ascertained during discovery. Plaintiff also seeks enhanced (treble) damages and attorney's fees.

Defendants deny liability and deny Plaintiffs are entitled to any damages in this action.

**F. Insurance**

None believed applicable at this time.

**G. Non-Dispositive Motions**

None.

**H. Manual For Complex Litigation**

Not applicable.

**I. Status of Discovery**

Discovery has commenced. Plaintiffs already served a first set of document requests.

Defendants believe discovery should be stayed pending a decision on Defendants' motion to dismiss for lack of jurisdiction.

### J. Discovery Plan

Plaintiff seeks documents regarding Defendant's total sales and rentals of the MakoHead, including profit statements and customer invoices. Plaintiff also seeks all communications between Defendants, the manufacturer Mako Products (now Oceanic Production Equipment), other rental houses renting the Makohead, as well as with Defendants' customers.

The parties anticipate Rule 30(b)(6) depositions of each other by August 2016. Plaintiff will seek to depose at least Marty Oppenheimer and Jordan Klein, Jr., Jordan Klein, Sr. and John Dann as to operative events.

There are no other applicable discovery rules or limitations that need to be changed or imposed.

Defendants believe discovery should be stayed pending a decision on Defendants' motion to dismiss for lack of jurisdiction.

### K. Discovery Cut-off

Plaintiff proposes that the final day for completion of fact and expert discovery, including all discovery motions, be November 15, 2016.

Defendants propose that no discovery cut-off date should be set until the Court rules on Defendants' motion to dismiss for lack of jurisdiction.

### L. Expert Discovery Cut-Off

Plaintiff proposes the following expert discovery cut-off dates:

1. Initial expert witness disclosures October 3, 2016.
2. Rebuttal expert witness disclosures October 17, 2016.
3. Expert discovery cut-off November 19, 2016.

Defendants propose that no expert discovery cut-off date should be set until the Court rules on Defendants' motion to dismiss for lack of jurisdiction.

**M.     Dispositive Motions**

Plaintiff anticipates making a summary adjudication motion following some discovery. Plaintiff will move for summary adjudication that the accused Makohead product infringes the patent-in-suit.

Defendant believes this Court should dismiss this action for lack of personal jurisdiction over any named Defendant.

**N.     Settlement/Alternative Dispute Resolution (ADR)**

No settlement negotiations have occurred so far.

Plaintiff proposes completion of mediation by September 12, 2016. Plaintiff further proposes ADR procedure No. 1, the parties appearing before a magistrate judge.

Defendant believes it is premature to schedule ADR proceedings until the Court determines whether any Defendant is subject to personal jurisdiction in this Court.

**O.     Trial Estimate**

Jury trial lasting 4 days.

Defendant believes it is premature to schedule trial until the Court determines whether any Defendant is subject to personal jurisdiction.

**P.     Trial Counsel**

For Plaintiffs: Robert J. Lauson and/or a trial attorney to be named; David Grober, pro se for himself.

For Defendant: James E.Dorshow

**Q.     Independent Expert Or Master**

Not applicable.

**R.   Timetable**

See Exhibit A attached.

Defendant believes it is premature to schedule ADR proceedings until the Court determines whether any Defendant is subject to personal jurisdiction in this Court.

**S.   Other Issues**

None.

**T.   Patent Cases**: Dates for claim construction and Markman hearings are found in Exhibit A.  Given Defendant already participated in a Markman hearing in the case *Grober v. Mako Products*, a second Markman hearing may be inappropriate.

**U.   Magistrate Judge**

The parties decline to consent.

                                                Respectively Submitted,

DATED:  February 29, 2016        LAUSON & TARVER LLP

By: /s/ Robert J. Lauson
Robert J. Lauson, Esq.
Attorney for Plaintiff
VOICE INTERNATIONAL

DATED:  February 29, 2016        By: /s/ David Grober
David Grober
In Pro Per

DATED:  February 29, 2016        FOX ROTHSCHILD, LLP

By: /s/
James E. Doroshow, Esq.
Attorney for Defendant
OPPENHEIMER CINE RENTAL