1 | James E. Doroshow (SBN 112920)
   jdoroshow@foxrothschild.com
2 | Ashe Puri (SBN 297814)
   apuri@foxrothschild.com
3 | FOX ROTHSCHILD LLP
   1800 Century Park East, Suite 300
4 | Los Angeles, CA 90067-1506
   Telephone:   310-598-4150
5 | Facsimile:   310-556-9828

6 | Attorneys for Defendants,
   OPPENHEIMER CINE RENTAL, LLC, OPPENHEIMER CAMERA PRODUCTS,
7 | INC., and MARTY OPPENHEIMER

8 |                    UNITED STATES DISTRICT COURT

9 |                    CENTRAL DISTRICT OF CALIFORNIA

10 |

| | |
|---|---|
| 11 VOICE INTERNATIONAL, INC., a<br>California corporation; DAVID GROBER,<br>12 an individual, | Case No.: CV-15-08830-JAK-KS |
| 13           Plaintiffs, | Hon. Judge John A. Kronstadt |
| 14       v. | **DEFENDANTS OPPENHEIMER<br>CINE RENTAL, LLC,<br>OPPENHEIMER CAMERA<br>PRODUCTS, INC. AND MARTY<br>OPPENHEIMER'S ANSWER TO<br>PLAINTIFF'S AMENDED<br>COMPLAINT** |
| 15 OPPENHEIMER CINE RENTAL, LLC, a<br>Washington corporation; OPPENHEIMER<br>16 CAMERA PRODUCTS, INC., a<br>Washington corporation; MARTY | |
| 17 OPPENHEIMER, an individual, JORDAN<br>KLEIN, SR., an individual, JORDAN<br>18 KLEIN, JR., an individual, JOHN DANN,<br>an individual, MAKO PRODUCTS, an | **[JURY DEMAND REQUESTED]** |
| 19 unknown entity, OCEANIC<br>PRODUCTION EQUIPMENT, LTD., a<br>20 Bahamian company; and DOES 1-10,<br>inclusive, | Complaint filed:        11/12/15 |
| 21 | |
| 22           Defendants. | |

23 |

24 |

25 |

26 |

27 |

28 |

OPPENHEIMER DEFENDANTS' ANSWER

1

Defendants Oppenheimer Cine Rental, LLC, Oppenheimer Camera Products, Inc., and Marty Oppenheimer (collectively, "Oppenheimer Defendants") hereby Answer the Amended Complaint (Dkt. No. 36) of Plaintiffs Voice International, Inc. and David Grober (collectively, "Plaintiffs").  Oppenheimer Defendants are not responding to the Amended Complaint on behalf of the newly-added Defendants, Jordan Klein, Sr., Jordan Klein, Jr., John Dann, Mako Products, or Oceanic Production Equipment, or otherwise making any representations or admissions on behalf of those newly-added Defendants.

Oppenheimer Defendants hereby respond to the Amended Complaint, as follows:

## JURISDICTION AND VENUE

1.     Oppenheimer Defendants admit that this Court has subject matter jurisdiction over this action under the referenced statutes as they are alleged to arise under the laws of the United States, but deny that any such claims have merit.

2.     Oppenheimer Defendants have consented to submit to the personal jurisdiction of this Court for this particular case (Dkt. No. 33).  Oppenheimer Defendants admit that they have conducted some business in this District but not with respect to the accused MakoHead Camera Stabilizers products, and deny that they are subject to personal jurisdiction of this Court.  Oppenheimer Defendants deny all remaining allegations set forth in paragraph 2 of the Complaint.

3.     Oppenheimer Defendants admit that venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).  Oppenheimer Defendants deny that venue is proper in this District under 28 U.S.C. § 1391(c), and deny all remaining allegations set forth in paragraph 3 of the Complaint.

## THE PARTIES

4.     Oppenheimer Defendants are without sufficient knowledge to allow them to either admit or deny the allegations contained in paragraph 4 of the Complaint and therefore deny such allegations.

OPPENHEIMER DEFENDANTS' ANSWER

5.      Oppenheimer Defendants are without sufficient knowledge to allow them to either admit or deny the allegations contained in paragraph 5 of the Complaint and therefore deny such allegations.

6.      Oppenheimer Defendants admit that Defendant Oppenheimer Cine Rental, LLC ("Oppenheimer Cine") is a limited liability corporation organized under the laws of the State of Washington.  Oppenheimer Defendants admit that Oppenheimer Cine is engaged in the business of renting film and video production equipment including camera stabilizers.  Oppenheimer Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7.      Oppenheimer Defendants admit that Defendant Oppenheimer Camera Products, Inc. ("Oppenheimer Camera") is a corporation organized under the laws of the State of Washington.  Oppenheimer Defendants admit that Oppenheimer Camera is engaged in the business of producing and selling film and video production equipment.  Oppenheimer Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8.      Oppenheimer Defendants admit that Defendant Marty Oppenheimer is an individual who has an office at 7400 3rd Avenue South, Seattle, WA 98108 where he may be served.  Oppenheimer Defendants deny all remaining allegations set forth in paragraph 8 of the Complaint, including that Marty Oppenheimer has ever been personally involved in coordinating, supporting, and/or directing the alleged infringing activities of Oppenheimer Cine and Oppenheimer Camera.

9.      Oppenheimer Defendants deny that they have ever been supported, been directed, or otherwise been involved in any coordinated effort to infringe any alleged patent rights owned by Plaintiffs.  Oppenheimer Defendants are without sufficient knowledge to allow them to either admit or deny the remaining allegations contained in paragraph 9 of the Complaint as they relate to Defendant Jordan Klein, Sr., and therefore deny such allegations.

OPPENHEIMER DEFENDANTS' ANSWER

1        10.     Oppenheimer Defendants deny that they have ever been supported, been
2   directed, or otherwise been involved in any coordinated effort to infringe any alleged
3   patent rights owned by Plaintiffs.  Oppenheimer Defendants are without sufficient
4   knowledge to allow them to either admit or deny the remaining allegations contained
5   in paragraph 10 of the Complaint as they relate to Defendant Jordan Klein, Jr. and
6   therefore deny such allegations.

7        11.     Oppenheimer Defendants deny that they have ever been supported, been
8   directed, or otherwise been involved in any coordinated effort to infringe any alleged
9   patent rights owned by Plaintiffs.  Oppenheimer Defendants are without sufficient
10  knowledge to allow them to either admit or deny the remaining allegations contained
11  in paragraph 11 of the Complaint as they relate to Defendant John Dann and therefore
12  deny such allegations.

13       12.     Oppenheimer Defendants deny that they have ever been supported, been
14  directed, or otherwise been involved in any coordinated effort to infringe any alleged
15  patent rights owned by Plaintiffs.  Oppenheimer Defendants are without sufficient
16  knowledge to allow them to either admit or deny the remaining allegations contained
17  in paragraph 12 of the Complaint as they relate to Mako Products and therefore deny
18  such allegations.

19       13.     Oppenheimer Defendants deny that they have ever been supported, been
20  directed, or otherwise been involved in any coordinated effort to infringe any alleged
21  patent rights owned by Plaintiffs.  Oppenheimer Defendants are without sufficient
22  knowledge to allow them to either admit or deny the remaining allegations contained
23  in paragraph 13 as they relate to Defendant Oceanic Production Equipment Ltd. of the
24  Complaint and therefore deny such allegations.

25       14.     Oppenheimer Defendants deny that any of them have ever acted in
26  concert to deprive Plaintiffs any alleged economic benefits associated with the alleged
27  patented invention.  Oppenheimer Defendants also deny that they are jointly and
28  severally liable for any alleged damages that Plaintiffs claim to have suffered.

OPPENHEIMER DEFENDANTS' ANSWER

4

Oppenheimer Defendants also deny that they have infringed any alleged patent rights owned by Plaintiffs, and deny all remaining allegations of Paragraph 14 of the Complaint.

## THE ASSERTED PATENT

15.     Oppenheimer Defendants admit that United States Patent No. 6,611,662 (the "'662 Patent") purports to be entitled "Autonomous, Self Leveling, Self Correcting Stabilized Platform."  Oppenheimer Defendants admit that the '662 Patent is the subject of the lawsuit *Grober v. Mako Products, Inc.*, and that this lawsuit is purported to be currently pending in this District as Case No. 2:04-cv-08604. Oppenheimer Defendants deny that the '662 Patent, as broadly characterized by Plaintiffs, describes and claims a stabilizer for keeping a camera stable on a moving platform, such as a boat, and deny all remaining allegations set forth in paragraph 9 of the Complaint.

16.     Oppenheimer Defendants admit that Exhibit A purports to be a true and correct copy of the '662 Patent.  Oppenheimer Defendants deny that the validity of the '662 patent was affirmed in the United States Patent Office reexamination proceeding No. 95/000,092.  Oppenheimer Defendants are without sufficient knowledge to allow them to either admit or deny whether Grober is the inventor and owner of the '662 patent or whether Grober holds all rights and interest thereto, and therefore deny such allegations.  Oppenheimer Defendants are also without sufficient knowledge to allow them to either admit or deny whether Voice International has an exclusive license from Grober to commercialize the '662 Patent, and therefore deny such allegations.

## COUNT 1 – WILLFUL INFRINGEMENT OF THE '662 PATENT
## (Against All Defendants)

17.     Oppenheimer Defendants hereby repeat, reallege, and incorporate by reference its response to paragraphs 1-16 above as though fully set forth herein.

18.     Oppenheimer Defendants deny that the '662 Patent is valid and enforceable.  Oppenheimer Defendants are without sufficient knowledge to allow

ACTIVE 41066505v1 06/29/2016

them to either admit or deny whether all required maintenance fees have been timely paid, and therefore deny such allegations.

19.   Oppenheimer Defendants deny that the MakoHead Camera Stabilizer device infringes the '662 Patent.  Oppenheimer Defendants are without sufficient knowledge to allow them to either admit or deny Plaintiffs' allegations against Defendants Jordan Klein, Sr., Jordan Klein, Jr., John Dann, Mako Products, or Oceanic Production Equipment, Ltd., and therefore deny such allegations.

20.   Oppenheimer Defendants admit that Oppenheimer Cine has rented and offered for rental MakoHead Camera Stabilizers, but deny that Oppenheimer Cine has ever "used," "sold," "offered for use," or "offered for sale" any MakoHead Camera Stabilizers.  Oppenheimer Defendants also deny that Oppenheimer Camera or Marty Oppenheimer have ever "used, sold, rented, and/or offered for use, sale or rental" any MakoHead Camera Stabilizers.  Oppenheimer Defendants deny that MakoHead Camera infringe any claims of the '662 Patent, and deny all remaining allegations of paragraph 20 of the Complaint.

21.   Oppenheimer Defendants admit that Oppenheimer Cine has rented and offered for rental MakoHead Camera Stabilizers to video and film productions outside this District from 2011 to the present, but deny that Oppenheimer Cine has ever "used, rented sold and offered for rental and sale" any MakoHead Camera Stablizers to video and film productions located in this District and denies that it has ever used, sold, or offered for sale any MakoHead Camera Stabilizers to video and film productions located outside this District.  Oppenheimer Defendants deny that any MakoHead Camera Stabilizers infringe the '662 Patent and deny all remaining allegations of paragraph 21 of the Complaint.

22.   Denied.

23.   Oppenheimer Defendants admit that Oppenheimer Cine was named as a defendant in the *Grober v. Mako Products, Inc.* case.  Oppenheimer Defendants deny

1 that they have willfully infringed the '662 Patent and deny all remaining allegations of
2 paragraph 23 of the Complaint.

3      24.    Denied.

4      25.    Oppenheimer Defendants are without sufficient knowledge to allow them
5 to either admit or deny what documents were produced by other parties in the *Grober*
6 *v. MakoHead Products Inc.* case, and therefore deny such allegations.

7      26.    Denied.

8      27.    Denied.

9 ## AFFIRMATIVE DEFENSES

10      By asserting these affirmative defenses, Oppenheimer Defendants do not admit
11 that they necessarily bear the burden of proof of persuasion for any of the defenses or
12 issues alleged below. Moreover, at this time, Oppenheimer Defendants have
13 insufficient information and knowledge upon which to form a belief as to whether
14 additional defenses are or will later become available to them. Oppenheimer
15 Defendants reserve the right to amend their response to the Complaint to add, delete,
16 or modify defenses based on additional facts and legal theories which they may or will
17 learn, including that which may be divulged through clarification of the Complaint,
18 through discovery, through change or clarification of governing law, or through
19 further analysis of Plaintiffs' allegations and claims in this litigation. Subject to the
20 foregoing, for their affirmative defenses in this action, Oppenheimer Defendants
21 hereby assert and allege the following:

22 ## FIRST AFFIRMATIVE DEFENSE
23 ## (Invalidity)

24      1.    Oppenheimer Defendants are informed and believe, and on that basis
25 allege, that the '662 Patent is invalid for failure to satisfy the conditions of
26 patentability as specified under one or more sections of Title 35 of the United States
27 Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

28

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

2.     Oppenheimer Defendants have not and do not infringe any claim of the '662 Patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

3.     By reason of the proceedings in the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the application resulting in the issuance and reexamination of the '662 Patent, namely, the admissions, representations, and amendments made on behalf of the application for this patent, Plaintiffs are estopped from extending the coverage of the asserted claims in the '662 Patent, including under the doctrine of equivalents, to cover the accused instrumentalities.

## FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver or Laches)

4.     Upon information and belief, Plaintiffs have made claims that are barred in whole or in part by the doctrines of acquiescence, estoppel, laches, or waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 287 – Failure to Mark)

5.     Plaintiffs' claims for damages as to the '662 Patent is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

6.     Plaintiffs have failed to state a claim against Oppenheimer Defendants upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.     Some, if not all, of Plaintiffs' claims for relief are barred, in whole or in part, by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

8.      Plaintiffs' claims for relief are barred because the alleged infringement, if any, was innocent and not willful.

**NINTH AFFIRMATIVE DEFENSE**

**(Absence Of Irreparable Harm)**

9.      Plaintiffs' claims for injunctive relief are barred because Plaintiffs will not suffer any irreparable harm and have an adequate remedy at law.

**TENTH AFFIRMATIVE DEFENSE**

**(No Causation)**

10.      Plaintiffs' claims are barred because Plaintiffs' alleged injury and/or damages, if any, were not caused by Oppenheimer Defendants.  Plaintiffs' claims made in the Complaint are also barred, in whole or in part, because Oppenheimer Defendants are not liable for acts of others over whom they have no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

11.      Plaintiffs' claims are barred because there has been no damage in any amount by reason of any act alleged against Oppenheimer Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Reservation of Additional Defenses)**

12.      Oppenheimer Defendants presently have insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet unstated, affirmative defenses.  Thus, to the extent this Court may have jurisdiction herein, and subject to discovery in this action, Oppenheimer Defendants expressly reserve their right to assert additional affirmative defenses when and if they are appropriate.

ACTIVE 41066505v1 06/29/2016

## **PRAYER FOR RELIEF**

WHEREFORE, Oppenheimer Defendants pray that the Court dismiss Plaintiffs' Complaint as to all Oppenheimer Defendants with prejudice, award Oppenheimer Defendants their reasonable attorneys' fees and costs incurred in connection with this lawsuit, and award Oppenheimer Defendants such other and/or further relief as the Court deems just and proper.


Dated:  June 29, 2016                    FOX ROTHSCHILD LLP


                               By   /s/ Ashe Puri
                                    James E. Doroshow
                                    Ashe Puri
                                    Attorneys for Defendants,
                                    OPPENHEIMER CINE RENTAL, LLC,
                                    OPPENHEIMER CAMERA PRODUCTS,
                                    INC., AND MARTY OPPENHEIMER

1

## **JURY DEMAND**

2
Oppenheimer Defendants hereby request a trial by jury on all issues so triable.

3

Dated:  June 29, 2016                    FOX ROTHSCHILD LLP

4

5
                                         By   /s/ Ashe Puri
                                         _____
                                         James E. Doroshow
6
                                         Ashe Puri
                                         Attorneys for Defendants,
7
                                         OPPENHEIMER CINE RENTAL, LLC,
                                         OPPENHEIMER CAMERA PRODUCTS,
8
                                         INC., AND MARTY OPPENHEIMER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPENHEIMER DEFENDANTS' ANSWER