Robert J. Lauson (175,486)
bob@lauson.com
Edwin P. Tarver, (201,943)
edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Suite. 301
El Segundo, CA  90245
Tel.  (310) 726-0892
Fax  (310) 726-0893

Attorneys for Plaintiff  Voice International, Inc.


David Grober
davidgrober1@gmail.com
578 West Washington Blvd., Suite 866
Marina Del Rey, CA  90292
Tel. (310) 951-1110

Plaintiff, Pro se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| **VOICE INTERNATIONAL, INC., a California corporation; DAVID GROBER, an individual,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**OPPENHEIMER CINE RENTAL, LLC, a Washington corporation; OPPENHEIMER CAMERA PRODUCTS, INC., a Washington corporation;  MARTY OPPENHEIMER, an individual; JORDAN KLEIN, SR., an individual; JORDAN KLEIN, JR., an individual; JOHN DANN, an individual; Mako Products, an unknown entity, Oceanic Production Equipment, Ltd., a Bahamian company; and DOES 1-10, inclusive,**<br><br>**Defendants** | **Case No.: 2:15-cv-08830-JAK-KS**<br><br><br>Plaintiffs' Opposition To Defendants' Motion To Quash Alleged Improper Service<br><br>Date: November 7, 2016<br>Time: 8:30 a.m.<br> Place:  Courtroom 750<br>             Los Angeles – Roybal Bldg. |

# I. INTRODUCTION

On July 25, 2016, a process server formerly served Jordan Klein, Sr. ("Klein, Sr.") with a summons and copy of Plaintiffs' First Amended Complaint at Klein, Sr.'s home located at 10197 S.E. 144th Pl., Summerfield, FL, 34491.  Doc.48.  This service is not disputed.  During service, Klein, Sr. represented himself as authorized to accept service of the summons and Amended Complaint for Defendants' Jordan Klein, Jr. ("Klein, Jr."), John Dann ("Dann"), and Oceanic Production Equipment, Ltd. ("OPEL").   Docs. 47, 49, 50.   Klein, Sr. was also informed of the documents' contents that he accepted for himself and on behalf of the remaining three defendants.  *Id.*  While Klein, Sr. may be "over 90 years of age, terminally ill and undergoing chemotherapy" as stated in Defendants' motion to quash, doc. 56, pg. 5 of 9, line 14, he is still actively involved in conducting the business of the allegedly dissolved Mako Products Inc. as he has signed checks as recently as this year to himself and co-defendant, John Dann (via Dann's company, Bee Dee Neon).  See Decl. of Grober, ¶14, Ex. M.  Plaintiffs have every belief that proper service was made upon all four parties, which was done simultaneously through Klein, Sr.  *See* Docs. 47-50

As a second guarantee of service, Plaintiffs sent the Defendants' summons and Amended Complaint copies to their attorney, Mark Young.  See Decl of David Grober,  ¶2, Ex. A.  On June 29, 2016, the day after Mr. Young received the documents, Mr. Young told Plaintiff Voice International's attorney, Robert Lauson, that "[his] clients have not waived service or authorized [him] to accept service on their behalf."  *Id.* at, ¶3, Ex. B.  Mr. Young then provided addresses for Klein, Jr., Dann, and OPEL.  *Id.*  According to the addresses that Mr. Young provided, Klein, Jr.'s address is part of the Klein Compound in Summerfield, FL.  *Id.* at, ¶4, Ex. C. Plaintiffs had the Marion County Sheriff serve Klein, Jr. at the address provided. Doc 58.  Dann's address was located at a campground/marina for boat storage and

does not allow tenancy. *Id.* at, ¶,5 Ex. D.  Plaintiffs attempted service, but were informed that tenancy was not allowed, and that Dann does not now, nor did he ever, live there.  *Id.* at, ¶7, Ex. F.  OPEL is located in the Bahamas.  *Id.* at, ¶2, Ex. B.

Not only did Plaintiffs properly serve each Defendant, but each Defendant had sufficient notice of the Amended Complaint which renders service effective.  The Motion to Quash should be DENIED.

## II. SERVICE ON DEFENDANTS KLEIN, JR., DANN, AND OPEL ARE PROPER

**A.     Plaintiffs Properly Served Jordan Klein, Jr.**

Service of the summons and Amended Complaint on Jordan Klein, Jr. is proper for three reasons:

1. Klein, Jr. was properly served through Klein, Sr. when Klein, Sr. claimed authority to accept the documents on Klein, Jr.'s behalf.  Doc. 49.
2. Klein, Jr. was properly served by a Marion County Sheriff who performed substitute service through Klein, Jr.'s co-resident.  Doc. 58.
3. Klein, Jr.'s attorney received a copy of the summons and the Amended Complaint by certified mail.  Decl. of Grober at ¶2, Ex. A.

Service was proper and was performed on two separate occasions.  Service was first properly performed on June 25, 2016 when a certified process server gave a copy of the summons and Amended Complaint to Klein, Sr. who claimed authorization to accept service on Klein, Jr.'s behalf.  Doc. 49.  Proper service was given a second time on July 28, 2016 via substitute service when a Marion County Sheriff delivered and left a copy of the summons and Amended Complaint with

1   Klein, Jr.'s co-resident, Rossi Klein.  Doc. 58.; F.R.C.P. 4(e)(2)(B) ("an individual .
2   . . may be served . . .by leaving a copy . . . at the individual's dwelling or usual
3   place of abode with someone of suitable age and discretion who resides there.").

4        If the Court should find that service on Klein, Jr. was defective, the Motion to
5   Quash should still be denied because Defendants had sufficient knowledge of the
6   complaint.  Defendants' attorney Mark Young received each defendants' copy of
7   the summons and Amended Complaint on June 26, 2016.  *Id.* at, ¶2, Ex. A.
8   Subsequently, Defendants filed a Motion to Quash for Improper Service and a
9   Motion to Dismiss with the Court on July 18, 2016.  Docs. 55, 56.  Attached as an
10  exhibit to the Motion to Dismiss is a declaration executed and signed by Klein, Jr.
11  who stated that "***Plaintiff's First Amended Complaint*** . . . is extremely vague" and
12  that "[he could not] determine which claims in the Patent are allegedly infringed
13  and at issue . . . ."  Doc. 55-2, ¶21 (emphasis added).  Klein, Jr.'s statements in his
14  declaration serve as absolute proof that Klein, Jr. received and read the Complaint.

15       Not only did Klein, Jr. have knowledge of the complaint through the
16  aforementioned methods of service, but he also did not suffer any prejudice.  Klein,
17  Jr.'s knowledge enabled him to conclude that the complaint's infringement claims
18  allegedly lacked specificity and to file a Motion to Dismiss.  Doc. 55-2, ¶21.  The
19  fact that Klein, Jr. was able to file two motions in response to the complaint
20  demonstrates that he did not suffer any prejudice as a result of the alleged improper
21  service.  *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th
22  Cir. 1984) (holding that dismissal for insufficiency of process was not justified
23  where the defendants had notice of the complaint and were not prejudiced by
24  defective service); *Fluor Eng'rs & Constructors, Inc. v. Southern Pac. Transp. Co.*,
25  753 F.2d 444, 449-50 (5th Cir. 1985) (reasoning that a party does not suffer
26  material prejudice when the defendant has actual notice of the claim and the facts
27  that support the claim); C*han v. Soc'y Expeditions*, 39 F.3d 1398, 1404 (9th Cir.
28  1994) (denying motion to dismiss when the defendant had actual notice of the

- 4 -

complaint and was unable to demonstrate actual prejudice from improper service).

Service of process is governed by F.R.C.P Rule 4, "a flexible rule that should be liberally construed so long as the party receives sufficient notice of the complaint." *UFCW, Locals 197 & 373*, 736 F.2d at 1382.  Klein, Jr. was properly served and has neither demonstrated nor alleged any prejudice resulting from the alleged improper service.

**B.    Plaintiffs properly served John Dann**

Service of the summons and Amended Complaint on John Dann is proper for three reasons:

1.    John Dann was properly served through Klein, Sr. when Klein, Sr. claimed authority to accept the documents on Dann's behalf.  Doc. 47.

2.    John Dann was properly served when the documents were delivered to the Klein Compound, which is the business address for his company Bee Dee Neon  Decl. of Grober at ¶8, Ex. G, the United States address for his company Oceanic Production Equipment, Ltd. (OPEL) *Id.* at, ¶ 6, Ex. E, and his address of public record. *Id.* at ¶¶ 9-13, Exs. H-L.

3.    Dann's attorney received a copy of the summons and the Amended Complaint by certified mail.  *Id.* at ¶2,Ex. A.

Service was proper and was performed under two separate legal processes. First, service was properly performed on June 25, 2016 when a certified process server gave a copy of the summons and Amended Complaint to Klein, Sr. who claimed authorization to accept service on Dann's behalf.  Doc. 47.  Second, service was properly performed through substitute service on the same day and time when the certified process server gave a copy of the summons and Amended Complaint to Klein, Sr. because Klein, Sr.'s address is the exact same address listed for Dann's

1   businesses Bee Dee Neon (Ex. G), OPEL, and his address of public record *Id.* at, ¶¶
2   9-13, Exs. H-L. Substitute service may be completed if a copy of the summons and
3   complaint are left at the person's "dwelling house, usual place of abode, ***usual***
4   ***place of business***, or usual mailing address . . . in the presence of a competent
5   member of the household or a person apparently in charge. *Destfino v. Reiswig*,
6   630 F.3d 952, 957 (9th Cir. Cal. 2011). Because a copy of the summons and the
7   Amended Complaint were left at Dann's place of business, Klein, Sr.'s home
8   address, and with a member of the household, service was proper.

9       Further attempts to serve Dann in person were thwarted by Defendants'
10  attorney who provided Plaintiffs with an invalid address. Although public records
11  indicate that Dann lives at 10197 S.E. 144th Pl in Summerfield, Florida. *Id.* at ¶¶ 9-
12  13, Exs. H-L. Dann's attorney stated that Dann lived at an address in Yankeetown,
13  Florida. *Id.* at, ¶3, Ex. B. Plaintiffs attempted to serve Dann at the address
14  provided, however, the address was for a marina site to which boat owners may rent
15  space, but not reside. *Id.* at ¶7, Ex. F. Dann could not be located at that site and
16  was reported to not have been seen there for several weeks. *Id.*

17      If the Court should find that service on Dann was defective, the Motion to
18  Quash should still be denied because Defendant had sufficient knowledge of the
19  complaint. Defendants' attorney Mark Young received each defendants' copy of
20  the summons and Amended Complaint on June 26, 2016. *Id.* at ¶2, Ex. A.
21  Subsequently, Defendants filed a Motion to Quash for Improper Service and a
22  Motion to Dismiss with the Court on July 18, 2016. Docs. 55, 56. Attached as an
23  exhibit to the Motion is a declaration executed and signed by Dann who stated that
24  "***Plaintiff's First Amended Complaint*** . . . is extremely vague." Doc. 55-3, ¶35,
25  emphasis added Dann's statements in his declaration serve as absolute proof that he
26  received, read, and understood the complaint.

27      Not only did Dann have knowledge of the complaint through the
28  aforementioned methods of service, but he also did not suffer any prejudice.

1    Dann's knowledge enabled him to conclude that the complaint's infringement

2    claims allegedly lacked specificity and to file a Motion to Dismiss.  Doc. 55-3, ¶35.

3    The fact that Dann was able to file two motions in response to the complaint

4    demonstrates that he did not suffer any prejudice as a result of the alleged improper

5    service.  *UFCW, Locals 197 & 373*, 736 F.2d at 1382; *Fluor Eng'rs &*

6    *Constructors, Inc.*, 753 F.2d at  449-50; (Doc. 56); *Chan*, 39 F.3d at 1404.

7         Service of process is governed by F.R.C.P Rule 4, "a flexible rule that should

8    be liberally construed so long as the party receives sufficient notice of the

9    complaint."  *UFCW, Locals 197 & 373*, 736 F.2d at 1382.  Dann has not

10   demonstrated any prejudice as a result of the alleged improper service.

11

12   **C.    Plaintiffs Properly Served Oceanic Productions Equipment, LTD**

13        Service of the summons and Amended Complaint on Oceanic Productions

14   Equipment, Ltd. ("OPEL") is proper for four reasons:

15

16        1.    OPEL was properly served through Klein, Sr. when Klein, Sr. claimed

17              authority to accept the documents on OPEL's behalf.  Doc. 50.

18        2.    OPEL was properly served when the documents were delivered to

19              OPEL's Florida address.   *Id.* at ¶6, Ex. E.

20        3.    Mark Young, the attorney for OPEL's director, John Dann, received a

21              copy of the summons and the Amended Complaint by certified mail

22              for OPEL.  *Id.* at ¶2, Ex. A.

23        4.    A copy was sent by Federal Express to OPEL's Bahamian address. *Id.*

24              at Ex. N.

25

26        Plaintiffs contend service was proper under two legal processes.  First,

27   service was properly performed on June 25, 2016 when a certified process server

28   gave a copy of the summons and Amended Complaint to Klein, Sr. who claimed

1   authorization to accept service on OPEL's behalf.  Doc. 50.  Second, service was

2   properly performed at the same day and time when Klein, Sr. accepted the

3   documents on Dann's behalf because a corporation may be served by "delivering a

4   copy of the summons and of the complaint to an officer, a managing or general

5   agent, or any other agent authorized . . . to receive service of process."  F.R.C.P.

6   Rule 4(h).  The state of Florida acknowledges that a private corporation may be

7   served on a "head of the corporation" or any director.  Fla. Stat. §48.081 (2004).

8   Because service on Dann, through Klein, Sr. was proper, service was also proper on

9   OPEL.

10      Further attempts to serve OPEL, through Dann as his position as the director,

11   were thwarted by Defendants' attorney who provided Plaintiffs with an invalid

12   address.  *See* sec. II, B above, pg. 6, lines 9-13.

13      If the Court should find that service on OPEL was defective, the Motion to

14   Quash should still be denied because OPEL, through Dann, had sufficient

15   knowledge of the complaint.  *See* sec. II, B above, pg. 6, lines 17-26.

16      Not only did OPEL have knowledge of the complaint, it also did not suffer

17   any prejudice as a result of service.  *See supra,* sec. II, B, pg 6, line 27 – pg. 7, line

18   2;  UFCW*, Locals 197 & 373*, 736 F.2d at 1382; *Fluor Eng'rs & Constructors,*

19   *Inc.*, 753 F.2d at 449-50; (Doc. 56); C*han*, 39 F.3d at 1404.

20      Service of process is governed by F.R.C.P Rule 4, "a flexible rule that should be

21   liberally construed so long as the party receives sufficient notice of the complaint."

22   *UFCW, Locals 197 & 373*, 736 F.2d at 1382.  OPEL has not demonstrated any

23   prejudice as a result of the alleged improper service.  The Motion to Quash should

24   be denied.

25

26

27      //

28

## II. Conclusion

Plaintiffs undertook almost extraordinary measures to ensure service.  The fact that Defendants responded to the summons and filed this Motion to Quash proves that the documents were served and that Defendants were fully aware of the allegations.  Defendants have not demonstrated nor alleged prejudice as a result of service.  Defendant' Motion should be DENIED.


Date:  October 17, 2016                    Respectively submitted,


                                           /s/ David Grober
                                           David Grober, Pro Se


                                           /s/ Robert J. Lauson
                                           LAUSON & TARVER LLP
                                           Robert J. Lauson, Esq.
                                           Attorneys for Plaintiff, Voice Int'l, Inc.