Robert J. Lauson, Esq., SBN 175,486
bob@lauson.com
Edwin P. Tarver, Esq., SBN 201,943
edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, California 90245
Tel. (310) 726-0892
Fax (310) 726-0893

Attorneys for Plaintiff, Voice International, Inc.

David Grober
davidgrober1@gmail.com
578 West Washington Blvd., Suite 866
Marina Del Rey, CA 90292
Tel. (310) 822-1100

Plaintiff, Pro se

| | |
|---|---|
| Mark J. Young, Esq.<br>Mark Young, P.A.<br>1638 Camden Avenue<br>Jacksonville, FL 32225<br>Telephone: 904-996-8099<br>Facsimile: 904-980-9234<br>myoungpa@gmail.com<br>FL Bar 78158<br>Pro Hac Vice Application Filed | James E. Doroshow (SBN 112920)<br>jdoroshow@foxrothschild.com<br>Ashe Puri (SBN 297814)<br>apuri@foxrothschild.com<br>FOX ROTHSCHILD LLP<br>1800 Century Park East, Suite 300<br>Los Angeles, CA 90067-1506<br>Telephone: 310-598-4150<br>Facsimile: 310-556-9828 |
| Attorneys for Defendants,<br>Jordan Klein, Sr.; Jordan Klein, Jr.; John Dann; and Oceanic Production Equipment Ltd. ("Florida Defendants") | Attorneys for Oppenheimer Defendants,<br>(Local Counsel to Florida Defendants) |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION**

| | |
|---|---|
| **VOICE INTERNATIONAL, INC.**, a California corporation; **DAVID GROBER**, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>**OPPENHEIMER CINE RENTAL, LLC**, et al.<br><br>Defendants | Case No.: 2:15-cv-08830-JAK-KS<br><br>**Joint Status Report** |

1

ACTIVE\44912901.v1-3/21/17

**Joint Status Report**

Per Doc. 118, Plaintiffs served jurisdictional discovery and deposition notices on the Florida Defendants on March 17th. Plaintiff Grober, who represents himself in this action, will be out of the country on a U.S. naval research project, starting March 21, with an expected return date of April 26th. Plaintiffs propose that the depositions be scheduled the next week after he returns from his travels on May 3-5. Despite Defendants' attorneys' arguments below, who represent all Defendants, to the contrary, Plaintiffs are not requesting any additional time beyond that allowed in the Court's civil minutes dated March 7, 2017, Doc. 118. If deemed appropriate by the Court, Plaintiffs do not oppose a short continuance on the Markman Hearing.

Defendants oppose Plaintiffs' request for an additional five weeks to complete jurisdictional discovery in this action. Defendants contend Mr. Grober has retained counsel, Robert Lauson and Edwin Tarver of Lauson Tarver LLP, who represent his company, Plaintiff Voice International Inc., in this action as Plaintiff's counsel of record. Even accepting Mr. Grober's representation as true that he is traveling, this explanation certainly does not justify an additional five weeks to complete discovery, particularly when Mr. Grober has two other attorneys, Robert Lauson and Edwin Tarver of Lauson Tarver LLP, available to conduct depositions.

Furthermore, Defendants contend Plaintiffs' proposed schedule conflicts with the deadlines set by this court for Markman. The Court has scheduled a Markman Hearing on June 5, 2017. In the event this Court rules that it has jurisdiction over the Florida Defendants, the Florida Defendants must be given the opportunity to consider whether they will submit their own briefing for Markman. Under Plaintiffs' proposed schedule, the Florida Defendants reply brief on jurisdiction is due on May 25, 2017 with the Markman Hearing scheduled on June 4, 2017. Under Plaintiffs' proposed schedule, the Florida Defendants would be deprived

ACTIVE\44912901.v1-3/21/17

from any opportunity to submit their own claim construction arguments since the Court will not likely rule on the issue of jurisdiction until after the Markman Hearing concludes.

Plaintiffs also make a number of other egregious statements above. Among them, Plaintiffs claim they are not requesting any additional time beyond that allowed in the Court's civil minutes dated March 7, 2017, Doc. 118, but mislead this Court by failing to acknowledge that they are asking this Court to change other deadlines that have now passed including the deadline to add parties. The deadline to add parties was January 16, 2017 (Dkt. No. 091). That deadline has now passed. There is absolutely no reason to extend this deadline.

In addition, Plaintiffs have engaged in various acts of misconduct in order to hide their true motives in trying to improperly extend the court's deadlines that have now passed, including in the course of them preparing this joint statement. Among them, shortly before the parties were prepared to submit this joint statement, Plaintiffs removed an entire paragraph of Defendants' statement where Defendants had addressed Plaintiffs' improper request to extend the deadline to add parties. Without informing Defendants that they removed Defendants' argument, Plaintiffs sent Defendants a non-redlined version of their changes without acknowledging that they had removed Defendants' section. Defendants had asked Plaintiffs to send them a redlined version. At first, Plaintiffs failed to even respond to Defendants' request only to later inform Defendants that they had no intention of sending them a redlined version or otherwise acknowledging that they had removed this section. Instead, Plaintiffs informed Defendants that Defendants were response to find out on their own about the changes Plaintiffs made to the Joint Statement. According to Plaintiffs' counsel Robert Lauson,

"Please read the short document and work with what you have. Valerie (Mr. Lauson's secretary") is unavailable at this moment. If you want a redline, you can have your secretary make one."

Aside from this, Plaintiffs also misstate, above, that Defendants' attorneys represent all Defendants. This is incorrect. Mark Young does not represent the Oppenheimer Defendants. He only represents the Florida Defendants. Fox Rothschild serves as outside counsel for the Oppenheimer Defendants and only serves as local counsel for the Florida Defendants.

The parties have conferred, but do not agree on a schedule. The parties therefore propose the following schedule:

| | **Plaintiffs' Proposed Schedule** | **Defendants' Proposed Schedule** |
|---|---|---|
| Def's Jurisdictional Discovery Reponses Due. | March 31, 2017 | March 31, 2017 |
| Jurisdictional Depositions of Florida Defendants | May 3-5, 2017 | By April 10, 2017 |
| Plaintiffs' Supplemental Brief Due. | May 15, 2017 | April 20, 2017 |
| Defendants' Reply Due | May 25, 2017, | April 27, 2017 |
| Last day to add parties. | May 25, 2017, 10 days after the completion of jurisdictional discovery per the Court's Order, Doc. 118 | January 16, 2017 (Dkt. No. 091) (deadline has now passed). |
| Markman Hearing | June 5, 2017 | June 5, 2017 (Dkt. No. 118). |
| Anticipated Ruling to be Issued on Markman Hearing | July 5, 2017 | TBD |
| Patentee's Deadline to File Final Infringement | July 12, 2017 | July 12, 2017 |

ACTIVE\44912901.v1-3/21/17

| | | |
|---|---|---|
| Contentions, Expert Reports on Issues Where Patentee has Burden of Proof, All Parties File Advice of Counsel Disclosures. | | |
| Accused Infringer's Deadline to File Final Invalidity Contentions, Rebuttal Expert Reports, and Opening Expert Reports Where Accused Infringer has Burden of Proof | August 11, 2017 | August 11, 2017 |
| Patentee's Deadline for Rebuttal Expert Reports on Issues Where Accused Infringer has Burden of Proof | September 11, 2017 | September 11, 2017 |
| Last day to serve discovery | October 11, 2017 | September 11, 2017 (if by personal service) |
| Discovery Cut-off | | October 11, 2017 |
| Last day to file motions (including discovery motions) | November 10, 2017 | November 10, 2017 |
| Last day to hear motions (including discovery motions) | January 10, 2018 | January 10, 2018 |
| Anticipated ruling on all motions | January 31, 2018 | TBD |
| Last day to file all pretrial documents | February 15, 2018 | February 15, 2018 |
| Final Pretrial Conference, Status Conference Re Exhibits, and Hearing on Motions in Limine | March 1, 2018 | March 1, 2018 |

ACTIVE\44912901.v1-3/21/17

| Jury Trial | March 26, 2018 | March 26, 2018 |

March 21, 2017

/s/ David Grober
David Grober
*In Pro Per*

LAUSON & TARVER, LLP

March 21, 2017

By: /s/ Robert Lauson
Robert Lauson, Esq.
Attorneys for Plaintiff, Voice International

FOX ROTHSCHILD, LLP

March 21, 2017

By: /s/ Ashe Puri
Ashe Puri, Esq.
Attorneys for Oppenheimer Defendants,
(Local Counsel to Florida Defendants)

ACTIVE\44912901.v1-3/21/17