Robert J. Lauson (175,486)
  bob@lauson.com
Edwin P. Tarver, (201,943)
  edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Suite. 301
El Segundo, CA  90245
Tel.  (310) 726-0892
Fax  (310) 726-0893

Attorneys for Plaintiff  Voice International, Inc.

David Grober
   davidgrober1@gmail.com
578 West Washington Blvd., Suite 866
Marina Del Rey, CA  90292
Tel. (310) 822-1100

Plaintiff, Pro se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| **VOICE INTERNATIONAL, INC., a California corporation; DAVID GROBER, an individual,**<br><br>    **Plaintiffs,**<br><br>    **vs.**<br><br>**OPPENHEIMER CINE RENTAL, LLC, et al.,**<br><br>    **Defendants** | Case No.: 2:15-cv-08830-JAK(KS)<br><br>**Declaration of Robert J. Lauson In Support Of Plaintiffs' Ex Parte Application To Modify Scheduling Order And For Other Relief** |

1

I, Robert J. Lauson, declare as follows:

1. I am a patent attorney licensed to practice law in all courts in California as well as before the U.S. Patent & Trademark Office. I offer this declaration in support of Plaintiff's ex-parte application to modify the scheduling order and various other relief being sought. I have personal knowledge of the facts as stated herein. If called to testify, I would and could competently testify thereto.

2. By the Friday March 17th deadline we propounded their written discovery including document requests, interrogatories and requests for admissions. On the Friday March 31st deadline after working hours after 11 pm EDT (8 pm PDT), the Florida Defendants responded with a litany of objections and they produced only nine (9) pages of documents. Among the documents produced were a set of invoices, a true and correct copy of which is attached hereto at Exhibit A. Attached hereto as Exhibit B are the same invoices previously produced by Oppenheimer. In comparing the two sets of documents, it is apparent the OPEL document was altered to change the OPEL address from Florida to the Bahamas, and delete the Alaska destination for the Makohead.

3. After receiving the Florida Defendants jurisdictional discovery responses after close-of-business Friday March 31st, I followed up Monday April 3rd with a detailed email requesting an immediate meet-and-confer on the discovery shortfalls. A true and correct copy of my email is attached hereto as Exhibit C.

4. That meeting by phone occurred with the Florida Defendants' attorney the morning of Tuesday April 4th. During that call with attorney Young, Plaintiffs learned that OPEL's owner and manager, John Dann's emails were being kept on a pair.net email server, which retains them for only 180 days, and that continues through the present. Despite this case being filed Nov. 12, 2015, and the Florida Defendants being added as parties in the amended complaint filed June 15, 2016, they say they have no responsive emails and no emails at all over 180 days old. Plaintiffs would expect they would have emails dating back to at least December

1  15, 2015, 180 days prior to the filing of the first-amended complaint.  Instead,
2  attorney Young sees no obligation for his clients to pay a storage fee to retain their
3  emails for a longer period.  Further, attorney Young informs me that John Dann
4  lives on a boat and retains essentially zero (0) business records of any kind,
5  including none since the time of the amended complaint adding him and OPEL as
6  parties. It appears to me that attorney Young does not understand or appreciate the
7  obligation of his clients to preserve their documents.  At the conclusion of the call,
8  attorney Young promised supplemental responses and additional documents would
9  be received that afternoon.
10  5.	That occurred after 11 pm EDT on Tuesday April 4th, supplemental
11  responses and only 18 more pages of documents.  Attached hereto as Exhibits D-F
12  are attorney Young's letter and OPEL's supplemental responses.  A telephone call
13  the next morning with him failed to reach an agreement to postpone the depositions,
14  or otherwise resolve the discovery issues, and hence Plaintiffs filed this ex-parte
15  application.  He told me that Jordan Klein, Jr. had something else (unspecified) to
16  do on April 25th.
17  6.	To save money and time, Plaintiffs had sought to do the jurisdictional
18  depositions remotely.  The parties contacted Magistrate Stevens by email.  A true
19  and correct copy of the parties' email is attached hereto as Exhibit G.   A
20  telephonic hearing was held on March 29, 2017.  A true and correct copy of the
21  transcript from that hearing is attached hereto as Exhibit H.  Despite Plaintiffs' case
22  law that remote depositions that save costs are favored, and the burden is on the
23  deponents as to why they should not be held, and the Florida Defendants having no
24  substantial reasons justifying in person depositions, the Magistrate denied the
25  motion for remote depositions.  Doc. 122.
26  7.	Prior to the depositions occurring, the Florida Defendants'' attorney also
27  sent me an email objecting to the scope of the Rule 30(b)(6) notice we had served
28  on OPEL.  Attached hereto as Exhibits I, J are true and correct copies of my Rule

3

30(b)(6) deposition notice, and attorney Young's email. In a subsequent phone call, I asked attorney Young if he would instruct his clients not to answer questions perceived by him outside the scope of the Court's jurisdictional discovery order. He responded "it depends" and that some "background questioning" would be allowed. I took this to mean such instructions not to answer were likely and certainly not ruled out by him.

8. Regrettably, this is not the first time that the Florida Defendants have lost their documents. In the earlier, related case, their former attorney Brian Warwick had approximately 5000 emails which he admitted losing when he moved offices. Attached as Exhibit K is a true and correct copy of his letter stating the same. The Florida Defendants have a track record of flouting their obligations in discovery, in particular, preserving their relevant documents. This occurred despite the Florida Defendants being ordered by the Court, twice, to preserve all their documents. Attached as Exhibit L are copies of the Court's orders from the earlier, related case, on October 12, 2012 and June 27, 2013, that the Florida Defendants were to preserve their documents.

9. To get documents pertaining to the jurisdictional issues of interest, we were forced to issue multiple subpoenas to several third parties, and allow a reasonable time for responses and documents to arrive. Attached as Exhibits M-Q are true and correct copies of third-party document subpoenas we have issued. To date, no documents have yet to arrive from any of the third parties. We are also investigating how to compel the company in the Bahamas to provide the Florida Defendants' corporate documents.

10. We expect this third-party discovery to be fruitful as to the jurisdictional issues the Court has identified. For example, attached hereto as Exhibit R are true and correct copies of shipping documents we recently obtained from third-party Lynden International showing a Makoheads being sent from Original Products to

1  OPEL at the Summerfield, Florida address of the Kleins.  This is probative that the
2  Florida Defendants know they were doing business with a California company.
3  11.     This morning we directed an email to attorney Young requesting that he
4  identify the hosting company for John Dann's emails.  A true and correct copy of
5  which is attached as Exhibit S.   No response received yet.  If identified, we intend
6  to subpoena those emails from the hosting company, as well as documents
7  indicating their document retention policies and practices.

9  I declare under penalty of perjury that the forgoing is true and correct,
10 executed this 6th day of April, 2017 in El Segundo, California.

                                    By: /s/ Robert Lauson
                                    Robert Lauson