EXHIBIT "I"

Robert J. Lauson, Esq. (175,486)
    bob@lauson.com
Edwin P. Tarver, Esq. (201,943)
    edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, CA  90245
Phone:  (310) 726-0892
Fax:    (310) 726-0893

    Attorney for Plaintiff  Voice International, Inc.

David Grober
    davidgrober@gmail.com
578 W. Washington Blvd. # 866.
Marina del Rey, CA. 90291
Tel. (310) 951-1110

        Plaintiff, *pro se*.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC. <br><br> & <br><br> DAVID GROBER <br><br> Plaintiffs, <br><br> vs. <br><br> OPPENHEIMER CINE RENTAL, LLC, et al. <br><br> Defendants | CASE NO.: 2:15-CV-08830-JAK (KS) <br><br><br> PLAINTIFFS' NOTICE OF DEPOSITION TO DEFENDANT OCEAN PRODUCTION EQUIPMENT, LTD. |

/ / /

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on **Monday, April 10, 2017** at 9:00 a.m. EDT, at the offices of US Legal Support, 7 East Silver Springs Blvd., Suite 501, Ocala, FL 34470, or at another mutually agreeable time and place, Plaintiffs David Grober ("Grober") and Voice International, Inc. ("Voice International") (collectively "Plaintiffs") will take the deposition upon oral examination  of  the Person(s) Most Knowledgeable of Defendant OCEANIC PRODUCTION EQUIPMENT, LTD.

NOTICE IS FURTHER GIVEN that, under Federal Rule of Civil Procedure 30(b)(3), the deposition testimony may be recorded by videotape, and that under Federal Rule of Civil Procedure 32(c) the videotape record of this deposition may be used at trial.

Testimony will be taken before a notary public or other duly authorized officer, authorized to administer oaths and will be recorded by stenographer, by videotape, and/or real-time computer means. Testimony will continue day to day until completed, excluding Saturday, Sunday and holidays.

YOU ARE FURTHER NOTIFIED THAT:

**Deponent is a Corporation or other Entity**:  The deponent is not a natural person.  The matters on which the deponent will be examined are as follows:

1.      Your agreements with Oppenheimer and Your course of doing business with Oppenheimer.

2.      Your knowledge of Oppenheimer doing business with Original Productions and Your contacts with Original Productions.

3.      Your rental of the Makohead to companies or persons based in California for use anywhere.

4.      Your bank accounts and the parties having any relationship to your bank accounts.

5.     The roles of the Kleins in Your business and the part they play in it.

6.     Any monies from rental of the Makohead given to the Kleins for any reason.

7.     Your organization, capital contributions, ownership, officers, managers, employees, contractors.

8.     Your corporate structure and your parent companies, related companies, predecessors, subsidiaries.

9.     Management and control of your operations.

10.    Your relationship with the other Defendants named in the operative complaint.

11.    All communications between you and any California based production companies.

12.    All MakoHead rentals.


A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.


Dated:  March 31, 2017                         By: /s/ Robert Lauson
                                               Robert Lauson
                                               Attorney for Plaintiff Voice Int'l

## PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245 I served **PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANT OCEANIC PRODUCTION EQUIPMENT, LTD.** addressed as follows to:

**James E. Doroshow**
**Ashe Puri**
**FOX ROTHSCHILD LLP**
**1800 Century Park East, Ste. 300**
**Los Angeles, CA 90067-1506**
**jdoroshow@foxrothschild.com**
**apuri@foxrothschild.com**

**Mark Young P.A.**
**1638 Camden Ave.**
**Jacksonville, Florida 32207**
**Tel. 904-996-8099**
**Fax. 904-980-9234**
**myoungpa@gmail.com**

**X**    **BY MAIL**:    I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, CA, in the ordinary course of business.  I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐    **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**: I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

**X**    **BY ELECTRONIC MAIL**:  I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown above.

☐    **BY FACSIMILE**:  I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐    **BY PERSONAL SERVICE**

☐        FEDERAL COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).

☐        STATE COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).

**X**    **FEDERAL**:  I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 31, 2017, at El Segundo, California.

_____/s/ alisha ross_____
Alisha Ross

# EXHIBIT J

**Valerie Nichols**

| | |
|---|---|
| **From:** | Mark J. Young [myoungpa@gmail.com] |
| **Sent:** | Friday, March 31, 2017 6:30 PM |
| **To:** | Alisha Ross; jdoroshow@foxrothschild.com; apuri@foxrothschild.com; Puri, Ashe P. |
| **Cc:** | 'Robert Lauson'; valerie@lauson.com; davidgrober1@gmail.com |
| **Subject:** | Re: Voice Int'l, Inc. v. Oppenheimer Cine Rental, LLC, et al. |

Mr. Lauson:

In Dkt. 118, pp. 11, 12, the court instructed:

"Such discovery must be focused on the relationship of the Kleins to the Mako Account, and their roles, if any, with OPEL. It may also address what income, if any, the Kleins have received from the lease of MakoHeads in California since the conclusion of the Mako bankruptcy proceedings."

"[F]ocused jurisdictional discovery is appropriate as to the following: (i) whether there was agreement between OPEL and Oppenheimer; (ii) whether OPEL knew that Original Productions was based in California; and (iii) whether OPEL directly or indirectly rented the MakoHead to a California entity, and if so, for use at what location."

Your deposition notice to OPEL broadly identifies topics beyond the permitted scope of discovery. For example, your notice refers to all MakoHead rentals, while the court's guidelines refer to specific rentals, namely, rentals by Opel directly or indirectly to a California entity, and income, if any, that the Kleins have received from the lease of MakoHeads in California since the conclusion of the Mako bankruptcy proceedings. Your notice also refers to "[a]ll communications between you and any California based production companies", while the guidelines limit the scope to rentals to a California entity. Your notice also refers to "Management and control of your operations" while the guidelines limit the scope to the roles

1

of the Kleins with OPEL. Your notice also refers to your bank accounts and the parties having any relationship to your bank accounts, while the guidelines refer specifically to a single Mako Account. Your notice also refers to "Your organization, capital contributions, ownership, officers, managers, employees, contractors" which goes far beyond the scope of the court's guidelines. The roles of the Kleins, if any, is already covered in item 5 of your notice. Your notice also refers to "Your corporate structure and your parent companies, related companies, predecessors, subsidiaries". Again that far exceeds the scope set forth by the court.

Despite the broad wording of your notice, we will assume that you intend to limit the depositions to the issues set forth by the court. If our assumption is incorrect, if you do not intend to limit the depositions to the issues permitted by the court, kindly let us know immediately.

One last note, please send any emails to me to my email address myoungpa@gmail.com. I no longer check myoung@myoungpa.com. Also, myoung@gmail.com is not and has never been my email address. Thank you.

```
Regards,
Mark J. Young

Mark Young P.A.
1638 Camden Ave.
Jacksonville, Florida 32207
Tel. 904-996-8099
Fax. 904-980-9234
myoungpa@gmail.com

This e-mail may contain confidential or privileged information. If you are not the
intended recipient, please advise by return e-mail and delete immediately without reading
or forwarding to others.
```
On 3/31/2017 8:42 PM, Alisha Ross wrote:

> Good afternoon,
> Please see the attached documents regarding the above-referenced matter. They will also follow via USPS mail. Thanks,

2

# EXHIBIT K

Case 2:15-cv-08830-JAK-KS   Document 126-2   Filed 04/06/17   Page 10 of 68   Page ID
#:1836
Case 2:04-cv-08604-JZ-OP   Document 506   Filed 08/07/15   Page 12 of 17   Page ID #:5626



**VARNELL & WARWICK**
COMPLEX CONSUMER LITIGATION

August 3, 2015

Edwin P. Tarver, Esq.
Lauson & Tarver LLP
880 Apollo Street
Suite 301
El Segundo, CA 90245

Re: Voice International, Inc. v. Mako Products, Inc. et al.

Dear Mr. Tarver:

On July 23, 2015, I accepted service of three subpoenas issued by you in the above referenced litigation. Pursuant to Fed. R. Civ. Pro. 45(a) the subpoenas are improper as they state that they are being issued by the United Stated District Court of "Colorado," which is simply untrue. Rule 45(a) (2) states that "a subpoena must issue from the court where the action is pending." The fact that this information was hand-written on the subpoena indicates that you are still allowing Mr. Grober to prepare documents and file them under your name without review. Despite the facial violation of Rule 45, I will respond to the subpoenas as follows.

First, the unorthodox form of Exhibit A makes it extremely difficult to know exactly what is being requested. Towards the top, it states "Documents to be produced are those that relate in any way to the MakoHead, including prototypes or derivatives, and their development, construction, use, rental, lease, or sale to any party." However, then the document goes on to discuss at length a document review that took place in May 2008 where Plaintiffs were not permitted to access attorney-client documents. Exhibit A goes on to state:

> The fact that each of those emails have at least one or more of the restricted email addresses means that each of those emails additionally reside on the email servers of the individuals owning those addresses, and whom were stated to be Warwick and Varnell or their office assistants. This subpoena is specifically aimed at retrieving those 5,000 emails as well as any other documents that fall under the specifications of this subpoena.

Thus, it appears that you are seeking two categories of documents: All documents that relate in any way to the Makohead, and emails to my law firm from my clients. Although I must object to the scope of both requests, I will provide what I have.

First, at one time or another, I represented Jordan Klein, Jr., Jordan Klein Sr., Mako Products, Fern Creek Electronics, Air Sea Land Productions Inc., Cinevideotech, Spectrum Effects, and Blue Sky Aerials. "All responsive documents" relating to the Makohead were previously produced though Mako Products on one of the other entities listed above. Although

Edwin P. Tarver, Esq.
July 28, 2015
Page 2

this firm no longer represents any of these individuals, the information requested is so broad that it would include attorney-client privileged communications. The request is also so broad that it includes emails and work product which are privileged.

To the extent that the inner workings of the MakoHead are at issue, that information has already been produced prior to the first Markman hearing. Indeed, there was sufficient evidence that your expert was able to opine as to the infringing nature of the device. Therefore, this firm is unable to provide any documents responsive to the first category of documents that have not already been produced. In fact, approximately one year ago, new counsel for the rental house defendants, Coast Law Group, asked for a copy of the entire file for the rental house defendants. At that time, a copy was provided of all known discovery produced to date. I read this request as essentially the same.

In a final effort to finally extricate myself from this case once again, however, I am producing all the documents I have in my possession regarding the Makohead. Enclosed with this letter are 6 CD's which include the following documents:

1.  Documents Produced by Mako Products, Inc., bates Nos. 0045 – 2630;

2.  Mako Products Income Statements and Balance Sheets;

3.  Documents Produced by Jordan Aero Marine/Jordan Klein Sr., bates No. 1-40;

4.  Documents Produced by Jordan Klein Film & Video, bates Nos. 1-23;

5.  Documents Produced by Fern Creek Electronics, bates Nos. 1-1498;

6.  Documents Produced by Air Sea Land, bates Nos. 1-548;

7.  Documents Produced by Blue Sky Aerials, bates Nos. 1-324;

8.  Documents Produced by Cinevideotech, bates Nos. 1-119;

9.  Documents Produced by Spectrum Effects, bates Nos. 1-50;

10. Confidential Photos of the MakoHead, bates No. 2611;

11. Non-Confidential Photos of the Makohead.

Neither myself nor any other member of my firm have any other documents related to the MakoHead or Mako Products.

To the extent you are seeking correspondence between me and my clients, such documents are protected by the attorney-client relationship and/or the work product doctrine. The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law. 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961). Its purpose

Case 2:15-cv-08830-JAK-KS   Document 126-2   Filed 04/06/17   Page 12 of 68   Page ID
#:1838
Case 2:04-cv-08604-JZ-OP   Document 506   Filed 08/07/15   Page 14 of 17   Page ID #:5628

Edwin P. Tarver, Esq.
July 28, 2015
Page 3

is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client. As we stated last Term in *Trammel v. United States*, 445 U.S. 40, 51, 100 S.Ct. 906, 913, 63 L.Ed.2d 186 (1980): "The lawyer–client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." And in *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976), we recognized the purpose of the privilege to be "to encourage clients to make full disclosure to their attorneys." Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981). This privilege survives bankruptcy and even death. See Swidler & Berlin v. United States, 524 U.S. 399, 406, 118 S. Ct. 2081, 2086, 141 L. Ed. 2d 379 (1998).

In addition, to the extent you are seeking emails sent to my law firm by clients that are referenced in Exhibit 1 to the Subpoena, those emails also do not exist. As you know, I have not represented any party in this litigation for several years. I have reviewed the file in this matter and discussed the request with my partner, Janet Varnell and my former employee, Mary Arnst. Suffice it to say, we have no emails responsive to this request. I will endeavor to explain why although I am not obligated to do so under Federal Rule 45.

Sometime during the first six months of 2010, Varnell & Warwick created a firm website, varnellandwarwick.com. Along with the website we created new email accounts for all employees at such as bwarwick@varnellandwarwick.com. Thereafter, all firm employees ceased using the prior email accounts to avoid any confusion. The firm took no steps to copy or save the former emails as they were not deemed necessary under our interpretation of Florida Bar Ethics Rules as attorney emails are generally covered by either attorney-client privilege, or work product and it is within the discretion of the attorney whether or not to keep such items. Downloading thousands of emails would serve no purpose and saving them on the server or cloud was deemed to be cost prohibitive.

Upon receipt of your subpoena I endeavored to determine if I could still access the AOL email account I used previously. After having to create a new password, I was able to access the account but there were no old emails listed. The email account was completely empty. It appears that if you do not access the AOL system regularly, the emails are not saved indefinitely. Ms. Varnell and Ms. Arnst confirmed the same for their old email accounts. Since none of these accounts were accessed recently, this is no surprise. As a result, I do not have access to any of the emails from John Dann or other Mako employees that are requested in your subpoenas.

In addition to the fact that the emails are not available, I must also object to this request as it appears that you specifically seek email correspondence between my law firm and my former clients at Mako Products. Even if this information was available, I would still have to object to this request pursuant to Federal Rule of Civil Procedure 45(e)(2), as correspondence between a lawyer and his client is protected by the attorney-client privilege.

Case 2:15-cv-08830-JAK-KS   Document 126-2   Filed 04/06/17   Page 13 of 68   Page ID
#:1839
Case 2:04-cv-08604-JZ-OP   Document 506   Filed 08/07/15   Page 15 of 17   Page ID #:5629

Edwin P. Tarver, Esq.
July 28, 2015
Page 4

     Furthermore, I take issue with the form and improper and unprofessional attack on me in your subpoena. You infer that I somehow knowingly denied access to the emails in 2008. To the contrary, I had a lengthy conversation with Joel Bennett, then attorney for Mr. Grober, about the attorney-client protected information. He understood and agreed that such information could not be copied or downloaded and that any correspondence between myself, my staff and Mako was protected by the attorney-client privilege. I was not contacted by Mr. Wheelbarger or Mr. Bennett during the inspection at Mako regarding the number of emails at issue or Mr. Dann's understanding of our agreement. I would have been happy to discuss these issues. As my presence at the beginning of the inspection and my correspondence with Mr. Bennett shows, I was willing to allow relevant non-privileged documents to be copied because I was certain that all relevant documents had already been produced. However, Mr. Wheelbarger had been retained by Mr. Grober and not by an experienced lawyer and, as a result, he had little to no litigation experience and was wholly unfamiliar with the process and the work product doctrine. In fact, he appeared to have virtually no experience in litigation. An experienced expert would have been able to discuss and understand the difference between an email that was originated by Dann or another and one that was merely forwarded to me and my staff. If he had contacted Mr. Bennett I am sure we could have worked something out at that time. Why Mr. Wheelbarger did not contact Mr. Bennett in this regard is unknown to me.

     Moreover, the email accounts of myself, my partner and my staff are not and have never been "evidence" in this case and a court order to "preserve evidence" does not apply to our email accounts as non-parties. Certainly, any order entered by the Bankruptcy Court cannot apply to this firm as this order was entered long after this firm ceased representing Mako Products. Your reference to these orders in the subpoena is therefore inappropriate.

     Finally, in addition to providing a full copy of everything in my file to Coast Law Group, my recollection is that all relevant emails and pertinent information had already been provided by the time that the request for a review of Mr. Dann's computer came up. The review was simply to make sure that all responsive documents were produced and to dispel Mr. Grober's unfounded belief that there was some scheme to copy his device. Additional evidence from the bookkeeping software of Mako shows the very limited revenue obtained by this venture. Substantial documentation were also produced by Fern Creek electronics and the Rental House Defendants. Together, I am confident that all the relevant documents were timely produced in this matter and have been produced again in the above CDs. If your law firm has not maintained good records of the discovery produced in this matter, my firm is not obligated to produce it again. I am copying counsel for the Rental House defendants so that they are aware of what is being produced and request a copy of the same.

                            Sincerely,

                            Brian W. Warwick

BWW/kms
Enclosures

Edwin P. Tarver, Esq.
July 28, 2015
Page 5


cc:    Chris Polychron, Esq.
       Jordan Klein, Sr.
       Jordan Klein, Jr.
       Matt Kutcher, Spectrum Effects.

# EXHIBIT L

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501

CIVIL MINUTES - GENERAL

Case No.    2:04 CV 8604 - JZ                                    Date: October 2, 2012

Title:    DAVID GROBER, ET AL., PLAINTIFFS -v- MAKO PRODUCTS, INC., ET AL.,
          DEFENDANTS

=================================================================

PRESENT:    HONORABLE JACK ZOUHARY, UNITED STATES DISTRICT JUDGE

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

Robert Lauson for Voice International          Brian Warwick
Plaintiff *Pro Se* David Grober

PROCEEDINGS:      Telephonic Status Conference held on October 2, 2012.

          Defendant Mako Products informed this Court of Mako's impending bankruptcy filing.  Counsel for

Defendants further informed this Court, as a result of a conflict caused by this upcoming filing, other Defendants

will need to retain new counsel.  New counsel for the remaining Defendants are to file an appearance with this

**Court within thirty (30) days of Mako's bankruptcy filing.**

          As discussed during the phone status conference, this Court is available to meet with counsel in Pasadena

on **Wednesday, November 7, 2012 for a status conference at 10:00 a.m.**  Counsel are to advise this Court of

their availability by calling Chambers at (419) 213-5675.  Counsel should be prepared to discuss the following

at the status conference: (1) settlement opportunities; (2) whether to stay this case without Mako; and (3) if this

case is able to continue, agree on a schedule going forward.  Parties are to preserve all potential evidence.

          IT IS SO ORDERED.

                                        _s/ Jack Zouhary_
                                        JACK ZOUHARY
                                        U. S. DISTRICT JUDGE

                                        October 3, 2012

MINUTES FORM 90                                    Initials of Deputy Clerk:  nls
CIVIL -- GEN                  Page 1                        Time: 15 Min

Case 2:15-cv-08830-JAK-KS   Document 126-2   Filed 04/06/17   Page 17 of 68   Page ID
#:1843
Case 2:04-cv-08604-JZ-DTB   Document 457   Filed 06/27/13   Page 1 of 1   Page ID #:5075

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

David Grober, et al.,

                    Plaintiffs,

-vs-

Mako Products, Inc., et al.,

                    Defendants.

Case No. 2:04 CV 8604 JZ

O R D E R

JUDGE JACK ZOUHARY

Pending before this Court is Plaintiff Grober's *pro se* Motion to Lift Stay and for an Order Preserving Evidence (Doc. 455). For the following reasons, the Motion is denied.

This Court previously entered a stay in light of Defendant Mako Product's bankruptcy proceedings (Doc. 452). Plaintiff now asks this Court lift the stay "solely for the purpose of ordering that critical evidence, namely the assets of Mako Products, Inc. including the accused infringing MakoHead products and its books and records, be properly preserved for trial" (Doc. 455 at 1).

Plaintiff's request to lift the stay is denied; this Court already ordered that parties to this litigation must adhere to their obligation to preserve all potential evidence (Doc. 436). And, Plaintiff's Motion acknowledges that "the Bankruptcy Judge made clear that the buyers [of the MakoHead products], take on this responsibility" (Doc. 455 at 2). This Court reaffirms its prior Order that evidence relevant to this litigation be preserved, but declines Plaintiff's request to order the U.S. Marshals to take physical custody of the evidence. Plaintiff also requests this Court grant him leave to file a temporary injunction (Doc. 455 at 5). This request too is denied in light of the stay.

IT IS SO ORDERED.

                                   *s/ Jack Zouhary*
                                 JACK ZOUHARY
                                 U. S. DISTRICT JUDGE

                                 June 27, 2013

EXHIBIT "M"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| DAVID GROBER, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:15-cv-08830 JAK (KS) |
| OPPENHEIMER CINE RENTAL, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Centurylink Communications, LLC, c/o
         C T Corporation System 1200 South Pine Island Road, Plantation, FL 33324
                    *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Lauson & Tarver LLP - valerie@lauson.com | Date and Time: |
|---|---|
| 880 Apollo Street, #301 | |
| El Segundo, CA 90245 | 04/06/2017 3:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          *CLERK OF COURT*
                                                    OR

          _____                    _____
          *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
VOICE INTERNATIONAL, INC. _____ , who issues or requests this subpoena, are:

Robert J. Lauson, Esq., LAUSON & TARVER LLP, 880 Apollo Street, Suite 301, El Segundo, CA 90245; (310) 726-0892

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

As used herein 'Documents' is defined in accord with FRCP 34 (a)(1)(A) to include "any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium.

Production request is for documents going back to October 2014.

This Subpoena pertains to the phone numbers:

(352) 288-4342
(352) 288-3999

This Subpoena also pertains to the following persons and companies if you provided service to any of these entities **in addition** to the above listed phone number.

Jordan Klein, Sr.                          Oceanic Production Equipment, LLC
Jordan Klein, Jr.                          Mako Products, Inc.
John Dann

The known address for these entities has been, though could now be different.

10197 SE 144th Pl., Summerfield, FL  34491
10225 SE 144th Pl., Summerfield, FL  34491

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show the details of all phone calls going **to or from** the telephone # (352) 288-4342 from October 1, 2014 to the present.  Details would include Date and time of call. Length of call. The phone number from which the call was received or to which the call went out to.

2. Documents sufficient to show the name(s) and contact information of the person or company who contracted for the phone number (352) 288-4342 and the dates of the service for each person or company from October 1, 2014 to the present.  If you documents contain a copy of the actual contract(s) and signature page, we request those.

3. Documents sufficient to show the details of all phone calls going **to or from** the telephone # (352) 288-3999 from October 1, 2014 to the present.  Details would include Date and time of call. Length of call. The phone number from which the call was received or to which the call went out to.

4. Documents sufficient to show the name(s) and contact information of the person or company who contracted for the phone number (352) 288-3999 and the dates of the service for each person or company from October 1, 2014 to the present.  If you documents contain a copy of the actual contract(s) and signature page, we request those.

5. Documents sufficient to show any telephone numbers, land line or mobile phone numbers registered to Jordan Klein, Sr., Jordan Klein, Jr., John Dann, Mako Products, Inc. or Oceanic Production Equipment, LLC.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:15-cv-08830 JAK (KS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

Robert J. Lauson (175,486)
    bob@lauson.com
Edwin P. Tarver, (201,943)
    edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Suite. 301
El Segundo, CA  90245
Tel.  (310) 726-0892
Attorneys for Plaintiff  Voice International, Inc.

David Grober
    davidgrober@gmail.com
578 W. Washington Blvd. # 866.
Marina del Rey, CA. 90291
Tel. (310) 951-1110
Plaintiff, *pro se*.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC. <br> & <br> DAVID GROBER <br><br> Plaintiffs, <br><br> vs. <br><br> OPPENHEIMER CINE RENTAL, LLC, OPPENHEIMER CAMERA PRODUCTS, INC. MARTY OPPENHEIMER AND DOES 1- 10, <br><br> Defendants | CASE NO.: CV-08830-JAK (KS) <br><br> NOTICE OF DOCUMENT SUBPOENA TO AT&T MOBILITY |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the attached subpoena will be served on AT&T Mobility.


DATED:   March 31, 2017                    LAUSON & TARVER LLP

                                    By:   /robert lauson/

                                        Robert J. Lauson
                                        Attorney for plaintiff

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| DAVID GROBER, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   2:15-cv-08830 JAK (KS) |
| v. | ) | |
| OPPENHEIMER CINE RENTAL, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           AT&T Mobility, AT&T Subpoena Center
              208 S. Akard St., 10th Floor M, Dallas TX 75202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Lauson & Tarver LLP - valerie@lauson.com<br>880 Apollo Street, #301<br>El Segundo, CA  90245 | Date and Time:<br><br>04/06/2017 3:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Voice International, Inc. _____, who issues or requests this subpoena, are:

Robert J. Lauson, Esq., LAUSON & TARVER LLP, 880 Apollo Street, Suite 301, El Segundo, CA 90245; (310) 726-0892

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

As used herein 'Documents' is defined in accord with FRCP 34 (a)(1)(A) to include "any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium.

Production request is for documents going back to October 2014. If your records do not go back that far, please provide whatever documents you do have access to.

This Subpoena pertains to the phone number:

(352) 266-7794

This Subpoena also pertains to the following persons and companies if you provided service to any of these entities **in addition** to the above listed phone number.

Jordan Klein, Sr.
Jordan Klein, Jr.
John Dann
Oceanic Production Equipment, LLC
Mako Products, Inc.

The known address for these entities has been, though could now be different.

10197 SE 144th PL., Summerfield, FL  34491

### **DOCUMENTS TO BE PRODUCED**

1. Documents sufficient to show the details of all phone calls going **to or from** the telephone # (352) 266-7794 from October 1, 2014 to the present. Details would include Date and time of call. Length of call. The phone number from which the call was received or to which the call went out to.

2. Documents sufficient to show the name(s) and contact information of the person or company who contracted for the phone number (352) 266-7794, and the dates of the service for each person or company from October 1, 2014 to the present. If you documents contain a copy of the actual contract(s) and signature page, we request those.

3. Documents sufficient to show any telephone numbers, land line or mobile phone numbers registered to Jordan Klein, Sr., Jordan Klein, Jr., John Dann, Mako Products, Inc. or Oceanic Production Equipment, LLC.

PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 880 Apollo Street. Suite 301, El Segundo, CA 90245

On March 31, 2017, I served SUBPOENA TO PRODUCE DOCUMENTS RE AT&T MOBILITY addressed as follows to:

> AT&T Mobility
> AT&T Subpoena Center
> 208 S. Akard Street, 10th Floor
> Dallas, TX 75202
> **Fax: 877-971-6093**

☐ **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business. I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐ **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**: I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☐ **BY ELECTRONIC MAIL**: I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☒ **BY FACSIMILE**: I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐ **BY PERSONAL SERVICE**

   ☐ FEDERAL COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).
   ☐ STATE COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**: I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 31, 2017, at El Segundo, California.

                    /s/ alisha ross
                    Alisha Ross

# PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245

On March 31, 2017 I served NOTICE OF DOCUMENT SUBPOENA TO AT&T MOBILITY addressed as follows to:

James E. Doroshow, Esq.  
FOX ROTHSCHILD LLP  
1800 Century Park East, Suite 300  
Los Angeles, CA 90067

Mark Young, Esq.  
1638 Camden Ave.  
Jacksonville, FL 32207

☒  **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business.  I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐  **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**:  I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☒  **BY ELECTRONIC MAIL**:  I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☐  **BY FACSIMILE**:  I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐  **BY PERSONAL SERVICE**

    ☐  FEDERAL COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).  
    ☐  STATE COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒  **FEDERAL**:  I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 31, 2017, at El Segundo, California.

       /s/ alisha Ross  
       Alisha Ross

EXHIBIT "N"

Robert J. Lauson (175,486)
   bob@lauson.com
Edwin P. Tarver, (201,943)
   edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Suite. 301
El Segundo, CA  90245
Tel.  (310) 726-0892
Attorneys for Plaintiff  Voice International, Inc.

David Grober
   davidgrober@gmail.com
578 W. Washington Blvd. # 866.
Marina del Rey, CA. 90291
Tel. (310) 951-1110
Plaintiff, *pro se.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC.<br>&<br>DAVID GROBER<br><br>    Plaintiffs,<br><br>    vs.<br>OPPENHEIMER CINE RENTAL, LLC,<br>OPPENHEIMER CAMERA<br>PRODUCTS, INC.<br>MARTY OPPENHEIMER<br>AND DOES 1- 10,<br><br>    Defendants | CASE NO.: CV-08830-JAK (KS)<br><br>NOTICE OF DOCUMENT SUBPOENA TO FEDERAL EXPRESS (EXPRESS DIVISION) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the attached subpoena will be served on Federal Express (Express Division).


DATED:  March 31, 2017                       LAUSON & TARVER LLP

                                     By:   /robert lauson/
                                          Robert J. Lauson
                                        Attorney for plaintiff

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| DAVID GROBER, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| OPPENHEIMER CINE RENTAL, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   2:15-cv-08830 JAK (KS)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Federal Express (Express Division) Attn: Legal Dept. Subpoena Compliance Group
3620 Hacks Cross Rd., Bldg. "B" 3rd Floor, Memphis, TN 38125

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Lauson & Tarver LLP - valerie@lauson.com | Date and Time: |
|---|---|
| 880 Apollo Street, #301 El Segundo, CA  90245 | 04/06/2017 3:00 pm |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____                              _____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
VOICE INTERNATIONAL, INC. _____, who issues or requests this subpoena, are:
Robert J. Lauson, Esq., LAUSON & TARVER LLP, 880 Apollo Street, Suite 301, El Segundo, CA 90245; (310) 726-0892

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**Exhibit A**

Production request is for documents going back to October 2014.  If your records do not go back that far, please provide whatever documents you do have access to.

The Subpoena pertains to the following persons and companies and the subpoena covers any accounts you reasonably believe could belong to these three entities.

Jordan Klein, Sr.
Jordan Klein, Jr.
John Dann
Oceanic Production Equipment, LLC
Mako Products, Inc.

The known addresses for these entities have been, though could now be different.
The known address for these entities has been, though could now be different.

10197 SE 144th Pl., Summerfield, FL  34491
10225 SE 144th Pl., Summerfield, FL  34491

We are looking for all shipments that have California as either a shipping address, or California as a receiving address, or California for both shipping and receiving.

## DOCUMENTS TO BE PRODUCED

1.  Documents sufficient to show all Federal Express shipments (packages or letters) going **to or from** Jordan Klein, Sr. and which contain a California address either as the shipper, recipient, or both shipper and recipient.
    Dates of Search; October 2014 onward.
    Please include the package weight and signature page if available.

2.  Documents sufficient to show all Federal Express shipments (packages or letters) going **to or from** Jordan Klein, Sr. and which contain a California address either as the shipper, recipient, or both shipper and recipient.
    Dates of Search; October 2014 onward.
    Please include the package weight and signature page if available.

3.  Documents sufficient to show all Federal Express shipments (packages or letters) going **to or from** John Dann and which contain a California address either as the shipper, recipient, or both shipper and recipient.
    Dates of Search; October 2014 onward.
    Please include the package weight and signature page if available.

4.  Documents sufficient to show all Federal Express shipments (packages or letters) going **to or from** Mako Products, Inc. and which contain a California address either as the shipper, recipient, or both shipper and recipient.
    Dates of Search: October 2014 onward.
    Please include the package weight and signature page if available.

5.  Documents sufficient to show all Federal Express shipments (packages or letters) going **to or from** Oceanic Production Equipment, LLC and which contain a California address either as the shipper, recipient, or both shipper and recipient.
    Dates of Search: October 2014 onward.
    Please include the package weight and signature page if available.

6.  Documents sufficient to show all shipments (packages or letters) going between the addresses of 10197 SE 144th Pl., Summerfield, FL 34491 and any address in **California, which is not produced in the above requests,** from October 2014 onward.  Please include the package weight and signature page if available.

7.  Documents sufficient to show all shipments (packages or letters) going between the addresses of 10225 SE 144th Pl., Summerfield, FL 34491 and any address in **California, which is not produced in the above requests,** from October 2014 onward.  Please include the package weight and signature page if available.

8.  Information to identify any other Fed Ex accounts which you reasonably believe could belong to Jordan Klein, Sr., Jordan Klein, Jr., John Dann, Mako Products, Inc., Oceanic Production Equipment, LLC.

PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245

On March 31, 2017, I served SUBPOENA TO PRODUCE DOCUMENTS RE FEDERAL EXPRESS (EXPRESS DIVISION) addressed as follows to:

> Federal Express (Express Division)
> Attn: Legal Dept.
> Subpoena Compliance Group
> 3620 Hacks Road, Bldg. "B" 3rd Floor
> Memphis, TN 38125
>
> **Email:**
> **expresssubpoenas@fedex.com**

☐ **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business.  I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐ **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**:  I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☒ **BY ELECTRONIC MAIL**:  I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☐ **BY FACSIMILE**: I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐ **BY PERSONAL SERVICE**

    ☐ FEDERAL COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).

    ☐ STATE COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**:  I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 31, 2017, at El Segundo, California.

        /s/ alisha ross
        Alisha Ross

## PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245

On March 31, 2017, I served NOTICE OF DOCUMENT SUBPOENA TO FEDERAL EXPRESS (EXPRESS DIVISION) addressed as follows to:

James E. Doroshow, Esq.                         Mark Young, Esq.
FOX ROTHSCHILD LLP                        1638 Camden Ave.
1800 Century Park East, Suite 300         Jacksonville, FL 32207
Los Angeles, CA 90067

☒ **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business.  I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐ **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**:  I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☐ **BY ELECTRONIC MAIL**:  I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☐ **BY FACSIMILE**:  I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐ **BY PERSONAL SERVICE**

    ☐ FEDERAL COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).
    ☐ STATE COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**:  I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 31, 2017, at El Segundo, California.

/s/ alisha Ross
Alisha Ross

EXHIBIT "O"

Robert J. Lauson (175,486)
    bob@lauson.com
Edwin P. Tarver, (201,943)
    edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Suite. 301
El Segundo, CA  90245
Tel.  (310) 726-0892
Attorneys for Plaintiff  Voice International, Inc.

David Grober
    davidgrober@gmail.com
578 W. Washington Blvd. # 866.
Marina del Rey, CA. 90291
Tel. (310) 951-1110
Plaintiff, *pro se.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC.<br>&<br>DAVID GROBER<br><br>Plaintiffs,<br><br>vs.<br>OPPENHEIMER CINE RENTAL, LLC,<br>OPPENHEIMER CAMERA<br>PRODUCTS, INC.<br>MARTY OPPENHEIMER<br>AND DOES 1- 10,<br><br>Defendants | CASE NO.: CV-08830-JAK (KS)<br><br>NOTICE OF DOCUMENT SUBPOENA<br>TO THE FEDEX GROUND PACKAGE<br>SYSTEM, INC. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the attached subpoena will be served on The Fedex Ground Package System, Inc.


DATED:   March 31, 2017                          LAUSON & TARVER LLP

                                                  By:  /robert lauson/
                                                       Robert J. Lauson
                                                       Attorney for plaintiff

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| DAVID GROBER, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   CV-08830 JAK (KS) |
| v. | ) | |
| OPPENHEIMER CINE RENTAL, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    The FedEx Ground Package System, Inc. (FedEx Ground), Attn: Litigation Dept. Subpoena Compliance Group
c/o C T Corporation System 818 W. 7th St., Ste. 930, L.A., CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Lauson & Tarver LLP | Date and Time: |
|---|---|
| 880 Apollo Street, Suite 301 | |
| El Segundo, CA 90245 | 04/06/2017 3:00 pm |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
VOICE INTERNATIONAL, INC. _____, who issues or requests this subpoena, are:
Robert J. Lauson, Esq., LAUSON & TARVER LLP, 880 Apollo Street, Suite 301, El Segundo, CA 90245; (310) 726-0892

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**Exhibit A**

Production request is for documents going back to October 2014. If your records do not go back that far, please provide whatever documents you do have access to.

The Subpoena pertains to the following persons and companies and the subpoena covers any accounts you reasonably believe could belong to these three entities.

Jordan Klein, Sr.
Jordan Klein, Jr.
John Dann
Oceanic Production Equipment, LLC
Mako Products, Inc.

The known addresses for these entities have been, though could now be different.
The known address for these entities has been, though could now be different.

10197 SE 144th Pl., Summerfield, FL  34491
10225 SE 144th Pl., Summerfield, FL  34491

We are looking for all shipments that have California as either a shipping address, or California as a receiving address, or California for both shipping and receiving.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show all Federal Express shipments (packages or letters) going **to or from** Jordan Klein, Sr. and which contain a California address either as the shipper, recipient, or both shipper and recipient.
   Dates of Search; October 2014 onward.
   Please include the package weight and signature page if available.

2. Documents sufficient to show all Federal Express shipments (packages or letters) going **to or from** Jordan Klein, Sr. and which contain a California address either as the shipper, recipient, or both shipper and recipient.
   Dates of Search; October 2014 onward.
   Please include the package weight and signature page if available.

3. Documents sufficient to show all Federal Express shipments (packages or letters) going **to or from** John Dann and which contain a California address either as the shipper, recipient, or both shipper and recipient.
   Dates of Search; October 2014 onward.
   Please include the package weight and signature page if available.

4. Documents sufficient to show all Federal Express shipments (packages or letters) going **to or from** Mako Products, Inc. and which contain a California address either as the shipper, recipient, or both shipper and recipient.
Dates of Search; October 2014 onward.
Please include the package weight and signature page if available.

5. Documents sufficient to show all Federal Express shipments (packages or letters) going **to or from** Oceanic Production Equipment, LLC and which contain a California address either as the shipper, recipient, or both shipper and recipient.
Dates of Search; October 2014 onward.
Please include the package weight and signature page if available.

6. Documents sufficient to show all shipments (packages or letters) going between the addresses of 10197 SE 144th Pl., Summerfield, FL  34491 and any address in **California, which is not produced in the above requests,** from October 2014 onward.  Please include the package weight and signature page if available.

7. Documents sufficient to show all shipments (packages or letters) going between the addresses of 10225 SE 144th Pl., Summerfield, FL  34491 and any address in **California, which is not produced in the above requests,** from October 2014 onward.  Please include the package weight and signature page if available.

8. Information to identify any other Fed Ex accounts which you reasonably believe could belong to Jordan Klein, Sr., Jordan Klein, Jr., John Dann, Mako Products, Inc., Oceanic Production Equipment, LLC.

PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245

On March 31, 2017, I served SUBPOENA TO PRODUCE DOCUMENTS RE THE FEDEX GROUND PACKAGE SYSTEM, INC. addressed as follows to:

The Fedex Ground Package System, Inc.
Attn: Janis Pysh
Litigation Dept. Subpoena Compliance
1000 FedEx Drive
Moon Township, PA  15108

**Fax: 412-747-8496**

☐ **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business.  I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐ **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**:  I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☐ **BY ELECTRONIC MAIL**:  I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☒ **BY FACSIMILE**: I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐ **BY PERSONAL SERVICE**

　　☐ FEDERAL COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).
　　☐ STATE COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**:  I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 31, 2017, at El Segundo, California.

/s/ alisha ross
Alisha Ross

# PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245

On March 31, 2017 I served NOTICE OF DOCUMENT SUBPOENA TO THE FEDEX GROUND PACKAGE SYSTEM, INC. addressed as follows to:

James E. Doroshow, Esq.                    Mark Young, Esq.
FOX ROTHSCHILD LLP                        1638 Camden Ave.
1800 Century Park East, Suite 300          Jacksonville, FL 32207
Los Angeles, CA 90067

☒ **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business. I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐ **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**: I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☐ **BY ELECTRONIC MAIL**: I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☐ **BY FACSIMILE**: I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐ **BY PERSONAL SERVICE**

☐ FEDERAL COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).
☐ STATE COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**: I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 31, 2017, at El Segundo, California.

/s/ alisha Ross
Alisha Ross

EXHIBIT "P"

Robert J. Lauson (175,486)
    bob@lauson.com
Edwin P. Tarver, (201,943)
    edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Suite. 301
El Segundo, CA  90245
Tel.  (310) 726-0892
Attorneys for Plaintiff  Voice International, Inc.

David Grober
    davidgrober@gmail.com
578 W. Washington Blvd. # 866.
Marina del Rey, CA. 90291
Tel. (310) 951-1110
Plaintiff, *pro se*.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC.<br>&<br>DAVID GROBER<br><br>Plaintiffs,<br><br>vs.<br><br>OPPENHEIMER CINE RENTAL, LLC,<br>OPPENHEIMER CAMERA<br>PRODUCTS, INC.<br>MARTY OPPENHEIMER<br>AND DOES 1- 10,<br><br>Defendants | CASE NO.: CV-08830-JAK (KS)<br><br>NOTICE OF DOCUMENT SUBPOENA<br>TO UNITED PARCEL SERVICE, INC. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the attached subpoena will be served on United Parcel Service, Inc.


DATED:   March 31, 2017                                  LAUSON & TARVER LLP

                                        By:   /robert lauson/
                                              Robert J. Lauson
                                              Attorney for plaintiff

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| DAVID GROBER, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   2:15-cv-08830 JAK (KS) |
| OPPENHEIMER CINE RENTAL, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      United Parcel Service, Agent for Service of Process
CSC-Lawyers Incorporating Service 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Lauson & Tarver LLP - valerie@lauson.com | Date and Time: |
|---|---|
| 880 Apollo Street, #301 El Segundo, CA  90245 | 04/06/2017 3:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| _CLERK OF COURT_ | OR | |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
VOICE INTERNATIONAL, INC. _____ , who issues or requests this subpoena, are:

Robert J. Lauson, Esq., LAUSON & TARVER LLP, 880 Apollo Street, Suite 301, El Segundo, CA 90245; (310) 726-0892

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

Production request is for documents going back to October 2014.  If your records do not go back that far, please provide whatever documents you do have access to.

The Subpoena pertains to the following persons and companies and the subpoena covers any accounts you reasonably believe could belong to these three entities.

Jordan Klein, Sr.
Jordan Klein, Jr.
John Dann
Oceanic Production Equipment, LLC
Mako Products, Inc.

The known addresses for these entities have been, though could now be different.
The known address for these entities has been, though could now be different.

10197 SE 144th Pl., Summerfield, FL  34491
10225 SE 144th Pl., Summerfield, FL  34491

We are looking for all shipments that have California as either a shipping address, or California as a receiving address, or California for both shipping and receiving.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show all UPS shipments (packages or letters) going **to or from** Jordan Klein, Sr. and which contain a California address either as the shipper, recipient, or both shipper and recipient.
    Dates of Search; October 2014 onward.
    Please include the package weight and signature page if available.

2. Documents sufficient to show all UPS shipments (packages or letters) going **to or from** Jordan Klein, Sr. and which contain a California address either as the shipper, recipient, or both shipper and recipient.
    Dates of Search; October 2014 onward.
    Please include the package weight and signature page if available.

3. Documents sufficient to show all UPS shipments (packages or letters) going **to or from** John Dann and which contain a California address either as the shipper, recipient, or both shipper and recipient.
    Dates of Search; October 2014 onward.
    Please include the package weight and signature page if available.

4.  Documents sufficient to show all UPS shipments (packages or letters) going **to or
    from** Mako Products, Inc. and which contain a California address either as the
    shipper, recipient, or both shipper and recipient.
    Dates of Search; October 2014 onward.
    Please include the package weight and signature page if available.

5.  Documents sufficient to show all UPS shipments (packages or letters) going **to or
    from** Oceanic Production Equipment, LLC and which contain a California
    address either as the shipper, recipient, or both shipper and recipient.
    Dates of Search; October 2014 onward.
    Please include the package weight and signature page if available.

6.  Documents sufficient to show all shipments (packages or letters) going between
    the addresses of 10197 SE 144th Pl., Summerfield, FL 34491 and any address in
    **California, which is not produced in the above requests,** from October 2014
    onward.  Please include the package weight and signature page if available.

7.  Documents sufficient to show all shipments (packages or letters) going between
    the addresses of 10225 SE 144th Pl., Summerfield, FL 34491 and any address in
    **California, which is not produced in the above requests,** from October 2014
    onward.  Please include the package weight and signature page if available.

8.  Information to identify any other Fed Ex accounts which you reasonably believe
    could belong to Jordan Klein, Sr., Jordan Klein, Jr., John Dann, Mako Products,
    Inc., Oceanic Production Equipment, LLC.

**PROOF OF SERVICE**

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245

On March 31, 2017 I served NOTICE OF DOCUMENT SUBPOENA TO UNITED PARCEL SERVICE, INC. addressed as follows to:

James E. Doroshow, Esq.                    Mark Young, Esq.
FOX ROTHSCHILD LLP                         1638 Camden Ave.
1800 Century Park East, Suite 300          Jacksonville, FL 32207
Los Angeles, CA 90067

☒ **BY MAIL**:  I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business.  I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐ **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**:  I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☒ **BY ELECTRONIC MAIL**:  I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☐ **BY FACSIMILE**:  I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐ **BY PERSONAL SERVICE**

    ☐ FEDERAL COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).
    ☐ STATE COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**:  I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 31, 2017, at El Segundo, California.

           /s/ alisha ross
           Alisha Ross

EXHIBIT "Q"

Robert J. Lauson (175,486)
  bob@lauson.com
Edwin P. Tarver, (201,943)
  edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Suite. 301
El Segundo, CA 90245
Tel. (310) 726-0892
Attorneys for Plaintiff Voice International, Inc.

David Grober
  davidgrober@gmail.com
578 W. Washington Blvd. # 866.
Marina del Rey, CA. 90291
Tel. (310) 951-1110
Plaintiff, *pro se*.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| VOICE INTERNATIONAL, INC. & DAVID GROBER<br><br>Plaintiffs,<br><br>vs.<br><br>OPPENHEIMER CINE RENTAL, LLC, OPPENHEIMER CAMERA PRODUCTS, INC. MARTY OPPENHEIMER AND DOES 1- 10,<br><br>Defendants | CASE NO.: 2:15-CV-08830-JAK (KS)<br><br>NOTICE OF DOCUMENT SUBPOENA TO SUNTRUST BANK |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the attached subpoena will be served on Suntrust Bank.


DATED: April 5, 2017

                                        LAUSON & TARVER LLP

                                        By:  /robert lauson/
                                             Robert J. Lauson
                                             Attorney for plaintiff

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| DAVID GROBER, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:15-cv-08830 JAK (KS) |
| OPPENHEIMER CINE RENTAL, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Suntrust Bank, c/o
Corporation Service Company, 1201 Hays Street, Tallahassee, FL  32301

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Lauson & Tarver LLP - valerie@lauson.com | Date and Time: |
|---|---|
| 880 Apollo Street, #301 | |
| El Segundo, CA  90245 | 04/17/2017 3:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Voice International, Inc. _____ , who issues or requests this subpoena, are:

Robert J. Lauson, Esq., LAUSON & TARVER LLP, 880 Apollo Street, Suite 301, El Segundo, CA 90245; (310) 726-0892

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**<u>DOCUMENTS TO BE PRODUCED</u>**

1.      All documents which reference any account connected to Mako Products, Inc., Oceanic Production Equipment, Ltd., John Dann, Jordan Klein, Sr. or Jordan Klein, Jr. from August 2016 to the present.

2.      All documents which reference SunTrust Bank Account No. 1000004328224 from August 2016 to the present.

3.      All signature cards associated with SunTrust Bank Account No. 1000004328224.

PROOF OF SERVICE

     I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245

On April 5, 2017 I served SUBPOENA TO PRODUCE DOCUMENTS RE SUNTRUST BANK addressed as follows to:

Suntrust Bank, c/o
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

☐ **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business.  I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☒ **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**:  I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☐ **BY ELECTRONIC MAIL**:  I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☐ **BY FACSIMILE**: I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐ **BY PERSONAL SERVICE**

    ☐   FEDERAL COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

    ☐   STATE COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**: I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on April 5, 2017, at El Segundo, California.

                  /s/ alisha ross
                    Alisha Ross

**PROOF OF SERVICE**

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245

On April 5, 2017 I served NOTICE OF DOCUMENT SUBPOENA TO SUNTRUST BANK addressed as follows to:

James E. Doroshow, Esq.
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
jodoroshow@foxrothschild.com

Mark Young P.A.
1638 Camden Ave.
Jacksonville, Florida 32207
Tel. 904-996-8099
Fax. 904-980-9234
myoungpa@gmail.com

☒ **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business. I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐ **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**: I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☒ **BY ELECTRONIC MAIL**: I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☐ **BY FACSIMILE**: I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐ **BY PERSONAL SERVICE**

    ☐ FEDERAL COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

    ☐ STATE COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**: I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on April 5, 2017, at El Segundo, California.

/s/ alisha Ross
Alisha Ross

Robert J. Lauson (175,486)
    bob@lauson.com
Edwin P. Tarver, (201,943)
    edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Suite. 301
El Segundo, CA  90245
Tel.  (310) 726-0892
Attorneys for Plaintiff Voice International, Inc.

David Grober
    davidgrober@gmail.com
578 W. Washington Blvd. # 866.
Marina del Rey, CA. 90291
Tel. (310) 951-1110
Plaintiff, *pro se.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC.<br>&<br>DAVID GROBER<br><br>Plaintiffs,<br><br>vs.<br><br>OPPENHEIMER CINE RENTAL, LLC,<br>OPPENHEIMER CAMERA<br>PRODUCTS, INC.<br>MARTY OPPENHEIMER<br>AND DOES 1- 10,<br><br>Defendants | CASE NO.: 2:15-CV-08830-JAK (KS)<br><br>NOTICE OF DOCUMENT SUBPOENA<br>TO ORIGINAL PRODUCTIONS, LLC |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the attached subpoena will be personally served on Original Productions, LLC.


DATED:  April 5, 2017                              LAUSON & TARVER LLP

                                        By:  /robert lauson/
                                             Robert J. Lauson
                                             Attorney for plaintiff

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| DAVID GROBER, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:15-cv-08830 JAK (KS) |
| OPPENHEIMER CINE RENTAL, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Original Productions, LLC, c/o
C T Corporation System 818 W. Seventh St., Suite 930, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: (see attached Exhibit A)

| Place: Lauson & Tarver LLP - valerie@lauson.com<br>880 Apollo Street, #301<br>El Segundo, CA 90245 | Date and Time:<br><br>04/17/2017 3:00 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | OR | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Voice International, Inc. _____ , who issues or requests this subpoena, are:

Robert J. Lauson, Esq., LAUSON & TARVER LLP, 880 Apollo Street, Suite 301, El Segundo, CA 90245; (310) 726-0892

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

As used herein 'Documents' is defined in accord with FRCP 34 (a)(1)(A) to include "any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium.

Production request is for documents going back to November 1, 2010.

The Subpoena pertains to the following persons and companies if you provided service to any of these entities.

Marty Oppenheimer
Oppenheimer Cine Rentals
Oppenheimer Camera Products


Jordan Klein, Sr.
Jordan Klein, Jr.
John Dann
Oceanic Productions Equipment, LLC
Mako Products, Inc.


## DOCUMENTS TO BE PRODUCED

1.      All documents which constitute communications with any of the persons or entities listed above.

2.      All documents pertaining to the rental, sale, repair, shipping or any services provided to you by any of the persons or entities listed above.

3.      All documents mentioning the words "Mako," "MakoHead," or "Mako Head."

# PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 880 Apollo Street, Suite 301, El Segundo, CA 90245

On April 5, 2017 I served NOTICE OF DOCUMENT SUBPOENA TO ORIGINAL PRODUCTIONS, LLC addressed as follows to:

James E. Doroshow, Esq.
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
jodoroshow@foxrothschild.com

Mark Young P.A.
1638 Camden Ave.
Jacksonville, Florida 32207
Tel. 904-996-8099
Fax. 904-980-9234
myoungpa@gmail.com

☒ **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at El Segundo, California, in the ordinary course of business. I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☐ **BY FEDERAL EXPRESS/OVERNIGHT DELIVERY**: I caused a copy of such document to be sent via overnight delivery to the office(s) of the addressee(s) shown above.

☒ **BY ELECTRONIC MAIL**: I caused a copy of such document to be sent via ELECTRONIC MAIL to the office(s) of the addressee(s) at the e-mail address(es) shown below.

☐ **BY FACSIMILE**: I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

☐ **BY PERSONAL SERVICE**

☐ FEDERAL COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).
☐ STATE COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ **FEDERAL**: I declare, under penalty of perjury that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on April 5, 2017, at El Segundo, California.

/s/ alisha Ross
Alisha Ross

2

# EXHIBIT R



DC10

LYNDEN
INTERNATIONAL

P.O. BOX 3405
SEATTLE, WA 98124-3405
(800)955-3766
(206)433-3331

INVOICE NO. 5037200
DUE
DATE BILLED 10/29/13

SHIPPER:
ORIGINAL PRODUCTIONS
BOLL AND KNOTT
DUTCH HARBOR, AK   99692

CONSIGNEE:
MAKO HEAD
10137 SE 144TH PL
BAKERSFIELD, CA 56691

PAYMENT DUE
11 :19 .13

FREIGHT CHARGES
176.90

REF
NO.
DESCRIPTION
WEIGHT
SCALE
RATE
TARIFF DEPT.

PCS. 1 MAKO HEAD        MEMPHIS   88   DIRECT   3120   MCD
                                    46   18

OTHER APPROVAL
Hold at terminal

Carrier Fuel Surcharge, Carrier
Security Surcharge, Security Screening
Fee, Beyond Charges, Unloaded City
21.18.21.1

REQUEST VALUE

ECONOMY
SERVICE

Other

ORIGINAL PRODUCTIONS
306 W VERDUGO AVE
ATTN ACCOUNTING DEPT
BURBANK, CA   91502

BILL TO
ORIGINA.91

INVOICE NUMBER
5037200

OTHER CHARGES
FSC   32.76
PSS
SSF
BYN   21C.00
UNL

TOTAL
469.74

Pd # Deposited   $ 1105
Issuance @ 210,008
0240.88

Pd 659



maxo head

AC -08
0216

#1030

# EXHIBIT S

## Valerie Nichols

| | |
|---|---|
| **From:** | Valerie Nichols [valerie@lauson.com] |
| **Sent:** | Thursday, April 06, 2017 9:56 AM |
| **To:** | 'myoungpa@gmail.com' |
| **Cc:** | 'Robert Lauson'; 'David Grober' |
| **Subject:** | Grober v. Oppenheimer, et al. |

Hi Mark,

We understand that John Dann uses a email hosting company that deletes all emails after 180 days. Can you please identify that hosting company for us?

Thank you,

*Valerie Nichols*

------------------------------



Valerie Nichols
Office Manager
Lauson & Tarver LLP
880 Apollo Street, Suite 301
El Segundo, CA 90245
ph. 310-726-0892
fax 310-726-0893
valerie@lauson.com
www.lauson.com
Intellectual Property Law
Patents, Trademarks, Copyrights