# Exhibit A

Robert J. Lauson (175,486)
    bob@lauson.com
Edwin P. Tarver, (201,943)
    edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Suite. 301
El Segundo, CA  90245
Tel.  (310) 726-0892
Fax  (310) 726-0893

    Attorneys for Plaintiff  Voice International, Inc.

David Grober
    davidgrober@gmail.com
578 W. Washington Blvd. # 866.
Marina del Rey, CA. 90292
Tel. (310) 951-1110

    Plaintiff, *pro se*.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC. & DAVID GROBER<br><br>Plaintiffs,<br><br>vs.<br><br>OPPENHEIMER CINE RENTAL, LLC, OPPENHEIMER CAMERA PRODUCTS, INC. MARTY OPPENHEIMER AND DOES 1- 10,<br><br>Defendants | CASE NO.: CV-08830-JAK (KS)<br><br>PLAINTIFFS' RESTATED INFRINGEMENT CONTENTIONS AND ANSWERS TO DEFENDANTS PROPOSED RULE 11 MOTION.<br><br>Dated:  July 3, 2017. |

///

1

**2.1  Disclosure of Asserted Claims and Infringement Contentions.**

**2.1.1:**  The Claims of the 6,611,662 patent that are infringed by all the defendants are:

Independent Claims: 1, 14, 31, 32, 35, 38.

Dependent Claims:  2,3,4,8,9,10,13,15,17, 19-28.

For each of the claims, the applicable statutory subsections are:  35 U.S.C. 271(a), 271(b).

**2.1.2.**  Separately for each asserted claim, each Accused instrumentality.

## CLAIM 1

**Limitation 1A:**

*"A stabilized platform comprising:"*

Like the '662 invention, the Mako is a stabilizer for motion picture cameras.  Defendant Air Sea Land's website states; "ASL is now renting the MAKO HEAD Stabilization System." "with the proper mounts, the Mako Head can stabilize heaviest of camera systems, even though it's only 12 inches high and weighs less than 50 pounds. It's range of motion is 90 degrees of roll and 260 degrees of tilt."

The MakoHead is a "stabilizing platform" the same as Plaintiffs' Perfect Horizon.  The MakoHead reads on limitation 1A of the '662 patent.

**Limitation 1B:**

"a payload platform for supporting an article to be stabilized;"

**PERFECT HORIZON            MAKOHEAD**
**Component Comparison**

Payload Platform. The 3 dimensional structure to which the camera is attached to.
2nd Sensor Package.  AKA Level sensor, Tilt sensor,  Accelerometer
X and Y gimbal axes.
Motors
Base

2

The MakoHead has "a payload platform for supporting an article to be stabilized;" The MakoHead payload platform is shown in the diagram in red. The construction of "payload platform was adjudicated by the Court of Appeal for the Federal Circuit (CAFC) in its Opinion, July 30, 2012. On the basis of that Order, the MakoHead reads on limitation 1B of the '662 patent.





3

**Limitation 1C:** "a base;"

The MakoHead has a base that attaches to a vehicle, or camera tripod. See component comparison figure, purple line.




The MakoHead has a base and reads on limitation 1C of the '662 patent. The MakoHead disassembly video shows the MakoHead base.

**Limitation 1D:**

"*A stabilizing system connected between the payload platform and the base, the stabilizing system including means for moving the payload platform with respect to the base about two different axes for providing the payload platform with stabilization in two dimensions;*"

The MakoHead's stabilizing system is comprised of two motors, the means for moving, that move the two axes, X and Y in perpendicular directions, and keep the payload platform level from the pitch and roll motion of the vessel. Motor are shown



4

by the blue lines. The MakoHead reads on limitation 1D of the '662 patent.

**Limitation 1E.**

"*a first sensor package for determining, in two transverse directions, motion of a moving object on which the stabilized platform is mounted;*"

The disassembly video, Smith states the location of the first sensor package, comprised of two Sirros angle rate sensors, which are aligned to each motor shaft, which are mounted transverse to each other, and sense the motion around the motor axes, which comports to the motion of the moving object on which the stabilized platform is mounted, and the result is that the motors are commanded to turn equal and opposite to the motion of the moving object, therefore stabilizing the platform against that motion.

A "sensor package" is defined by intrinsic evidence of the '662 patent. This is found in the USPTO 6,611,662 ('662) inter-parties re-examination of which the Defendants Oppenheimer were Defendants in that inter-parties re-exam as part of cv-08604-JZ.

The USPTO's re-examination attorney points to the Welch patent (5,922,039) stating that "sensor package B is comprised of sensors 27 Pitch Potentiometer, and 29 Roll Potentiometer." (cv-08830-JAK-KS Doc. 113-3). Therefore, the reference to "sensor package", regardless if it is the A, B, 1st, or 2nd sensor package, the definition of the words "sensor package" is clear and defined by the USPTO's use I direct reference to the '662 patent. The USPTO confirms the term "sensor package" can be comprised of two sensors that are located in different locations.

The Welch "sensor package B" sensors, 27 and 29 pitch potentiometers, are located in close to the same physical location as the MakoHead angular rate sensors. The Welch potentiometers are a different sensor that senses a different physical property from the MakoHead's Angular Rate Sensor, (ARS), hence Welch did not invalidate the '662 patent. However, in terms of number of sensors in what the USPTO examiner calls a "sensor package", and their location, these attributes are similar to the MakoHead.. In the case of Welch potentiometer 27, it senses the inner motor shaft position relative to the inner motor housing. Welch, potentiometer 29 senses the outer motor shaft position relative to the outer motor housing. The USPTO examiner calls the combination of these

two sensors a "sensor package", specifically, "sensor package B".

Correspondingly, Mako's engineer, Tom Smith identifies a pair of sensors which he calls the MakoHead Angular Rate Sensors (ARS). Hence they are ARS 210-I and ARS 210-O. These ARS sensors are located very near the physical location where Welch potentiometers, 27 and 29 would be located if placed on the MakoHead. Each MakoHead ARS senses rotation around the axis of rotation defined by the respective motor axis in the housing of which the sensor is located. In the MakoHead, sensor package ARS 210-O, measures rotation around the Outer motor axis. ARS 210-I measures rotation around the inner motor axis. These axes are transverse to each other by the dictionary definition being; "situated or extending across something". Because ARS 210-O is fixed to or fixed within the Outer motor housing, they both move the same. Because the Outer motor housing moves the same as the base does around the axis prescribed by the Outer motor shaft, the ARS 210-O senses the rotation of the base in that axis. The same holds true for the ARS 210-I. It moves the same as the base does around the axis prescribed by the Inner motor shaft, therefore it senses the rotation of the base in the axis of the inner motor shaft.

This combination of ARS 210-O and 210-I, (AKA 1st sensor package), senses the motion of the Base or the Moving Vehicle which it is attached to. ,

The payload platform is continuously stabilized in two axes or dimensions based on information provided by the first sensor package because the sensors 210-I and 210-O are fixed relative to the moving vehicle in the specific axis they are measuring. The definition of "fixed with respect to the base" is put forth in Plaintiffs' Markman Brief. Defendants did not challenge the definition for alternative construction.

Therefore, the MakoHead has ***"a first sensor package for determining, in two transverse directions, motion of a moving object on which the stabilized platform is mounted;"*** The MakoHead reads on limitation 1E of the '662 patent.

**Limitation 1F & 1G.**

"*a second sensor package comprising a sensor means for sensing a position of the payload platform and for providing information based on the position of the payload platform relative to a predetermined position; and*"

As identified by Smith, the MakoHead used a pair of two axes accelerometer, which are fixed inside the payload platform cavity called the tilt sensor compartment. This is located on the opposite side from the power input and on/off switch cavity compartment. The accelerometers, AKA level sensors or tilt sensors, sense the position of the payload platform relative to the center of the earth, or gravity. The predetermined position is, in the MakoHead case, the horizon which is defined by the vector of gravity that the accelerometer senses.

The MakoHead reads on limitation 1F and 1G of the '662 patent.

**Limitation 1H:**

"*a control system connected to the means for moving*"

Across the back end of each motor tube are processor boards that act as the control system.

These processor boards are shown in the disassembly video tape deposition. The output of this processor board control system is connected to the Means for Moving, and controls the motor rotation, in response to the sensors, and keeps the payload platform level in the X and Y axes. This is shown in the disassembly video.

The MakoHead reads on limitation 1H of the '662 patent.

**Limitation 1I.**

"*for stabilizing the platform in response to information provided by the first sensor package and the second sensor package,*"

The control system takes the information from the angle rate sensors, which are the first sensor package, and takes the information from the second sensor package, the accelerometers, processes the signals, and the resultant control signals go to the two motors, causing them to turn and keep the payload platform level with the horizon. This is shown in the disassembly video.

The MakoHead reads on limitation 1I of the '662 patent.

**Limitation 1J:**

"*wherein the second sensor package is fixed to the payload platform,*"

The accelerometers, the tilt sensor assembly, is the second sensor package and it is bolted within the payload platform cavity. Smith even discusses the thread depth. This is shown in MakoHead disassembly video. The MakoHead reads on limitation 1I of the '662 patent.

**Limitation IK:**

"*and the first sensor package is fixed with respect to the base.*"

The first sensor package is comprised of the two angle rate sensors fixed with respect to the base. As pointed out in the disassembly video, the sensors have a fixed mechanical relationship to the boat, aka the base. They sense the motion of the boat in their specific axes, and their output, processed through the computer, provides the commands to that the sensor's respective motor axis to move in an equal and opposite direction, providing a level payload platform with respect to the base.

The MakoHead reads on limitation 1I of the '662 patent

The MakoHead reads upon all of the claims of the '662 patent, claim 1, and therefore infringes claim 1.

## METHOD CLAIM 14.

Limitation 14A. *A method of stabilizing and self correcting a camera platform comprising: positioning a stabilized camera platform on a moving object;*

 

As seen above, the MakoHead is stabilizing a camera on a moving object, a boat.

Limitation 14 B: *stabilizing the payload platform in at least two dimensions based on*

*information collected by a first sensor package sensing motion of the moving object independent of motion of the payload platform;*

As shown in the disassembly video, for limitations 1E, the first sensor package is sensing the motion of the base, not the payload platform.

Limitation 14 C:  *sensing by a second sensor package, which is fixed to the payload platform, a position of the payload platform relative to a predetermined position;*

As shown in the disassembly video, the second sensor package, the accelerometers, are fixed to the payload platform and sensing the position of the payload platform relative to a predetermined position, which is the vector of horizon.

Limitation 14 D:  *and self correcting the position of the payload platform to the predetermined position based on information collected by the second sensor package.*

In the disassembly video, Smith states:  This cable also carries the analogue signal that represents the information from the tilt sensor assembly (second sensor package).  So that the off level information, or error information for angle away from the pre-determined position, is carried in this analogue signal.  That signal comes into the circuit board and is used in conjunction with the rate sensor signal to control the motor rotation.

The MakoHead reads on all limitations of Claim 14, and therefore infringes Claim 14.

## METHOD CLAIM 31.

Limitation 31 A:  *A method of stabilizing and self correcting a camera platform comprising: positioning a stabilized camera platform on a moving vehicle;*

The MakoHead mounts to a vehicle and is self correcting a camera platform as shown here.

 

Limitation 31 B*: continuously stabilizing the platform in at least two dimensions based on information collected by a first sensor package fixed relative to the moving vehicle and sensing motion of the moving vehicle;*  The

9

disassembly video shows Smith stating that the angle rate sensors, the first sensor package, are fixed relative to the moving vehicle and are sensing the motion of the moving vehicle. This is also clear because they are the only sensors that are measuring the angle rotation of the moving vehicle in the X & Y axes, and without that, the payload platform could not compensate for motion of the vehicle.

Limitation 31 C: *and periodically self correcting a position of the platform based on information collected by a second sensor package,* The disassembly video shows Smith stating that the analogue sensor input from the accelerometers, AKA level or tilt sensors, is used to correct the off-level or error of the payload platform, and does it periodically in relation to the first sensor package input. Computer Code, Page 1: "The rate sensor is sampled at 15 hz. from the same int. that drives the DAC." (digital analog converter) The rate sensor equates to the '662 first sensor package containing the gyro sensors. The data is used at 15 hz. or 15 times per second. Notes further down the page then show the adc is adjusted upwards to 20hz.

The accelerometer, AKA level or tilt sensor in the X axis is identified by the variable tiltx_sum, and equates to the '662 second sensor package. It is being sampled 16 times per 100 hz, which equals 6.25 hz. This computation is stated on page seven.

The second axis of the level sensor, "tilty_sum" is shown on page eight, again stating the sample rate is 6.25 hz. The level sensor, used less often than the angle rate sensors is correcting the drift error.

Limitation 31 D: *including a level sensor and mounted on the platform.* The accelerometers, AKA level sensors, are a component of the system, as stated in the disassembly video, and are mounted on the platform as is pointed out in limitation 1J.

The MakoHead reads on all limitations of Claim 31, and therefore infringes Claim 31.

## CLAIM 32

Independent claim 32 is identical in all respects to claim 1 limitations A-J. Therefore the MakoHead reads on Limitations 32A through 32J. Limitation 32K reads as follows:

**Limitation 32K:**

*"and wherein the control system allows a user to set an initial payload platform position and provides self correction of the platform to the initial position."*

This limitation adds the ability to alter the initial payload platform position. As shown in the disassembly video for Claim 32, the MakoHead has a control box that plugs into a port on the payload platform's tilt sensor side. That control box allows the user to set an initial payload platform position, which the MakoHead will then hold. The MakoHead reads on limitation 32K of the '662 patent, and therefore reads on all limitations of claim 32, and thus infringes claim 32.

## CLAIM 35

Independent claim 35 is identical in all respects to claim 1, limitations A-J. Therefore the MakoHead reads on limitations 35A through 35J. Limitation 35K reads as follows:

**Limitation 35K:**

*"and wherein the first sensor package comprises sensors for sensing a different type of information from the sensor means in the second sensor package."*

The disassembly video identifies both the angle rate sensors that comprise the first sensor package, and the accelerometers that comprise the second sensor package. Angle rate sensors and accelerometers sense a different type of information.

The MakoHead reads on all limitations of the claim 35 of the '662 patent, and therefore infringe claim 35.

## CLAIM 38

Independent claim 38 is identical in all respects to claim 1, limitations A-J. Therefore the MakoHead reads on limitations 35A through 35J. Limitation 35K reads as follows:

**Limitation 38K:**

**wherein the control system responds to information from the first sensor package more often than the control system responds to information from the second sensor package.**

The computer code of the MakoHead states the following:

Page 1: "The rate sensor is sampled at 15 hz. from the same int. that drives the DAC." (digital analog converter) The rate sensor equates to the '662 first sensor package containing the gyro sensors. The data is used at 15 hz. or 15 times per second. Notes further down the page then show the adc is adjusted upwards to 20hz.

The accelerometer, AKA level or tilt sensor in the X axis is identified by the variable tiltx_sum, and equates to the '662 second sensor package. It is being sampled 16 times per 100 hz, which equals 6.25 hz. This computation is stated on page seven.

The second axis of the level sensor, "tilty_sum" is shown on page eight, again stating the sample rate is 6.25 hz.

The MakoHead reads upon limitation 38K, and therefore all claims of the '662 patent, claim 38. The MakoHead infringes claim 38.

## INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

Literal infringement of a claim occurs if every limitation in the claim appears in the accused device. *Amhil Enters. Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562 (Fed. Cir. 1996). Infringement under the doctrine of equivalents occurs when an accused product contains each limitation of the claim or its equivalent. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997).

The seminal case is *Graver Tank v. Linde Air Products Co.* 339 U.S. 605, 70 S. Ct. 854, 94 L. Ed. 1097. The Supreme Court held:

> If two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even if they differ in name, form, or shape.

The MakoHead disassembly video shows that the devices work in substantially the same way. It shows that the components are substantially the same.

It is also known that the stabilizers accomplish substantially the same result. This has been shown by the MakoHead and the Perfect Horizon being used side by side on the same production, on the same boat, to capture the same action sequences. Co-Defendants with Oppenheimer in the case CV 04-08604 SGL(OPx), Air Sea Land Productions, stated that for filming water sequences, customers would need to use the MakoHead or the Plaintiffs' Perfect Horizon. Oppenheimer's former counsel in that same case, CV 04-08604 SGL(OPx), also stated that the Perfect Horizon was the MakoHead's only competition.

Plaintiffs' Perfect Horizon and Defendants' MakoHead are shown to be almost identical in their operation and use, and except for their different colors, the MakoHead being gold and silver, and the Perfect Horizon being blue. Structurally they likewise look quite similar.

It is further known that components of Plaintiffs' Perfect Horizon were stolen and used in the development of the MakoHead, further lending truth to the assertion that the MakoHead works in substantially the same way, and accomplishes substantially the same result.

The MakoHead infringes the '662 patent under the doctrine of equivalents.

2.1.3   See Attachment – Claims Chart.

2.1.4. For any patent that claims priority to an earlier application, the priority date. The '662 patent claims priority to application # 60/136756 filed May 28, 1999.

2.1.5. Plaintiffs wish to preserve the right to rely on the assertion that their device, the Perfect Horizon Stabilizer, practices the claimed invention. The Perfect Horizon reflects all asserted claims.

2.1.6. Plaintiffs allege willful infringement. The basis for the allegation is that Defendants were fully aware, as well as a Defendant in the Mako Patent infringement case. They were on notice

of Plaintiff's patent, and after being excused on jurisdiction, decided to continue renting out the MakoHead.

    2.2.1.  Plaintiffs attach a copy of file history for the '662 patent.

    2.2.2.  Plaintiffs to evidence ownership reference the cover sheet of the 662 patent and the file wrapper.

    2.2.3.  Plaintiffs attach a document that shows the operation of Plaintiffs' Perfect Horizon Stabilizer.

Dated:  July 3, 2017

By:____//_____
David Grober
Plaintiff, *pro se*