UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT (DKT. 144)

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (DKT. 141)

DEFENDANTS' MOTION FOR RULE 11 SANCTIONS (DKT. 152)

PLAINTIFF GROBER'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT (DKT. 207)

PLAINTIFF GROBER'S REQUEST TO EXCEED PAGE LIMIT (DKT. 204)

PLAINTIFF GROBER'S MOTION FOR COURT TO ORDER THE MAKOHEAD TO BE PRESENT AT HEARING ON SUMMARY JUDGMENT (DKT. 205)

**I.    Introduction**

Voice International, Inc. ("Voice International") and David Grober ("Grober"), who is self-represented, (collectively, "Plaintiffs") brought this action for patent infringement. The operative First Amended Complaint ("FAC" (Dkt. 36)) alleges a cause of action for willful infringement against several defendants. On May 22, 2017, four of the named defendants were dismissed due to the absence of personal jurisdiction. Dkt. 142. The remaining defendants are: Oppenheimer Cine Rental, LLC; Oppenheimer Camera Products, Inc.; Marty Oppenheimer (collectively, "the Oppenheimer Defendants"); and Oceanic Production Equipment, Ltd. ("OPEL") (collectively, "Defendants"). This Order addresses several pending motions.

The Motion for Summary Judgment of the Oppenheimer Defendants (Dkt. 141) is **DENIED**. The Motion to Dismiss brought by OPEL (Dkt. 144) is **GRANTED WITHOUT PREJUDICE**. The Motion for Summary Judgment of Infringement brought by Grober (Dkt. 207) is **DENIED**, and the request for an order that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

Defendants bring an accused MakoHead device to the hearing on that motion (Dkt. 205) is **MOOT**. Within 30 days of the issuance of this Order, Grober is directed to pay $500 in sanctions to the Clerk's Office, in light of his ongoing representation that he has made filings on behalf of all Plaintiffs notwithstanding that as a self-represented party who is not an attorney, he is not permitted to make filings on behalf of Voice International. The Motion for Sanctions pursuant to Fed. R. Civ. P. 11 brought by all Defendants (Dkt. 152) is **DENIED**.

**II.     Procedural Background to the Pending Motions**

On May 19, 2017, the Oppenheimer Defendants filed a Motion for Summary Judgment of Non-Infringement. Dkt. 141. On August 28, 2017, Grober filed a Response to the Oppenheimer Defendants' Motion for Summary Judgment of Non-Infringement. Dkt. 162. Voice International did not respond to the motion. On September 4, 2017, the Oppenheimer Defendants filed a Reply in Support of their Motion for Summary Judgment of Non-Infringement. Dkt. 168.

On June 4, 2017, pursuant to Rule 12(b)(6), OPEL filed a Motion to Dismiss the First Amended Complaint for failure to state a claim. Dkt. 144. On August 28, 2017, Plaintiffs filed a one-page Response to the Motion to Dismiss. Dkt. 160. On September 4, 2017, OPEL filed a Reply in Support of its Motion to Dismiss. Dkt. 171.

A Markman Hearing was held on June 5, 2017. It resulted in the issuance of a Markman Order on July 13, 2017, construing the term "first sensor package" in the '662 Patent as "a unit of one or more sensors." Dkt. 154 at 5.

On July 5, 2017, all Defendants filed a motion seeking sanctions pursuant to Fed. R. Civ. P. 11 based on what they deemed "Plaintiffs' frivolous infringement position." Dkt. 152 at 1. On August 28, 2017, counsel for Voice International filed a one-page Response to the Motion for Rule 11 Sanctions. Dkt. 161. The same day, Grober filed a more extensive Response to the Motion for Rule 11 Sanctions. Dkt. 164. On September 4, 2017, Defendants filed a separate reply as to Grober (Dkt. 169) and Voice International (Dkt. 170).

On October 10, 2017, a hearing was held regarding Oppenheimer Defendants' Motion for Summary Judgment, OPEL's Motion to Dismiss, and all Defendants' Motion for Sanctions. The matters were taken under submission. Dkt. 191. The parties were also directed to file a joint report stating their collective and/or respective positions on certain other matters, including Plaintiffs' request to extend the discovery deadline as to the Oppenheimer Defendants. Instead, on October 26, 2017, the Oppenheimer Defendants filed a request to consider only the parties' draft of the joint report, which was completed on October 12, 2017, but not previously filed, and for an order denying Plaintiffs' request to extend the discovery deadline. Dkt. 196. Plaintiffs responded to this request on October 28, 2017. Dkt. 197.

On November 27, 2017, Grober filed a Motion for Summary Judgment of Infringement, which is set for hearing on February 5, 2018. Dkt. 207. Grober also filed an Application to Exceed Page Limits (Dkt. 204) and a Motion for an Order for a MakoHead to be present at the February 5, 2018 Hearing (Dkt. 205). Defendants filed an opposition to this summary judgment motion (Dkt. 210) and to the requests to exceed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

page limits (Dkt. 206) and for an order to bring a MakoHead to the hearing (Dkt. 209). Grober filed a reply with respect to his request for an Order for a MakoHead to be present at the hearing. Dkt. 215.

### III.   Factual Background

####    A.   Allegations of Infringement

The First Amended Complaint ("FAC") alleges that Grober is the inventor and owner of United States Patent No. 6,611,662 (the "'662 Patent"). Dkt. 36 ¶ 16. The '662 Patent refers to a device used to maintain the stability of a camera that is being used while in place on a moving platform, *e.g.*, a boat. *Id.* ¶ 15. Grober has provided an exclusive license to Voice International, a California corporation, to commercialize the '662 patent. *Id.* ¶ 16.

The FAC alleges that OPEL has manufactured and made available to the public an infringing device, which is called the MakoHead Camera Stabilizer ("MakoHead"). *Id* ¶ 19. The FAC also alleges, "[a]ll Defendants have used, sold, rented and/or offered for use, sale or rental the infringing MakoHead in this judicial district and throughout the United States, and/or contributed to the infringement of others or induced them to infringe." *Id.* ¶ 20.

The FAC alleges that the MakoHead infringes Claims 1–4, 8–10, 13–15, 17, 19–28, 31, 32, 35, and 38 of the '662 Patent. Claims 1, 14, 31, 32, 35, and 38 of the '662 Patent are independent claims. All of the asserted independent claims require "a first sensor package" that can perform specific functions. Thus, the asserted independent claims require that the first sensor package either determine elements of the movement of a particular object in at least two transverse directions (Claims 1, 32, 35, 38) or stabilize a "payload platform" in at least two dimensions (Claim 14, 31). The first sensor package must also:

- be "fixed with respect to the base" (Claim 1);
- be fixed with respect to the "moving vehicle" (Claim 31);
- sense motion of a moving object "independent of motion of the payload platform" (Claim 14); or
- sense motion of a moving object "on which the stabilized platform is mounted" (Claim 32, 35, 38).

####    B.   The Accused Product

The MakoHead is a system that stabilizes a camera. It includes several electronic "gimbals," which are mechanisms for supporting an object and allowing it to rotate about an axis. In support of their Motion for Summary Judgment, the Oppenheimer Defendants submitted labeled diagrams identifying the various components of a MakoHead. *See* Dkt. 141-2 ("Smith Decl."), Ex. 1; *see also* Dkt. 188-1 ("Dann Decl."), ¶ 8 ( "[t]he drawings and photograph [Dkt. 141-3] attached as exhibits to the declaration of Thomas Smith fairly and accurately represent a MakoHead."). Figure 1 attached to the Smith Declaration is the following diagram representing a MakoHead:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |



Smith Decl. Ex. 1.

The structure of a MakoHead includes an outer gimbal (Fig. 1 at 135) that is mounted to a yoke (*id.* at 110) rigidly attached to the base plate (*id.* at 105). Smith Decl., ¶ 14. The parties do not dispute that the outer gimbal can directly respond to movement of the attached base plate. The inner gimbal (Fig. 1 at 140) is mounted to the outer gimbal. The MakoHead includes an "inner motor housing" (*id.* 115) and an "outer motor housing" (*id.* 120). The Oppenheimer Defendants contend that each of these housings contains "stepper motors" that are "coupled to a gear drive and each configured to rotate one of the gimbals about one of the axes of rotation." Smith Decl. ¶ 17. The outer motor housing (Fig. 1 at 120) moves the outer gimbal (*id.* 135) about an axis identified as the "outer axis" (*id.* 125). Smith Decl. ¶ 14. The inner motor housing (Fig. 1 at 115) moves the inner gimbal (*id.* 140) about an axis identified as the "inner axis" (*id.* 130). According to Defendants, the inner axis (*id.* 130) is perpendicular to the outer axis (*id.* 125) and "[d]uring use of MakoHead, the inner axis [(*id.* 130)] constantly moves relative to the base plate 105." Smith Decl., ¶¶ 15, 16. There are other components inside each of the stepper motors. For example, the inner axis motor and outer axis motor each includes a "single-axis angular rate sensor." *Id.* at ¶ 21. These sensors are not identified in the diagrams that correspond to the Smith Declaration, but are designated in the declaration as the single-axis angular rate sensor corresponding to the inner axis motor as "210i" and the single-axis angular rate sensor corresponding to the outer axis motor as "210o." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

### C. Previous Litigation

Plaintiffs were involved in prior patent litigation in this District. That action ended on April 27, 2016. *David Grober v. Mako Products, Inc.*, No. 2:04-cv-08604-JZ-OP (2004) ("*Mako* Action").[1] Plaintiffs filed the *Mako* Action in 2004 against several defendants based on the same allegations that support the FAC, *i.e.*, that each of the defendants in *Mako* Action was engaged in the business of making, selling, leasing or using the MakoHead, in a manner that infringes the '622 Patent. Notice of Related Case, Dkt. 15 at 2.

## IV. Analysis

### A. Motion for Summary Judgment of Non-Infringement

The Oppenheimer Defendants argue that the MakoHead does not infringe any of the asserted independent claims of the '662 Patent. *See* Dkt. 141. The supporting arguments focus on the limitations of each independent claim relating to the "first sensor package" and its relationship to other aspects of the device.

#### 1. Legal Standards

##### a) Summary Judgment

Summary judgment is appropriate when, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). At the summary judgment stage, a court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006). A fact is "material" if it "might affect the outcome of the suit under the governing law," such as those necessary to the proof of a defense or a claim, and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted).

"Summary judgment is as appropriate in a patent case as in any other." *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984). The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (internal quotation marks omitted). If the non-moving party fails to produce evidence sufficient to show a genuine issue of material fact, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 322–23.

Mere allegations or denials do not defeat a moving party's allegations. *Gasaway v. Nw. Mut. Life Ins. Co.*,

---

[1] The *Mako* Action was a consolidation of two related cases, No. 2:04-cv-08604-JS-OP and No. 2:07-cv-07553-SGL-OP.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

26 F.3d 957, 959–60 (9th Cir. 1994). The nonmoving party cannot defeat a motion for summary judgment simply by proffering a conclusory opinion from an expert. *See, e.g.*, *Soremekun v. Thriffty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact to defeat summary judgment."); *Arthur A Collins, Inc. v. Northern Telecom Ltd.*, 216 F.3d 1042, 1047–48 (Fed. Cir. 2000).

        b)      Patent Infringement

A determination of patent infringement requires a two-step analysis. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). The first step is to construe the claims; *i.e.*, to determine the scope and meaning of what in the patent is allegedly infringed. *Id.* This step is a question of law. *Id.* at 970–71. Here, certain claim terms were construed in the Claim Construction Order. *See* Dkt. 154. The second step in the analysis is to compare the properly construed claims to the accused product to determine whether each of the claim limitations is met, either literally or under the doctrine of equivalents. *Id.* at 976; *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1365 (Fed. Cir. 2002); *Tex. Instruments Inc. v. U.S. Int'l Trade Comm'n*, 988 F.2d 1165, 1173 (Fed. Cir. 1993) (although no literal infringement of a claim, an accused device may still infringe under the doctrine of equivalents.). This determination is a question of fact. *Bai v. L & L Wings Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998); *Schoell v. Regal Marine Indus., Inc.,* 247 F.3d 1202, 1207 (Fed. Cir. 2001).

The patentee bears the burden of proving, by a preponderance of the evidence, that each accused product contains each limitation of the asserted claims. *Bayer AG v. Elan Pharma. Res. Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000); *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994). The absence of one claim element establishes non-infringement and makes immaterial whether there are any remaining issues of fact. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

"Since the ultimate burden of proving infringement rests with the patentee," an accused infringer may establish that summary judgment is proper "either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Labs., Inc.,* 271 F.3d 1043, 1046 (Fed. Cir. 2001). If the moving party meets this initial burden, the burden shifts to the party asserting infringement to set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing there is a genuine issue for trial." *Anderson,* 477 U.S. at 248; *accord Novartis*, 271 F.3d at 1046. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 325.

      2.      Application

        a)      Applying "first sensor package" to the accused product

Throughout this litigation, Plaintiffs have argued that sensors 210o and 210i together satisfy the "first sensor package" limitation of the asserted claims. The Oppenheimer Defendants dispute that collectively these two sensors can be considered the claimed "first sensor package." Dkt. 168 at 8 n.5. Specifically, they argue that "the sensors are housed separately and located apart, operate independently and supply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

sensor output separately to separate motor control boards for separate motors." *Id.* Defendants alternatively claim that, "even if the inner axis angular rate sensor 210i and the outer axis angular rate sensor 210o are somehow determined to comprise 'a first sensor package', together they do not perform the function recited in the claims." *Id.* at 8.

In the Markman Order, "first sensor package" was construed to be "a unit of one or more sensors." Dkt. 154 at 5. The Oppenheimer Defendants have not presented sufficient evidence to show that there is no disputed fact that sensors 210i and 210o cannot together satisfy this claim term. Indeed, the expert who provided a declaration on behalf of the Oppenheimer Defendants chose to identify the two sensors by the same number, *i.e.,* "210". *See* Dkt. 162 at 12. Further, assessing allegations of infringement by applying the claims to the accused products presents a question of fact. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1302 (Fed. Cir. 2011).

There is sufficient evidence to show that there is a genuine issue of fact as to whether sensors 210i and 210o satisfy the "first sensor package" limitation. Its resolution is likely to require an assessment as to whether a person skilled in the art would accept Grober's characterization of sensors 210i and 210o as ones that satisfy the "first sensor package" limitation. Its determination also warrants an assessment of whether, and if so the significance of, the separate housing of each sensor, the location of each sensor, and the nature of their respective or collective operations.

Because there is a disputed issue of fact on this element of the claims, for purposes of the analysis that follows, it is assumed, but not decided, that sensors 210o and 210i may together represent the "first sensor package."

            b)      Claims 1 and 31: "the first sensor package [is] fixed relative" limitation

Claim 1 requires, *inter alia*, that "the first sensor package is fixed with respect to the base." '662 Patent, Claim 1. Claim 31 includes similar language: "continuously stabilizing the platform in at least two dimensions based on information collected **by a first sensor package fixed relative to the moving vehicle** and sensing motion of the moving vehicle." '662 Patent, Claim 31 (emphasis added). The Oppenheimer Defendants argue that, because sensor 210i moves relative to the base, it cannot determine the motion of the base or an object to which the base is attached. Dkt. 141 at 14 (citing Smith Decl. ¶ 39). Grober responds that "Smith has identified at least two sensors 210i and 210o, that are fixed relative to the moving vehicle because they are fixed to the gimbal structure." Smith Decl. ¶ 15. The Oppenheimer Defendants reply by challenging Grober's statement with a reference to Smith's declaration and its description of the inner gimbal structure.

Smith states that the inner axis angular rate sensor 210i is always aligned so that it is parallel to the axis of rotation of the inner gimbal structure. Smith Decl. ¶ 22. He adds that the inner gimbal structure is coupled to the outer gimbal. *Id.* at ¶ 18. Because of this design, he contends that the inner gimbal structure, which includes inner axis angular rate sensor 210i, constantly moves during use. *Id.* The Oppenheimer Defendants then argue that, "because the inner axis angular rate sensor 210i constantly moves with respect to the base 105, it cannot rationally be considered fixed with respect to the base 105." Dkt. 168 at 6. Grober replies that, "when in operation . . . the motor housings, . . . including the angular rate sensors 210i and 210o, are locked in place to the moving object (e.g.; boat) due to the physical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

construction of a gimbal." Dkt. 177 at 4. Grober then adds that, "[f]or the motor to keep a platform stable, it must rotate in exact opposition to the motion coming from the moving object." *Id.*

The word "fixed" in the context of the patent claims appears to be a term that will require further construction. The Oppenheimer Defendants contend that the first sensor package must be physically fixed with respect to the base or moving vehicle. Grober contends that the first sensor package need only be fixed to the base or moving vehicle in a broader, functional sense. Neither party has submitted proposed constructions or arguments from the intrinsic record to support its position.

Even if the claim construction issue were not present, there would be a genuine issue of fact as to whether there is infringement of this limitation. Whether the sensors 210i and 210o are "fixed" relative to the moving vehicle depends on whether a person of skill in the art would consider the sensors individually in addressing this issue, with particular attention to the movement of sensor 210i relative to the base. Thus, as part of the analysis, such a person could consider the significance of whether, and the manner in which, sensors 210i and 210o are connected to the base plate, *i.e.,* that sensor 210i would be deemed connected due to its linkage to sensor 210o.

        c)        Claims 32, 35, 38: "determining, in two transverse directions, motion of a moving object on which the stabilized platform is mounted."

Claim 32 recites, *inter alia*, "a first sensor package for determining, in two transverse directions, motion of a moving object on which the stabilized platform is mounted." Claims 35 and 38 recite "a first sensor package for determining, in two transverse directions, motion of a moving object on which the stabilized platform is mounted." The Oppenheimer Defendants do not sufficiently explain why a factual issue is not presented if sensors 210i and 210o are viewed collectively. Instead, they again argue that, by itself, sensor 210o cannot meet this limitation. In their reply, the Oppenheimer Defendants state that, because sensor 210i is not fixed relative to the base, it cannot be used to measure the motion of the base. Dkt. 168 at 6. This argument reflects both a factual, and a potential claim construction dispute as stated above. As Grober contends, "when in operation . . . the motor housings, . . . including the angular rate sensors 210i and 210o, are locked in place to the moving object (e.g.; boat) due to the physical construction of a gimbal." Dkt. 177 at 4.

Defendants have since repeated the argument that sensor 210i does not detect the motion of the base plate because it moves in relation to the outer gimbal, not the base. Dkt. 210 at 7–8. However, this does not show the absence of a material issue of fact. As noted, Grober presents evidence that, because the outer gimbal moves directly in relation to the base, and the inner gimbal is connected to the outer gimbal, the inner gimbal necessarily moves in relation to the base during use.

        d)        Claim 14: stabilizing the payload platform in at least two dimensions based on information collected by a first sensor package . . ."

Claim 14 recites, "stabilizing the payload platform in at least two dimensions based on information collected by a first sensor package sensing motion of the moving object independent of motion of the payload platform." As to this claim, the Oppenheimer Defendants again rely on their argument that sensor 210o, as the first sensor package, cannot meet this limitation because it collects information about the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

movement of a moving object in a single direction. Dkt. 141 at 14. The Oppenheimer Defendants also challenge Grober's understanding of the phrase "based on" in the claim limitation. However, without addressing why the combination of two sensors as the "first sensor package" could not meet this limitation, the Oppenheimer Defendants conclude, "[a]s shown in its Opening Brief, the accused MakoHead stabilizer does not meet this claim limitation." Dkt. 168 at 3–4. The core argument in that brief is based on the claim as to a single sensor. On this record, a question of material fact has been shown as to whether the MakoHead stabilizer meets this limitation when both sensors 210i and 210o are considered the "first sensor package."

                    *                            *                            *

For the foregoing reasons, the Oppenheimer Defendants' Motion for Summary Judgment (Dkt. 141) is **DENIED**.[2]

### B.   Grober's Motion for Summary Judgment

On November 27, 2017, Grober filed a Motion for Summary Judgment of Infringement. Dkt. 207. Defendants focus on three issues in their opposition. *First*, the MakoHead does not have a "first sensor package for determining in two transverse directions, motion of a moving object on which the stabilized platform is mounted". Dkt. 210. *Second,* the MakoHead's inner axis angular rate sensor and outer axis angular rate sensor cannot be deemed a sensor package. *Id. Third,* the MakoHead's inner axis angular rate sensor is not fixed with respect to the base. *Id.* For the reasons stated earlier as to Defendants' Motion for Summary Judgment, factual issues are presented as to these matters. Therefore, Grober's Motion for Summary Judgment of Infringement is **DENIED** and the request that Defendants be directed to bring an accused MakoHead device to the hearing on Grober's motion (Dkt. 205) is **MOOT**. Grober also filed an application to file an over-length brief. Dkt. 204. Grober's application is **GRANTED IN PART** in that the over-length brief will not be stricken from the docket.

Pursuant to Fed. R. Civ. P. 11, Defendants have moved for the imposition of sanctions on Grober both for filing the over-length brief without leave to do so, and for filing motions and requests purporting on behalf of "Plaintiffs," notwithstanding his inability to represent Voice International. As to the former, Defendants argue they were unduly burdened by having to respond to the 38-page memorandum filed by Grober. Although the brief exceeded the permitted number of pages, there has not been a sufficient showing of harm or prejudice to warrant the imposition of Rule 11 sanctions against a self-represented litigant. Among other things, Defendants' responsive brief was only 15 pages. The outcome may be different should Grober make a similar violation in the future.

---

[2]  Because certain additional claim construction may be appropriate, supplemental claim construction briefing as to the terms "fixed" and "based on" may be helpful. Accordingly, within ten days of the issuance of this Order, the parties shall exchange proposed claim constructions for these two terms, together with a disclosure of supporting evidence. Within seven days of that exchange, Plaintiffs shall file a supplemental brief, not to exceed eight pages, as to the proper construction of each of these terms. Within seven days of that filing, Defendants shall file a responsive brief, not to exceed eight pages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

A different result is warranted as to Grober's continued reference to "Plaintiffs" in his filings as a self-represented litigant. For example, Grober's request to exceed page limits is titled, "Plaintiffs' Request to Exceed Page Limit." Dkt. 204. Within that request, the motion at issue is identified as "Plaintiffs' Motion for Summary Judgment of Infringement" (*id.*), notwithstanding that Grober has not been joined in the motion filed by Voice International (*see* Dkt. 207). Further, in the Motion for Summary Judgment, and in the motion seeking an order to require Defendants to bring a MakoHead to the hearing, Grober engages in the same conduct. *See generally*, Dkts. 205, 207. The Court previously provided specific instructions to Grober as to his role and the scope of that self-representation. They were ignored by Grober less than a month after they were made. In light of this history and Grober's familiarity with the litigation process both through these proceedings and those in the prior action, it is appropriate to award sanctions. Fed. R. Civ. P. 11(b) ("[T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (quoting *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990) ("Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable.").

For the foregoing reasons, sanctions of $500 are imposed. Grober is directed to pay them to the Clerk of the Court within 30 days of the issuance of this Order.

    **C.    The Motion to Dismiss**

OPEL argues that leave for patent form pleading was abrogated by the amendments to the Federal Rules of Civil Procedure that were adopted in 2015. It also contends that *Iqbal* and *Twombly* apply to claims for patent infringement. Dkt. 144 at 1–2. OPEL argues that the FAC does not meet these standards. For example, OPEL argues that the FAC fails to "identify components of the accused MakoHead stabilizer that constitute elements recited in at least one claim of the '662 Patent." *Id.* at 4. OPEL also contends that it "cannot determine which activity each Defendant is alleged to have committed, because many salient allegations refer to the Defendants, including dismissed Defendants, collectively as 'Defendants.'" *Id.* at 5. OPEL next states that the FAC fails to plead facts sufficient to support the claims of indirect infringement. *Id.* at 6–7.

Plaintiffs respond that OPEL is "needlessly multiplying the proceedings." Dkt. 160. They claim that they "disclosed their infringement contentions long ago," thereby placing OPEL on notice of the claims. *Id.* Plaintiffs also argue that because the original complaint was filed before the 2015 amendments to the Federal Rules of Civil Procedure, it is not "just and practicable" to require them to comply with those changes in the FAC. *Id.* Plaintiffs add that because "Defendants' summary judgment of non-infringement is pending," it would be a "waste of time" to ask Plaintiffs to amend their complaint. *Id.* Plaintiffs conclude by stating that "[i]f the Court wishes and wants an amended complaint, Plaintiff will comply including simply attaching as an exhibit to the complaint its infringement contentions." *Id.*

OPEL replies that compliance with pleading requirements is not excused by inconvenience or later-served documents. Dkt. 171 at 1. OPEL notes that, despite Plaintiffs' statements in their Opposition, they could have sought leave of Court to amend their complaint. *Id.* at 1–2. OPEL notes that it "would have stipulated to such a motion…." *Id.* at 2. OPEL argues that the timing of the amendments to the Federal Rules of Civil Procedure does not excuse Plaintiffs' conduct, particularly given that OPEL was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

first named as a defendant in the FAC. *Id.* at 3.

Plaintiffs have not shown a legal basis to excuse their non-compliance with the amendments to the Rules of Civil Procedure. *See* Fed. R. Civ. P. 8. Plaintiffs' argument that OPEL's Motion should be denied as a "waste of time" in light of the pending Motion for Summary Judgment is of limited effect given that OPEL is not a party to that motion.

The FAC was filed on June 15, 2016. That was more than six months after the effective date of the aforementioned amendments to the Federal Rules of Civil Procedure. *See* Dkt. 36. OPEL was first named as a defendant in the FAC, underscoring the appropriateness of requiring compliance with the amended rules. Finally, the motion for summary judgment has been denied. Thus, it is "just and practicable" to apply the pleading standards set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to apply in this case.

As the Supreme Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S. at 570]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556.... The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [*Id.*] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557.

*Iqbal*, 556 U.S. at 678.

*Iqbal* identifies "[t]wo working principles" underlying the standard for a motion to dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

The FAC does not identify any asserted claims or any features of the accused product that allegedly meet the limitations of any such asserted claims. The FAC also fails adequately to differentiate between the named defendants. It refers to "All Defendants," in some places and to "Defendants" in others. *See, e.g.*, Dkt. 36 ¶ 22 ("From at least 2009 to the present, Defendants have received over $180,000 in income from their infringing activities"). As a result, it does not provide sufficient notice to OPEL.

The FAC is also insufficient with respect to its indirect infringement claims. Form pleading has never been allowed as to claims of indirect infringement. To state a claim for induced infringement, a patentee must allege sufficient facts, which if established, would show that there has been direct infringement and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

the alleged infringer "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1353–54 (Fed. Cir. 2008) (quoting *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304–05 (Fed. Cir. 2002)); *see also Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1928, 191 L. Ed. 2d 883 (2015) (to induce infringement, a party must know of the patent and that the induced acts constitute patent infringement).

To state a claim for contributory infringement, a patentee must allege that an entity sells or offers to sell a component of a patented machine "constituting a material part of the invention." 35 U.S.C. § 271(c). A plaintiff must "plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing use." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334, 1337 (Fed. Cir. 2012). The only reference to indirect infringement in the FAC is a single sentence: "All Defendants have used, sold, rented and/or offered for use, sale or rental the infringing MakoHead in this judicial district and throughout the United States, and/or contributed to the infringement of others or induced them to infringe." Dkt. 36 ¶ 20. These conclusory allegations are insufficient.

For the foregoing reasons, the Motion to Dismiss is **GRANTED**. Within 14 days of the issuance of this Order, Plaintiffs shall file a Second Amended Complaint. It shall conform to the foregoing standards as to all claims against all defendants. Plaintiffs' proposal that it "simply attach[] as an exhibit to the complaint its infringement contentions" (Dkt. 160) would neither address all of the deficiencies in the FAC nor comply with Fed. R. Civ. P. 8.

    **D.**    **Defendants' Motion for Rule 11 Sanctions**

        1.    <u>Legal Standard</u>

"Rule 11 provides for the imposition of sanctions when a [claim] is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994) (citing *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992)); *Operating Pension Trust v. A-C Co.*, 859 F.2d. 1336, 1344 (9th Cir. 1988). A district court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney [or individual] has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (citation omitted). The imposition of sanctions is a matter within the court's discretion. Fed. R. Civ. P. 11(c). *See Gotro v. R & B Relatty Grp.*, 69 F.3d 1485, 1488 (9th Cir. 1995) (district courts have "wide discretion in determining whether Rule 11 sanctions are appropriate").

Rule 11 must not operate to be "a bar to [the] legal process." *Operating Pension Trust*, 859 F.2d at 1344. Thus, "[c]ourts must also 'avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading ... was submitted.' " *Id.* (quoting Fed. R. Civ. Pro. 11 Advisory Committee notes).

        2.    <u>Analysis</u>

After reviewing the arguments and evidence presented as to both the Oppenheimer Defendants' Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

for Summary Judgment and all Defendants' Motion for Sanctions, there is insufficient evidence that the FAC is so objectively baseless as to warrant the imposition of sanctions under Rule 11. Nor does the failure of Voice International to respond to the Oppenheimer Defendants' Motion for Summary Judgment and Motion for Rule 11 Sanctions warrant their imposition. Pursuant to Local Rule 7-12, when a party fails to respond to a motion in a civil action, this may be construed as a statement of non-opposition to the requested relief, "with the exception that a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition." Finally, there is not a sufficient basis to conclude that counsel for Voice International has acted in a manner that warrants the imposition of sanctions under Rule 11.

### E.     Other Pending Disputes

As noted above, during the October 10, 2017 hearing, Plaintiffs and the Oppenheimer Defendants were ordered to meet and confer and file a joint report:

> The Court orders the parties to meet and confer and file a joint report with the parties' respective and/or collective views on what, if any, further discovery should be permitted, and the time that will be needed to complete it, in the event that the Oppenheimer Motion is denied, and the Motion to Dismiss is either denied or granted with leave to amend. The joint report shall set forth the reasons why any such discovery could not be completed within the current deadlines, and shall distinguish discovery from Oppenheimer from that of defendants who have been named more recently.

Dkt. 191.

On October 26, 2017, the Oppenheimer Defendants filed a unilateral request seeking approval of "the parties' originally prepared Joint Report" and denial of Plaintiffs' request for additional time to conduct discovery. Dkt. 196 at 9–10. Defendants argue that after Plaintiffs sent their portion of the joint report to Oppenheimer Defendants and Oppenheimer Defendants added their portion to the joint report, Grober improperly sought to change Plaintiffs' portion of the joint report. *Id.* at 1. Plaintiffs argue that "[a]s it is typical for a joint report to pass back and forth between parties several times before being filed, it is unclear why Defendants feel they should have the privilege of writing their portion in response to Plaintiffs' position while Plaintiffs should be forced to submit their portion in the blind." Dkt. 197 at 2.

In light of the rulings made in this Order, the parties are directed to meet and confer, and then file a Joint Scheduling Report on or before January 29, 2018. It shall include their respective or collective views as to what further discovery, if any, is appropriate in this matter, and how much time it should take to complete it. Upon receiving that Joint Report, the Court will determine whether a status conference is necessary, or if will take the scheduling issues under submission. All parties are cautioned that a failure to comply with these directives, may result in the imposition of sanctions on any non-compliant party or counsel.

### V.     Conclusion

For the reasons stated in this Order, the Motion for Summary Judgment of the Oppenheimer Defendants (Dkt. 141) is **DENIED**. The Motion to Dismiss brought by Opel (Dkt. 144) is **GRANTED WITHOUT**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08830 JAK (KSx) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Voice International, Inc., et al. v. Oppenheimer Cine Rentals, LLC, et al. | | |

**PREJUDICE**. The Motion for Summary Judgment of Infringement brought by Grober (Dkt. 207) is **DENIED**, and the request for an order that Defendants bring an accused MakoHead device to the hearing on that motion (Dkt. 205) is **MOOT**. Within 30 days of the issuance of this Order, Grober is directed to pay $500 in sanctions to the Clerk's Office, in light of his ongoing representation that he has made filings on behalf of all Plaintiffs notwithstanding that as a self-represented party who is not an attorney, he is not permitted to do so on behalf of Voice International. The Motion for Sanctions pursuant to Fed. R. Civ. P. 11 brought by all Defendants (Dkt. 152) is **DENIED**.

**IT IS SO ORDERED.**

cc: Fiscal Department

                                                   :
Initials of Preparer   ak