Robert J. Lauson, Esq., SBN 175,486
bob@lauson.com
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, California 90245
Tel. (310) 726-0892
Fax (310) 726-0893

Attorneys for Plaintiff, Voice International, Inc.

David Grober
davidgrober1@gmail.com
578 West Washington Blvd., # 866
Marina Del Rey, CA 90292
Tel. (310) 822-1100

Plaintiff, Pro se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| **VOICE INTERNATIONAL, INC., a California corporation; DAVID GROBER, an individual,**<br><br>   Plaintiffs,<br><br>   vs.<br><br>**OPPENHEIMER CINE RENTAL, LLC, a Washington corporation; OPPENHEIMER CAMERA PRODUCTS, INC., a Washington corporation; MARTY OPPENHEIMER, an individual; Oceanic Production Equipment, Ltd., a Bahamian company,**<br><br>   **Defendants.** | Case No.: 2:15-cv-08830-JAK-KS<br><br>**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This case was filed October 12, 2015

2. This Court has personal jurisdiction over the Defendants for at least the following reasons: (1) Defendants committed acts of patent infringement and induced acts of patent infringement by others in this District; (2) Defendants committed liability-producing acts outside this forum causing effects herein and expressly aimed at Plaintiffs who are suffering harm here; (3) Defendants engaged in other persistent courses of conduct and derive substantial revenue from products and/or services provided to individuals in this District; and/or (4) Defendants have purposefully established systematic and continuous contacts with this District and should reasonably be expected to be brought into court here.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because a substantial part of the events giving rise to the claim occurred here and because Defendants have committed acts of infringement in this District, and the corporate Defendants reside in this District as they are subject to personal jurisdiction here.

**THE PARTIES**

4. Plaintiff David Grober ("Grober") is an individual having an office at 578 West Washington Blvd., # 866, Marina Del Rey, CA. 90292.

5. Plaintiff Voice International, Inc. ("Voice International") is a corporation organized under the laws of the State of California, with a principal

place of business at 578 West Washington Blvd., # 866, Marina Del Rey, CA 90292, doing business as Motion Picture Marine.

6. On information and belief, Defendant Oppenheimer Cine Rentals, LLC ("Oppenheimer Cine") is a limited liability corporation organized under the laws of the State of Washington. Oppenheimer Cine is engaged in the business of producing, distributing, selling and renting film and video production equipment including camera stabilizers, and has an office at 7400 3rd Avenue South, Seattle, Washington 98108.

7. On information and belief, Defendant Oppenheimer Camera Products, Inc. ("Oppenheimer Camera") is a corporation organized under the laws of the State of Washington. Oppenheimer Camera is engaged in the business of producing, distributing, selling and renting film and video production equipment including camera stabilizers, and have an office at 7400 3rd Avenue South, Seattle, Washington 98108.

8. On information and belief, Defendant Marty Oppenheimer is an individual personally involved in, coordinating, supporting and/or directing the alleged infringing activities of Oppenheimer Cine and Oppenheimer Camera, and has an office at 7400 3rd Avenue South, Seattle, Washington 98108 where he may be served.

9. On Information and belief Defendant Oceanic Production Equipment Ltd. (OPEL-Bahamas) is organized under the laws of the commonwealth of the Bahamas.

10. OPEL-Bahamas offers for sale and rent, and sells and rents the infringing device. OPEL-Bahamas is personally involved in coordinating, supporting, inducing, and/or directing the alleged infringing activities, including, but not limited to the Oppenheimer Defendants, and includes infringing activity in California. OPEL-Bahamas lists as their address, an offshore Post Office Box, in Mareva House, 4 George Street. P.O. Box N.3937. Nassau, Bahamas. 352 288 0111.

11. Defendants, and each of them, have acted in concert, to deprive Plaintiffs of the economic benefits of the patented invention. Accordingly, they are each jointly and severally liable for the damages suffered by Plaintiffs as a result of their collective infringement.

**THE ASSERTED PATENT**

12. United States Patent No. 6,611,662 for an Autonomous, Self Leveling, Self Correcting Stabilized Platform ("the '662 patent"). The '662 patent describes and claims a stabilizer for keeping a camera stable on a moving platform, such as a boat. The '662 patent is the subject of *Grober v. Mako Products, Inc.*, currently pending in this District as case no. 2:04-cv-08604.

13. The validity of the '662 patent was affirmed in United States Patent Office reexamination proceeding no. 95/000,092. A true and correct copy of the '662 patent is attached as Exhibit A. Grober is the inventor and owner of the '662 patent and holds all rights and interest thereto. Voice International has an exclusive license from Grober to commercialize the '662 patent.

14. The Claims of the 6,611,662 patent that are infringed by all the defendants, either literally or under the Doctrine of Equivalents, are:

Independent Claims: 1, 14, 31, 32, 35, 38.

Dependent Claims: 3, 4.

See Plaintiffs' infringement contentions, attached hereto as Exhibit B.

## COUNT 1 – WILLFUL DIRECT INFRINGEMENT OF THE '662 PATENT
### (Against All Defendants)

15. Paragraphs 1-14 are incorporated herein by reference.

16. The '662 patent is valid and enforceable, all required maintenance fees having been timely paid.

17. Defendant, Oceanic Production Equipment, Ltd., (OPEL - Bahamas) has purchased one infringing MakoHead Camera Stabilizer ("MakoHead") device, knowing that it was infringing, and made it publicly available. That device infringes independent claims 1, 14, 31, 32, 35 and 38 and dependent claims 3 and 4, of the '662 patent.

18. All Defendants have used, sold, rented, induced others to use, and/or offered for use, sale or rental the infringing MakoHead in this judicial district and throughout the United States, and/or contributed to the infringement of others or induced them to infringe. That device infringes independent claims 1, 14, 31, 32, 35 and 38 and dependent claims 3 and 4, of the '662 patent.

19. On information and belief, from at least 2009 to the present, the Oppenheimer Defendants have used, rented, sold and offered for rental and sale, and/or induced others to use the infringing MakoHead for the video and filming of productions located in this District and elsewhere.

20. From at least 2009 to the present, the Oppenheimer Defendants have received over $180,000 in income from their infringing activities.

21. On information and belief, from at least 2012 to the present, OPEL has used, rented, sold, and/or induced others to use, and offered for rental and sale the infringing MakoHead to video and film productions located in this District and elsewhere.

22. On information and belief, from at least 2009 to the present, John Dann has used, rented, sold and offered for rental and sale, and/or induced others to use the infringing MakoHead for the video and filming of productions located in this District and elsewhere.

23. On information and belief, all Defendants willfully infringed the '662 patent, with full knowledge of the *Grober v. Mako Products, Inc.* case, which commenced in 2004, and in which Oppenheimer Cine, Mako Products, Inc., Jordan Klein Sr., and Jordan Klein Jr., were originally named as Defendants.

24. On information and belief, the Oppenheimer Defendants willfully infringed the '662 patent and improperly withheld evidence, and made false and misleading statements concerning their infringing activities, and stated they had no documents relating to sales or rentals of the MakoHead.

25. Plaintiffs have documents produced by other parties in the *Grober v. MakoHead Products Inc*. case showing all Defendants engaged in renting the accused MakoHead device on multiple occasions.

26. Plaintiffs have been irreparably damaged by all Defendants infringing the '662 patent, entitling Plaintiffs to monetary and injunctive relief.

27. All Defendants' infringement of the '662 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

28. Defendants' renting of the accused infringing MakoHead constitutes "use" under the patent law, 35 U.S.C. § 271(a), such that Defendants are direct infringers and strictly liable without proof of any specific intent to infringe. *Kori v. Wilco Buggies and Draglines*, 217 U.S.P.Q. 1302 (Ed. La. 1981).

**COUNT 2 – INDUCING INFRINGEMENT OF THE '662 PATENT**
**(Against All Defendants)**

29. Paragraphs 1-28 are incorporated herein by reference.

30. Defendant OPEL, on information and belief, caused, supported, controlled, directed, coordinated and/or induced the infringing activities, including in California, of the Oppenheimer Defendants, and others, and benefited from such acts.

31. Defendants Oppenheimer Cine Rental, LLC, Oppenheimer Cameral Products, Inc., and Marty Oppenheimer have on information and belief, caused, supported, controlled, directed, coordinated and/or induced the infringing activities, including in California, of the Oppenheimer Defendants, and others, and benefited from such acts.

32. Defendants induced the infringement of the '662 patent, including in California, to the detriment of Plaintiffs. This indirect infringement has been willful and has caused irreparable harm to Plaintiffs.

33. Defendants knowingly induced infringement and possessed specific intent to encourage another's infringement. Defendants knew of the patent, and that the induced acts constituted infringement, or Defendants were willfully blind. *Global Tech v. SEB*, 563 U.S. 754 (2011).

## PRAYER FOR RELIEF

34. Judgment that Defendant Oppenheimer Cine Rental LLC. has infringed the '662 patent;

35. Judgment that Defendant Oppenheimer Camera Products, Inc. has infringed the '662 patent;

36. Judgment that Defendant Marty Oppenheimer has infringed the '662 patent;

37. Judgment that Defendant Oceanic Equipment Rentals, Ltd. has infringed the '662 patent;

38. Judgment that all Defendants have induced the infringement of others within the meaning of 35 USC Sec. 271(b);

39 Judgment that Defendants' infringing activities were and continue to be willful;

40. A preliminary injunction prohibiting Defendants from making, using, renting, selling, and offering for use, rental or sale, the accused MakoHead device, or colorable imitations, or engaging in any other acts of infringement related to the U.S. Pat. '662;

41. A permanent injunction prohibiting Defendants from making, using, renting, selling, offering to sell or rent any products infringing the U.S. Pat. '662;

42. Damages for infringement of the '662 patent, according to proof, as well as prejudgment interest;

43. Treble damage for willful infringement of the '662 patent;

44. An award of attorney fees pursuant under 35 U.S.C. § 285; and

45. Judgment that Defendants are jointly and severally liable for all damages and/or lost profits awarded, including costs and expense, interest from the time of loss, and attorney's fees.

46. Such other relief as the Court deems just and proper.

Date:  February 1, 2018

Respectively submitted,

LAUSON & TARVER LLP

/s/ robert lauson
Robert Lauson (175486)
*Attorneys for Voice International, Inc.*

/s/ david grober
David Grober, Plaintiff, in pro per

**JURY TRIAL DEMAND**

Plaintiffs request a trial by jury on all claims asserted.

Date: February 1, 2018                              Respectively submitted,


LAUSON & TARVER LLP

/s/ robert lauson
Robert Lauson (175486)
*Attorneys for Voice International, Inc.*


/s/ david grober
David Grober
Plaintiff, in pro per