MARK J. YOUNG (Fla. Bar No. 0078158)
myoungpa@gmail.com
*Pro Hac Vice*
MARK YOUNG, P.A.
1638 Camden Avenue
Jacksonville, FL  32207
Tel.:  904-996-8099
Fax:  904-980-9234

David A. Peck (SBN 171854)
dpeck@coastlawgroup.com
Coast Law Group LLP
1140 South Coast Highway 101
Encinitas, California 92024
Tel.:  760.942.8505 x108
Fax: 760.942.8515

Attorneys for Oceanic Production Equipment, Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOICE INTERNATIONAL, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>OPPENHEIMER CINE RENTAL, LLC, et al.,<br><br>Defendants. | Case No. 2:15-cv-08830-JAK-KS<br><br>*The Honorable John A. Kronstadt, Courtroom 750*<br><br>**DEFENDANT OCEANIC PRODUCTION EQUIPMENT, LTD's ANSWER AND COUNTERCLAIM TO PLAINTIFFS' SECOND AMENDED COMPLAINT [Dkt. 220]**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: November 12, 2015 |

/////

Defendant Oceanic Production Equipment, Ltd. ("OPEL") hereby answers Plaintiffs' Second Amended Complaint [Dkt. 220], filed in the above-caption matter on February 1, 2018, and asserts affirmative defenses and counterclaims as follows:

## GENERAL DENIAL

Unless expressly admitted below, Defendant denies each and every allegation Plaintiffs have set forth in their Complaint.

For ease of reference only, Defendant has reproduced the headings Plaintiffs used in their Second Amended Complaint. To the extent the headings Plaintiffs used contain any allegations or characterizations, Defendant denies the truth of those allegations or characterizations.

## RESPONSES TO PLAINTIFFS' SPECIFIC ALLEGATIONS

Answering the specific allegations of Plaintiffs' Second Amended Complaint, Defendant responds with the following paragraphs, which correspond sequentially to the paragraphs in Plaintiffs' Second Amended Complaint:

## JURISDICTION AND VENUE

1. OPEL admits that Plaintiffs allege an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but specifically denies any such alleged infringement. OPEL admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). OPEL denies the remaining allegations of this paragraph.

2. OPEL admits that the Court has ruled that Court has personal jurisdiction over OPEL for the purpose of this case. OPEL denies the remaining allegations of this paragraph.

3. OPEL denies that venue is proper in this district because OPEL does not reside in this district and OPEL, any alleged infringement by OPEL did not occur in this district, and OPEL does not have a regular and established place of business in this district. OPEL denies that 28 U.S.C. §§ 1391(b) or (c) applies in this case.

## THE PARTIES

4. OPEL lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, and therefore denies such allegations.

5. OPEL lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, and therefore denies such allegations.

6. OPEL lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, and therefore denies such allegations.

7. OPEL lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, and therefore denies such allegations.

8. OPEL lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, and therefore denies such allegations.

9. OPEL admits the allegations of this Paragraph.

10. OPEL denies each and every allegation contained in this Paragraph.

11. OPEL denies each and every allegation contained in this Paragraph.

## THE ASSERTED PATENT

12. OPEL admits that US Patent No. 6,611,662 (the "Patent") is entitled "Autonomous, Self Leveling, Self Correcting Stabilized Platform." OPEL denies all other allegations of this Paragraph.

13. OPEL admits that the United States Patent and Trademark Office (PTO) determined that the invention claimed in the Patent was patentable over specific prior art considered during the course of *Inter Partes* Reexamination 95/000,092, in view of substantially limiting arguments advanced by Plaintiffs to differentiate the claimed invention from the prior art. OPEL also admits that Exhibit A to the Second Amended Complaint appears to be a copy of the Patent and a reexamination certificate from *Inter Partes* Reexamination 95/000,092. OPEL lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph relating to inventorship, ownership and licensing, and therefore denies such allegations. OPEL denies all other allegations of this Paragraph.

14. OPEL denies that OPEL has infringed any claims of the Patent. OPEL denies the infringement allegations of Plaintiffs as set forth in Exhibit B to the Second Amended Complaint. OPEL denies all other allegations of this Paragraph.

**COUNT 1 – WILLFUL DIRECT INFRINGEMENT OF THE '662 PATENT**
**(Against All Defendants)**

15. OPEL repeats and realleges its responses to Paragraphs 1 through 14 above as if fully set forth herein.

16. OPEL denies that the Patent is valid and enforceable. OPEL lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph regarding the payment of maintenance fees, and therefore denies such allegations.

17. OPEL denies each and every allegation contained in this Paragraph.

18. OPEL denies each and every allegation contained in this Paragraph.

19. OPEL denies each and every allegation contained in this Paragraph.

20. OPEL lacks knowledge or information sufficient to form a belief as to the allegations in this, and therefore denies such allegations.

21. OPEL denies each and every allegation contained in this Paragraph.

22. OPEL denies each and every allegation contained in this Paragraph.

23. OPEL denies each and every allegation contained in this Paragraph.

24. OPEL denies each and every allegation contained in this Paragraph.

25. OPEL lacks knowledge or information sufficient to form a belief as to the allegations in this, and therefore denies such allegations.

26. OPEL denies each and every allegation contained in this Paragraph.

27. OPEL denies each and every allegation contained in this Paragraph.

28. OPEL denies each and every allegation contained in this Paragraph.

**COUNT 2 – INDUCING INFRINGEMENT OF THE '662 PATENT**
**(Against All Defendants)**

29. OPEL repeats and realleges its responses to Paragraphs 1 through 28 above as if fully set forth herein.

30. OPEL denies each and every allegation contained in this Paragraph.

31. OPEL denies each and every allegation contained in this Paragraph.

32. OPEL denies each and every allegation contained in this Paragraph.

33. OPEL denies each and every allegation contained in this Paragraph.

## PRAYER FOR RELIEF

34. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

35. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

36. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

37. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

38. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

39. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

40. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any injunction in this matter.

5
OPEL's ANSWER AND COUNTERCLAIM

41. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any injunction in this matter.

42. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any damages or interest in this matter.

43. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any damages in this matter.

44. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any attorney's fees in this matter.

45. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any judgment in this matter.

46. OPEL denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

OPEL asserts the following affirmative and other defenses set forth below, and in making such defenses does not concede that it bears the burden of proof as to any of them. Discovery is ongoing for OPEL in this matter, and therefore OPEL may have not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, OPEL reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this matter.

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity)

Upon information and belief, and without prejudice to further amendment upon information found during discovery, each asserted claim of the Patent asserted by Plaintiffs is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

OPEL has not and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the Patent asserted by Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during original prosecution of the application resulting in the issuance of the Patent asserted by Plaintiffs, and in reexamination of the Patent, namely, the admissions, representations, and amendments made on behalf of the applicant and patentee, Plaintiffs are estopped from extending the coverage of the asserted claims in the asserted Patent, including under the doctrine of equivalents, to cover the accused product.

## FOURTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 286 – Time Limitation on Damages)

Upon information and belief, Plaintiffs claims for damages for any infringement committed more than six years prior to the filing of the Second Amended Complaint on February 1, 2018 are barred by 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287 – Failure to Mark)

Upon information and belief, Plaintiffs' pre-lawsuit claims for damages as to the asserted Patent are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

Upon information and belief, Plaintiffs' attempted enforcement of the Patent against OPEL is barred by the doctrine of inequitable conduct.

## SEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Remaining Defenses)

OPEL reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## OPEL'S COUNTERCLAIMS

1. Counterclaim-Plaintiff Oceanic Production Equipment, Ltd. ("OPEL"), for its counterclaim against Counterclaim-Defendants David Grober and Voice International, Inc. ("Plaintiffs") alleges as follows:

## PARTIES

2. Oceanic Production Equipment, Ltd. is an entity organized under the International Business Companies Act of the Commonwealth of the Bahamas.

3. In the Second Amended Complaint, Plaintiffs allege that Plaintiff David Grober ("Grober") is an individual having an office at 578 West Washington Blvd., # 866, Marina Del Rey, CA. 90292.

4. In the Second Amended Complaint, Plaintiffs allege that Plaintiff Voice International, Inc. ("Voice International") is a corporation organized under the laws of the State of California, with a principal place of business at 578 West Washington Blvd., # 866, Marina Del Rey, CA 90292, doing business as Motion Picture Marine.

## JURISDICTION AND VENUE

5. These are counterclaims for Declaratory Relief for which this Court has jurisdiction under Title 35 of the United States Code, as well as under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.

6. This Court has personal jurisdiction over Plaintiffs by virtue of the original Complaint, First Amended Complaint and Second Amended Complaint that Plaintiffs filed in this Court, Plaintiffs reside in this judicial district, and Plaintiffs have significant contacts with this forum. On information and belief, Plaintiffs manufacture (directly or indirectly through third party manufacturers) and/or assemble products that are and have been offered for sale, sold, purchased, and used in this judicial district. On information and belief, Plaintiffs, directly and/or indirectly, offer, sell and provide services to customers using the products within

this judicial district. Therefore, exercise of jurisdiction over Plaintiffs will not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. §1400(b).

## COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,611,662

8. OPEL incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1–7.

9. By the filing of the First Amended Complaint and Second Amended Complaint in this lawsuit, Plaintiffs have purported to assert claims against OPEL for the alleged infringement of US Patent No. 6,611,662 (the "Patent").

10. OPEL denies Plaintiffs' infringement allegations.

11. The accused product, namely, the MakoHead Camera Stabilizer, does not include at least one limitation recited in every product claim of the Patent, including, but not limited to, the following claim limitations:

    a. a first sensor package for determining, in two transverse directions, motion of a moving object on which the stabilized platform is mounted.

    b. a control system connected to the means for moving for stabilizing the platform in response to information provided by the first sensor package and the second sensor package, wherein the second sensor package is fixed to the payload platform, and the first sensor package is fixed with respect to the base.

    c. a control system connected to the means for moving for stabilizing the platform in response to information provided by the first sensor package and the second sensor package, wherein the second sensor package is fixed to the payload platform, and wherein the control system

allows a user to set an initial payload platform position and provides self correction of the platform to the initial position.

    d.    a control system connected to the means for moving for stabilizing the platform in response to information provided by the first sensor package and the second sensor.

    e.    a control system connected to the means for moving for stabilizing the platform in response to information provided by the first sensor package and the second sensor package, wherein the control system responds to information from the first sensor package more often than the control system responds to information from the second sensor package.

12. Any method performed by the MakoHead Camera Stabilizer, does not include at least one limitation recited in every method claim of the Patent, including, but not limited to, the following claim limitations:

    a.    stabilizing the payload platform in at least two dimensions based on information collected by a first sensor package sensing motion of the moving object independent of motion of the payload platform;

    b.    self correcting the position of the payload platform to the predetermined position based on information collected by the second sensor package.

    c.    continuously stabilizing the platform in at least two dimensions based on information collected by a first sensor package fixed relative to the moving vehicle and sensing motion of the moving vehicle; and

    d.    periodically self correcting a position of the platform based on information collected by a second sensor package including a level sensor and mounted on the platform.

13. Acts of making, using, renting, selling, offering to rent, offering to sell, and importing the accused product, the MakoHead Camera Stabilizer, do not constitute

1 acts of infringement of the Patent, directly or indirectly, literally or under the
2 doctrine of equivalents.

3 14. All claims of the Patent are invalid or unenforceable for failure to satisfy one
4 or more of the requirements of Title 35 of the United States Code, including
5 without limitation 35 U.S.C. §§ 102, 103.

6 15. All claims of the Patent are invalid under 35 U.S.C. §§ 102 and 103 for
7 being anticipated by prior art and/or obvious in view of prior art. The prior art
8 includes, but is not limited to, prior art cited during an original examination of the
9 application for the Patent, prior art cited during reexamination of the Patent, and
10 one or more other prior art references, including, but not limited to, United
11 Kingdom Patent No. 1424016A entitled "Platform Suspended in a Gimbal Frame
12 and Stabilisation System Therefor," Russian Patent No. 2104578 entitled "System
13 For Stabilization of Sighting Line," United States Patent No. 3,986,092 entitled
14 "Stabilization System for a Platform Suspended in a Gimbal Frame," United States
15 Patent No. 4,035,805 entitled "Satellite Tracking Antenna System," United States
16 Patent No. 4,418,306 entitled "Directional Data Stabilization System," United
17 States Patent No. 5517204 entitled "Antenna Directing Apparatus," and
18 International Application No. PCT/EP98/04955 entitled "System for the
19 Stabilization of an Object Mounted on a Moving Platform" filed under the Patent
20 Cooperation Treaty.

21 16. All claims of the Patent are invalid or unenforceable for failure to satisfy one
22 or more of the requirements of Title 35 of the United States Code, including
23 without limitation 35 U.S.C. §112.

24 17. The specification of the Patent fails to contain "a written description of the
25 invention" as required by 35 U.S.C. §112. The specification fails to provide
26 adequate written description for at least one or more of the following: (a) the
27 "control system" recited in every product claim of the Patent, (b) the step of
28 "stabilizing the platform" as recited in every method claim of the Patent, (c) the

ability of the first and second sensor packages to collect information, as recited in every method claim of the Patent.  The specification of the Patent is devoid of any description of, and figures illustrating, components that comprise the control system and processing steps performed by the control system to accomplish recited functions.  The specification of the Patent is devoid of any description of, and figures illustrating, components and steps that enable a sensor package to collect information.

18.  The claims of the Patent define the invention in functional language specifying desired results, but the specification does not sufficiently describe how the functions are performed or the results are achieved.  Components, algorithms, formulas and steps for performing the functions are not explained in sufficient detail in the specification.  Simply restating the function recited in the claim is not sufficient detail.

19.  The specification of the Patent fails to enable any person skilled in the art to which the claimed invention pertains, or with which it is most nearly connected, to make and use the invention, without undue experimentation, as required by 35 U.S.C. §112.

20.  The claims of the Patent fail to comply with the requirements of 35 U.S.C. §112 that apply to expressing an element in a claim as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof.  The specification is devoid of an adequate description of corresponding components and steps to perform the specified functions.  Consequently, the claims of the Patent are invalid as indefinite.

21.  There exists a substantial and continuing justiciable controversy between Plaintiffs and OPEL as to the infringement, validity, and enforceability of the Patent.

22.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., OPEL is entitled to a judgment finding that the Patent is not infringed by any of

OPEL's products, processes and actions and that every claim of the Patent is invalid and unenforceable.

## REQUEST FOR RELIEF

23. WHEREFORE, OPEL respectfully prays for relief as follows:

    A. For a Declaratory Judgment that the Patent, and each and every asserted claim thereof, is invalid, unenforceable, and not infringed;

    B. That Plaintiffs' Second Amended Complaint be dismissed with prejudice, with Plaintiffs taking nothing;

    C. That pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, and/or other applicable authority, Plaintiffs be ordered to pay all of OPEL's reasonable attorneys' fees incurred in defending against Plaintiffs' claims;

    D. OPEL be awarded such other relief as the Court deems just and equitable.

Respectfully submitted,

*/s/* Mark J. Young                    15-February-2018
Mark J. Young
(Fla Bar No. 0078158)
*Pro Hac Vice*
Mark Young, P.A.
1638 Camden Avenue
Jacksonville, FL 32207
Tel.: 904-996-8099
Fax: 904-980-9234
Email: myoungpa@gmail.com
Attorney for Defendant,
Oceanic Production Equipment Ltd.

/s/ David A. Peck                    15-February-2018
David A. Peck
SBN 171854
Coast Law Group LLP
1140 South Coast Highway 101
Encinitas, California 92024
Email: dpeck@coastlawgroup.com
Attorney for Defendant,
Oceanic Production Equipment Ltd.

**OPEL's ANSWER AND COUNTERCLAIM**