Robert J. Lauson, Esq., SBN 175,486
bob@lauson.com
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, California 90245
Tel. (310) 726-0892
Attorneys for Plaintiff,
Voice International, Inc.

David Grober
davidgrober1@gmail.com
578 West Washington Blvd., Suite 866
Marina Del Rey, CA 90292
Tel. (310) 822-1100
Plaintiff, Pro se

Mark J. Young
(Fla. Bar No. 0078158)
Admitted *Pro Hac Vice*
MARK YOUNG, P.A.
1638 Camden Ave.,
Jacksonville, FL 32207
myoungpa@gmail.com
Attorney for Defendant
Oceanic Production Equip. Ltd.

James E. Doroshow, Esq.
SBN 112,920
jodoroshow@foxrothschild.com
Ashe Puri, Esq. SBN 297,814
apuri@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel. (310) 598-4150
Attorneys for Defendants,
Oppenheimer Cine Rental, LLC,
Oppenheimer Camera Products, Inc.,
and Marty Oppenheimer

David A. Peck (Cal. Bar No. 171854)
COAST LAW GROUP, LLP
1140 S. Coast Hwy 101, Encinitas,
CA 92024
Tel: (760) 942-8505
Fax: (760) 942-8515
dpeck@coastlawgroup.com
Attorneys for Defendant
Oceanic Production Equip. Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC., a California corporation; DAVID GROBER, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>OPPENHEIMER CINE RENTAL, LLC, et al.,<br><br>    Defendants | Case No.: 2:15-cv-08830-JAK(KS)<br><br>**Joint Status Report** |

## PLAINTIFF'S STATEMENT

In the party's Joint Report, Dkt. 218, Defendants requested mediation. Plaintiffs disagreed. Plaintiffs, after recent talks with OPEL, now agree mediation could produce results.

1

1   Taking the lead, Plaintiffs submitted to Defendant OPEL a settlement offer
2   similar, if not almost identical to the settlement resolution for three defendants in
3   Mako-1.  That offer was negotiated for defendants in Mako-1 by David Peck of
4   Coast Law.  In the instant case, OPEL is likewise represented by David Peck of
5   Coast Law.  The previous settlement seemed like a good framework and was
6   successful.
7   Concerning mediation dates and the deposition of John Dann. Plaintiffs held
8   discussion with counsel for OPEL, Mark Young. They agreed that Mr. Young and
9   John Dann would be available for Mr. Dann's deposition in Los Angeles on the day
10  after mediation. The only stipulation is Plaintiffs pay overnight hotel for Mr. Young
11  and Mr. Dann.   Plaintiffs agreed and notified Mr. Young of this, in writing, in their
12  settlement offer.
13  In the February 12, 2018 hearing, Defendant's Mark Young said he planned
14  to take Grober's deposition in Los Angeles.
15  The Court advised the parties to submit a schedule based on
16  mediation.   Plaintiffs' request follows the above agreements with one exception.
17  Plaintiffs request Dann's deposition take place the *day before* mediation, rather than
18  the day after.  Grober's deposition could also occur prior to mediation. This would
19  allow mediation to proceed with the most significant discovery on the table,
20  including Dann and Grober's depositions.  This is the best chance for success.  Let
21  the parties negotiate with the truth on as many facts as possible.
22  Discovery on Oppenheimer remains open concurrent with OPEL.  This so
23  Plaintiff can get follow-up discovery from Oppenheimer on information and
24  documents received from OPEL.  The Court's order reopened fact discovery,
25  without limitations. Doc. 224.  Contrary to Def Oppenheimer's statement below,
26  Plaintiffs timely made infringement contentions.  Doc. 171-2.
27
28

Plaintiffs propose the following schedule:

1.  Deposition of John Dann, 1-2 days prior to mediation.

2.  Deposition of Grober, 1-2 days prior to mediation if requested by Defendants.

3.  Mediation with the Magistrate on or about March 23, 2018.

4.  Propounded discovery for both parties, normally 30+ days, reduced to 25 days including emailing responses to the propounding party.  (The purpose is to allow both parties to propound and receive discovery prior to the depositions and mediation.  If there is no settlement, the parties will have time to propound discovery after the depositions and mediation, and receive it prior to the close of discovery, April 30, 2018.  Shortening discovery responses from 30 days to 25 days including mailing will cause no prejudice to either party.

### Discovery required

The deposition of Dann will include questions about MakoHead rental and sales activities and related discovery including prior to the incorporation of OPEL. Attached exhibit OPP000111, obtained from Oppenheimer, shows OPEL was doing MakoHead rentals at least as early as April 16, 2012, eight months before Mako declared bankruptcy, and over a year before OPEL was incorporated in the Bahamas.  JDO76.   Discovery prior to OPEL's incorporation is well founded, and it is not known how far back these activities go.

Also, Oppenheimer's relationship with the MakoHead and its rentals and sales all started in about 2006, and took place with John Dann as the office manager for all MakoHead activities.   Oppenheimer was a defendant in Mako-1, was dismissed on jurisdiction due to lack of evidence, which was later uncovered. Activities and communications from the time Oppenheimer commenced MakoHead activities, are highly relevant to this case, including for willful infringement which has been pleaded.

Plaintiffs request the Court instruct that in the OPEL deposition, they cannot refuse to answer if the question pertains to any aspect of Mako Products Inc., OPEL, the MakoHead, and any documents pertinent to those three, with the exception of not being required to disclose the content of privileged communications with their attorneys.

**OCEANIC PRODUCTION EQUIPMENT LTD'S (OPEL's) STATEMENT**

As stated by OPEL during the trial setting conference on February 12, 2018, OPEL is preparing motions for summary judgment of invalidity and noninfringement, which it anticipates filing within a few weeks (no more than 30 days) after the Court's Supplemental Claim Construction ruling.  Also, as stated by OPEL during the trial setting conference, mediation will be far more productive after the summary judgment motions are filed.  The motions will draw attention to strengths and weaknesses.

OPEL proposes mediation at or near the close of discovery, on or about April 30, 2018.  This will allow the Plaintiffs time to consider and respond to the summary judgment motions, for the benefit of the mediation.  This will also allow time for OPEL and the Plaintiffs to conclude any remaining discovery.

Following the trial setting conference on February 12, 2018, Mark Young, counsel for OPEL, discussed with Plaintiff David Grober and Robert Lauson that if Plaintiffs would like to depose John Dann the day after mediation, he would make Mr. Dann available during normal business hours, provided that Plaintiffs pay for Mr. Young's and Mr. Dann's overnight stay and per diem expenses for the additional day, and further provided that Plaintiffs conclude the deposition at a time that allows Mr. Young and Mr. Dann to travel to the airport and check-in for flights home that evening.  Mr. Young also made clear that he and Mr. Dann would stay in a hotel of their choosing and would not return on a red-eye flight.  In view of these constraints, Mr. Young advised Plaintiff Grober and Robert Lauson that they could

simply notice and schedule the deposition in Florida in accordance with the Federal Rules of Civil Procedure, where they can control their schedule, travel and accommodations.

Also following the trial setting conference on February 12, 2018, Mr. Young made clear to Plaintiff Grober and Robert Lauson that he would not be willing to extend the stay for a total of 3 consecutive days to also conduct a deposition of Mr. Grober.  Mr. Young will notice and schedule Mr. Grober's deposition in accordance with the Federal Rules of Civil Procedure and this Court's scheduling order, if and when Mr. Young and OPEL decide to proceed with a deposition of Plaintiffs. OPEL objects to any attempt by Plaintiffs to require OPEL to take a deposition or to dictate the timing and location of OPEL's depositions.

Under Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure, responses to discovery are due within 30 days.  With over two months remaining before the close of discovery, each party has ample time for follow-up discovery.  OPEL objects to any shortening of the allowable time for response.

Plaintiffs' requested instruction regarding refusals to answer is improper, as exceedingly vague, unwarranted and not in the form of a motion.  OPEL intends to comply with all rules applicable to discovery depositions, and has never indicated otherwise.

Plaintiffs flagrantly misrepresent OPP000111.  Mako Products, Inc., formerly a Florida corporation, was liquidated and dissolved pursuant to and in accordance with a voluntary bankruptcy, in which Plaintiffs unsuccessfully brought claims for infringement of the '622 patent.  OPEL acquired assets of Mako Products, from the Mako Products bankruptcy.  Among the acquired assets were Mako Products receivables.  OPP000111 is an invoice (# 9334) to Oppenheimer Cine Rental, LLC, dated June 13, 2012.  Originally, the invoice was sent by Mako Products to Oppenheimer Cine Rental, LLC.  Originally, the invoice identified Mako Products in the upper left portion of the invoice.  OPEL was not formed until May 29, 2013.

After the formation of OPEL and OPEL's acquisition of the Mako Products assets, OPEL updated Mako Products QuickBooks file with OPEL's information.  To pursue payments on receivables and have those payments made payable to OPEL, OPEL reissued invoices by printing them from QuickBooks.  QuickBooks retained all information from the original invoice, as originally issued by Mako Products, except the identification in the upper left portion of the invoice.  That identification was replaced, by QuickBooks, with OPEL's information.  The date, description, invoice number, amounts and customer information remained the same as on the original invoice.

OPEL objects to re-opening discovery with the Oppenheimer defendants. Plaintiffs have already had ample time to conduct and conclude discovery with the Oppenheimer defendants.  Plaintiffs have not moved for the re-opening of discovery and have not shown good cause for deviating from the previously established schedule.  Additionally, the request is untimely.  Many months have passed since the close of discovery.

## OPPENHEIMER DEFENDANTS' STATEMENT

As set forth by the Court at the February 12, 2018 Status Conference, discovery as to the Oppenheimer Defendants is *closed* except as to any issues that were not known or should have been known to Plaintiffs which becomes revealed through discovery from OPEL.  Plaintiffs are not permitted to reopen discovery at this late stage of the case.  Contrary to Plaintiffs' claim in citing to Docket No. 224, the Court never reopened discovery without limitation.

Plaintiffs also failed to submit any infringement contentions in this case. Thus, what is instead clear from the Court's order (Dkt. No. 224) is that Plaintiffs are barred from submitting any infringement contentions at this stage beyond infringement contentions relating to the supplemental terms at issue in the parties' supplemental claim constructions.

Plaintiffs continue to refuse to make any reasonable settlement offer to Oppenheimer Defendants and instead have apparently only submitted a settlement offer to OPEL, as represented by Plaintiffs above.

The Oppenheimer Defendants are amenable to mediation before Mag. J. Stevenson no earlier than the end of March 2018 after the Court issues its supplemental claim construction ruling and after OPEL files its motion for summary judgment.  The Oppenheimer Defendants will appear at such mediation provided that OPEL is also present at the mediation.

Respectively Submitted,

DATED:  February 20, 2018        LAUSON & TARVER LLP

By: /s/ Robert J. Lauson
Robert J. Lauson, Esq.
Attorney for Plaintiff
VOICE INTERNATIONAL

By: /s/ David Grober
David Grober
In Pro Per

FOX ROTHSCHILD, LLP

By:   /s/ Ashe Puri
James E. Doroshow, Esq.
Ashe Puri, Esq.
Attorney for Defendant
OPPENHEIMER CINE RENTAL,
OPPENHEIMER CAMERA RENTAL,
MARTY OPPENHEIMER

MARK YOUNG, P.A.

By:   /s/ Mark Young
Mark Young, Esq.
Attorney for Defendant
OCEANIC PRODUCTION EQUIPMENT, LTD.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COAST LAW GROUP, LLP

By:    /s/ David Peck
David Peck, Esq.
Attorney for Defendant
OCEANIC PRODUCTION EQUIPMENT, LTD.