Exhibit A

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| 1.  Klein Sr. was the President and sole Director of OPEL from its inception on May 29, 2013 through May 13, 2016. As of May 13, 2016 Dann was added as a director, but there is no document removing Klein Sr. and so he remains a director to this day. | OPEL's Register of Officers and Directors. (OPEL's O&D). Dkt. 249-9, pgs. 28-30; Dkt. 249-1, ¶. 20, 25; Gov't of Bahamas email confirms Klein Sr. remains director, dkt. 249-11, filed 5/22/18. OPEL/Dann depo (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 176:9-11. | OPEL's O&D contradicts Defendants' statements (such as dkt. 55-1, ¶12, 20; dkt. 56-1, ¶ 12, 20; Dkt. 136-1, ¶ 4) made under penalty of perjury that the Court relied upon in its Order, dkt. 142, and further referenced in dkt. 265. It addresses the Court's stated deficiency in dkt. 142 regarding the specific role of Klein Sr. at OPEL. It provides grounds for relief | As outlined in Plaintiffs' accompanying supplemental brief, prior to the dkt. 142 ruling there was no factual basis to know OPEL was an alter ego. In spite of Plaintiffs' due diligence to obtain this information through discovery, it was intentionally hidden by deceit and deception, false statements under oath used to misstate facts, for the purpose of hindrance, causing undue delay and increased litigation costs preventing Plaintiffs from earlier | Klein Sr.'s declaration [Dkt. 55-1] is true.  It was made on July 18, 2016.  At the time he made the declaration, Klein Sr. was not an officer or director of OPEL.  Klein Sr. was not named as an officer or director as of, at least as early as, Feb. 15, 2015.  Even when Klein Sr. was named as an officer or director, he had no involvement with the management or opertaion of OPEL.  [Dkt. 55-1, page 4, para. 12; Dkt. 251-1, para. 4]<br><br>About a year ago, on August 27, 2017, OPEL produced, in response to discovery requests from Plaintiffs, a document entitled "REGISTER OF THE OFFICERS AND DIRECTORS AS OF 15th FEBRUARY, 2015 OF OCEANIC PRODUCTION EQUIPMENT, LTD. COMPANY NUMBER -167807B".  That document was bates stamped JD0081 [Dkt. 249-17, p. 35 of 35].  OPEL obtained that document, upon request |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | under Rule 60(b) as it is newly discovered evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentation and misconduct by the Defendants. Along with the previously known fact that there was a lack of adequate consideration paid by the Kleins and Dann for the MakoHeads in the BK auction | learning of the new evidence that revealed the true nature of the cover up until March of 2018. Plaintiffs exercised due diligence by repeated discovery requests and extension requests to be able to search for information that was withheld. These untoward litigation tactics delayed the OPEL deposition. | for corporate documents, from third parties MB&H Corporate Services Limited and Cafferata Corporate Service, two Bahamian companies.<br><br>In accordance with Section 80(4) of the Bahamian Companies Act, the register [JD0081] is the complete list of all officers and directors of OPEL as of at least as early as February 15, 2015.  Since that time, the sole officer and director of OPEL is John Dann.<br><br>Plaintiffs rely on a vague and leading unauthenticated email string [Dkt. 249-11, page 40 of 4] from an administrative worker in the Bahamas to support Plaintiffs' odd assertion that the register is cumulative. The Bahamian email is not authoritative and does not confirm Plaintiffs' assertion.  The register is the then-current complete list of all officers and directors, as maintained by OPEL, in accordance with Section |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | ($20,000) (see dkt. 64, pg. 18, line 23 to pg. 19, line 20), it supports the fact that OPEL is an alter ego of Klein Sr. (Kleins were officers/ directors of both. See dkt. 118, pg. 13, section: (2)Application, 1st | | 80(4) of the Bahamian Companies Act.  The Act does not require a Company to file all actions with the government.  Recognizing that there may be private actions, the government worker was able to comment only on what the records of the government had shown.  He could not determine what actions the Company may have taken.

Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records when Plaintiffs filed their First Amended Complaint naming OPEL, a Bahamian entity, as a defendant[1]. Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017.<br><br>That Klein Sr., Klein Jr., and/or John Dann was (were) named as an officer and/or director, at any time, such as when OPEL was formed, does not compel reversal of the Court's dismissal for lack of personal jurisdiction. OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann. Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner |

---

[1]   http://www.bahamas.gov.bs/wps/portal/public/gov/government/eServices.  Bahamian Government website for obtaining Bahamian company records.

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | that would subject them to jurisdiction in California.<br><br>The Bankruptcy closed years ago, without any appeal by Plaintiffs. Plaintiffs claim for infringement damages was denied by the Court. No misconduct occurred. Plaintiffs had notice and an opportunity to bid on the assets, but failed to make a reasonable bid.<br><br>Dkt. 64 is Plaintiffs' brief opposing a motion to quash for defective service of process in this case.  It has no bearing on the issues here.<br><br>In this Court's prior order [Dkt. 113], where the Court considered Plaintiffs' same allegations regarding the bankruptcy, the court aptly concluded: "These contentions do not provide a basis for liability by the Kleins, Dann, or OPEL. Nor are they a sufficient basis to warrant discovery." |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | | | [Dkt. 113, p. 13 of 15, last para.]. |
| 2. Klein Jr. was an officer of OPEL from May 29, 2013 until removed on July 3, 2013.  (Unlike the case with Klein Sr., there exists a document removing Klein Jr. from the officer's register). | OPEL's O&D. Dkt. 249-9, pg. 30; Dkt. 249-1, ¶. 20, 25; Gov't of Bahamas email confirms the interpretation of the Bahamian Govt as to the status of OPEL officers/ directors, Dkt. 249-11, filed 5/22/18. | This contradicts Defendants' statements (such as dkt. 55-2, ¶ 8, 16; dkt. 56-2, ¶ 8, 16; dkt. 136-1, ¶. 4) made under penalty of perjury that the Court relied upon in making its determination in Dkt. 142 and further referenced in dkt. 265. It addresses the Court's stated deficiency regarding the specific role of Klein Jr. at OPEL. It provides grounds for relief under Rule 60(b) | See response to No. 1 above. | Klein Jr.'s declaration [Dkt. 55-2] is true.  It was made on July 18, 2016.  At the time he made the declaration, Klein Jr. was not an officer or director of OPEL.  Klein Jr. was not an officer or director as of, at least as early as, July 3, 2013.

Again, Plaintiffs rely on the vague and leading unauthenticated email string [Dkt. 249-11, page 40 of 4] from an administrative worker in the Bahamas to support Plaintiffs' odd assertion that the register is cumulative. The Bahamian email is not authoritative and does not confirm Plaintiffs' assertion.  The register is the then-current complete list of all officers and directors, as maintained by OPEL, in accordance with Section 80(4) of the Bahamian Companies Act.  The Act does not require a Company to file all actions with the government.  Recognizing that there |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | as it is newly discovered evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentation and misconduct by the Defendants. It supports that OPEL is the alter ego of the Kleins. See response to No. 1 above. Case 2:15-cv-08830-JAK-KS Document 270-1 Filed 07/31/18 Page 2 of 25 Page | | may be private actions, the government worker was able to comment only on what the records of the government had shown.  He could not determine what actions the Company may have taken.<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | ID #:48603 (Kleins were officers/ directors of both. See dkt. 118, pg. 13, section: (2) Application, 1st para. | | when Plaintiffs filed their First Amended Complaint naming OPEL, a Bahamian entity, as a defendant. Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017. <br><br> That Klein Sr., Klein Jr., and/or John Dann was (were) named as an officer and/or director, at any time, such as when OPEL was formed, does not compel reversal of the Court's dismissal for lack of personal jurisdiction. OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann. Furthermore, Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 3. Dann was treasurer of OPEL from inception on May 29, 2013 to | OPEL's O&D. Dkt. 249-9, pgs. 28-30; Dkt. 249-1, ¶. 20, 25; Gov't | It contradicts Defendants' statements (such as dkt. 55-3, ¶ 9; | See response to No. 1 above. | John Dann is the sole owner of OPEL and was the sole owner of OPEL when he made declarations to this Court. [Dkt. 55-3, ¶ 9; Dkt. 56-3, ¶ 9; |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| July 3, 2013 when he was shifted to Secretary. He then remained secretary from July 3, 2013 until May 13, 2016 when he became president and co-director along with Klein Sr. | of Bahamas email confirms this is accurate, dkt. 249-11, filed 5/22/18. | dkt. 56-3, ¶ 9; dkt. 136-1, ¶ 3, 4) made under penalty of perjury that the Court relied upon in making its determination in dkt. 142. It addresses the Court's stated deficiency regarding the specific roles of the Kleins at OPEL and shows that Dann was never the sole owner. It provides grounds for relief under Rule 60(b) as it is newly discovered evidence that, | | Dkt. 136-1, ¶ 3, 4]. While Klein Sr. facilitated the formation of OPEL and may initially have been named an officer and director, he was never involved in the management or operation of OPEL.  Any assertion to the contrary is untrue.  Again, Plaintiffs rely on the vague and leading unauthenticated email string [Dkt. 249-11, page 40 of 4] from an administrative worker in the Bahamas to support Plaintiffs' odd assertion that the register is cumulative. The Bahamian email is not authoritative and does not confirm Plaintiffs' assertion.  The register is the then-current complete list of all officers and directors, as maintained by OPEL, in accordance with Section 80(4) of the Bahamian Companies Act.  The Act does not require a Company to file all actions with the government.  Recognizing that there may be private actions, the |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misconduct and misrepresentation by the Defendants. It supports that OPEL is the alter ego of Klein Sr. and Klein Jr. (Kleins were officers/ directors of both) and that Dann was Klein Sr.'s agent. See dkt. 118, pg. 13, section: (2) Application, 1st para. | | government worker was able to comment only on what the records of the government had shown.  He could not determine what actions the Company may have taken.<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records when Plaintiffs filed their First |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | Amended Complaint naming OPEL, a Bahamian entity, as a defendant. Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017.<br><br>That Klein Sr., Klein Jr., and/or John Dann was (were) named as an officer and/or director, at any time, such as when OPEL was formed, does not compel reversal of the Court's dismissal for lack of personal jurisdiction. OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann. Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 4.  Klein Sr. was sole director during all times OPEL was conducting | OPEL's O&D. Dkt. 249-9, pgs. 28-30; Dkt. 249-1, ¶. 20, 25; Gov't of Bahamas email | OPEL's O&D Register contradicts Defendants' statements (such | See response to No. 1 above. | While Klein Sr. facilitated the formation of OPEL and may initially have been named an officer and director, he was never involved in the management or operation of OPEL. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| business. | confirms Klein Sr. remains director, dkt. 249-11, filed 5/22/18. Opel/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 176:9-11.. | as dkt. 55-1, ¶12, 20; dkt. 56-1, ¶ 12, 20; dkt. 136-1, ¶ 4) made under penalty of perjury that the Court relied upon in its Order, dkt. 142, and further referenced in dkt. 265.<br><br>It addresses the Court's stated deficiency regarding the specific role of the Kleins at OPEL.<br><br>It provides grounds for relief under Rule 60(b) as it is newly discovered | | Any assertion to the contrary is untrue.<br><br>Klein Sr.'s declaration [Dkt. 55-1] is true.  It was made on July 18, 2016.  At the time he made the declaration, Klein Sr. was not an officer or director of OPEL.  Klein Sr. was not named as an officer or director as of, at least as early as, Feb. 15, 2015.  Even when Klein Sr. was named as an officer or director, he had no involvement with the management or opertaion of OPEL.  [Dkt. 55-1, page 4, para. 12; Dkt. 251-1, para. 4]<br><br>Again, Plaintiffs rely on the vague and leading unauthenticated email string [Dkt. 249-11, page 40 of 4] from an administrative worker in the Bahamas to support Plaintiffs' odd assertion that the register is cumulative. The Bahamian email is not authoritative and does not confirm Plaintiffs' assertion.  The register is |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentation and misconduct by the Defendants.<br><br>It supports that OPEL is the alter ego of Klein Sr. (Kleins were officers/ directors of both) and Dann was Klein Sr.'s agent. See dkt. 118, pg. 13, section: (2) Application, 1st | | the then-current complete list of all officers and directors, as maintained by OPEL, in accordance with Section 80(4) of the Bahamian Companies Act.  The Act does not require a Company to file all actions with the government.  Recognizing that there may be private actions, the government worker was able to comment only on what the records of the government had shown.  He could not determine what actions the Company may have taken.<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | para. If the Court accepts Dann's unreliable word and believes that Sr. was only sole director until Feb. 2015 then Sr. was SOLE director during MOST of the time OPEL was conducting business rather than ALL of the time and co-director with Dann from Feb. 2015 to the present.<br><br>This contradicts Defendants' statements (such as dkt. 55-1, ¶12, 20; dkt. 56-1, ¶ | | depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records when Plaintiffs filed their First Amended Complaint naming OPEL, a Bahamian entity, as a defendant. Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017.<br><br>That Klein Sr., Klein Jr., and/or John Dann was (were) named as an officer and/or director, at any time, such as when OPEL was formed, does not compel reversal of the Court's dismissal for lack of personal jurisdiction. OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann. Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | 12, 20; dkt. 136-1, ¶ 4) made under penalty of perjury that the Court relied upon in its Order, dkt. 142, and further referenced in dkt. 265. (It also contradicts Dann's statement in his depo* at pg. 176:9-11). It addresses the Court's stated deficiency regarding the specific role of the Kleins at OPEL. It provides grounds for relief under Rule 60(b) as it is newly discovered | | individual capacities in any manner that would subject them to jurisdiction in California. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentation and misconduct by the Defendants.<br><br>It supports that OPEL the alter ego of Klein Sr. and Klein Jr. (Kleins were officers/ directors of both) and Dann was Klein, Sr.'s agent. See dkt. 118, pg. 13, section: (2) | | |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | Application, 1st para. | | |
| 5.  After previously declaring under penalty of perjury, "after the formation, John Dann served as the sole officer and director of OPEL" (dkt. 249-13, pg. 18 of 19; dkt. 249-14, pg. 13 of 15), Defendants now wish to assert that he became a director on Feb. 15, 2015, acknowledging that Klein Sr. was sole director from OPEL's inception May 29, 2013 | Dann decl. Dkt. 251-1, para. 3 (filed 6/5/18). | If the Court accepts Dann's unreliable word and believes that Sr. was only sole director until Feb. 2015 then Sr. was SOLE director during MOST of the time OPEL was conducting business rather than ALL of the time and co-director with Dann from Feb. 2015 to the present. This contradicts Defendants' statements (such as dkt. 55-1, ¶12, 20; dkt. 56-1, ¶ | Dann did not make this assertion until after he learned of Plaintiffs' discovery of OPEL's O&D register in April 2018. As outlined in Plaintiffs' accompanying supplemental brief, Plaintiffs' were diligent in working to obtain facts regarding OPEL's activities, including attempts to obtain OPEL's O&D register. Plaintiffs relied on Defendants' misstatements until March 2018. | Dann's declarations and discovery responses are true and correct.  The Kleins were never actively involved in OPEL.  Except to the extent that Klein Sr. facilitated the formation of OPEL, he was not involved at all.  After the formation of OPEL, as of Feb. 15, 2015, Dann was the sole officer and director named in the filing submitted to the Bahamian government.  However, since the formation of OPEL, Dann has been the sole individual actively involved in OPEL's management and operation, as clearly stated in Dann's interrogatory responses.  Dann, alone, served as every officer, director and employee that the company has ever had.  As stated in John Dann's discovery responses, Klein Sr. was never involved in the management or operations of OPEL.  In 2015 and |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
| --- | --- | --- | --- | --- |
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| until Feb. 15, 2015. | | 12, 20; dkt. 136-1, ¶ 4) made under penalty of perjury that the Court relied upon in its Order, dkt. 142, and further referenced in dkt. 265. (It also contradicts Dann's statement in his depo* at pg. 176:9-11). It addresses the Court's stated deficiency regarding the specific role of the Kleins at OPEL. It provides grounds for relief under Rule 60(b) as it is newly discovered | | 2016 Dann served as the sole officer and director of OPEL. Jordan Klein Jr. was not involved in any way with the formation, management or operations of OPEL.  Today, OPEL is not engaged in any business.  Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentation and misconduct by the Defendants. It supports that OPEL the alter ego of Klein Sr. and Klein Jr. (Kleins were officers/ directors of both) and Dann was Klein, Sr.'s agent. See dkt. 118, pg. 13, section: (2) Application, 1st | | when Plaintiffs filed their First Amended Complaint naming OPEL, a Bahamian entity, as a defendant. Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017. That Klein Sr., Klein Jr., and/or John Dann was (were) named as an officer and/or director, at any time, such as when OPEL was formed, does not compel reversal of the Court's dismissal for lack of personal jurisdiction. OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann. Furthermore, Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | para. | | |
| 6.  Dann is not now and never was sole owner of OPEL. | OPEL's O&D. Dkt. 249-9, pgs. 28-30; Dkt. 249-1, ¶. 20, 25; Gov't of Bahamas email confirms Klein Sr. remains director, dkt. 249-11, filed 5/22/18. OPEL/ Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 176:9-11. | It contradicts Defendants' statements made under penalty of perjury that the Court relied upon in making its determination in dkt. 142. It provides grounds for relief under Rule 60(b) as it is newly discovered evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentation | Dann decl. 136-1 (4/27/17), para. 3, Dann says he is sole owner. Statement was made under penalty of perjury so relied upon as true. In verified responses to interrogatories dated 4/4/17, Klein Sr. states he was never actively involved with OPEL and that Dann was SOLE officer and director (dkt. 249-13, pgs. 17-19 of 19). Statement was made under penalty of perjury and so relied upon as true. See also, dkt. 249-14, pg. 13 of 15. As outlined in | Directors and officers are not synonymous with owners, a fact that Plaintiffs either do not understand or choose to ignore.  Nothing in any document cited by Plaintiffs contradicts Dann's sole ownership of OPEL.  Dann's statements that he is the sole owner of OPEL are true and correct.

Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | and misconduct by the Defendants. It also supports the fact that OPEL was the alter ego of Klein Sr. and Klein Jr. (Kleins were officers/ directors of both) and Dann was Klein Sr.'s agent. See dkt. 118, pg. 13, section: (2) Application, 1st para. | Plaintiffs' accompanying supplemental brief, in spite of Plaintiffs' diligence in working to obtain OPEL's O&D, Defendants were able to mislead them until March 2018. | [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records when Plaintiffs filed their First Amended Complaint naming OPEL, a Bahamian entity, as a defendant. Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017.  That Klein Sr., Klein Jr., and/or John Dann was (were) named as an officer and/or director, at any time, such as when OPEL was formed, does not compel reversal of the Court's dismissal for lack of personal jurisdiction. OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann. Furthermore, Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| 7.  Klein Sr. is a creditor of OPEL | OPEL's verified responses to interrogatories dated 3/19/18. Dkt. 249-16, pg. 15 of 18, lines 1-12, pg. 18 of 18 (filed 4/22/18). OPEL/ Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 185:3-8 | It contradicts Defendants' statements in dkt. 55-1, 56-1 made under penalty of perjury that the Court relied upon in making its determination in dkt. 142. It also supports the fact that OPEL was the alter ego of Klein Sr. It provides grounds for relief under Rule 60(b) as it is newly discovered evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in | Klein Sr.'s decls. (dkt. 55-1, para. 12; dkt. 56-1, para. 12) states that he is not a creditor of OPEL. Statement was made under penalty of perjury so relied upon as true. Due to the limitations of jurisdictional discovery this information could not have been uncovered until after the Court made its determination in dkt. 142 and unrestricted discovery opened as to OPEL. | Klein Sr. is not a creditor. [Dkt. 55-1, para. 12].  To the extent Klein Sr. provided financial support for the formation of OPEL, and was reimbursed, it was not due to any legally binding agreement.  [Dkt. 255-4, page 255, lines 12-16]. No agreements, notes or security interests have been produced to evidence a debtor-creditor relationship between OPEL and Klein Sr., because none exists.

Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | dkt. 142 because of misrepresentation and misconduct by the Defendants. | | OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records when Plaintiffs filed their First Amended Complaint naming OPEL, a Bahamian entity, as a defendant. Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017. |
| 8.  Klein Sr. has an official relationship and/or an association with the MakoHeads and OPEL outside of MPI. | Klein Sr. is a director of OPEL. OPEL O&D. Dkt. 249-9, pgs. 28-30; dkt. 249-1, paras. 20, 25; 249-11, filed 5/22/18). Klein Sr. is OPEL creditor. OPEL's verified responses to interrogatories | It contradicts Defendants' statements made under penalty of perjury that the Court relied upon in making its determination in Dkt. 142. It also supports the fact that OPEL was a | As outlined in Plaintiffs' accompanying supplemental brief, in spite of Plaintiffs' diligence in working to obtain this information, Defendants mislead them and the Court until March 2018. As outlined in | Klein Sr. has no relationship with OPEL. He is not a creditor, owner, officer or director of OPEL, as discussed above.

Klein Sr. is not a creditor. [Dkt. 55-1, para. 12].  To the extent Klein Sr. provided financial support for the formation of OPEL, and was reimbursed, it was not due to any legally binding agreement.  [Dkt. 255-4, page 255, lines 12-16]. No |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | 3/19/18. Dkt. 249-16, pg. 15 of 18, lines 1-12, pg. 18 of 18 (filed 4/22/18). OPEL/Dann depo* (taken 4/16/18) dkt 255-4 (filed 7/3/18), pg. 185:3-8. Klein Sr. & Jr. own & control SunTrust #8224 used for OPEL business. Dann depo 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 62:23-25. SunTrust Rules & Regs, Klein Sr. and Klein Jr. are account owner. Rules at (dkt. | continuation of MPI and alter ego of Klein Sr. It provides grounds for relief under Rule 60(b) as it is newly discovered evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentation and misconduct by the Defendants. Supports the fact that statements made by Kleins and Dann in the | Plaintiffs' accompanying supplemental brief, it was not feasible to take Dann/OPEL's deposition until we were able to obtain sufficient documents to formulate questions and due to Defendants' delay tactics obtaining discovery was a very lengthy process. Klein Sr.'s statements in his declarations, dkt. 55-1, 56-1 were made under penalty of perjury and so relied upon as true. | agreements, notes or security interests have been produced to evidence a debtor-creditor relationship between OPEL and Klein Sr., because none exists.<br><br>While Klein Sr. facilitated the formation of OPEL and may initially have been named an officer and director, he was never involved in the management or operation of OPEL. Any assertion to the contrary is untrue.<br><br>Klein Sr.'s declaration [Dkt. 55-1] is true. It was made on July 18, 2016. At the time he made the declaration, Klein Sr. was not an officer or director of OPEL. Klein Sr. was not named as an officer or director as of, at least as early as, Feb. 15, 2015. Even when Klein Sr. was named as an officer or director, he had no involvement with the management or opertaion of OPEL. [Dkt. 55-1, page |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | 255-7, filed 7/3/18). Klein Sr.'s home is OPEL's office shared by Sr., Jr. & Dann. Dann depo* 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 9:17-25; pg 15:25-16:7. Klein Sr. pays OPEL's legal fees. Dann depo* taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 129:11 – 131:17; pg. 132:12–133:2. Klein Sr. pays other bills of OPEL. Dann depo 4/16/18), dkt. 255-4 (filed | past, present or future cannot be relied upon as true. | | 4, para. 12; Dkt. 251-1, para. 4] Storing MakoHeads on Klein Sr.'s property is irrelevant. Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records when Plaintiffs filed their First Amended Complaint naming OPEL, a |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | 7/3/18), pg.58:23 to 59:4; pg. 130:21 to 131:9. The Kleins are storing four of OPEL's five MakoHeads at their office in Summerfield. Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 56:17 to 57:4. | | | Bahamian entity, as a defendant. Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017. |
| 9.  Klein Sr. has been involved in management/ operations of OPEL. He has been signing checks and controlling the money and paying the bills, while holding the | Klein Sr. owns and controls the bank account of OPEL. Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 62:23-25. SunTrust Rules & Regs (dkt. 255-7, | Plaintiffs and the Court knew previously that Klein Sr. signed checks throughout the three years OPEL was conducting business, including checks to himself and | As outlined in Plaintiffs' accompanying supplemental brief, in spite of Plaintiffs' diligence in working to obtain OPEL's O&D register, Defendants were able to thwart them until March 2018. | Plaintiffs assertions are false and not supported by any evidence.  Klein Sr. never signed a check on behalf of OPEL.  Klein Sr. has no involvement in OPEL.  He does not control OPEL's money, pay OPEL's bills or hold the position of officer or director of OPEL.

While Klein Sr. facilitated the formation of OPEL and may initially |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| position of officer and director. | filed 7/3/18). Klein Sr. and Jr. are account owners, not OPEL or Dann. Klein Sr.'s and Klein Jr.'s desks are just feet away from Dann's desk in Klein Sr.'s home. (Klein Jr.'s home is next door). (Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 15:25 to pg. 16:7). | that his address was used for the bank account and OPEL invoices, however we did not know he was doing so as the president and sole director of OPEL. Importantly, regardless of how much control Klein Sr. exercised, it is indisputable that he had complete control. This contradicts Defendants' statements made under penalty of perjury that the Court relied upon in its Order dkt. 142. | As outlined in Plaintiffs' accompanying supplemental brief, it was not feasible to take Dann/OPEL's deposition until we were able to obtain sufficient documents to formulate questions and due to Defendants' delay tactics obtaining discovery was a very lengthy process. Klein Sr.'s statements in his declaration, dkt. 55-1, 56-1, were made under penalty of perjury and so relied upon as true. | have been named an officer and director, he was never involved in the management or operation of OPEL. Any assertion to the contrary is untrue and not supported by any evidence.

Klein Sr.'s declaration [Dkt. 55-1] is true.  It was made on July 18, 2016.  At the time he made the declaration, Klein Sr. was not an officer or director of OPEL.  Klein Sr. was not named as an officer or director as of, at least as early as, Feb. 15, 2015.  Even when Klein Sr. was named as an officer or director, he had no involvement with the management or opertaion of OPEL.  [Dkt. 55-1, page 4, para. 12; Dkt. 251-1, para. 4]

Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
| --- | --- | --- | --- | --- |
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | It provides grounds for relief under Rule 60(b) as it is newly discovered evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentat-ion and misconduct by the Defendants. It also supports the fact that OPEL was the alter ego of Klein Sr. (Kleins were officers/directors of both) and Dann is Klein Sr.'s | | to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records when Plaintiffs filed their First Amended Complaint naming OPEL, a Bahamian entity, as a defendant. Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017.<br><br>That Klein Sr., Klein Jr., and/or John Dann was (were) named as an officer and/or director, at any time, such as when OPEL was formed, does not compel reversal of the Court's |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | agent. See dkt. 118, pg. 13, section:(2) Application, 1st ¶ Supports the fact that statements made by Kleins and Dann in the past, present or future cannot be relied upon as true. | | dismissal for lack of personal jurisdiction. OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann. Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 10.  Dann's statement that he neglected to change the signatories and name on the bank account (dkt. 251-1, pg. 2:23-26) is false. | Klein Sr. and Klein Jr. own and control the bank account of OPEL. Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 62:23-25. SunTrust Rules & Regs (dkt. 255-7, filed 7/3/18). Klein Sr. and Jr. | Supports fact that OPEL is alter ego of Klein Sr. Supports the fact that statements made by Dann in the past, present or future cannot be relied upon as true. | Dann did not make this assertion until his declaration of June 5, 2018. Supports Plaintiffs' contention that Dann's statements qualify as sham declarations therefore lacking in veracity and credibility. | Plaintiffs' assertion is false.<br><br>Paragraph 2 of Dkt. 251-1 explains how OPEL acquired the bank account in the bankruptcy.  It also explains that Dann neglected to change the signatories for the account, but continued to use it for some time for OPEL.<br><br>In his deposition, Dann explained that he conducted the banking online.  The bank sent checks and no signature |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | are account owners. (Dann has never had the power or authority to change the signatories and name on the account so he cannot have neglected to do so. The Kleins are the account owners and never relinquished control or even joint signatory rights to Dann or OPEL. | | | was required.  [Dkt. 255-4, p. 48, lines 8-15].  Dann's explanation is clear, simple, and true.<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records when Plaintiffs filed their First Amended Complaint naming OPEL, a Bahamian entity, as a defendant. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017.<br><br>That Klein Sr. and Klein Jr. remained named as signatories after the bank account was transferred, does not compel reversal of the Court's dismissal for lack of personal jurisdiction.  Plaintiffs obtained all of the bank records by third party subpoena, and are unable to show any example of financial impropriety by Klein Sr. or Klein Jr. after the account was transferred to OPEL in the bankruptcy, because no such example exists.  Additionally, Dann, Klein Sr. and Klein Jr. never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 11.  Dann/OPEL has no contact information or | Dann depo (taken 4/16/18), dkt. 255-4 (filed | The unit allegedly in Canada is one of only 5 highly | Plaintiffs sought this information through written | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| address for the mystery Canadian facility where a MakoHead is allegedly stored and rented from and no documents to prove it exists. | 7/3/18), pg. 226:10-228:5. | valuable units owned by OPEL and allegedly the only one that generated income, and yet the alleged owner (Dann) and person most knowledgeable of the company has no idea where in Canada it is, the name of the facility, the phone number there or the name of a contact person there. This suggests that Dann is not the person running the business or most knowledgeable | discovery but were stonewalled. As outlined in the supplemental brief, it was not feasible to take Dann/OPEL's deposition until we were able to obtain sufficient documents to formulate questions and due to Defendants' delay tactics obtaining discovery was a very lengthy process. Had Plaintiffs taken Dann's deposition during jurisdictional discovery, a second deposition would have been necessary to uncover this | infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims.  Defendant Oppenheimer Cine Rentals ("Oppenheimer") rented a MakoHead to its client. Oppenheimer arranged for the MakoHead to be stored in a rental house in Vancouver Canada. Dann explained this in his deposition [Dkt. 255-4, pp. 227-229].  OPEL did not withhold any information or documents responsive to discovery.  Plaintiffs were not stonewalled.  Plaintiffs could have obtained the Vancouver location from the Oppenheimer Defendants years ago. Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | OPEL is a sham. | information. | responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.<br><br>OPEL has ceased all business and no longer has a bank account.  [Dkt. 251-1, para. 3]  The specific location of the MakoHead is not important or known to Dann at this juncture. |
| 12.  Dann transported four MakoHeads into the U.S. in December 2016. | Dann depo (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 43:15-23. | This contradicts Defendants' statements (such as dkt. 55-3, para. 27) made under | As outlined in the supplemental brief, it was not feasible to take Dann/OPEL's deposition until we | Dann, an accomplished sailor, explains, in detail, the transportation of four MakoHeads between the US and the Bahamas, at pages 41 through 46 of his deposition.  [Dkt. 255-4]. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | penalty of perjury that the Court relied upon in making its determination in dkt. 142. (Also contracdicts Dann's statements that OPEL owned one unit (rather than five) dkts. 55-3, para. 25; 68-1, para. 16; 13601, para. 8). It provides grounds for relief under Rule 60(b) as it is newly discovered evidence that, with reasonable diligence, could not have been discovered before the Court made its | were able to obtain sufficient documents to formulate questions and it would not have been possible to have pierced the litigation game played by Dann and the Kleins at that time. | As Dann could not find a cost-effective storage solution in the Bahamas, Dann eventually returned the MakoHeads to the US, where they are stored today. Also, in Dann's timely March 19, 2018 response to Plaintiffs' interrogatories [Exhibit C], Dann explained the transportation of MakoHeads to and back from the Bahamas. Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | determination in dkt. 142 because of misrepresentation and misconduct by the Defendants. Supports that statements made by Dann in the past, present or future cannot be relied upon as true. | | OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.<br><br>That Dann, on behalf of OPEL, transported MakoHeads to and from the Bahamas has no bearing on personal jurisdiction in California and does not compel reversal of the Court's dismissal for lack of personal jurisdiction. OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann. Furthermore, Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California.<br><br>The Bankruptcy closed years ago, without any appeal by Plaintiffs. Plaintiffs claim for infringement damages was denied by the Court. No misconduct occurred. Plaintiffs |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | had notice and an opportunity to bid on the assets, but failed to make a reasonable bid.<br><br>Dkt. 64 is Plaintiffs' brief opposing a motion to quash for defective service of process in this case.  It has no bearing on the issues here.<br><br>In this Court's prior order [Dkt. 113], where the Court considered Plaintiffs' same allegations regarding the bankruptcy, the court aptly concluded: "These contentions do not provide a basis for liability by the Kleins, Dann, or OPEL. Nor are they a sufficient basis to warrant discovery." [Dkt. 113, p. 13 of 15, last para.]. |
| 13.  OPEL never had a bank account of its own. | Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 62:23-25. | This contradicts Defendants' statements made under penalty of perjury that the Court relied upon in making its | As outlined in the supplemental brief, due to Dann and the Kliens' tactics it was not feasible to take Dann/OPEL's deposition until we | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | determination in dkt. 142. It addresses the Court's stated deficiency regarding the relationship of the Kleins to the Mako account (SunTrust #8224). This account has always belonged only to Klein Sr. and Klein Jr. A company having no bank account of its own is often a sole determinative factor supporting alter ego and that the company is a sham. It provides grounds for relief | were able to obtain sufficient documents to become aware of the true nature of the relationships. After Plaintiffs obtained the SunTrust subpoenaed documents showing that the Kleins owned the account and all bank statements were sent to the Klein address, Kleins were only signatories and checks continued to be signed by Kleins throughout the existence of OPEL, Defendants continued to claim OPEL was a viable company. Statements in dkts. 251 and 251-1, were contradicted by Plaintiffs securing | Plaintiffs' assertion is false because OPEL acquired and used the MakoHead SunTrust account.  After the bankruptcy sale, the SunTrust Bank Account # 1000004328224, which was previously used by Mako Products, Inc., became property of OPEL.  After the bankruptcy sale, the SunTrust Bank Account was used only by OPEL for OPEL's business. [Dkt. 251-1, para. 2].  OPEL ceased business in 2016 and no longer has any bank account.  [Dkt. 136-1, para. 3; Dkt. 251-1, para. 3].<br><br>Plaintiffs provide no evidence of any use of the SunTrust Bank Account, by the Kleins, after the bankruptcy sale, because no such evidence exists.<br><br>In his deposition, Dann explained that he conducted the banking online.  The bank sent checks and no signature was required.  [Dkt. 255-4, p. 48, |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | under Rule 60(b) as it is newly discovered evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentation and misconduct by the Defendants. Supports the fact that statements made by the Kleins and Dann in the past, present or future cannot be relied upon as true. | SunTrust's rules and regulations that confirmed the Kleins owned and controled the SunTrust #8224 account. | lines 8-15].  Dann's explanation is clear, simple, and true.<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.<br><br>That Klein Sr. and Klein Jr. remained named as signatories after the bank account was transferred, does not compel reversal of the Court's |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | | | dismissal for lack of personal jurisdiction.  Plaintiffs obtained all of the bank records by third party subpoena, and are unable to show any example of a check signed by Klein Sr. or Klein Jr. after the account was transferred to OPEL in the bankruptcy, because no such example exists.  Additionally, Dann, Klein Sr. and Klein Jr. never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 14.  Dann is willing to lie under oath. | Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 46:14-22. At the time he made this statement that OPEL only ever rented one MakoHead he knew or should have known dkt. | Highly relevant as the Court has repeatedly relied on Dann's statements made under penalty of perjury as being true.<br><br>It provides grounds for relief under Rule 60(b) as it is newly | Plaintiffs were sanctioned after encouraging the Magistrate not to trust Dann. (dkts. 159, 201).<br>Dkt. 159, pg. 5 – Magistrate order citing Alexander v. F.B.I., 194 F.R.D. 305, 311 (D. D.C. 2000) (party's mere | Plaintiffs' assertion is entirely untrue. Dann is and has been truthful.<br><br>Robert Lauson's ex parte application [Dkt 126] and its Exhibits do not show multiple rentals by OPEL. OPEL rented one MakoHead.<br><br>During the Mako Products' Bankruptcy, the Trustee requested that Mako Products continue all rental efforts to maximize income and help |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | 126-1, pgs. 10-11 of 92 (which prove OPEL rented multiple MakoHeads) were already in the record making this lie all the more blatant. OPEL response to rogs (3/19/18) response to #5a-d says MakoHead units 1104, 1107, 1106 left Bahamas during the three year time period from July '13 to Dec. '16 (dkt. 249-16, pg. 6 of 18, line 25 to pg. 10 of 18, line 23), but Dann says in his depo* (dkt. 255- | discovered evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentation and misconduct by the Defendants. Supports the fact that statements made by Dann in the past, present or future cannot be relied upon as true. | suspicion that its opponent must have documents it claims it does not have is insufficient to support a motion to compel), Carter v. Dawson, 2010 WL 4483014, *5 (E.D. Cal. 2010) ("The Court will not permit a party to challenge the other party's objections based on mere speculation."). As outlined in Plaintiffs' accompanying supplemental brief, in spite of Plaintiffs' extraordinary diligence in working to obtain OPEL's O&D list of corporate officers, Defendants | disbursements. [Dkt. 68-1, ¶ 9]. In the course of business during the Bankruptcy, Mako Products paid amounts for services received and received amounts for services provided. [Id.] The Trustee was notified of all receipts and payments of Mako Products during the Bankruptcy (October 8, 2012 – October 7, 2014), up to the sale of the assets. [Id.] Receipts and disbursements after the sale of assets in the Bankruptcy were no longer reported or required to be reported. [Dkt. 251-1, ¶ 2].<br><br>All payments to OPEL after the Bankruptcy closed represent a payment received by OPEL on an acquired receivable (e.g., $15,300.00, 12/23/2014 from Oppenheimer), or payment received by OPEL for a single rental through the Canadian rental house (e.g., $ 3,096.00, 10/15/2015, from Oppenheimer; |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | 4) at pg. 45:20-46:22 that the other four MHs were never rented and stayed in Bahamas that whole time. Dann states he's in charge of the bankruptcy (BK) for MPI (Dann depo, dkt. 255-4, pg. 57:18-20; pg. 69:8-15), then goes on to say the trustee "somehow" got the money from the MakoHead rentals (Dann depo, dkt. 255-4, pg. 95:2-8), when he knew or should have known that this | | were able to thwart them until March 2018. As outlined in Plaintiffs' accompanying supplemental brief, there was no reason to suspect OPEL was the alter ego of Klein Sr. prior to the ruling on the motion to dismiss, dkt. 142. | $2,520.00, 11/06/2015, from Oppenheimer), or payment for a service rendered by OPEL unrelated to the accused product. [Dkt. 68-1, ¶¶ 11, 12].<br><br>About a year ago, on August 27, 2017, OPEL produced, in response to discovery requests from Plaintiffs, a document entitled "REGISTER OF THE OFFICERS AND DIRECTORS AS OF 15th FEBRUARY, 2015 OF OCEANIC PRODUCTION EQUIPMENT, LTD. COMPANY NUMBER -167807B".  That document was bates stamped JD0081 [Dkt. 249-17, p. 35 of 35].  OPEL obtained that document, upon request for corporate documents, from third parties MB&H Corporate Services Limited and Cafferata Corporate Service, two Bahamian companies.<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | was could not be true (he would have been the one to give the money to the trustee) and he knew or should have known of the contents of the BK final accounting which shows that no money was received by the trustee for MakoHead rentals. Dkt. 65-3, pgs. 5-7. Dann knew or should have known that he was contradicting his own statements made under oath with | | | arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.  Plaintiffs could have obtained Bahamian company records when Plaintiffs filed their First Amended Complaint naming OPEL, a Bahamian entity, as a defendant. Plaintiffs chose not to do so then, during jurisdictional discovery, or even prior to the depositions scheduled on April 10, 2017.  That Klein Sr., Klein Jr., and/or John |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | further statements also made under oath making the lies all the more blatant. See also generally dkt. 255-2. | | | Dann was (were) named as an officer and/or director, at any time, such as when OPEL was formed, does not compel reversal of the Court's dismissal for lack of personal jurisdiction. OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann. Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California.<br><br>The Bankruptcy closed years ago, without any appeal by Plaintiffs. Plaintiffs claim for infringement damages was denied by the Court. No misconduct occurred. Plaintiffs had notice and an opportunity to bid on the assets, but failed to make a reasonable bid.<br><br>Dkt. 64 is Plaintiffs' brief opposing a motion to quash for defective service of process in this case.  It has no |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | bearing on the issues here.<br><br>In this Court's prior order [Dkt. 113], where the Court considered Plaintiffs' same allegations regarding the bankruptcy, the court aptly concluded: "These contentions do not provide a basis for liability by the Kleins, Dann, or OPEL. Nor are they a sufficient basis to warrant discovery." [Dkt. 113, p. 13 of 15, last para.]. |
| 15.  OPEL has always been insolvent. | OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 47:5-7; pg. 56:17-57:4; pg. 58:23 – 59:4; pg. 114:5-11. | A company being insolvent is always a factor supporting alter ego and that the company is a mere sham. | Until OPEL was added, as if it was a legitimate entity, only then could subsequent discovery have revealed the true nature of the alter ego sham relationship. | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims.<br><br>Plaintiffs' assertion is false.  OPEL paid its debts and had revenue, until this lawsuit prevented further business.  Plaintiffs have not and cannot demonstrate otherwise.  [Dkt. 255-4, p. 47, lines 13-14; p. 57, lines |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | | | 1-2].  In 2016, OPEL ceased all business.  [Dkt. 251-1, para. 3]<br><br>OPEL is not a sham, but a good faith attempt to leverage MakoHead stabilizers in the marketplace. |
| 16.  OPEL was paying Klein Sr. for Mako Products, Inc.'s debt. | OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 125:1 to 126:8 | OPEL is an alter ego of Klein Sr. and a sham. (Dann goes on to contradict himself in his deposition saying that Mako Products debt to Sr. was cut off, but then why even bring it up when asked what loans OPEL was repaying to Sr.?) | See response to No. 15 above. | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims.<br><br>Plaintiffs' assertion is untrue and illogical.  The bankruptcy extinguished Mako Products, Inc.'s debts.<br><br>Mako Products, Inc was owned by Jordan Klein, Sr. and Jordan Klein, Jr.  The corporation liquidated and dissolved pursuant to and in accordance with a voluntary bankruptcy, under Chapter 7 of the |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | Bankruptcy Code, Case # 3:12-bk-06572-JAF (M.D. FL).  [Dkt. 55-1 ¶ 21].  In the bankruptcy case, each Plaintiff, David Grober and Voice International, Inc., filed a proof of claim for infringement of U.S. Patent No. 6,611,622 (the "'622 patent"), which the bankruptcy court disallowed in orders dated June 4, 2013 [Dkt. 55-4, Dkt. 55-5].  Each disallowance is a binding final judgment that triggers res judicata.  The bankruptcy closed on October 7, 2014.  [Declaration of Jordan Klein, Sr., Dkt. 55-1 ¶ 23].  Mako Products, Inc. ceased all operations in the course of the bankruptcy. [Declaration of Jordan Klein, Sr., Dkt. 55-1 ¶ 23].<br><br>Jordan Klein Sr. provided assistance and financial backing for the formation of Oceanic Production Equipment, Ltd. ("OPEL").  Assets including equipment and accounts of |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | Mako Products, Inc. were sold in the bankruptcy.  OPEL's principal, John Dann, wanted to acquire the assets, but lacked necessary funds.  [Dkt. 68-1, ¶ 7].  To assist Mr. Dann, Jordan Klein Sr. initially paid for the assets. [Id.]  The "Purchaser" identified in the Bankrupcty court's order (Case 3:12-bk-06572-JAF, Dkt. 35) approving the sale of Mako Products' assets is the group consisting of Jordan Klein, Sr., Jordan Klein, Jr., and John Dann.  [Id.]  Jordan Klein Sr. provided all cash for the purchase. [Id.]  Subsequently, Jordan Klein, Sr., Jordan Klein, Jr., and John Dann assigned their bid for purchase of the assets to OPEL.  [Case 3:12-bk-06572-JAF, Dkt. 37].  The Trustee's Bill of Sale, dated June 3, 2013, identifies OPEL as the Buyer.  [Id.] Although OPEL and Dann were under no contractual commitment to repay Klein Sr. for his support, OPEL repaid Klein Sr. from revenue.  Checks 5099, |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | | | 5831, 5833, and 5837 made payable to Jordan Klein Sr. from the checking account acquired by OPEL constitute payments for amounts advanced by Jordan Klein Sr. for OPEL to acquire the assets of Mako Products. [Dkt. 68-1, ¶ 8] OPEL has been inactive for over a year, and today has no revenue. Currently, OPEL is not engaged in any business.  [Dkt. 68-1 ¶ 3].  The bank account acquired by OPEL from Mako Products is now closed.  [Id]. Currently, OPEL does not have any bank account, and has no plan of opening a bank account.  [Id.]. |
| 17.  OPEL never issued stock. | OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 12:1-3; pg. 12:15-20 | A company never issuing stock is a factor supporting alter ego and that the company is a sham. | See response to No. 15 above. | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims.  OPEL has one owner, John Dann. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | Issuing stock in a company with one owner is a pointless formality. |
| 18.  OPEL never had any employees (other than independent contractor John Dann). | OPEL/ Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 49:25 to 50:3. | A company never having employees is a factor supporting alter ego and that the company is a sham. | See response to No. 15 above. | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims.<br><br>Plaintiffs' assertion is false, as John Dann performed all work on behalf of OPEL.  OPEL did not have any other personnel.  [Dkt. 255-4, p. 50, line 4]<br><br>In years past, John Dann operated a neon sign business under the Florida corporation Bee Dee Neon and Sign, Inc (BDS).  [Dkt. 68-1, ¶ 3].  Dann sold all of the assets of the sign business long before Plaintiffs applied for U.S. Patent No. 6,611,622 (the "'622 patent").  After Dann sold the assets of the sign business, he maintained the corporation Bee Dee |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | Neon and Sign, Inc. and its bank accounts. [Dkt. 68-1, ¶ 3].  Payments from OPEL to John Dann (Checks # 5830, 5832, 5835 and 5100) are made payable to Bee Dee Neon and Sign, Inc. for Mr. Dann's convenience. [Dkt. 68-1, ¶ 4].  Regardless, Dann performed all tasks for OPEL, while OPEL was operating. Dann was the sole worker for OPEL.<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | | | [Exhibit B], but canceled those depositions only days before they were to occur.<br><br>That John Dann was the sole worker for OPEL does not compel reversal of the Court's dismissal for lack of personal jurisdiction.  OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann.  Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 19. OPEL does not pay its own attorney fees, does not know what they are, and did not sign a fee agreement with its attorneys. | OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 129:11 – 131:17; pg. 132:12-21, no fee agreement: Dann depo*, pg. 132:22 – 133:2. | Dann (who is OPEL's stated person most knowledgeable) having no knowledge of what its legal fees are and who signed its legal fee agreement suggests that | See response to No. 15 above. | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims.<br><br>Klein Sr. and Klein Jr. pay for OPEL's legal defense for good reason, because OPEL cannot afford its |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | Klein Sr. (who pays the legal fees, controls the money, and the bank account with Klein Jr., etc.) is running the business and funding the defense even though he is not a named party in the lawsuit. It proves the company is an alter ego and a sham. | | defense, and Plaintiffs have proven that they will stop at nothing to pursue claims against the individuals, until Plaintiffs' claims are defeated. OPEL disclosed the legal fee payments to Plaintiffs in discovery on March 19, 2018.  [Dkt. 249-16, p. 6, lines 7-8]<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | were to occur.<br><br>That the Kleins have paid OPEL's legal fees does not compel reversal of the Court's dismissal for lack of personal jurisdiction.  OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann.  Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 20. Klein Sr. pays OPEL's bills. | OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg.58:23 to 59:4; pg. 130:21 to 131:9. | A company not being able to pay its own bills is a factor supporting alter ego and that the company is a sham. Klein Sr. paying OPEL's bills and legal fees with no foreseeable way to be repaid, supports alter ego. | See response to No. 15 above. | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims.<br><br>Klein Sr. and Klein Jr. pay for OPEL's legal defense for good reason, because OPEL cannot afford its defense, and Plaintiffs have proven that they will stop at nothing to |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | pursue claims against the individuals, until Plaintiffs' claims are defeated. OPEL disclosed the legal fee payments to Plaintiffs in discovery on March 19, 2018.  [Dkt. 249-16, p. 6, lines 7-8]<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | | | That the Kleins have paid OPEL's legal fees does not compel reversal of the Court's dismissal for lack of personal jurisdiction.  OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann.  Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 21. Klein Jr. pays OPEL's bills | OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg.58:23 to 59:4; pg. 130:21 to 131:9. | A company not being able to pay its own bills is a factor supporting alter ego and that the company is a sham. Klein Sr. paying OPEL's bills and legal fees with no foreseeable way to be repaid, supports alter ego. | See response to No. 15 above. | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims.  Klein Sr. and Klein Jr. pay for OPEL's legal defense for good reason, because OPEL cannot afford its defense, and Plaintiffs have proven that they will stop at nothing to pursue claims against the individuals, until Plaintiffs' claims are defeated. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | OPEL disclosed the legal fee payments to Plaintiffs in discovery on March 19, 2018.  [Dkt. 249-16, p. 6, lines 7-8]<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.<br><br>That the Kleins have paid OPEL's legal fees does not compel reversal of |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | the Court's dismissal for lack of personal jurisdiction.  OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann.  Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 22. OPEL never paid any taxes | OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 63:1-21. | A company never paying taxes is a factor supporting alter ego and that the company is a sham. | See response to No. 15 above.

Plaintiffs requested tax returns in written discovery but as of the close of discovery on April 30, 2018, none have been produced. | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims.

OPEL is a startup company with limited income for a relatively short period of time, and has been dormant since 2016.  [Dkt. 251-1, para. 3]

The Bahamas has no income tax, corporate tax, capital gains tax, or wealth tax. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | | | In response to Plaintiffs' discovery requests, OPEL produced accounting (Quick Books) reports for all receipts and disbursements by OPEL during its short history of doing business.<br><br>Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur.<br><br>That OPEL has discontinued its |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | | | business after a relatively short startup period, and ceased earning revenue while this lawsuit is pending, does not compel reversal of the Court's dismissal for lack of personal jurisdiction.  OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann.  Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 23. There is nothing to document that OPEL ever had any taxable income | OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 63:4-21. | A company having no proof of income is a factor supporting alter ego and that the company is a sham. | See response to No. 15 above. | OPEL is not a sham, but a legitimate startup that was forced into dormancy under the pressure of this infringement lawsuit.  Continued rentals of MakoHeads would only embolden Plaintiffs and subject others to Plaintiffs claims.  OPEL is a startup company with limited income for a relatively short period of time, and has been dormant since 2016.  [Dkt. 251-1, para. 3] |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | | In response to Plaintiffs' discovery requests, OPEL produced accounting (Quick Books) reports for all receipts and disbursements by OPEL during its short history of doing business. Plaintiffs have no excuse for their delay in making new jurisdictional arguments. OPEL has not withheld any information or documents responsive to Plaintiffs' discovery requests.  OPEL has not been ordered to produce any documents. Magistrate Judge Karen L. Stevenson denied [Dkt. 159] the only motion to compel [Dkt. 157] filed by Plaintiffs. Plaintiffs served notices for taking depositions of John Dann on behalf of OPEL, Jordan Klein Sr. and Jordan Klein Jr. on Monday, April 10, 2017 [Exhibit B], but canceled those depositions only days before they were to occur. That OPEL has discontinued its |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | | | | business after a relatively short startup period, and ceased earning revenue while this lawsuit is pending, does not compel reversal of the Court's dismissal for lack of personal jurisdiction.  OPEL is not an alter ego for Klein Sr., Klein Jr. or Dann. Furthermore,  Klein Sr., Klein Jr., and John Dann, have never acted in their individual capacities in any manner that would subject them to jurisdiction in California. |
| 24.  OPEL never pursued any business. | Dann depo (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 17:24-18:6 | A company never pursuing any business is a factor supporting alter ego and that the company is a sham. | See response to No. 15 above. | At p. 18 lines 5-6 of the Dann deposition [Dkt. 255-4], Dann explains that this lawsuit is the reason why OPEL <u>ceased</u> business.  OPEL owns MakoHeads that it acquired in bankruptcy.  Until this lawsuit is concluded or the '662 patent expires (May 27, 2020), further use, sales or rentals of MakoHeads by OPEL would be imprudent. |
| 25.  Dann lied when he said his boat was in the | OPEL/Dann depo* (taken 4/16/18), dkt. | Dann and Kleins conducting OPEL business from | These lies came after the Court's order (dkt. 142). | Dann did not lie.  Plaintiffs cite Plaintiffs' baseless assertions in a motion to compel [Dkt. 157] that was |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| Bahamas from late 2013 until Dec. 2016. Dann depo (taken 4/16/18), dkt. 255-4 (filed Dann lied when he said he does not and has never had a separate office facility (from his boat) for conducting OPEL business in his response to subpoena dated 7/7/17. (See dkt. 157, pg. 5, lines 4-7).<br>AND/OR,<br>Dann lied when he said his boat was in the Bahamas from late 2013 until | 255-4 (filed 7/3/18), pg. 9:17-25; pg 15:25-16:7; pg. 122:17-21.<br>OPEL/Dann depo*, pg. 45:20 to 46:13. Dann claims his boat was in the Bahamas from mid 2013 ntil Dec. 2016. When OPEL received bills at Summerfield Dann asked Kleins for loan (Dann depo,* pg.58:23 to 59:4; 125:1-8; pg. 130:21 to 131:9), are we to believe he went back to his boat in the | office at Summerfield exactly the same as they did MPI business (even down to using the same checkbook and bank account) suggests that OPEL is a mere continuation of MPI and alter ego of Klein Sr. | These lies came after the Court's order (dkt. 142).<br>In July 2016 Dann's attorney, Mark Young, insisted that Dann lived on his boat in a Yankeetown, Florida marina. The owner of the marina and our process server confirmed Dann's boat was there (dkt. 64-2, pg. 20 – 21 of 25). The subpoena of Dann's boat insurance documents showed the boat insured for being docked in Florida not the Bahamas. The subpoena of Dann's credit card, bank and telephone statements show him and his | denied [Dkt. 159].<br>Plaintiffs also take statements out of context to concoct a tale. Specifically, Plaintiffs erroneously conflate Dann's unrelated work in Summerfield, and receiving mail in Summerfield, with OPEL's business. Long prior to the April 16, 2018 deposition, OPEL ceased all business. OPEL has ceased all business and no longer has a bank account. [Dkt. 251-1, para. 3]  At the time of the deposition, Dann worked in Summerfield. [Dkt. 255-4, p. 9, lines 20-23; p. 16, lines 16-19; ].  He continues to do that today.<br>As Dan lives on a boat, he receives mail at Summerfield [Dkt. 255-4, p. 8, lines 19-25; p. 9, lines 1-9; p. 122, line 21] where, today, he engages in non-OPEL business [Dkt. 255-4, p. 9, lines 20-23; p. 16, lines 16-19; ]. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| Dec. 2016. Dann depo (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 9:17-25; pg 15:25-16:7; pg. 122:17-21. | Bahamas to call and ask? Or did he ask for loan while at his Summerfield office where the bills were received? What about the checks signed by Kleins? Are we to believe that 90 year old Sr. flew to Dann's boat in the Bahamas to sign checks? Or is it more likely that checks were prepared and signed at Summerfield? | | boat in the Bahamas for only two days in 2013. The boat was confirmed to be in Florida in 2016 and Dann and Young claimed that was Dann's home and office. Plaintiffs had no reason to believe the boat was in the Bahamas. In OPEL's 4/4/17 resp. to jurisdictional requests for production, #15 which asked for emails between Dann and the Kleins Dann states "Jordan Klein Sr. and John Dann and Jordan Klein Jr. prefer to, and frequently do, communicate in | Dann's previous boat and his possessions burned due to an electric problem, which has nothing to do with this case.  [Dkt. 255-4, p. 157, line 16 - p. 158, line 25].

The unverified deposition [Dkt. 255-4] filed by Plaintiffs omits the exhibits to the deposition, which include photos of the destroyed boat and correspondence from the insurer, produced by OPEL in discovery and obtained by Plaintiffs by subpoena from the insurer. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | | | person, face to face, and less frequently via telephone." It was unknown that Dann/OPEL had a desk in the same office in the residence of Klein Sr until the OPEL/ Dann deposition and the "burning" of Dann's boat with records explained why there might be no documents, but showed Klein by proximity exercised control with Dann present that was not previously known. | |
| 26.  The Kleins and Dann rented MakoHead units as individuals between Oct. 7, | Dkt. 249, pg. 12 of 31, line 26 to pg. 13 of 31, line 2; pg. 13 of 31, line 12 to pg. 15 | If, as Dann claims, all MPI revenues during BK were turned over to the | After being confronted with the documents produced by SunTrust bank and the BK trustee, the | Plaintiffs allegation is untrue and baseless.  Absurdly, Plaintiffs cite allegations of their own motion [Dkt. 249] in support of the erroneous allegation in the first column. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| 2012 (the start of BK) and May 29, 2013 (the start of OPEL) | of 31, line 2. Dann was managing MPI business. (OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 5/22/16) pgs. 52:12-14; 53:7-19; 59:21-25; 71:13-17; 202:1-17). Dann was handling the MPI BK. (OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 5/22/16) pg. 71:13-25). Dann knew that all MPI revenue received after the start of BK | trustee, then all revenues received from MakoHead rentals to California companies during the BK and before the start of OPEL on 5/29/13 and deposited to the Kleins' #8224 account were not MPI revenues. Since Klein Sr. and Dann facilitated those rentals and received those revenues they are the result of Klein Sr. and Dann personally renting out the MakoHeads to California | Florida Defendants continued to assert that they did not act as individuals citing to their previous sworn testimony (dkt. 136, Repy Re MTD filed 4/27/17). It was not until OPEL's O&D register was uncovered in March of 2018, and Dann's depo and the close of discovery in April 2018 with no evidence being produced to support their self-serving declarations, that it became evident Defendants' statements, although made under oath, were lies. As outlined in the | MPI liquidated and dissolved pursuant to and in accordance with a voluntary bankruptcy, under Chapter 7 of the Bankruptcy Code, Case # 3:12-bk-06572-JAF (M.D. FL).  [Dkt. 55-1 ¶ 21].  In the bankruptcy case, each Plaintiff, David Grober and Voice International, Inc., filed a proof of claim for infringement of the '622 patent, which the bankruptcy court disallowed in orders dated June 4, 2013 [Dkt. 55-4, Dkt. 55-5].  Each disallowance is a binding final judgment that triggers res judicata. The bankruptcy closed on October 7, 2014.  [Dkt. 55-1 ¶ 23].  Mako Products, Inc. ceased all operations in the course of the bankruptcy.  [Dkt. 55-1 ¶ 23]. During the Mako Products' Bankruptcy, the Trustee requested that Mako Products continue all rental efforts to maximize income and help disbursements.  [Dkt. 68-1, ¶ 9].  In |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | (10/7/12) belonged to and was due to the trustee. (OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 5/22/16) pgs. 15 of 31, line 2. Dann was managing MPI business. (OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 5/22/16) pgs. 52:12-14; 53:7-19; 59:21-25; 71:13-17; 202:1-17). Dann was handling the MPI BK. (OPEL/Dann | companies and profiting therefrom. Between the start of the BK (Oct. 7, 2012) and the formation of OPEL (May 29, 2013) Klein Jr. and Sr. and Dann continued to rent out the MakoHeads to California companies North Shore Productions, Blue Sky Aerials, MacGillivray Freeman) and received all MakoHead revenues into the Kleins' SunTrust acct #8224 which | supplemental brief, due to Dann and the Kliens' tactics it was not feasible to take Dann/OPEL's deposition until we were able to obtain sufficient documents to become aware of the truth of what was going on. | the course of business during the Bankruptcy, Mako Products paid amounts for services received and received amounts for services provided.  [Id.]  The Trustee was notified of all receipts and payments of Mako Products during the Bankruptcy (October 8, 2012 – October 7, 2014), up to the sale of the assets.  [Id.]  Assets including equipment and accounts of MPI were sold in the bankruptcy.  John Dann, on behalf of OPEL, wanted to acquire the assets, but lacked necessary funds.  [Dkt. 68-1, ¶ 7].  To assist, Jordan Klein Sr. initially paid for the assets.  [Id.]  The "Purchaser" identified in the Bankrupcty court's order (Case 3:12-bk-06572-JAF, Dkt. 35) approving the sale of Mako Products' assets is the group consisting of Jordan Klein, Sr., Jordan Klein, Jr., and John Dann. [Id.]  Jordan Klein Sr. provided all |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | depo* (taken 4/16/18), dkt. 255-4 (filed 5/22/16) pg. 71:13-25). Dann knew that all MPI revenue received after the start of BK (10/7/12) belonged to and was due to the trustee. (OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 5/22/16) pgs. 76:11-15; 112:4-24; 81:7-82:11). Dann says the trustee received all MPI revenue received after the start of BK | was falsely stated to belong to OPEL. Until OPEL was known to be a sham and alter ego, Dann and the Kleins falsely stated OPEL was the receiving entity, when it never was. Kleins and Dann renting the MakoHeads to California companies as individuals makes them individually liable for direct infringement under 271(a) in the forum. It provides grounds for relief | | cash for the purchase.  [Id.] Subsequently, Jordan Klein, Sr., Jordan Klein, Jr., and John Dann assigned their bid for purchase of the assets to OPEL.  [Case 3:12-bk-06572-JAF, Dkt. 37].  The Trustee's Bill of Sale, dated June 3, 2013, identifies OPEL as the Buyer.  [Id.]  OPEL subsequently reimbursed Klein Sr. for amounts advanced for OPEL to acquire the MPI assets.  [Dkt. 68-1, para. 8]  Checks 5099, 5831, 5833, and 5837 made payable to Jordan Klein Sr. from the Mako checking account acquired by OPEL constitute payments for amounts advanced by Jordan Klein Sr. for OPEL to acquire the assets of MPI.  [Id.]  All payments to OPEL after the Bankruptcy closed represent a payment received by OPEL on an acquired receivable (e.g., $15,300.00, 12/23/2014 from Oppenheimer), or |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| **Previously Unknown Fact** | **First Identification in Docket** | **Relevance to 60b Motion** | **Why Previously Unknown** | **Falsity of Plaintiffs' Assertion** |
| | (10/7/12). (OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 5/22/16) pgs. 71:13-25; 92:22-95:8; 70:9-71:12). Checks for MakoHead revenues during the BK being paid to Kleins and Dann. OPEL/Dann depo* (taken 4/16/18), dkt. 255-4 (filed 7/3/18), pg. 73:1 to 74:11; pg. 74:20 to 76:21; 79:3 to 81:5; 81:22 to 82:6; 104:1 to 106:25; 107:14-18; 108:2 | under Rule 60(b) as it is newly discovered evidence that, with reasonable diligence, could not have been discovered before the Court made its determination in dkt. 142 because of misrepresentation and misconduct by the Defendants. These facts contradicts Defendants' statements made under penalty of perjury (that all rentals were done by MPI or OPEL) that the Court | | payment received by OPEL for a single rental through the Canadian rental house (e.g., $ 3,096.00, 10/15/2015, from Oppenheimer; $2,520.00, 11/06/2015, from Oppenheimer), or payment for a service rendered by OPEL unrelated to the accused product. [Declaration of John Dann, Dkt. 68-1, ¶¶ 11, 12]. Payments from Jordan Klein, Inc., a Florida corporation owned by Jordan Klein, Jr. are payments for support services provided by OPEL, without use of the accused product. [Declaration of John Dann, Dkt. 68-1, ¶ 13]. Jordan Klein Jr. and John Dann formed Mako Tech of Louisiana, L.L.C. to provide film-related services to a customer in Louisiana, without the accused product. [Declaration of John Dann, Dkt. 68-1, ¶ 14]. Payments from Mako Tech of Louisiana, L.L.C were for support and services provided by Oceanic to the Louisiana limited liability company, |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | to 109:7; 109:19 to 110:25; 111:22 to 115:3; 118:9-24.<br>Copies of revenue checks for MakoHead rentals deposited to Kleins' #8224 account and not turned over to trustee: dkt. 65-3, pgs. 11-16; dkt. 249-8, pgs. 8, 14.<br>Copies of checks written from Kleins' #8224 account during this period:<br>to Dann (c/o Bee Dee Neon): dkt. 65-4, pgs. 7, 9, 10, 12; dkt. 249-8, pgs. 44, 45, 50, 77; to Klein Sr.: | relied upon in making its determination in dkt. 142. | | without the accused product. [Id.]<br><br>Dann and the Kleins never engaged in any MakoHead business in the individual capacities, and nothing cited by Plaintiffs shows otherwise. |

| Plaintiffs' Erroneous Assertions | | | | OPEL's Response |
|---|---|---|---|---|
| Previously Unknown Fact | First Identification in Docket | Relevance to 60b Motion | Why Previously Unknown | Falsity of Plaintiffs' Assertion |
| | dkt. 65-3, pg. 28; dktl. 65-3, pg. 13. Copies of checks written from Kleins' #8224 account during this period signed by Klein Sr.: Dkt. 65-4, pg. 7, 8, 13, 28; dkt. 249-8, pg. 44, 45 Copies of checks written from Kleins' #8224 account during this period and signed by Klein Jr.: Dkt. 65-4, pgs. 10-12; dkt. 249-8, pgs. 50, 76, 77. | | | |