MARK J. YOUNG
   Fla. Bar No. 0078158
*Pro Hac Vice*
   myoungpa@gmail.com
MARK YOUNG, P.A.
1638 Camden Avenue
Jacksonville, FL 32207
Tel.: 904-996-8099
Fax: 904-980-9234

Attorney for Oceanic Production Equipment, Ltd. and Jordan Klein, Sr.

David A. Peck
SBN 171854
Coast Law Group LLP
1140 South Coast Highway 101
Encinitas, California 92024
Tel. 760.942.8505 x108
Fax 760.942.8515
Email dpeck@coastlawgroup.com

Attorney for Oceanic Production Equipment, Ltd. and Jordan Klein, Sr.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOICE INTERNATIONAL, INC., a California corporation; DAVID GROBER, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>OPPENHEIMER CINE RENTAL, LLC, a Washington corporation; OPPENHEIMER CAMERA PRODUCTS, INC., a Washington corporation; MARTY OPPENHEIMER, an individual; JORDAN KLEIN, SR., an individual; JORDAN KLEIN, JR., an individual; JOHN DANN, an individual; Mako Products, an unknown entity, Oceanic Production Equipment, Ltd., a Bahamian company; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:15-cv-08830-JAK-KS<br><br>*The Honorable John A. Kronstadt, Courtroom 750*<br><br>**JORDAN KLEIN SR.'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT [DKT. 313]** |

/////

## BACKGROUND

In an Order [Dkt. 311] dated May 13, 2019, the Court ordered Plaintiffs to file a fourth amended complaint consistent with the Order no later than May 20, 2019.  In a prior order [Dkt. 294, p. 13], the Court ordered Klein Sr. Jordan Klein Sr. (Klein Sr.) to respond to the amended pleading in 14 days.  Plaintiffs served the Fourth Amended Complaint [Dkt. 313] (FAC) on May 20, 2019.   Klein Sr. hereby answers the FAC.

## GENERAL DENIAL

Unless expressly admitted below, Klein Sr. Klein Sr. denies each and every allegation Plaintiffs have set forth in their FAC.

For ease of reference only, Klein Sr. has reproduced the headings Plaintiffs used in their Second Amended Complaint. To the extent the headings Plaintiffs used contain any allegations or characterizations, Klein Sr. denies the truth of those allegations or characterizations.

## RESPONSES TO PLAINTIFFS' SPECIFIC ALLEGATIONS

Answering the specific allegations of Plaintiffs' FAC, Klein Sr. responds with the following paragraphs, which correspond sequentially to the paragraphs in Plaintiffs' Second Amended Complaint:

## JURISDICTION AND VENUE

1. Klein Sr. admits that Plaintiffs allege an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but specifically denies any such alleged infringement.  Klein Sr. admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Klein Sr. denies the remaining allegations of this paragraph.

2. Klein Sr. admits that the Court has ruled that Court has personal jurisdiction over Oceanic Production Equipment, Ltd., (OPEL) for the purpose of this case. Klein Sr. respectfully disagrees with the Court's ruling and denies that the Court has personal jurisdiction over OPEL or Klein Sr.  Klein Sr. denies the remaining allegations of this paragraph.

3. Klein Sr. denies that venue is proper in this district because OPEL is not an alter ego of Klein Sr., Klein Sr. is not an alter ego of OPEL, Klein Sr. does not reside in this district and any alleged infringement by Klein Sr. did not occur in this district, and Klein Sr. does not have a regular and established place of business in this district.  Klein Sr. denies the remaining allegations of this paragraph.

## THE PARTIES

4. Klein Sr. lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, and therefore denies such allegations.

5. Klein Sr. lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, and therefore denies such allegations.

6. Klein Sr. lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, and therefore denies such allegations.

7. Klein Sr. lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, and therefore denies such allegations.

8. Klein Sr. lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph, and therefore denies such allegations.

9. Klein Sr. admits the allegations of this Paragraph.

10. Klein Sr. denies each and every allegation contained in this Paragraph.

11. Klein Sr. denies each and every allegation contained in this Paragraph.

## THE ASSERTED PATENT

12. Klein Sr. admits that US Patent No. 6,611,662 (the "Patent") is entitled "Autonomous, Self Leveling, Self Correcting Stabilized Platform." Klein Sr. denies all other allegations of this Paragraph.

13. Klein Sr. admits that the United States Patent and Trademark Office (PTO) determined that the invention claimed in the Patent was patentable over specific prior art considered during the course of Inter Partes Reexamination 95/000,092, in view of substantially limiting arguments advanced by Plaintiffs to differentiate the claimed invention from the prior art. Klein Sr. also admits that Exhibit A to the Second Amended Complaint appears to be a copy of the Patent and a reexamination certificate from Inter Partes Reexamination 95/000,092. Klein Sr. lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph relating to inventorship, ownership and licensing, and therefore denies such allegations. Klein Sr. denies all other allegations of this Paragraph.

## COUNT 1 – WILLFUL DIRECT INFRINGEMENT OF THE '662 PATENT

### (Against All Defendants)

14. Klein Sr. repeats and realleges its responses to Paragraphs 1 through 13 above as if fully set forth herein.

15. Klein Sr. denies that the Patent is valid and enforceable. Klein Sr. lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph regarding the payment of maintenance fees, and therefore denies such allegations.

16. Klein Sr. denies each and every allegation contained in this Paragraph.

17. Klein Sr. denies each and every allegation contained in this Paragraph.

18. Klein Sr. denies each and every allegation contained in this Paragraph.

19. Klein Sr. lacks knowledge or information sufficient to form a belief as to the allegations in this, and therefore denies such allegations.

20. Klein Sr. denies each and every allegation contained in this Paragraph.

21. Klein Sr. denies each and every allegation contained in this Paragraph.

22. Klein Sr. denies each and every allegation contained in this Paragraph.

23. Klein Sr. denies each and every allegation contained in this Paragraph.

## COUNT 2 – INDUCED INFRINGEMENT OF THE '662 PATENT

### (Against All Defendants)

24. Klein Sr. repeats and realleges its responses to Paragraphs 1 through 23 above as if fully set forth herein.

25. Klein Sr. denies each and every allegation contained in this Paragraph.

26. Klein Sr. denies each and every allegation contained in this Paragraph.

## PRAYER FOR RELIEF

A. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

B. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

C. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

D. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

E. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

F. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

H. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

I. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any injunction in this matter.

J. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any damages, relief or judgment in this matter.

K. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any damages, relief or judgment in this matter.

L. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any damages, relief or judgment in this matter.

M. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any damages, relief or judgment in this matter.

N. Klein Sr. denies each and every allegation contained in this Paragraph, including Plaintiffs' allegation that it is entitled to or should be granted or awarded any relief or judgment in this matter.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Klein Sr. asserts the following affirmative and other defenses set forth below, and in making such defenses does not concede that it bears the burden of proof as to any of them.

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity)

Upon information and belief, and without prejudice to further amendment upon information found during discovery, each asserted claim of the Patent asserted by Plaintiffs is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

Klein Sr. has not and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the Patent asserted by Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during original prosecution of the application resulting in the issuance of the Patent asserted by Plaintiffs, and in reexamination of the Patent, namely, the admissions, representations, and amendments made on behalf of the applicant and patentee, Plaintiffs are estopped from extending the coverage of the asserted claims in the asserted Patent, including under the doctrine of equivalents, to cover the accused product.

## FOURTH AFFIRMATIVE DEFENSE

(35 U.S.C. § 286 – Time Limitation on Damages)

Plaintiffs' claims for damages for any infringement allegedly committed by Defendant Oceanic Production Equipment Ltd., and/or by Klein Sr., more than six years prior to the filing of the First Amended Complaint on June 15, 2016 are barred by 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE

**(35 U.S.C. § 287 – Failure to Mark)**

Upon information and belief, Plaintiffs' pre-lawsuit claims for damages as to the asserted Patent are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

**(Inequitable Conduct)**

Upon information and belief, Plaintiffs' attempted enforcement of the Patent against Klein Sr. is barred by the doctrine of inequitable conduct.

## SEVENTH AFFIRMATIVE DEFENSE

**(Lack of Personal Jurisdiction and Venue)**

The Court lacks personal jurisdiction over Klein Sr.  Venue in this district is improper for Klein Sr.  OPEL is not an alter ego of Klein Sr.  Klein Sr. is not an alter ego of OPEL.  Klein Sr. does not reside in this district.  Any alleged infringement by Klein Sr. did not occur in this district.  Klein Sr. does not have a regular and established place of business in this district.

## EIGHTH AFFIRMATIVE DEFENSE

### (Res Judicata)

Mako Products, Inc., formerly a Florida corporation, was owned by Jordan Klein, Sr. and Jordan Klein, Jr.  The corporation liquidated and dissolved pursuant to and in accordance with a voluntary bankruptcy, under Chapter 7 of the Bankruptcy Code, Case # 3:12-bk-06572-JAF (M.D. FL). In the bankruptcy case, Plaintiffs David Grober and Voice International, Inc. filed proofs of claim for infringement of US Pat. No. 6,611,662 (Patent) by the MakoHead stabilizer.  The trustee objected to each claim on May 1, 2013.  Plaintiffs had 30 days to respond to the objection.  Plaintiffs did not respond.  On June 4, 2013, the Bankruptcy Court entered orders disallowing the claims in their entirety.  Plaintiffs had 14 days to appeal the order but did not appeal.  The Bankruptcy Court approved a sale of all assets of Mako Products, Inc. on May 15, 2013 over the strenuous objection of Plaintiffs, after briefing and a hearing.  The appeal time for that order was also 14 days.  Plaintiffs did not appeal.  The trustee filed a final account on September 5, 2014.  Plaintiffs had 30 days to object the final account.  Plaintiffs did not object.  The Bankruptcy Court issued a final order and closed the case on October 7, 2014.  Plaintiffs had 14 days to appeal the order but did not appeal.  The Bankruptcy Case is closed and well beyond any time for appeal.  Plaintiffs unsuccessfully pursued their allegation of patent infringement by the MakoHead stabilizer in the bankruptcy action of Mako Products, Inc. The related doctrines of res judicata and collateral estoppel now foreclose the opportunity to relitigate the claims.  Plaintiffs

are barred from alleging infringement through actions involving a MakoHead stabilizer, under the doctrine of res judicata and collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE

### (Reservation of Remaining Defenses)

Klein Sr. reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Respectfully submitted,

<u>/s/ Mark J. Young</u>          June 3, 2019
 Mark J. Young
 (Fla Bar No. 0078158)
*Pro Hac Vice*
Mark Young, P.A.
1638 Camden Avenue
Jacksonville, FL 32207
Tel.: 904-996-8099
Fax: 904-980-9234
Email: myoungpa@gmail.com
Attorney for Defendant,
Oceanic Production Equipment Ltd. and Jordan Klein, Sr.

<u>/s/ David A. Peck</u>          June 3, 2019
David A. Peck
(California Bar No. 171854)
Coast Law Group LLP
1140 South Coast Highway 101
Encinitas, California 92024
Tel.  760.942.8505 x108
Fax 760.942.8515
Email dpeck@coastlawgroup.com
Attorney for Defendant,
Oceanic Production Equipment Ltd. and Jordan Klein, Sr.