| | |
|---|---|
| Robert J. Lauson, Esq., SBN 175,486<br>bob@lauson.com<br>LAUSON & ASSOCIATES<br>880 Apollo Street, Suite 301<br>El Segundo, California 90245<br>Tel. (310) 726-0892<br>Attorneys for Plaintiff,<br>Voice International, Inc.<br><br>David Grober<br>davidgrober1@gmail.com<br>578 West Washington Blvd., Suite 866<br>Marina Del Rey, CA 90292<br>Tel. (310) 822-1100<br>Plaintiff, Pro se<br><br>Mark J. Young<br>(Fla. Bar No. 0078158)<br>Admitted *Pro Hac Vice*<br>MARK YOUNG, P.A.<br>1638 Camden Ave.,<br>Jacksonville, FL 32207<br>myoungpa@gmail.com<br>Attorney for Defendants<br>Oceanic Production Equip. Ltd.,<br>Jordan Klein, Sr. | James E. Doroshow (SBN 112920)<br>jodoroshow@foxrothschild.com<br>Ashe Puri, Esq. SBN 297,814<br>apuri@foxrothschild.com<br>FOX ROTHSCHILD LLP<br>1800 Century Park East, Suite 300<br>Los Angeles, CA 90067-1506<br>Tel. (310) 598-4150<br>Attorneys for Defendants,<br>Oppenheimer Cine Rental, LLC,<br>Oppenheimer Camera Products, Inc.,<br>and Marty Oppenheimer<br><br>David A. Peck (Cal. Bar No. 171854)<br>COAST LAW GROUP, LLP<br>1140 S. Coast Hwy 101<br>Encinitas, CA 92024<br>Tel: (760) 942-8505<br>dpeck@coastlawgroup.com<br>Attorney for Defendants<br>Oceanic Production Equip. Ltd.,<br>Jordan Klein, Sr. |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOICE INTERNATIONAL, INC., et al.,<br>    Plaintiffs,<br>v.<br>OPPENHEIMER CINE RENTAL, LLC, et al.<br>    Defendants | **Case No. 2:15-cv-08830-JAK-KS**<br><br>**JOINT WITNESS LIST**<br><br>Judge: Hon. John A. Kronstadt |

## Plaintiffs' Witness List
### (Plaintiffs reserve the right to call rebuttal witnesses)

| Name | Est. For Direct | Summary of Testimony | Est. For Cross | Est. For Re-Direct | Total Est. |
|---|---|---|---|---|---|
| David Grober | 8 | David Grober will testify as to his background, his conception and reduction to practice of the patented invention, his development of the Academy Award winning invention, his efforts at commercializing the invention, his business renting out the invention, that his employee Steve Waterford left and went to work for Mako Products, how he learned of the accused infringing Makohead, his efforts to stop the infringement, the first infringement lawsuit, the successful reexamination of his patent, the erroneous summary judgment against him, the successful Federal circuit appeal, the stay for Mako Products bankruptcy, Mako's assets being sold and OPEL continuing the infringement along with Oppenheimer, the second lawsuit, Jordan Klein's false statements about no longer being involved, how the Makohead infringes the patent-in-suit, the severe damage done to his Motion Picture Marine business, and other subjects relevant to the current action. | 3 (Opp. Defs) | 2 | 13 |
| John Dann | 4 | John Dann is expected to testify as to his operation of Mako Products and its successor OPEL, his dealings with Oppenheimer and other rental houses, the California company Original Production's renting of the Makohead, Jordan Klein Sr.'s | 1 | 1 | 6 |

| | | | | | |
|---|---|---|---|---|---|
| | | | involvement in the business, OPEL's failure to adhere to the corporate formalities, and other subjects relevant to the current action. | | | |
| | Marty Oppenheimer | 2 | Marty Oppenheimer is expected to testify as to operating a rental house, his renting of the Makohead to customers including the Original Productions of California, being named as a Defendant in both lawsuits, his knowledge of the patent and whether the Makohead infringes it, his business dealings with OPEL, and other subjects relevant to the current action. | 1 | .5 | 3.5 |
| | Tom Smith | 3 | The creation, structure and operation of the accused product; the structure and operation of the system described and claimed in the '662 patent; the opinion provided in the first Mako lawsuit, the state of the art in the 1990s, the structure and operation of known prior art systems as described in patents that preceded the effective filing date of the '662 patent by more than a year; the structure and function of the control system of the '662 patent; and the locations and functions of sensors in the '662 patent; and differences between the accused product and the system recited in the asserted claims of the '662 patent. | | | |

**Oppenheimer Defendants' Witness List**

| Name | Direct (hours) | Summary of Testimony | Cross (hrs) | Re-Direct (hrs) | Total Estimate |
|---|---|---|---|---|---|
| Marty Oppenheimer | 3 | Mr. Oppenheimer will testify on issues of non-infringement, invalidity and no willful infringement, and on revenues, profits and costs attributable to rentals of the accused products and damages, if necessary | 1 | 2 | 6 |
| John Dann | 2 | Mr. Dann will testify on issues of no willful infringement and his communications with Mr. Oppenheimer. | 1 | 1 | 3 |
| Lisa Roberts | 2 | Ms. Roberts will testify on behalf of Original Productions regarding its rentals of the Accused Products and damages, if necessary. | 30 min | 1 | 3.5 |

**OPEL And Klein Sr. Witness List**

| Witness | Summary | Direct | Cross | Redirect | Total |
|---|---|---|---|---|---|
| Jordan Klein Sr. (via video feed). | Absence of contacts in California; the first Mako lawsuit and bankruptcy of Mako Products; Smith opinion in the first Mako lawsuit; formation of OPEL; acquisition of Mako Products' assets by OPEL; funds provided to or for OPEL; scope of relationships with Mako Products, OPEL, and John Dann; opinion received in prior Mako lawsuit; Plaintiffs' allegations | 30 min. | 1 | 30 min. | 2 |

| Witness | Summary | Direct | Cross | Redirect | Total |
|---|---|---|---|---|---|
| | against Klein Sr. in the pleadings, including alter ego; Klein Sr.'s defenses alleged in the pleadings. | | | | |
| Tom Smith | The creation, structure and operation of the accused product; the structure and operation of the system described and claimed in the '662 patent; the opinion provided in the first Mako lawsuit, the state of the art in the 1990s, the structure and operation of known prior art systems as described in patents that preceded the effective filing date of the '662 patent by more than a year; the structure and function of the control system of the '662 patent; and the locations and functions of sensors in the '662 patent; and differences between the accused product and the system recited in the asserted claims of the '662 patent. | 4 hrs | 3 | 2 hrs | 9 |
| John Dann | Absence of contacts in California; the first Mako lawsuit and bankruptcy of Mako Products; formation of OPEL; Smith opinion in the first Mako lawsuit; acquisition of Mako Products' assets by OPEL; funds provided to or for OPEL; scope of relationships with Mako Products, OPEL, and Klein Sr.; locations of accused products at relevant times; payments received and | 4 hrs | 2 | 1 hrs | 7 |

| Witness | Summary | Direct | Cross | Redirect | Total |
|---|---|---|---|---|---|
| | made by OPEL; cessation of OPEL's business; OPEL's transactions with customers; the shipping, setup, use and maintenance of the accused product; and components of the accused product; allegations that OPEL is an alter ago of Klein Sr.; Plaintiffs' allegations against OPEL in the pleadings; OPEL's defenses alleged in the pleadings. | | | | |

\* All time durations are estimates.

September 16, 2019      LAUSON & ASSOCIATES
/Robert Lauson/
Robert J. Lauson, Esq.
Attorney for Plaintiff
VOICE INTERNATIONAL

September 16, 2019      DAVID GROBER
/David Grober/
In Pro Per

September 16, 2019      FOX ROTHSCHILD, LLP
/Ashe Puri/
Ashe Puri, Esq.
Attorney for Defendant
OPPENHEIMER DEFENDANTS

September 16, 2019      MARK YOUNG, P.A.
/Mark Young/
Mark Young
Attorney for Defendants
OCEANIC PRODUCTION EQUIP., LTD
& JORDAN KLEIN, SR.