David Grober
davidgrober1@gmail.com
578 West Washington Blvd., Suite 866
Marina Del Rey, CA  90292
Tel. (310) 951-1110

Plaintiff, Pro se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| **VOICE INTERNATIONAL, INC.**, a California corporation; **DAVID GROBER**, an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>**OPPENHEIMER CINE RENTAL, LLC, et al.**,<br><br>    **Defendants** | Case No.: 2:15-cv-08830-JAK(KS)<br><br>**Plaintiffs' Opposition To Defendants' Motions In Limine To Exclude Documents Produced After The Close of Discovery**<br> (Doc. 360)<br><br>**Pretrial Conf. Date: Sept. 30, 2019<br>Time: 1:30 pm<br>Place: Courtroom 10B, First Street** |

Defendants "move this Court to exclude the introduction at trial of documents dumped by plaintiffs on defendants after the close of discovery." Doc. 360, page 2. Defendants contend only documents DG00001 – DG03421 were produced before discovery closed on April 30, 2018. *Id.,* page 3.

Defendants' motion is factually inaccurate, as documents Bates stamped DG00001 – DG07961 were produced by April 30, 2018, and documents numbered DG07962 – DG08064 were produced 8 days later after being received the previous day from a subpoena issued in April. See attached emails confirming same. (Ex. 1)

After the Court's October 1, 2018 tentative order saying the parties should supplement their document production, Plaintiffs made such requests to Defendants. Mr. Young stated that it was Plaintiffs that needed to supplement their discovery production, claiming it was wholly inadequate. Plaintiffs went back and supplemented with additional documents that were now relevant with Klein Sr. being in the case. Those documents, among other things, included communications between Klein, Grober's employee Steve Waterford, Tom Smith, and substantiate the misappropriation of Plaintiffs' trade secrets and components to build the MakoHead, Klein Sr.'s accounting records showing his payments to Waterford, and other documents relevant to development of the Perfect Horizon now that Klein Sr. was in the mix. The early time frame of the invention was called into question and Plaintiffs supplemented information on David Grober and his development of his invention, the patent and commercialization. Defendants never made any statement or complaint when these documents were produced. And to be sure, were likely scoured looking for cracks in Plaintiffs' case. Plaintiffs did exactly what Defendants asked for.

Suddenly at the meet and confer on September 9, 2019, Defendants raised this issue for the first time.

Defendants wish to exclude any documentary reference to the creation of the MakoHead, and how it came into existence in 2001-2004. This includes the fact that Klein Sr., prior to the existence of the company he started, Mako Products, Inc., (MPI) paid Plaintiffs' Florida technician, Steve Waterford, over $20,000 (1099's), while Waterford worked for Plaintiffs, to hand over Grober's Perfect Horizon components and trade secrets. Communications obtained in discovery are brutal in their discussion of how, after stealing Grober's components and trade secrets, and bringing to market Klein Sr.'s MakoHead, how Waterford and Klein would siphon off Plaintiffs' clients.

> Once the Mako Head is near ready to hit the market (but not yet on the market), I will need to immediately, formally & entirely abandon my business association with MPM and return all his equipment. (I'll come up with my own stated rationales for doing that; but they will be completely unrelated to working for you.) Thereafter, whenever I receive calls from potential clients I will tell them that I no longer represent, or recommend, the Hydro Gyro but highly recommend the Mako Head. I'll then give those clients your contact information and tell them to state my referral.

Further documentation clarifies specific components of Plaintiffs that were passed on to Klein and his engineer Tom Smith. Emails between or including Waterford and Klein Sr., are specific in the trade secrets and components being stolen from Grober, underwritten by Klein's payments to Waterford. These activities cannot be excluded as they show the creation of the MakoHead, its technical basis as a copy of Plaintiffs' device, and are part and parcel of willful infringement.

That Plaintiffs' documents identified individuals involved in developing or improving Plaintiffs' stabilization system, and Defendants' objection that they were not named inventors and Defendants did not know of them or have an opportunity

to depose them, is false and misleading to the Court, at best. Pg. 4, L 11-16, and Pg. 5, L25 – Pg. 6, L 1. The only persons of any pertinent relationship to Grober's invention were Grober's independent contractor engineer, Scott Lewallen, and Grober's employee, Steve Waterford whom Klein Sr. paid for Grober's technology.

The instant case Defendant, Klein Sr., owner of Mako Products, Inc. (MPI) in Mako-1, had counsel take the deposition of Scott Lewallen in Seattle, Washington on October 30, 2008, specifically on inventorship. Furthermore, in this case, Mr. Young subpoenaed all of Scott Lewallen's documents. Mr. Young also received a copy of Lewallen's declaration from Mako-1 wherein Lewallen stated his involvement and that he did not consider he had any role in inventorship.

Steve Waterford was likewise deposed in Mako-1 by Plaintiffs and MPI, owned by Klein Sr. on June 11, 2008.

Klein Sr.'s company, MPI, deposed Grober in Mako-1 on November 14, 2007. Grober was deposed a second time by the four brick and mortar rental house Defendants that Klein Sr. left to shoulder the infringement case when Klein Sr. took MPI into bankruptcy in October 2012. The four rental houses hired Coast Law Group for their defense. The second deposition of Grober in Mako-1, on March 15, 2016, was conducted by David Peck, who now represents Defendants in the instant case. Defendants statement pertaining to misjoinder and nonjoinder are without a base, and "Defendants cannot depose Plaintiffs about inventorship" is likewise misleading because Defendant Klein Sr., already took two depositions on the issue, Lewallen's and Waterford, as well as Grober's deposition twice.

All of the documents that Defendants request to be excluded were provided within the deadlines, or when discovery had been extended, and if it can be argued not, then certainly after Defendants complained that Plaintiffs had not provided enough discovery, asked for more. Now that they don't like that discovery, they want it excluded, stating they have been short changed. If the Court believes that is an issue, Plaintiffs will accommodate Defendants by allowing a third deposition of

David Grober, not to exceed three hours, at the offices of Lauson and Associates, between October 2 and 9, on objected subjects, and Plaintiffs will pay for the court reporter.

For those reasons, and also for the reason that the documents tell the truth, and in this case with the continued trips before the Magistrate with the Plaintiffs being the moving party, and it being shown that Defendants were not forthcoming, in areas such as alter ego resulting in the 60b motion, the truth should be on the table for the jury.

Respectfully Submitted,

Dated: September 23, 2019

By: /David Grober
David Grober
In Pro Per