Robert J. Lauson, Esq., SBN 175,486
bob@lauson.com
LAUSON & ASSOCIATES
880 Apollo Street, Suite 301
El Segundo, California 90245
Tel.  (310) 726-0892
Fax  (310) 726-0893
Attorneys for Plaintiff, Voice International, Inc.

Lamar Treadwell, Esq., *Pro Hac Vice*
lamar@treadewelltriallaw.com
Law Offices of Lamar D. Treadwell
1308 E. Common Street, Suite 205
New Braunfels, TX 78132
Tel: (505) 660-0602
Attorneys for Plaintiff, Voice International, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| **VOICE INTERNATIONAL, INC.**, a California corporation; **DAVID GROBER**, an individual,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>**OPPENHEIMER CINE RENTAL, LLC**, et al.,<br><br>　　Defendants. | Case No.: 2:15-cv-08830-JAK-KS<br><br>**Plaintiffs' Opposition To Defendant's Ex Parte Application To Stay Or Continue Trial (Doc. 379)**<br><br>Pretrial Conf. Date: Sept. 30, 2019<br>Time: 1:30 pm<br>Place: Courtroom 10B, First Street |

1         In Mako 1, when litigation continued after years of delays, including for
2  discovery disputes, a reexamination, summary judgment, and then a successful
3  federal circuit appeal, John Dann (Mako Products, Inc.'s manager) ~~when OPEL's~~
4  complied with the Court's order and finally released close to 10,000 pages of
5  emails.  Plaintiffs only then first became aware that Oppenheimer was renting the
6  accused infringing Makohead to a California-based company that contradicted
7  Oppenheimer being dismissed from Mako as to lack of personal jurisdiction. As a
8  result of such litigation tactics, Plaintiffs' launched this lawsuit, Mako 2.
9         Once Plaintiffs had personal jurisdiction over Oppenheimer, and knowing
10 OPEL was involved along with the Kleins and John Dann, Plaintiffs amended the
11 complaint to name them.  OPEL, the Kleins and Dann all contested personal
12 jurisdiction, including Klein Sr. filing false declarations saying he was not
13 involved.  As a result, the Court found personal jurisdiction over OPEL only, and
14 dismissed the Kleins and John Dann.  In the next year Plaintiffs obtained OPEL's
15 corporate documents directly from The Bahamas discovering Klein's role, and from
16 John Dann's deposition discovered OPEL was a sham corporation and alter ego of
17 Klein Sr.  Upon Plaintiffs' motion for reconsideration and presenting the
18 previously-unavailable evidence which contradicted his declaration, Klein Sr.
19 became a named Defendant. Doc. 294.  The Coast Law Group have been
20 representing Defendants and being paid by Klein Sr. going back to Mako 1 along
21 with Mark Young since the early days of Mako 2, and hence Klein Sr.'s cries that
22 he hasn't had fair opportunity to participate in Mako 2 are untrue.  For a more
23 complete statement of the facts with citations, please see other papers recently filed
24 by Plaintiffs, for example doc. 374, pages 2-6 of 12.
25         With the trial two weeks away, now comes Klein Sr.'s Hail Mary to stop the
26 trial, which based on the ongoing pattern of conduct  was predicted by Plaintiffs'
27 opposition response to Klein Sr.'s Motion in Limine No. 1 on alter ego (doc. 371),
28 which is incorporated herein by reference concerning this litigation tactic and

request for sanctions.  In conferring before the motion, Defendants' attorney Mark Young admitted he doesn't expect the motion to be granted, given its being brought so close to trial.  Klein Sr.'s ex-parte application is an abuse of process as the so-called emergency was created by the moving party, such that it should be summarily denied. *Mission Power Engr. Co. v. Continental Cas. Co*., 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("Ex parte applications are not intended to save the day for parties who failed to present requests when they should have . . ..").  The prior art being asserted fails to render the '662 patent invalid, because it is arguably non-analogous prior art, and it is substantially different from the patent claims in suit, at least giving rise to factual issues.  The new prior art pertains to the space shuttle telescope pointing system (which operates in zero gravity), and a system to correct for ship deformation in a large stabilization scheme.  Although the U.S. Patent & Trademark Office agreed to take another look (a very large percentage of reexaminations are granted upon paying the fees), as happened with the first reexamination launched years ago by Mako Products (OPEL's predecessor) when all the claims of the patent were confirmed, it will be 1-2 years until the PTO makes any decision.  Klein Sr.'s explanation as to why he waited so long is that he didn't fund the litigation enough until he was made a party. Doc. 379, page 8, lines 5-7.  Klein Sr.'s likely plan with his underfunded, sham OPEL corporate entity was to send it into chapter 7, as he did with Mako Products in Mako 1, if things didn't go well.  That is not a valid excuse for waiting until the eve of trial.

### The Cases Are Legion Denying The Relief Klein Sr. Is Requesting

Courts routinely reject applications to stay on the eve of trial, even in view of granted reexaminations. *See Malibu Boats, LLC v. Nautique Boat Co.*, 122 F. Supp. 3d 722, 728 (E.D. Tenn. 2015) (denying stay because of the close of discovery and the impending trial date in this case); *P&G Co. v. Team Techs., Inc., No. 1:12-cv-552, 2014 U.S. Dist. LEXIS 17112, at *8 (S.D. Ohio Feb. 11, 2014)* (denying stay

because fact discovery closed, Court had already issued its claim construction ruling, and the parties have exchanged expert reports); *Universal Elecs. Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031, 1035 (C.D. Cal. 2013) (totality of circumstances is the test; stay denied: "If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and start. Federal Court calendars should not be hijacked in this manner."); *Interwoven, Inc. v. Vertical Computer Sys., Inc.,* No. C 10-04645 RS, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012) (denying stay, noting that discovery was well underway, but that "[m]ore importantly, the parties have fully briefed the issue of claim construction, attended a Markman hearing, and received a claim construction order."); *APP Pharm., LLC v. Ameridose LLC,* CIV.A. No. 10-4109 JAP, 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011) (denying stay because the Court "invested significant resources in becoming familiar with the patents, relevant art, the parties' drug products, claim construction and the like, it would be a waste of judicial resources to put off litigating the instant matter for the length of time necessary to conclude the reexamination process.") *Ultra Products, Inc. v. Antec, Inc.*, No. C 09-04255 (N.D. Cal. Apr. 26, 2010) (denying a stay pending reexamination due to the uncertain reexamination delay and discovery and claim construction already under way); *Nat'l Carpet Equipment, Inc. v. Equipment Development Co. Inc.* Case No. 0-09-cv-00974 (D. Minn., Jan. 28, 2010) (denying stay because parties have engaged in discovery and made significant progress in the case); *BarTex Research v. FedEx Corp.*, 611 F. Supp. 2d 647, 650 (E.D.Tex. 2009) (denying a stay because the motion was filed 16 months after case began and a stay was unlikely to simplify the issues) *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 178 (S.D.N.Y. 2009) (Denying stay when discovery is substantially completed, including the depositions of witnesses and the exchange of approximately 750,000 pages of documents and electronic files); *Power Integrations Inc. v. Fairchild Semiconductor Int'l Inc.*, No. 08-309-JJF-LPS, 2008

U.S. Dist. LEXIS 102716, at *5 (D. Del. Dec. 19, 2008) (denying stay even though discovery is at its earliest stages lack of a trial date); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (denying stay because trial date is set, fact discovery is nearly complete, therefore this case is not in an "early stage" of proceedings); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d. 660, 662 (E.D. Tex. 2005) (denying a stay where defendant had waited one year to move for stay, parties had produced hundreds of thousands of pages of documents; and the court had held a Markman hearing); *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 407 (W.D.N.Y. 1999) (denying a stay because the case had been pending for two years, parties engaged in substantial discovery and dispositive motions and case nearly ready for trial). *Output Technology Corp. v. Dataproducts Corp.*, 22 U.S.P.Q.2d 1072, 1074 (W.D. Wash. 1991) (denying stay when significant discovery had occurred and trial date set); *Wayne Automation Corp. v. R. A. Pearson Co.* 20 U.S.P.Q.2d 1718, 1720 (E. D. Wash.1991) (denying stay when non-moving party had conducted extensive discovery and case set for trial); *Enprotech Corp. v. Autotech Corp.* 15 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 1990) (denying stay when discovery nearly complete and case set for trial); *E. I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 711 F. Supp. 1205, 1207 (D. Del. 1989) (denying stay when litigation had advanced through trial, appeal, and remand); *Freeman v. Minnesota Mining and Mfg. Co.*, 661 F. Supp. 886,888 (D. Del. 1987) (denying stay when discovery had concluded, trial date was set, and the first of two consolidated actions filed two and one-half years previous); *Emhart Indus. v. Sankyo Seiki Mfg.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987) (granting stay eighteen months into litigation, significant discovery had occurred, and trial date set); *Loffland Bros. Co. v. MidWestern Energy Corp.*, 225 U.S.P.Q. 886, 887 (W.D. Okla. 1985) (granting stay after significant discovery, pretrial conference and trial date set); *The Toro Co. v. L. R. Nelson Corp.,* 223 U.S.P.Q. 636,638 (C.D Ill. 1984) (denying stay when suit had been pending for three and one-half years).

*But see Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (granting stay five years into litigation and twenty days before trial), *cert. denied,* 464 U.S. 935, (1983).

**A Stay For Untimely Summary Judgment Briefing Should Also Be Denied**

To allow its summary judgment motion, Defendants are essentially asking the Court to modify its scheduling order. A showing of good cause is required, with the moving party must show due diligence in meeting deadlines. *Sadid v. Vailas,* 943 F. Supp. 2d 1125, 1138 (D. Idaho 2009) (if party was not diligent, inquiry should end); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992) (disregard of scheduling order would undermine court's ability to control its docket, disrupt agreed-on course of litigation, and reward the indolent and cavalier). Good cause does not include a change in litigation strategy. *Snyder v. Collura,* 812 F.3d 46-51-52 (1st Cir. 2016). Here Defendants' contention now that Klein Sr. is potentially personally liable for infringement, that they have more money from him to spend on the litigation, fails to meet the just cause standard to modify the case schedule.

**If A Stay Is Granted, Bond Or Security Should Be A Condition**

To the extent any lengthy stay is granted, among Plaintiffs' concerns are that any assets that could be used to satisfy any judgment years from now will long be dissipated. Accordingly, if the Court is inclined to grant any stay, a substantial bond should be required from Defendants. *California v. American Stores* Co., 492 U.S. 1301, 1308 (1989) (stay conditioned on pasting of bond, bond posted with district court). Given Defendants' purported high level of confidence that the patent is invalid, and hence then it will recover its bond in full, Defendants should be receptive to such an arrangement. If not, it is telling that they are not so

confident, and/or intend to hide money and frustrate Plaintiffs' efforts to collect any future judgment.

Date: September 27, 2019             Respectfully submitted,

/Robert Lauson/
Robert Lauson, Esq.
Attorneys for Plaintiff, Voice International

/Lamar Treadwell/
Lamar Treadwell, Esq.
Attorneys for Plaintiff, Voice International