David Grober
davidgrober1@gmail.com
578 West Washington Blvd., Suite 866
Marina Del Rey, CA 90292
Tel. (310) 951-1110

Plaintiff, Pro se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION**

| | |
|---|---|
| **VOICE INTERNATIONAL, INC., a California corporation; DAVID GROBER, an individual,**<br><br>     **Plaintiffs,**<br><br>     **vs.**<br><br>**OPPENHEIMER CINE RENTAL, LLC, et al.**<br><br>     **Defendants** | Case No.: 2:15-cv-08830-JAK(KS)<br><br>**Plaintiff's Exhibit Explanation Chart As Requested By The Court (Doc. 382)**<br><br>Status Conf.: Oct. 28, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 10B, First Street |

The Court's order (doc. 382) instructed Plaintiff to prepare a chart that states when a late produced exhibit was first made available and as to what issues the document would be relevant if introduced at trial.

The close of discovery date of April 30, 2018 related only to OPEL as Klein Sr. had not yet been admitted to the case. Discovery as to Klein did not open until almost a year later on April 18, **2019**. (doc. 304). No close of discovery date was specified for Klein.

                                                            Respectfully Submitted,

                                                            /David Grober/
                                                            David Grober

| Exhibit No. | Exhibit Title | Pages Produced after April 30, 2018 (close of discovery for OPEL, doc. 224). Dicovery for Klein Sr. opened on April 18, 2019 (doc. 304), but a specific close date was not given. | Why Produced After Close of OPEL discovery on April 30, 2018 | When Document/Information Was First Available To Defendants | Relevant Issue At Trial |
|---|---|---|---|---|---|
| 89 | TE_Grober History & Awards. | This exhibit is made up of several documents. DG 3696, 3700, 3822, were produced prior to 4/30/18. DG 9071, 10896, 10898=Jan 2019. DG 15525-27, and 15765-15783(10 production pictures) produced after Klein admitted to case. | The later produced documents were not relevant until Klein was in the case. DG 9071, 10896, 10898, give additional history of Grober, DG 15525-27, and 15765-15783(10 pictures) shows Grober's invetive history and most notably shows Grober's marine coord & camera operating, which directly competes with Klein Sr. They were competitors & very relevant once Klein enters the case. Of little relevance to Oppenheimer or OPEL. | The January 2019 production was in response to Young's demand for more discovery. The information on Grober as a marine coordinator, cameraman, director, were common knowledge in the industry, and certainly fully known in 2002 when Klein rented Grober's Perfect Horizon and paid Grober's employee for Grober's tech, Waterford, had worked for Grober for several years. | Willfull Infringement |
| 90 | TE_DG 10909-10936-P's Damages Report-1 | DG 10909-10936. Produced 1/16/19. | Defendants already had it. | First produced in Mako 1 where Polychron and Peck of Coast Law, represented the four rental houses Klein abandoned in BKY who were with the infringmeent litigation. Coast Law became attorneys of record in Mako-2 on 7/13/18 and now represent all Defendants herein. Doc. 260. | Damages |
| 92 | TE_MPM-PH Advertising | Full page display ads and mag article, 3696, 3700 & 3822 produced timely. 9288-99 produced Jan 2019. Motion Picture Marine Brochure. DG 11618-11625 was produced 8/10/19. | Additional Perfect Horzion brochure 9288-89 produced on Young's demand for more. Motion Picture Marine brochure produced after Klein admitted as it shows competition between Grober and Klein. | Perfect Horizon brochure and MPM brochure were readily and publicly available. Waterford had and distributed both during the time Klein paid him while working for Grober. D's had full access. Oppenheimer exhibited at Cine Gear where these were distributed. | Willful Infringment |
| 93 | TE_ VI-MPM Checks 2000-2008 DG 15182-15407 | DG 15182-15407. Produced 8/20/19. | 1. Young demanded more documents. This was an additional 6 years of proof of Plaintiffs' rental rates of $1,200/day, $5,000/wk. Further shows substantial dollars to be made in rentals during the time Klein Sr was renting P's Perfect Horizon and financial reason for Klein's interest. | After Klein was admitted. | Damages & Willfull Infringement. |
| 96 | TE_OPEL Invoices 2006-2010_DG 9443-9471 | DG 9443-9471. Produced 1/16/19 | With 60b pending and Young demanding more documents, Plaintiffs produced these OPEL exhibits going back to before OPEL's Bahamas inception. This means these are related not to OPEL, but to Klein or MPI. This activity and how to assess it becomes an issue of fact for a jury. | Defendants have always had access as OPEL states that it generated these invoice. | Damages (Klein) |
| 102 | TE_OPEL-OPP Inv to Norway DG10799 | DG 10799. Produced 1/16/19. | 1. Young demanded more documents. 2. Shows MakoHead taking away overseas rentals as well as U.S.. Not extremely relevant, but adds overall info on the demand for the product. Panduit-damages. | Produced by Mako in Mako-1. Klein always had access as Mako is/was his company- He was owner, officer & director. | Damages |

| | | | | | |
|---|---|---|---|---|---|
| 103 | TE_FedEX Opp-SE DG 9944-9945 | DG 9944-9945. Produced 1/16/19. | 1. When Young demanded more documents, Plaintiffs' search of Mako's documents located this Oppenheimer shipping document produced by Mako and origianlly hidden by Oppenheimer. | Always available as being Oppenheimer's own shipping records, which he withheld in Mako-1, and was produced by Klein's MPI in Mako-1. | Oppenheimer Willfulness. He hid his MakoHead business with California, got off jurisdiction, Grober decided not to chase to court in State of Washington, & Oppenheimer came back, having been named in Mako-1, and did it again. |
| 104 | TE-Mako-1 cv-08604-JZ. Dkt #'s 227, 228, 229, 230, 233, 254,255,380,381,392, 393,399,401,402,410,413 | Identified in August 2019 | Not relevant until Klein in the case. | Defendants have always had access to and been aware of the Mako-1 case and its relationship to this case. | Willful infringement for all Defendants. The litigation activities, D's filing numerous counter causes of action, Anti-Trust, Defamation in Federal and State courts, failed PTO reexam, massive document withholding, which led to Mako-2, are extremely relevant. The issue was not infringement, the issue was how to continue to willfully infringe, essentaiily outlast P's patent life and walk away with the revenues as BKY afforded Klein, and with Oppenheimer, decided to continue willful infringment. |
| 106 | TE_Klein develop MH & Purchases 178 pgs comms&invoices. | The first 34 pages, DG 7879 - 7918 and DG 3843, were produced prior to 4/30/18. The remainder, 10290 - 10422 & 10517- 10559,  1929 - 11935 were produced 1/16/19. 10560 | Mr. Young requested more documents and Klein Sr's jurisdiction was pending.  Plaintiffs went back through documents both Mako and Klein produced in Mako-1.  Over two hundred additional documents produced show Klein's direct involvement in paying Waterford, Klein's and Waterford ordering components on Klein's accounts, emails between Klein, Waterford and Smith, or combinations thereof, and shows history of willful infringement, as well as Klein specifically purchasing components called out by Waterford as used in the Perfect Horizon.   When Klein came under jurisdiction in this case, Plaintiffs requested this information but Klein did not produce. These documents tell the story and are the truth from Defendants themselves. This is part and parcel of willful infringement relevant after Klein comes into the case. | These are Klein's own documents that he personally created, in some cases show his own handwriting and signature and which were produced in Mako-1 by Klein, Mako and Smith, and which they did not produce, after being requested to, in this case. These are highly relevant and come from Defendants and their expert. | Willfull Infringement. |
| 107 | TE_CAFC Briefs_M1-Markman | DG 10057-10127, 10835- 10892, 11069-11083 produced 1/16/19. | 1. Produced upon Young's request. These support and substantiate the Court of Appeal's reasons for construction of paypload platform. Other Appeal issue, discovery, were pertinent to Klein's pending 60b decision and eventual admittance to the case and willfull infringement. | Klein owned MPI. Opposed Appeal. Had full knowledge. | Technical Infr substantiation. Willfull Infringement. |

| | | | | | |
|---|---|---|---|---|---|
| 108 | TE_Declarations and Discovery responses | P's bates 15732-15855 Defendants' declarations. Produced Aug 2019. P's produced after Klein in case as they became relevant. DG 7962 - 8063 - Dann's credit card statements. Received 7 days after close of OPEL discovery and immediately produced. DG8859-8862 produced 1/16/19, Mako-1 Counsel letter - relevant to discovery & willfullness & Klein. | Declarations & discovery responses in Mako-1 and Mako-2 became relevant pertaining to Klein and willfullness. All documents originated from Defendants during and after discovery. Counsel letter - relevant to discovery & willfullness. | Documents making up this exhibit were either filed with the Court by Defendants or produced to Plaintiffs by Defendants. One exception is the subpoena response documents by one of plaintiffs' former contractors subpoenaed by Mr. Young. Pertains to development during Klein obtaining P's components. | Willful Infringement |
| 111 | TE_PH Dev Engineers & DG with PH's. | DG 10905, 10937, 10938. 3 pictures of Perfect Horizon being developed. Produced 1/16/19 | Not relevant until Klein in the case. | Produced 1/1/6/19, however known to Waterford whom Klein started paying in 2002. | Willful Infringement. History of PH Development. |
| 112 | TE_SW's drawings & Ligi. 104 pgs.pdf | DG 11165 - 11268. Produced 1/16/19 | 1. Mr. Young demanded more discovery. Not relevant until Klein in the case. Shows Waterford's association with Klein and Smith developing MakoHead. | Received in discovery from Defendants (Klein/MPI) in Mako-1. | Willful Infringement |
| 113 | TE_SW emails Sr-Smith+ctrcts.pdf | DG 3832, 3863-3867 produced prior to 4/30/18. DG 9311, 11270-11272, 11299-11300, 11302-11308, 11310-11332, 11340-11453 produced 1/16/19 | 1. Mr. Young demanded more discovery. Not relevant until Klein in the case. Waterford-Klein communications lay basis of theft and wilfulness | Received in discovery from Defendants (Klein/MPI) in Mako-1. | Willful Infringement |
| 115 | TE_DG 10801-10806 MH sale to TV Globo | DG 10981-10806. Sale documents to TV Globo. Produced 1/16/19. | Relevance it to Klein. Pertains to BKY and payment for assets. Klein purchased 5 MH's essentially from self, <2,000/ea. MH to TV Globo = $160,000 | Received in discovery from Defendants (Klein/MPI) in Mako-1. | MH value. Willful infringement. Using BKY to continue renting. |
| 118 | TE_MH Infr_2008-06-10 Smith Depo-MH Exam 1hr.m4v | Produced 1/16/19. | Smith's uncut 1 hr deposition video, photographed at Klein's home and was always in D's possession. Produced as back-up source verification of Smith's depo editied video produced to Court. | 16 min portion filed under seal 10/24/16. Mako's engineer Tom Smith's deposition taken June 10, 2008 at Klein's home, Summerfield, Florida. Klein and counsel always had it. Coast Law received it in Mako-1. | Technical issue of Infringement. |
| 124 | TE_MH Infr_Smith Financial agremnts w Klein & Tutorial confirm | DG 15449. Produced 8/20/19. | Plaintiffs subpoenaed Smith's records relevant to the MakoHead. Mr. Young intervened as representing Smtih and stated he would only povide documents from 2012 & later. This left many documents unproduced. Klein also had these documents, and produced them in Mako-1. Young's block and Klein also failing to produce in June 2019 caused Plaintiffs to go back through thousands of documents and produce them rather than file another Motion to Compel with the Court. | Defendants always had from Mako-1 where Smith appeared. | Technical issue of Infringement. |
| 125 | TE_MH Infr_Smith's BOM-specs-pics | DG 9160-61, 9146, 9101 = Jan 16, 2019. DG 14237-14254, 15680=Aug 2019. | Subpoena to Smith in Mako-2 was blocked by Mr. Young allowing only documents from Oct. 2012 forward. D's MH developemnt docs were withheld. Klein also withheld them in his 43 page production June 2019. As noted above, P's produced documents themselves rather than going back to Magistrate. DG 15680 is a web picture of the specific sensor in Smith's Bill of Materials (BOM). D13 | These are Defendant's own expert's Smiths documents produced in Mako-1 by Klein's company, MPI. P's subpoenaed Smith's documents in Mako-2. Mark Young improperly limited Smith's production. | Infringement |

| | | | | | |
|---|---|---|---|---|---|
| 127 | TE_MH use #1 | DG 5391 produced prior to 4/30/18; DG 10297-10317 produced 1/16/19;  DG 14804-14805 produced 8/10/19 | Mr Young's request for more, Plaintiffs produced documents that showed the Kleins using the MakoHeads wherein in this case in jurisdiction, thus being dismissed, and in Mako-1, they stated they personally never used the MakoHead. These documents show those statements false. | Of 24 pages produced In Jan, 2016. 22 were produced in Mako-1 by Mako, the final two were produced by the rental houses and were produced by Klein's MPI counsel. | Willful Infringement. |
| 129 | TE_MH Willfullness-2 | DG 4266-4267 produced prior to 4/30/18, DG 9298, 9300 produced 1/16/19, DG 10902 - 10908, 15443-15444, 15452-15520 produced 8/10/19. | Klein not in case till March 2019, His June 2019 production omitted disclosure of his willful actions creating the MH and delays in Mako-1, baseless Rule 11 filing that further delayed the case another half year while continuing rentals till trial imminent, then BKY, repurchase assets and continue willful acts leading to Mako-2. These documents are relevant. | This set is in large part Klein's (MPI's) Rule 11 motion and denied in 2016. They had full knowledge since before Mako-2. Remaining documents were produced by Mako-1 Defendants. They've had full knowledge of them. | Willful Infringement |
| 130 | TE_MH-PH-Alaska. | DG 4022, 4133 produced prior to 4/30/18.  DG 9307 produced 1/16/19. | Young demanded more documents. | DG 9307 is Bates Mako 2625 MPI produced in Mako-1. D's have always had this, and Dann wrote it. | |
| 133 & 134 | TE_PH Video #1_SOC_AMPAS_Potter, etc.mp4 and TE_PH Video #2_Hexapod.mp4 | DG 9082. Produced 1/16/19 | Court ordered to supplement. Young demanded more. This series of clips directly compares  the Plaintiff and his Perfect Horizon in an Academy presentation to Klein Sr. and his video sales demonstration of his MakoHead. This became highly relevant with Klein after the 60b and shows Klein correctly as a direct competitor of Grober.  There is also Klein Jr. displaying the Makohead in 2004 at the Motion Picture Academy where P's and D's stabilizers were technically discussed and compared side by side. Grober won the Academy Award.  There is side by side test data clips comparing performance. | Most all of the video clips were on Plaintiffs' website.  Waterford had and was also distributing them. Klein Sr's MakoHead demo tape was produced by Klein.  Klein Jr. made his preentation at the Academy. Video of the Perfect Horizon and the MakoHead on the same production, on the same boat was another side by side use. Plaintiffs' interview with Mako's rental agents, ASL in New York were fully known by Klein and cited in Mako-1. | Willfull Infringement. Panduit support of comparable devices accomplishing the same result, as well as cleint demand. |
| 137 | TE_Klein History | All pages produced prior to 4/30/18 except DG 9074 & DG 10277 which were produced 1/16/19 | Multiple pages were produced prior to close of discovery on OPEL. After Klein was admitted, 3 pictures from the internet of Klein and his office in Summerfield, and a  UCC statement signed by Klein. | These are Defendant Klein's own documents. Always had them. | History of Klein. |
| 138 | TE_Deadliest Catch & Patent suit costs.pdf | DG 08854, 09092 produced 1/16/19 | Produced in response to Young's request for more documents. | Internet information.  Public information. | Relevant to the issue of making it through litigation to actual trial to stop infringement = Willfull Infringmeent.  Paunduit damages - affordability of stabilization for Deadliest |
| 139 | TE_MH Willfullness-3.pdf | Dkt 186 from Mako-1. DG 09086, 15425 & 15586 Mako counsel to Mako-1 rental defenants and actions preventing Klein depositions. DG 10949. Klein prodution use of P's Perfect Horizon prior to theft. | Not relevant until Klein in the case. | These are Defendant Kleins counterclaims against Grober in Mako-1. Crane picture compares the two devices and is Klein use of P's Perfect Horizon. Relevant to Klein and Mako-1 actions against Grober for Anti-trust, Defamation in multiple courts, Violation of  CA Unfair Practices acts and Unfair Competition | Willfullness & damages - Panduit - two devices in the marketplace. |

| | | | | | |
|---|---|---|---|---|---|
| 140 | TE_MH Willfullness-4.pdf | DG 15887, 16019-20, 16005-6, 16029-16032.  Produced Aug 2019. | Relevant once Klein found under jurisdiction in 60b. Documents are correspondence from Klein counsel refusing to produce or stating no documents existed connecting Klein to OPEL, and communications with Magistrate claiming same. | These are Defendant's own documents they produced. | Willfull Infringement, delaying the case. |
| 141 | TE_BKY docs | DG 14389, 15701 - 15702 produced 1/16/19 | Not relevant until Klein in the case. | Defendants always had documents from the bankruptcy and have used and produced some themselves | Willful infringement |
| 142 | Deadliest Catch-Leah Sadalla | DG 16033-16042 produced Aug. 2019 | Plaintiff mistakenly thought this had been produced in 2018 and didn't realize until reviewing discovery in Aug 2019 that it was missing. | Klein's Mako-1 counsel stated on multiple ocasions that it was a two-player market. | Damages - Panduit - Shows that Deadliest Catch wanted to rent the Perfect Horizon when the Makohead was not available. |
| 143 | BK Doc. 16 - Trustee Bill of Sale | Parts of this 16 page document have produced in discovery and filed with the Court at various times before during and after discovery. | Defendants designated one of their exhibits (Ex. 750) to be only one page of the 16 page Trustee Bill of Sale. Plaintiff is supplying the entire document so that it can be properly understood and not taken out of context. | Defendants always had documents from the bankruptcy and have used and produced some themselves | Damages and Willful Infringement |