Mark J. Young
Fla. Bar No. 0078158 Pro Hac Vice
myoungpa@gmail.com
MARK YOUNG, P.A.
1638 Camden Avenue
Jacksonville, FL  32207
Tel.:  904-996-8099
Attorney for Oceanic Production
Equipment, Ltd. and Jordan Klein Sr.

James E. Doroshow (SBN 112,920)
jdoroshow@foxrothschild.com
Ashe Puri (SBN 297,814)
apuri@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Ste 900
Los Angeles, CA 90067
Tel. (310) 598-4150
Attorneys for Defendants
Oppenheimer Cine Rental, LLC,
Oppenheimer Camera Products,
Inc., and Marty Oppenheimer

Lamar Treadwell, Esq., Pro Hac Vice
Law Offices of Lamar Treadwell
1308 E. Common St., Suite 205
New Braunfels, TX  78132
Lamar@TreadwellTrialLaw.com
Tel: 505-660-0602
Attorneys for Plaintiff Voice Int'l

David A. Peck SBN 171854
COAST LAW GROUP LLP
1140 South Coast Highway 101
Encinitas, California 92024
Tel.  760.942.8505 x108
Fax 760.942.8515
Email dpeck@coastlawgroup.com
Attorneys for Oceanic Production
Equipment, Ltd. and Jordan Klein Sr.

David Grober, Pro Se Plaintiff
davidgrober1@gmail.com
578 West Washington Blvd., Suite 866
Marina Del Rey, CA  90292
Tel. (310) 951-1110

Robert J. Lauson, Esq., SBN 175,486
bob@lauson.com
LAUSON & ASSOCIATES
880 Apollo Street, Suite 301
El Segundo, California 90245
Tel. (310) 726-0892
Attorneys for Plaintiff,
Voice International, Inc.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC.,; DAVID GROBER, <br><br> Plaintiffs, <br><br> vs. <br><br> OPPENHEIMER CINE RENTAL, LLC, et al. <br><br> Defendants | Case No.: 2:15-cv-08830-JAK(KS) <br><br> Joint Exhibit List and Objections <br><br> Status Conf.: Nov. 18, 2019 <br> Time: 1:30 p.m. <br> Place: Courtroom 10B, First Street |

The Court, in its Order, doc. 401, pg. 3, advised counsel to confer and respond to the Court's Order doc. 382, pg. 4 regarding exhibits and file a joint exhibit list.  The parties were further directed to state their basis for failing to join Plaintiff Grober in the previous joint exhibit list, doc. 397.

**Statement By Plaintiffs**

The Court's order, doc. 401, pg. 3, directs counsel to state their basis for their failure to join Plaintiff Grober in filing the joint exhibit list, doc. 397.   Counsel for Voice International had fully intended to participate in that filing and would have done so if the Defendants had been willing to confer and had provided their objections timely. The Court, in its Order, doc. 382, pg. 4, advised counsel to confer regarding exhibits and prepare a joint exhibit list to be filed on Oct. 15th. Plaintiffs reached out to Defendants eight different times in an effort to confer before the filing deadline.  Doc. 397, pg. 2 of 15, doc. 397-1.  Counsel for Voice International, Bob Lauson and Lamar Treadwell, were both available everyday up until late morning on Oct. 15th when both were then traveling on unrelated matters. By the time attorney Mark Young emailed OPEL/Klein's objections, at 2:25 p.m. on the 15th, Treadwell and Lauson were both unreachable.  Plaintiffs' never heard from attorney Ashe Puri.   Pro se Plaintiff Grober has no authority to speak or sign on behalf of Voice International or its counsel, so he had no choice but to respond to Defendants' objections on his own and leave Voice International off of the filing.

In the Meet and Confer which took place on Monday November 4, 2019, and included for Plaintiffs; Robert Lauson, Lamar Treadwell, David Grober, and for Defendants; Ashe Puri and Mark Young, Defendants stated they would not stipulate to the authenticity nor admissibility of any of Plaintiffs' exhibits and would undertake no individual discussion.  Plaintiffs have marked numerous of Defendants exhibits as Stipulated to Authenticity and Admissibility.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Statement By Defendants

The exhibit list and objection table [Dkt. 397] filed on October 15, 2019 was jointly prepared by Plaintiffs and Defendants and filed by Plaintiffs.  Defendants timely and in good faith participated in the preparation of the list and table.

In the Meet and Confer which took place on Monday November 4, 2019, Plaintiffs did not request stipulation to the authenticity or admissibility of any specific exhibit, which Defendants would have considered on an exhibit by exhibit basis.  Additionally, many of Plaintiffs exhibits consist of multiple documents that they cannot be treated as a single exhibit.

The Court's Order [Dkt. 401] dated October 29, 2019, instructed the parties to file a joint exhibit list and table that groups exhibits according to objection. While the exhibits list has not changed, Plaintiffs substantially revised their objections.

On November 4, 2019, Plaintiff David Grober delivered, to Defendants, Plaintiffs proposed Exhibit List and Table of Objections, filename *Voice input reJoint Exhibit List V12.docx*.  The parties discussed the document during a meet and confer on November 4, 2019.  The exhibit list was different from the Exhibit List and Table [Dkt. 397] that the parties <u>jointly prepared</u> and was filed on October 15, 2019.  Defendants provided their edited version of the November 4th Exhibit List and Table of Objections to Plaintiffs on November 5, 2019 at 12:48pm PST. In their edited version, Defendants responded to new objections raised by Plaintiffs, and did not change any of Plaintiffs' exhibits or objections.  Defendants expected Plaintiffs to timely file that version of the Joint Exhibit List and Table of Objections.  Instead, at 1:16am EST on November 6, 2019, Plaintiff David Grober sent an email to Defendants stating that the parties were "working off of different versions of the joint exhibit list."  Mr. Grober attached a new version entitled *191009_Joint ExhList V17.vn_.docx*.  The new version omitted Defendants' work

in connection with the November 4th exhibit list.  Thus, Defendants have had to correct the exhibit list twice.

Plaintiffs did not provide to Defendants the Exhibits (Exhibits A-C) referenced below.

**Plaintiffs' note:** Document 397, with Exhibits A-C, was filed 10/15/2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Trial Exhibit List**

| Ex. #[1] | Description | Stip. To Authen. | Stip. To Admiss | Date Identified | Dated Admittd |
|---|---|---|---|---|---|
| 2 | Oppenheimer Depo Ex. 2 | | | Oppenheimer Deposition date 11/10/17 | |
| 3 | Oppenheimer Depo Ex. 3 | | | .. | |
| 4 | Oppenheimer Depo Ex. 4 | | | .. | |
| 6 | Oppenheimer Depo Ex. 6 | | | .. | |
| 8 | Oppenheimer Depo Ex. 8 | | | .. | |
| 9 | Oppenheimer Depo Ex. 9 | | | .. | |
| 10 | Oppenheimer Depo Ex. 10 | | | .. | |
| 14 | Oppenheimer Depo Ex.14 | | | .. | |
| 16 | Oppenheimer Depo Ex. 16 | | | .. | |
| 17 | Oppenheimer Depo Ex.17 | | | .. | |
| 18 | Oppenheimer Depo Ex.18 | | | .. | |
| 19 | Oppenheimer Depo Ex.19 | | | .. | |
| 20 | Oppenheimer Depo Ex.20 | | | .. | |
| 21 | Oppenheimer Depo Ex.21 | | | .. | |
| 22 | Oppenheimer Depo Ex.22 | | | .. | |

[1]Exhibit #s 1-87 correspond to deposition exhibits in accordance with L.R. 16-6.1

| 23 | Oppenheimer Depo Ex.23 | | | .. | |
| 24 | Oppenheimer Depo Ex.24 | | | .. | |
| 25 | Oppenheimer Depo Ex.25 | | | .. | |
| 26 | Oppenheimer Depo Ex.26 | | | .. | |
| 27 | Oppenheimer Depo Ex.27 | | | .. | |
| 28 | Oppenheimer Depo Ex.28 | | | .. | |
| 29 | Oppenheimer Depo Ex.29 | | | .. | |
| 30 | Oppenheimer Depo Ex.30 | | | .. | |
| 31 | Oppenheimer Depo Ex.31 | | | .. | |
| 32 | Oppenheimer Depo Ex.32 | | | .. | |
| 33 | Oppenheimer Depo Ex.33 | | | .. | |
| 34 | Oppenheimer Depo Ex.34 | | | .. | |
| 35 | Oppenheimer Depo Ex.35 | | | .. | |
| 36 | Oppenheimer Depo Ex.36 | | | .. | |
| 37 | Oppenheimer Depo Ex.37 | | | .. | |
| 38 | Oppenheimer Depo Ex.38 | | | .. | |
| 39 | Oppenheimer Depo Ex.39 | | | .. | |
| 40 | Oppenheimer Depo Ex.40 | | | .. | |
| 41 | Oppenheimer Depo Ex.41 | | | .. | |
| 42 | Oppenheimer Depo Ex.42 | | | .. | |
| 43 | Oppenheimer Depo Ex.43 | | | .. | |
| 44 | Oppenheimer Depo Ex.44 | | | .. | |
| 45 | Oppenheimer Depo Ex.45 | | | .. | |
| 46 | Oppenheimer Depo Ex.46 | | | .. | |
| 47 | Oppenheimer Depo Ex.47 | | | .. | |
| 48 | Oppenheimer Depo Ex.48 | | | .. | |
| 49 | Oppenheimer Depo Ex.49 | | | .. | |

| 51 | Dann Depo Ex. 51 | | | Dann Deposition April 16, 2016 | |
|---|---|---|---|---|---|
| 52 | Dann Depo Ex.52 | | | .. | |
| 53 | Dann Depo Ex. 53 | | | .. | |
| 54 | Dann Depo Ex. 54 | | | .. | |
| 55 | Dann Depo Ex. 55 | | | .. | |
| 56 | Dann Depo Ex.56 | | | .. | |
| 57 | Dann Depo Ex. 57 | | | .. | |
| 58 | Dann Depo Ex. 58 | | | .. | |
| 60-1 | Dann Depo Ex.60-1 | | | .. | |
| 60-2 | Dann Depo Ex.60-2 | | | .. | |
| 62 | Dann Depo Ex. 62 | | | .. | |
| 63 | Dann Depo Ex.63 | | | .. | |
| 64 | Dann Depo Ex. 64 | | | .. | |
| 65 | Dann Depo Ex. 65 | | | .. | |
| 65-4 | Dann Depo Ex.65-4 | | | .. | |
| 67 | Dann Depo Ex. 67 | | | .. | |
| 68 | Dann Depo Ex. 68 | | | .. | |
| 69 | Dann Depo Ex. 69 | | | .. | |
| 71 | Dann Depo Ex. 71 | | | .. | |
| 72 | Dann Depo Ex.72 | | | .. | |
| 73 | Dann Depo Ex. 73 | | | .. | |
| 74 | Dann Depo Ex. 74 | | | .. | |
| 75 | Dann Depo Ex.75 | | | .. | |
| 76 | Dann Depo Ex. 76 | | | .. | |
| 77 | Dann Depo Ex. 77 | | | .. | |
| 78 | Dann Depo Ex. 78 | | | .. | |

| | | | | | |
|---|---|---|---|---|---|
| 79 | Dann Depo Ex. 79 | | | .. | |
| 80 | Dann Depo Ex. 80 | | | .. | |
| 86 | Dann Depo Ex. 86 | | | .. | |
| 87 | Dann Depo Ex. 87 | | | .. | |
| 88 | Certified Copy of Patent | X | X | | |
| 89 | TE Grober History & Awards | | | Docs. 134 & 207 in the Court docket; DG 9071, 10896, 10898, prdcd 1/16/19; DG15765 – 15783, 15525-27 prdcd 8/20/19; | |
| 90 | TE_DG 10909-10936-P's Damages Report-1 | | | Produced 1/16/19 | |
| 91 | TE_MH Transport | | | Produced 3/23/18 – 4/24/18; DG14479 prodcd 8/10/19 | |
| 92 | TE_MPM-PH Advertising | | | DG3696 – 3700, 3822 Prdcd by 4/24/18; DG9288 – 9289 Prdcd by 1/16/19; DG11618 – 11625, DG 13566, Prdc 8/10/19 | |
| 93 | TE_VI-MPM Checks 2000-2008 DG 15182-15407 | | | DG15182 – 15377 Produced 8/20/19 | |
| 94 | TE_VI-MPM Checks 2008-2015 DG 03266 – 3359 | | | Produced 4/13/18 | |
| 95 | TE_DG 1899-1975 ST#8224 cks_77pgs | | | Produce 3/23/18 | |
| 96 | TE_OPEL Invoices 2006-2010_DG 9443-9471 | | | Produced 1/16/19 | |
| 97 | TE_All of Oppenheimer's Production.  00001-~00624. | | | Produced 12/9/16 | |
| 98 | TE_All of Tom Smith's TS documents. ~001-061 | | | Produced 8/17/17 | |
| 99 | TE_All of Klein Sr.'s documents ~ KSR 01-43 | | | Produced 7/2/19 | |
| 100 | TE_All of John Dann's documents. JD0001-0081 | | | Produced 8/29/17 | |
| 101 | TE_OPELS's documents. OPEL 001-469 | | | Produced 3/19/18 | |
| 102 | TE_OPEL-OPP Inv to Norway | | | Produced 1/16/19 | |
| 103 | TE_FedEx Opp-SE DG 9944-9945. | | | Produced 1/16/19 | |

| | | | | | |
|---|---|---|---|---|---|
| 104 | TE-Mako-1.  cv-08604-JZ. Dkt #'s 227,228,229,230, 233,254,255,380,381,392, 393,399,401,402,410,413 | | | April, 2018. | |
| 105 | TE -Mako-2.  cv-08830-JAK Dkt #'s 55,56,65,68,69,78,85,113,118,126,129,134,138,139,141,142,157,159,162, 175, 201, 205,207,215,220,221,222, 228,230,249-255, 267, 268-270, 275-278, 307. | | | Filed with the Court in this case on the dates noted on each document. | |
| 106 | TE_Klein develop MH & Purchases_178 pgs Comms & Inv. | | | DG3843, DG7879-7918 produced 4/24/18; DG11925 – 11935 produced 8/10/19, DG9072-9073, 10290-10293, 10344- 10422, 10501-10793 produced 1/16/19 | |
| 107 | TE_CAFC Briefs_M1-Markman.pdf | | | DG10057-10127, 10835 -10892, 11069 -11083 produced 1/16/19 | |
| 108 | TE_Declarations and Discovery responses.pdf | | | DG3959-4008 produced 4/24/18; DG7962-8064 produced 5/7/18; DG8859-8862 produced 1/16/19 DG14845-14847 produced 8/10/19; discovery responses received prior 4/30/18; DG14413 – 14415 produced 8/10/19, DG 15439 15441, DG15732-16028 produced 8/20/19; DG15989-15990 produced 8/20/19; | |
| 109 | TE_DG PH develpment_drawgs comms.pdf | | | DG3689- 4051 (various #'s) produced 4/24/18 | |
| 110 | TE_Pictures of_PH developmnt.pdf | | | DG4033, DG4165-4171, produced 4/24/18 | |
| 111 | TE_PH Dev Engineers & DG with PH's.pdf | | | DG10937-10938, DG10905  produced 1/16/19 | |

| 112 | TE_SW's drawings & Ligi. 104 pgs.pdf | | | DG11165-11268 produced 1/16/19 | |
| 113 | TE_SW emails Sr-Smith+ctrcts.pdf | | | DG3832, 3863-3867 produced 4/24/18 DG9311, DG11270-11272, 11299 – 11300, 11302-11304, 11306-11308, 11310 – 11332, 11340, 11342-11349, 11352-11354, 11363-11364, 11367 produced 1/16/19 DG14452 – 14553 produced 8/10/19; | |
| 114 | TE_SW comms with Grober.pdf | | | DG3823-3827, 3830 produced 4/24/18 | |
| 115 | TE MH sale to TV Globo.pdf | | | DG10801-10806 produced 1/16/19 | |
| ~~116~~ | ~~TE_Dann Discovery prdctn JD 1-81.pdf~~ | | | | |
| 117 | TE_MH Infr_2008-06-10 Smith Depo MH disassembly 16 min_crt seal.mp4 | | | Produced and lodged with Court 10/24/16 | |
| 118 | TE_MH Infr_2008-06-10 Smith Depo-MH Exam 1hr.m4v | | | Produced 8/20/19 | |
| 119 | TE_MH Infr_2008-06-10 Smith Transcript_AM-PM+Exhbs.PDF | | | Produced 8/10/19 | |
| 120 | TE_MH Infr_081120_Smith Expert report-2008 + Dkt 141-Ex2&3 Decl.pdf | | | Expert report produced 3/19/18; Doc 141 filed with Court 5/19/17 | |
| 121 | TE_MH Infr_180118_OP Doc 216 Court Order-MSJMotDismiss.pdf | | | Filed 1/18/19 | |
| 122 | TE_MH Infr_180201_OP Doc 220-2 Exh B_InfringeContentns.pdf | | | Filed 2/1/18 | |
| 123 | TE_MH Infr_MH Code from Smith.pdf | | | DG14722 – 14763 produced 8/10/19 | |
| 124 | TE_MH Infr_Smith Financial agremnts w Klein & Tutorial confirm.pdf | | | DG03883, DG05449-5451, produced 4/24/2018 | |

6

| | | | |
|---|---|---|---|
| 125 | TE_MH Infr_Smith's BOM-specs-pics.pdf | | DG09145, DG09160, DG09161, DG09101, produced 1/16/2019 DG14237-4254, produced 8/10/19 DG15680 produced 8/20/2019. |
| 126 | TE_MH Pic on prodctn.pdf | | DG04106-04164, produced 4/24/2018 |
| 127 | TE_MH use #1.pdf | | DG05391, produced 4/24/2018 DG14804-805, DG10297-317 |
| 128 | TE_MH Willfullness-1.pdf | | DG03956-3958, DG3959-3969, DG03974-3979, DG03980-3982, DG03983-3986, DG03990-3996, DG04072-4092. produced 4/24/2018 |
| 129 | TE_MH Willfullness-2.pdf | | DG04266-4267, DG01443-01444, produced 4/24/2018 DG09298, DG09300, DG10902-908, prodcd 1/16/2019 DG15453-520. |
| 130 | TE_MH-PH-Alaska.pdf | | DG04022, DG04133, produced 4/24/2018 DG09307, prodcd 1/16/2019 |
| 131 | TE_OPEL's Production$$-Inv-PriorArt.pdf. | | OPEL0001 – 0286: Wells Fargo#5633 OPEL0287-0288:BKY-Dkt OPEL0289-0458:AT&T#7794 OPEL03452-03454, OPEL03502-517:ForgnPat, OPEL01798-03464: Prior art. Produced by OPEL. |
| 132 | TE_OPP Production 1-624. DG 1284 - 1898.pdf | | OPP000001-624. Also as DG01284-01906. Produced by Oppenheimer. |

7

| | | | | | |
|---|---|---|---|---|---|
| 133 | TE_PH Video #1_SOC_ AMPAS_Potter, etc.mp4 | | | Produced 1/16/19 | |
| 134 | TE_PH Video #2_Mammals & Hexapod.mp4 | | | Produced 1/16/19 | |
| 135 | TE_Dann's email set where where discovered M2 rentals. | | | Produced 4/24/2018 | |
| 136 | TE_MH-PH com clients_Du-Sop-Blu .pdf | | | DG04016-4054. | |
| 137 | TE_Klein History | | | DG03845-3862, DG04013-4015, produced 4/24/2018 DG09074, DG10227. | |
| 138 | TE_Deadliest Catch & Patent suit costs.pdf | | | Dead Catch_ DG08854 | |
| 139 | TE_MH Willfullness-3.pdf | | | M1-Dkt 186. DG03970-3973, produced 4/24/2018 DG09086, DG10949, DG015425, DG015585-586 | |
| 140 | TE_MH Willfullness-4.pdf | | | DG015887-5888. produced 4/24/2018 DG016005-007, DG016019-020, MY:07/25/2017 MY:3/30/2018, MY: 2/25/2019. | |
| 141 | TE_BKY docs | | | DG014389, DG015701-702 | |
| 142 | TE_M2 Ex0640 DG 16033-16042 PH Contract with DC_Leah Sadallah | | | DG016033-042 | |
| 143 | 2013—03-25_BK Doc 16_Notice Sale, ASSET LOCATIONS, Bill of Sale to Kleins-Dann | | | M1-Doc 16-12pgs | |
| 701 | 0520-1 Invalidity Contentions | | | 11/6/15 | |
| 702 | 170703_P's Infringement Contentions Rule 11 response | X | | 07/03/17 | |
| 703 | 180514 Infringement Contentions | X | X | 05/14/2018 | |
| 704 | 09579723 pfh | | | 3/21/18 | |
| 705 | 25596019--1884 | X | X | 3/21/18 | |
| 706 | 60136756 | | | 3/21/18 | |
| 707 | 90014342 pfh reex2 | | | 07/23/19 | |

| 708 | 95000092 pfh reex1 | | | 403 – 802 3/21/18 | |
| 709 | Apps dtic mil Hartmann | | | 3/21/18 | |
| 710 | BidAssigned | | | 4/18/19 | |
| 711 | Bos | | | 3/21/18 | |
| 712 | Claim 4 Voice Intl | | | 4/18/19 | |
| 713 | Claim 5 Grober | | | 4/18/19 | |
| 714 | Description | | | 8/16/19 | |
| 715 | Docket | X | X | 4/18/19 | |
| 716 | Docket 1st lawsuit | X | X | 8/16/19 | |
| 717 | Duckworth | X | X | 3/21/18 | |
| 718 | Figs dtk141-3 | X | X | 5/16/17 | |
| 719 | Final report 9.5.2014 | X | X | 4/18/19 | |
| 720 | Hartmann | | | 3/21/18 | |
| 721 | Hollandse | | | 3/21/18 | |
| 722 | Invalidity Contentions 031122335405 | | | 11/16/15 | |
| 723 | Makohead video | X | X | 9/28/17 | |
| 724 | Noninfringement | | | 8/16/19 | |
| 725 | Ntrl-ntis-gov-Hartmann | | | 07/23/19 | |
| 726 | Ntrl-ntis-gov-Wessling | | | 07/23/19 | |
| 727 | Ntrl-ntis-gov-West | | | 07/23/19 | |
| 728 | Ntrl-nasa-gov-Wessling | | | 07/23/19 | |
| 729 | Ntrl-nasa-gov-west | | | 07/23/19 | |
| 730 | Objection | | | 4/18/19 | |
| 731 | Oceanic production register of officers | X | X | 3/21/18 | |
| 732 | OL1810 | | | 6/4/18 | |
| 733 | OPEl resolution 15Feb2015 | | | 3/21/18 | |
| 734 | OPEL01798-03463 | | | 3/21/18 | |

9

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| 736 | Order approving sale | X | X | 4/18/19 | |
| 737 | Order claim grober | | | 4/18/19 | |
| 738 | Order claim voice int'l | | | 4/18/19 | |
| 740 | Order denying rescheduling | | | 4/18/19 | |
| 743 | Response to motion to prevent sale | | | 4/18/19 | |
| 744 | Restoration | X | X | 8/12/19 | |
| 745 | Table.h | | | 07/23/19 | |
| 746 | Tijsma | | | 3/21/18 | |
| 747 | TilSen40.c | | | 07/23/19 | |
| 748 | Tom Smith Depo trans | X | X | 7/6/8 | |
| 749 | Tom Smith Expert report | | | 3/21/18 | |
| 750 | Trustee Bill of Sale | | | 4/18/19 | |
| 751 | UF Wessling | | | 07/23/19 | |
| 752 | UF West | | | 07/23/19 | |
| 753 | US3936716 | | | 3/21/18 | |
| 754 | US3986092A | | | 3/21/18 | |
| 755 | US6611662 | X | X | 3/21/18 | |
| 756 | Voyager db erau edu Hartmann | | | 07/23/19 | |
| 757 | Welch | | | 3/21/18 | |
| 758 | Wessling | | | 3/21/18 | |
| 759 | West | | | 3/21/18 | |
| 760 | West Nasa | | | 07/23/19 | |
| 761 | WO9904224A1 | | | 3/21/18 | |
| 762 | mc53.c | | | 07/23/19 | |
| 763 | mc53.cod | | | 07/23/19 | |
| 764 | mc53.err | | | 07/23/19 | |

| 765 | mc53.HEX | | | 07/23/19 | |
| 766 | mc53.LST | | | 07/23/19 | |
| 767 | mc53.PJT | | | 07/23/19 | |
| 768 | mc53.sta | | | 07/23/19 | |
| 769 | mc53.SYM | | | 07/23/19 | |
| 770 | mc53.tre | | | 07/23/19 | |
| 801 | Opp 001 – 0139 | | | Produced on 5/23/16 (Opp1-39) and 10/21/16 (Opp40-126) and 1/9/17 (Opp127-139) | |

## Joint Objection Table

| Objection Grounds | P's Exhibit | Def's Exhibit | Response | Ruling |
|---|---|---|---|---|
| **FRE 106** These numbered Exhibit(s) are incomplete and is inadmissible under Federal Rule of Evidence 106 unless the remainder of it is introduced. Specifically, Ex. 731 is only a partial list of directors and is therefore misleading. The complete list is Ex. 73.  Ex. 750 is only 1 page of the BK Trustee Bill of Sale which is also at Ex. | | 731, 745, 750, 762 to 770 | Def Both documents are complete and accurate. Ex. 731 is a complete current list of officers and directors.  A complete bill of sale is attached hereto as Ex. 750. | |

11

| | | | | |
|---|---|---|---|---|
| 62.  The complete Bill of Sale is Ex. 143 | | | | |
| Pltfs – Obj withdrawn for underlines.<br><br>**701** is Dkt 333-<u>precluded by Dkt 401, Order, 402(b)</u>; 403, 802.<br>**702:** Precluded by 703<br><br>**704:** 403, 802-heresay, 805, 901.<br><br>**706:**  403, 802, 901.<br><br>**707** is Klein USPTO 642 pg. 7/23/19 Re-exam assigned to Art Unit 3992 -<u>precluded re FRE 802-hearsay, 403;</u><br><br>**709, 711, 714, 720, 721, 725-729, 732, 734, 746, 751-753, 754, 756-761**, prior art & invalid contentions, <u>precluded by FRE 402(b); lack of predicate; 403, 802, heresay, No 901 predicate.</u><br>**710:**  401, **106**, Incomplete. | | 701, 702, 704, 706, 707, 709, 710, 712, 713, 714, 722 725 to 730, 733 to 735 732, 737, 738, 740, 745, 747, 748, 756, 757 to 761 | DEF<br>701, 707 are proper summaries of invalidity contentions. FRE 611, 1006.<br><br>712, 713 are relevant to nonwilfulness.<br><br>704 is not hearsay.  It is the prosecution file for the '662 patent.<br><br>706 is the prosecution file for Grober's provisional application to which the '662 Patent erroneously claims priority.  It is not hearsay and is relevant.<br><br>707 is not hearsay.  It is a prosecution file for a pending reexam.  It may be used for impeachment at trial. | |

| | | | |
|---|---|---|---|
| **712-713, 730. 737, 738, 743,** No res judicata re Fla. Bankruptcy court proceeding; see Dkt. Order 304, <u>precluded by FRE 802, 402(b),403</u>; 802<br><br>**722** is 701 re-filed, <u>precluded by Dkt 401, FRE 402(b)</u>;<br><br>**724:**  802 Heresay, No 901 predicate<br><br>**733, 735:**  802, 901 Lack of predicate.<br><br>**734:** No objection. Lack of predicate.<br><br>**740:**  802.<br><br>**745** table of values, <u>precluded by 802, 402(b), 403</u>;<br><br><br>**747:**  106-Optional completeness.<br>**748:** _901 Predicate. | | | 709,711, 714, 720,  721, 725-729, 732, 734, 746, 751-753, 754, 756-761 include contentions and prior art. All of the prior art was provided to Plaintiffs in discovery.  All of the prior art are self-authenticating government documents, including issued patents and government reports.  All of the prior art has been cited by the USPTO against the '662 patent.<br><br>712-713, 730. 737, 740, 743 are relevant to issues other than res judicata precluding this lawsuit.  Such other issues include nonwillfulness and claims (other than alter ego) that Plaintiffs continue to assert against Klein Sr., despite this Court's repeated rulings to the contrary. These documents may also be used for impeachment. |

| | | | |
|---|---|---|---|
| | | | 701 is relevant to nonwillfulness.<br><br>710 is complete.<br><br>724 is not hearsay.  It is a table that will be used during trial.  FRE 611(a), 1006<br><br>733 is a business record. 735 has been deleted because it is a duplicate of 749.<br><br>734 is prior art produced during discovery that may be used at trial, such as for impeachment, if necessary.<br><br>745 is a part of the MakoHead code, and is relevant to noninfringement. 747 is another part of MakoHead code cited by Plaintiffs in their infringement contentions, and is also relevant to noninfringement. | |

| | | | | |
|---|---|---|---|---|
| | | | 748 is Tom Smith's deposition transcript, which may be used to impeach Plaintiffs who repeatedly mischaracterize Smith's testimony. | |
| **FRE 1006** These Exhibits are not a proper summary and thus is inadmissible under Federal Rule of Evidence 1006. | | 701 | Pltfs<br><br>701 is a proper summary of invalidity contentions. FRE 611, 1006. | |

| Other | | 722, | Pltf | |
|---|---|---|---|---|
| These Exhibits are not admissible for the following reasons: they are duplicative of lower numbered exhibits. 722 = 701 728 = 726 729 = 727 731 = part of 73 739 = 736 741 = 737 742 = 738 749 = 120 750 = 62 755 = 88 801 = 97 | | 728, 729, 731, 739, 741, 742, 749, 750, 755, 801 | **Def** 722 and 701 are different contentions.  726 and 728 are different.  729 and 727 are different.  731 is complete and current. 750 and 62 are different in arrangement.  739 has been deleted, as it is the same as 736. 749 is a part of 120. 120 is compilation of several separate documents. 741 has been deleted because it is the same as 737.  742 has been deleted because it is the same as 738.  755 is a text searchable version of the patent, which is different from 88. | |

| | | | | |
|---|---|---|---|---|
| **FRE 401, 403**<br>These numbered Exhibits are not relevant evidence as defined by Federal Rule of Evidence 401 and thus are inadmissible under Federal Rule of Evidence 402 | 6, 8, | | Pltfs<br>Please see attached Exhibit B;<br>**Marty Oppenheimer Deposition Exhibits:**<br>**# 6** – Declaration of M, Oppenheimer, <u>FRE 801(d)(2), 806, 901, 1007</u>;<br><br>**# 8** – Dkt 213 order from prior Mako-1 case, <u>FRE 901, 1005, 803(8)</u> shows Defs' Oppenheimer knew of the '662 patent; | |
| | 9, | | **# 9** – Mako-1 appeal, Fed. Cir. Order vacating granting of summary judgment of non-infringement, see p. 14; <u>FRE 901,1005, 803(8), and rebuttal</u>, Defs knew of the '662 patent; | |
| | 18, | | **# 18** – Mako Invoice to Oppenheimer showing Calif. Rental; <u>FRE 901, 801(8)</u>, <u>infringement, local market, competition, and rebuttal</u>; | |
| | 19, | | **#19** – Oppenheimer invoice re lower market price; infringement, <u>FRE 901, 806, 801(d)(2), rebuttal</u>; | |
| | 20,<br><br>22, | | **# 20** –Oppenheimer invoice & notes value of MH. <u>FRE 901, 806, 801(d)(2), rebuttal</u>; | |

| | | | | |
|---|---|---|---|---|
| | 25, | | **# 22**– E-mail re: Orig. Prod. Sheila McCormack is in charge of rentals with Oppenheimer, <u>FRE 901, 806, 801(d)(2), knowledge, rebuttal and infringement,</u> | |
| | 46, | | **# 25**– Oppenheimer rentals to Orig. Prod. occurred in Ca. <u>FRE 901, 806, 801(d) (2), 1007,  infringement and rebuttal,</u> | |
| | 52- | | **# 46** – 2007 e-mail between John Dann & Oppenheimer re: direct competition; <u>FRE 901, 801(d)(2), 806, 801(d)(2), infringement and rebuttal;</u> | |
| | | | **John Dann Deposition Exhibits:**<br>**# 52** –2017 Law firm invoice re OPEL, <u>FRE 901, 1007;</u> | |
| | 58, | | – Invoice from witness Tom Smith to OPEL, shows OPEL operating in Fla., <u>FRE 901, 1007, 801(d)(2), 806 and rebuttal;</u> | |
| | 60, | | **# 58 –** Fla. Bky Dkt 16, showing geographic areas of rentals as of 2013; <u>FRE 901, 1007, 803(8), infringement and rebuttal;</u> | |
| | | | **# 60** –Checks & Deposits on Mako-Klein Fla. Bank | |

| | | | | |
|---|---|---|---|---|
| | | | account signed or issued by John Dann-showing Klein was doing business during Bky; used money received during Bky to buy Mako Assets for OPEL; <u>FRE 901, 1007, 806, 807, 801(d)(2) infringement, alter ego, rebuttal</u>; | |
| | 64 | | | |
| | | | **# 64** –Mako Transaction List shows sale of MakoHead to South Am. Co. "Gobal;" <u>FRE 901, 806, infringement</u>; | |
| | 67, | | | |
| | | | **# 67** –Klein paid $20,000 to Fla. Bky Trustee for assets of Mako for OPEL; <u>FRE 901, 806, 801(d)(2), 1007, rebuttal, alter ego</u>; | |
| | 74, | | | |
| | | | **# 74** –2018 e-mail from Grober to Bahamian Gov't, re who was directors, officers of OPEL; <u>FRE 901, 902(3-4), 807, 803(8), 1005, 1007, 806, 801(d)(2), rebuttal, alter ego</u>; | |
| | 79, | | | |
| | | | **# 79** –2013 e-mail from Tom Smith to Klein & Dann re repairs of MakoHead; <u>FRE 901, 1007, 801(2), 806, infringement, repairs, and rebuttal</u>; | |
| | 86, | | | |
| | | | **# 86** – 2007 Oppenheimer rental invoice to Norway; <u>FRE 901, 1007, 801(d)(2), knowledge, infringement,</u> | |
| | 87, | | | |

| | | | |
|---|---|---|---|
| | | rebuttal, | |
| | | **# 87** –2012 Oppenheimer internal e-mail re: repair of MakoHead, FRE 901, 1007, 801(d)(2), 806, infringement, & rebuttal; | |
| | 90, | | |
| | 96, | **# 90** –Mako-1 Dkt 516-1 Pltfs damage report; FRE 901, 1007, 807, 803(8), 701, Defs had knowledge of Pltfs Basis and fact for damages, lost profits; | |
| | 102, | **# 96** –2006 Invoice showing OPEL invoices Calif Co. for rental; FRE 901, 801(d)(2), 806, infringement, compete-tion, rebuttal, & alter go; | |
| | 107, | **# 102** 2007 Mako-1 rental invoice to Norway, shows nature of the market; FRE 801(d)(2), 806, rebuttal; | |
| | 109, | **# 107** – Mako-1 Appeal Brief of Grober; contains photos with descriptions – if reviewed by expert Smith, FRE 703, refresh Grober memory, FRE 802(5), Grober skilled in the Art; | |
| | | **# 109** Grober's inventor's notes showing processes shared by Grober assistant Waterford to Klein and Tom Smith; FRE 803(6), 901, 1007, infringement, | |

| | | | | |
|---|---|---|---|---|
| | 115, | | skilled in the Art, copying, non-obviousness, and rebuttal; | |
| | | | **# 115** –Grober's Photos showing evolution of the invention; FRE 901, 1007, 803(6), background, skilled in the Art, Panduit factors, non-obviousness; | |
| | 118, | | | |
| | 119, | | | |
| | | | **# 118** – Smith 1hr video deposition from which 16min video submitted to the Court, was created. FRE 901, 1007, 801(d)(1), 806, 801(d)(2), rebuttal, basis for expert opinion; | |
| | 123- | | **# 119** –2008 Video deposition of Tom Smith re: inspection of the MakoHead; FRE 901, 1007, 801(d)(1), 806, 801(d)(2), rebuttal, basis for expert opinion; | |
| | 130, | | | |
| | | | **# 123** 2008 Code Notes of Tom Smith re MakoHead; FRE 802(5), 803(6), 806, 801(d)(2), rebuttal; | |
| | 133- | | | |
| | 141 | | **# 130** –Video of Grober testing MakoHead side by side with Perfect Horizon on a boat; FRE 402, 601, 701, 901, 1007; infringement factors, performs same function in | |

| | | | | same manner; | |
|---|---|---|---|---|---|
| | | | | **# 133 – 134.** Video of Perfect Horizon, MakoHead, Academy presentation, side-by comparisons, etc. FRE 402, 601, 701, 901, 1007; infringement factors, performs same function in same manner; | |
| | | | | _____ Def | |
| | | | | Def Regarding Exhibits 5-10, 22, 25, 32, 33, 45-47, 58, 60, 64, 86, 96, 102 all of which are invoices or correspondence of Mako Products, this Court has mandated: "Throughout Mako's bankruptcy proceedings, Plaintiffs were aware of its alleged infringement. They sought to participate in those proceedings to assert claims. That request was denied by the bankruptcy court. Plaintiffs did not seek any appellate review. Because those findings have res judicata effect, Plaintiff is barred from seeking to relitigate them in this action" March 7, 2017 Order, Dkt. 118, pp 13-14. Regarding 8, 9, 22, 86, | |

| | | | | |
|---|---|---|---|---|
| | | | Plaintiffs' justification that "Defs knew of the '662 patent" is a pre-text to introduce irrelevant cumulative evidence to confuse jurors.<br><br>18, 19, 20, 46 are correspondence and invoices that precede the lawsuit by more than 6 years, and do not evidence damages, or any Panduit factors.<br><br>90, the Mako I damages report, is a wholly deficient report,  inapplicable (provided to other parties in another case many years ago), and irrelevant, as addressed in pending briefing. [Dkt. 396]<br><br>107 is an appeal brief in Mako-I, which is hearsay and irrelevant to any issues.<br><br>109 is hearsay and irrelevant because trade secret misappropriation has not and could not be claimed, and because the MakoHead and '662 patent are vastly dissimilar, and because it is wholly uncorroborated.<br><br>115, 130, 133, 141 are hearsay, irrelevant and wholly uncorroborated. | |

All exhibits offered by Plaintiffs to prove alter ego, are irrelevant at trial.  [Dkt. 382, p. 3/11].  Such exhibits include 52, 56, 58, 60, 64, 87.

Plaintiffs failed to produce initial disclosures or responses to damages discovery, and now misrepresent mere invoices, filings in a different case involving different parties, and miscellaneous email correspondence as evidence of Plaintiffs' complex and implausible damages claim, advanced by Plaintiffs for the first time long after the close of discovery, and not supported by any evidence produced during discovery. None of the exhibits supports a determination of an amount of lost profits, that Plaintiffs would have made sales but for alleged infringement, of demand for the patented product, absence of acceptable non-infringing substitutes, that the Plaintiffs had the manufacturing and marketing ability to make all or a part of the allegedly infringing rentals actually made by the Defendants, or any other factor pertaining to a damages computation.

| | | | | |
|---|---|---|---|---|
| | | | Plaintiffs assertions to the contrary are unavailing. Plaintiffs have disavowed a reasonable royalty.  All exhibits offered as evidence of damages is therefore irrelevant.  Such exhibits include 18, 19, 20, 22, 25, 46, 58, 64, 86, 90, 96, 102. | |
| **FRE 801, 802** These numbered Exhibits are out-of-court statements offered for their truth and therefore inadmissible hearsay. | 46, 53, 60, 64, 67, 74, 79, 86, 87, 96, 109, 115, 119, 130, | | Pltfs Please see attached Exhibit C  **As to Plaintiffs' use of the following Exhibits:**  – 46, 53, 58, 60, 64, 67, 74, 79, 86, 87, 90, 96, 102, 107, 109, 115, 119, 123, 130, Please see the references cited above pertaining to relevancy, admissibility and use. Some exhibit will only become relevant during trial testimony of a witness, direct or cross-exam;  **Plaintiffs submit the** | |

| | | | |
|---|---|---|---|
| | | | **following responses as to hearsay for the following Exhibits:** |
| | 52, | | **# 52** – 2017 Cafferata Corp Inv re Reg Agent; FRE 901, 806, rebuttal; alter ego - Klein pays OPELs debts; |
| | 55, | | **# 55,** – subpoenaed Klein Fla. bank account record deposits showing California rentals received during bky by either Klein personally or OPEL; <u>FRE 806, 801(d)(1 & 2), 901, 1007, 803(6),</u> |
| | 56, | | **# 56**<u>, FRE 613, (prior Fla. Bky 2004-Exam depo statements by Dann) re credibility to contradict statement to Trustee re income) alter ego, rebuttal;</u> |
| | 57, | | **# 57** –2013 Tom Smith e-mail to John Dann re royalty checks to Smith for rentals of MakoHead; shows conflict of interest of witness Smith, lack of objectivity as an expert; <u>FRE 702, 901, 801(d)(1), 613, impeachment, credibility, rebuttal;</u> |
| | 91, | | **# 91** –Subpoenaed records from third party Boat US to impeach John Dann re: MakoHead on boat in |

| | | | |
|---|---|---|---|
| | | | Bahamas for rental;  <u>FRE 901, 613, 1007;</u> |
| | 103, | | **# 103** –Fedex waybill showing rental to Calif Spectrum Effects in 2006 re: Oppenheimer knew of Calif rentals; <u>FRE 613, 1007, impeachment</u>; |
| | 106, | | **# 106** –2004 Quick Book records of Klein showing he personally purchased component parts re Waterford's knowledge of what part Grober had already tested and knew worked, re: copying, non-obviousness, infringement; FRE 801(d)(2), 806, 613, 803(6), 1007, impeachment and rebuttal; |
| | 118,<br><br>129,<br><br>133 -<br>134<br><br>135,<br><br>136, | | **# 118** – Smith 1hr Depo video- <u>FRE 613, 801(d)(1-2), impeachment & infringement;</u><br><br>**# 129** – Mako-1, Rule 11 & exhibits show willfulness, and technical infringement issues.  <u>FRE 613, 801(d)(1-2), impeachment & infringement;</u><br><br>**# 133-134**  –Plaintiffs' video clips. <u>FRE 402, 601, 701, 901, 1007;</u> infringement factors, performs same function in |

| | | | | |
|---|---|---|---|---|
| | | | same manner; | |
| | 138 | | | |
| | 140 | | **# 135** – Dann's emails show rentals and relationship to Oppenheimer. <u>FRE 901, 801(d)(1), 613, impeachment, credibility, rebuttal</u>; | |
| | | | **# 136** –2007 MakoHead advertisement showing direct competition by Mako-1 under direction of Klein-Dann re infringement in Calif; <u>FRE 613, 801(d)(1-2), impeachment & infringement</u>; | |
| | | | **# 138** – Willfulness.  FRE 902-6 Publications | |
| | | | **#140** – 2017 Mark Young letter to Attorney Lauson re: misstating OPEL has no access to Mako Fla. bank account-which is Klein's account; <u>FRE 801(d)(2), statement by agent contradicted by other documents, impeachment</u>; | |
| | | | Def

Plaintiffs' responses to do not present any exceptions to hearsay.  Plaintiffs conflate relevance (which | |

| | | | | Defendants do not concede) with hearsay.  The following are inadmissible hearsay:<br><br>FRE 613, 801(d)(1 & 2) do not apply to Exhibits 55, 57, 106, 136, 140, because a prior inconsistent statement or other prerequisite has not been shown.<br><br>FRE 803 does not apply to Exhibits 55, 97, 106, 131 for lack of foundation.  97 and 131 are not exhibits, but thousands of pages produced in discovery.  106 is irrelevant to all issues in this case.  Waterford is not a witness.<br><br>FRE 806 does not apply to Exhibits 52, 55, 106, or 131 because a prerequisite hearsay statement — or a statement described in Rule 801(d)(2)(C), (D), or (E), has not been admitted.<br><br>FRE 901 and 1007 are not exceptions to the rule against hearsay. Exhibits 52, 55, 57, 91, 97, 103, 106 and 108 are inadmissible hearsay.<br><br>Ex. 140 – In the letter, Mr. Young informed Defendants that the bank | |
|---|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| | | | account was closed.  The letter is hearsay and not subject to any exception. The closing of the bank account is irrelevant to the issues in this case. | |
| The following Exhibits are not exhibits, but rather are voluminous compilations of materials that should be separated as exhibits. | 97- | | Pltfs<br><br>Each of the  exhibits 97-101, 131 and 132 is a set of documents produced as a group by a single person or entity. Exhibit 108 is a compilation of related documents making up one exhibit.<br><br>**# 97** – These are 623 pages of discovery produced by Oppenheimer Defs'; <u>FRE 901, 801(d)(1-2), 803(6), 1007, relevant as to Panduit, lost profits;</u> Pltfs agree to prepare a summary relevant to Panduit or damages; | |

| | 101, | | # 101 – appears to be a duplicate of # 97 | |
| | 108, | | # 108 –Klein's responses to Grober's requests for admissions, re jurisdiction; to the extent Pltfs prove denied admission # 3, they seek attorney fees reasonably related to that proof at trial; FRE 613, 801(d)1-2), 901; | |
| | 131, | | # 131 – This 2135 pages produced in discovery by OPEL may be used to rebut, impeach or contradict any trial testimony; or be offered through a witness with knowledge on any element of Pltfs claims; <u>FRE 601, 613, 803(6), 1007, 801(d)(1-2), 806, 807 as determined at trial</u>; | |
| | 132 | | # 132 – This 624 pages produced in discovery by Oppenheimer may be used to rebut, impeach or contradict any trial testimony; or be offered through a witness with knowledge on any element of Pltfs claims; <u>FRE 601, 613, 803(6), 1007, 801(d)(1-2), 806, 807 as determined at trial</u>; | |
| | | | Def | |

| | | | | |
|---|---|---|---|---|
| Exh 762-770. Defendants state these exhibits are code, but Plaintiffs are unable to open and view. Their file format includes: .cod,. err, .HEX, LST, .PJT, .sta, .SYM, .tre. Plaintiffs asked for PDF versions, but none were given. | 762-770 | | **Defs**<br><br>Defendants have provided pdf copies of the source code to Plaintiffs, after Plaintiffs requested the pdf copies. | |

Dated:  November 7, 2019                    Respectfully submitted,


DAVID GROBER

By:     *s/David Grober*
        In Pro Per


LAMAR TREADWELL

By:     s/Lamar Treadwell
        Attorneys for Plaintiff,
        Voice International, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAUSON & ASSOCIATES

By:    s/Robert Lauson
       Attorneys for Plaintiff,
       Voice International, Inc.


MARK YOUNG, P.A.

By:    *s/Mark J. Young*
       MARK J. YOUNG
       Attorney for Defendants Oceanic
       Production Equipment, Ltd. and Jordan
       Klein Sr.


COASTAL LAW GROUP LLP

By:    *s/David A. Peck*
       David A. Peck
       Attorneys for Defendants Oceanic
       Production Equipment, Ltd. and Jordan
       Klein Sr.


FOX ROTHSCHILD LLP

By:    *s/Ashe Puri*
       James E. Doroshow (SBN 112,920)
       Ashe Puri (SBN 297,814)
       Attorneys for Defendants Oppenheimer
       Cine Rental, LLC, Oppenheimer Camera
       Products, Inc., and Marty Oppenheimer