Robert J. Lauson, Esq., SBN 175,486
bob@lauson.com
LAUSON & ASSOCIATES
880 Apollo Street, Suite 301
El Segundo, California 90245
Tel. (310) 726-0892

Lamar Treadwell, Esq., *Admitted Pro Hac Vice*
lamar@treadwelltriallaw.com
LAW OFFICES OF LAMAR D. TREADWELL
1308 E. Common St., Suite 205
New Braunfels, TX  78132
 Tel: (505) 660-0602

Attorneys for Plaintiff, Voice International, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| **VOICE INTERNATIONAL, INC., a California corporation; DAVID GROBER, an individual,**<br><br>   **Plaintiffs,**<br><br>   **vs.**<br><br>**OPPENHEIMER CINE RENTAL, LLC, et al.**<br><br>   **Defendants** | Case No.: 2:15-cv-08830-JAK(KS)<br><br>**Ex-Parte Application To Withdraw As Plaintiff Voice International's Attorneys of Record, and Declarations of Robert Lauson and Lamar Treadwell In Support Thereof**<br><br>**[Proposed] Order Submitted Separately** |

1

Robert J. Lauson Esq. and Lamar D. Treadwell, Esq. apply[1] to withdraw as attorneys for Plaintiff Voice International, Inc. Defendants all consent, so long as the case schedule is not impacted. Co-Plaintiff David Grober, and the owner of Voice International, indicated he will oppose this application. Mr. Grober was informed his opposition comes due within 24 hours of filing of this paper.

The grounds for withdrawal are "professional considerations," including ethical considerations and an irreconcilable breakdown in the attorney-client relationship. In part, there are significant conflicts regarding case strategy, which make effective representation unreasonably difficult. Further, several months ago, Mr. Grober was informed of Mr. Lauson's unavailability after December 15, 2019. Please see declarations which follow.

Central District Local Rule 83-2.9.2.1 provides "[a]n attorney may not withdraw as counsel except by leave of court," and "[a]n application for leave to withdraw must be made upon written notice give reasonably in advance to the client and to all other parties who have appeared in the action." When providing further information would compromise client confidences, a trial court should accept an attorney's representation there has been a breakdown in attorney-client relationship to support request for withdraw, absent some indication the attorney's representation lacks sincerity. *Aceves v. Superior Court*, 51 Cal. App. 4th 584, 592, 594 (1996) Court of Appeal reversed trial court's denial of a motion to withdraw based on attorney-client relationship).

Here the Markman briefing for means-plus-function terms was completed last week, and the next events are the continued final pre-trial conference and the trial

---

[1] A regularly-noticed motion was not filed given the next available motion hearing date for the Court is not until March 9, 2020, well after the scheduled trial.

February 3, 11, 2020 respectively.  Voice International should have sufficient time to find other attorneys without delaying the case.

If necessary, Plaintiffs' attorneys are willing to share additional details of the reasons for the requested withdraw, to the extent they can without revealing any client confidential information including attorney-client communications.  Lauson, Treadwell Decls., para. 2.   If so, Plaintiff's attorneys suggest an *in camera* hearing with Magistrate Karen Stevenson or other district judge who would not be involved in the trial.

For the foregoing reasons, the application should be GRANTED, and the separately submitted [proposed] order entered.  The current situation is unworkable for Voice International's attorneys, who cannot continue.

DATED: December 9, 2019           LAUSON & ASSOCIATES

                          By:   /s/ Robert J. Lauson
                                Robert J. Lauson, Esq.
                                Co-Counsel for Plaintiff,
                                Voice International, Inc.

**Declaration of Robert J. Lauson**

I, Robert Lauson, declare as follows:

1.   I am a patent attorney licensed to practice law in all courts in California as well as before the U.S. Patent & Trademark Office, and one of Plaintiff Voice International's attorneys of record.  I have personal knowledge of the facts as stated herein. If called to testify, I would and could competently testify thereto.

2.   I am applying to withdraw because of "professional considerations," including ethical considerations and an irreconcilable breakdown in the attorney-client relationship.  The current situation is unworkable, and I cannot continue as counsel.  I am willing to share details of the reasons for the requested withdraw, to the extent I can without revealing any client confidential information including attorney-client communications, in an *in camera* hearing before a Magistrate or District Judge who will not be involved in the trial.

3.   Further, Mr. Grober was previously informed of my unavailability beginning in 2020.  In March, 2018 I purchased a home in Cape Coral, Florida with the intent to retire by 2020 or earlier and relocate there.  In June, 2019 my wife accepted a full-time employment near Cape Coral and moved there.  On September 5, 2019 I entered into an agreement to sell my law practice to Cislo & Thomas, LLP (C&T), Los Angeles, effective December 15, 2019.  At that time, the trial in this case was set for October 15, 2019.  My agreement with C&T precludes me from doing any work for current clients after December 15, 2019.  Additionally, my paralegal, Valerie Nichols, also signed an employment agreement to go to work for C&T effective January 6, 2020, that forbids "moonlighting."  We recently had discussions with Mr. Daniel Cislo about waiving these provisions in our agreements

4

for this particular case, but he is unwilling to do so.  On October 2, 2019 I filed a notice of unavailability after December 15, 2019 with the Court (doc. 384).  On October 29, 2019 I signed an agreement to move all my household goods on December 15, 2019 to Florida with Falcon Movers and made a substantial deposit towards same.  On November 1, 2019 I entered into a contract to rent out my Manhattan Beach home, effective December 15, 2019.  At these times the trial was set to begin within days of the November 18, 2019 continued final pretrial conference. Doc. 401.  On November 4, 2019 I terminated my lease for my office space at 880 Apollo Street, Suite 301, El Segundo, CA 90245 effective December 31, 2019.  Mr. Grober was aware of these developments as they occurred.  The delays in the trial this year are largely attributable to Mr. Grober's failures to meet deadlines in the case.

I declare under penalty of perjury that the foregoing is true and correct, executed this 9th of December 2019 in El Segundo, California.

By: /Robert Lauson/
    Robert Lauson

## Declaration of Lamar Treadwell

I, Lamar Treadwell, declare as follows:

1. I am a licensed attorney in the State of Texas and co-counsel for Plaintiff Voice International. I have personal knowledge of the facts alleged herein and if called to testify, I would and could competently testify thereto.

2. I am applying to withdraw because of "professional considerations," including ethical considerations and an irreconcilable breakdown in the attorney-client relationship. The current situation is unworkable, and I cannot continue as counsel. I am willing to share details of the reasons for the requested withdraw, to the extent I can without revealing any client confidential information including attorney-client communications, in an *in camera* hearing before a Magistrate or District Judge who will not be involved in the trial.

I declare under penalty of perjury that the foregoing is true and correct, executed this 9th day of December in New Braunfels, Texas.

By: /Lamar Treadwell/
Lamar Treadwell