Lamar Treadwell, Esq., Pro Hac Vice
Law Offices of Lamar Treadwell
1308 E. Common St., Suite 205
New Braunfels, TX  78132
Lamar@treadwelltriallaw.com
Tel: 505-660-0602
Attorneys for Plaintiff Voice Int'l

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| VOICE INTERNATIONAL, INC.,; DAVID GROBER, <br><br>     Plaintiffs, <br><br> vs. <br><br> OPPENHEIMER CINE RENTAL, LLC, et al. <br><br>     Defendants | Case No.: 2:15-cv-08830-JAK(KS) <br><br> **Supplemental Declaration of Lamar Treadwell In Support of Application to Withdraw as Attorney for Plaintiff Voice International** |

1

Pro hac vice counsel for Voice International, Inc., Lamar Treadwell files this Supplemental Declaration to his previous application to withdraw as attorney of record for Voice International, Inc.(Dkt. 431) in response to the opposition filed by Mr. Grober (Dkt. 433), the reply filed by Voice International (Dkt 434) and pursuant to the Court's order (Dkt 439) requesting additional information by December 27, 2019 setting forth reason for the breakdown in the attorney client relationship.

The following matters are not intended to reveal the content of information between Voice International/Mr. Grober and myself that are privileged. Privileged statements either communicate information for the purpose of legal consultation or risk exposing information that was communicated for such a purpose. *Cnty of LA. Bd. Of Supervisors v. Superior Court of L.A.*, 12 Cal.App. 5th 1264 (Ca. Ct. App. 2017), 219 Cal. Rptr. 3d 674. In complying with this Honorable Court's order, I am cautioned by CAL. EVID. CODE § 952, i.e., confidential communication between client and lawyer, means a legal opinion and advice given by the lawyer in the course of the relationship. This Court is requesting "information" about the "break-down" in the attorney-client relationship. In due consideration of the foregoing, I am unable to provide to this Court details of the "break-down" as to opinions or advice given to the client that constitute the irreconcilable conflict, however, "Not all communications between an attorney and client are privileged." *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) The application of the attorney–client privilege in this case is governed by federal common law. *See United Stated v. Hodge and Zweig*, 548 F.2d 1347, 1353 (9th Cir. 1977); Fed. R. Evid. 501. Therefore, the crux of the dilemma is that I cannot be compelled to give evidence against a client, and on the other hand, the client cannot compel me to engage in conduct that violates the rules of procedure, evidence, law, disciplinary rules of lawyer conduct, or impugns the integrity of the judicial system. To the

extent Mr. Grober is willing to waive the attorney-client privilege, as he indicated he may be willing to do in the opposition, then an in camera hearing could be held before the magistrate and if so, at that time, I could provide further details as to the current unworkable situation and the extreme difficulties faced in the continuing representation of Voice International. If such a hearing is held, Mr. Lauson and I request to appear by telephone.

I, Lamar Treadwell declare as follows:

1. As the pro hac vice attorney for Voice International, I have personal knowledge of the following facts stated herein. If called to testify, I would and could competently testify thereto.

2.     The professional considerations underpinning the breakdown in the attorney client relationship are numerous, ongoing, and untenable, and summarized as follows:

   a) I only represent Voice International, not Mr. Grober, who represents himself, pro se. This distinction has been repeatedly explained to Mr. Grober, who, in various ways transgresses on the duty I owe to Voice International. Transgressions include Mr. Grober pursuing a strategy that is unethical and unrelated to Voice International's interests.

   b) Because Mr. Grober is the president, and owner-shareholder of Voice International, he is the one who pays the legal fees of Voice International. Mr. Grober enforces his "pro se" viewpoints onto Voice International by giving directions as "the client." As the client, Mr. Grober "takes charge" by directing what efforts he will or will not pay for on behalf of Voice International. This

presents an irreconcilable conflict as it thwarts my duty to adequately represent Voice International.

b)  Various repeated attempts have been unsuccessful to bring Mr. Grober into compliance with timely preparing for trial, including how exhibits must be prepared, marked, relevant, admissible and authenticated.  Mr. Grober persists on his viewpoints being presented in a fashion, or for a purpose, that are not appropriate as to Voice International. This has resulted in an unnecessary ongoing battle over exhibits.

c)  Patient explanations by me to coach Voice International/ Client/ Grober why rules of procedure, evidence and legal premises guide my efforts for Voice International are largely ignored by Mr. Grober.

d)  Most frustrating is that Mr. Grober will acknowledge a task to be completed jointly by Voice International and himself, pro se; insist he is the one that will do that task by a certain timeline and in a manner that Mr. Lauson or I will have input. That timeline passes, and Mr. Grober's effort was not as represented and often past a deadline maneuvering Voice International into a default scenario.

e)   I took considerable time and effort to present to Mr. Grober a detailed, rational, case evaluation. Mr. Grober has been personally involved for upwards of 15 years in litigating this case and the previous case, referred to as Mako-1. Mr. Grober attempts to insert matters relating to the Mako-1 litigation into the prosecution of this case. Mr. Grober's inability to comply with rules of procedure and evidence has created an irreconcilable and untenable ethical


position for me as counsel for Voice International, and my duty as an officer of this Court.

3. In exacerbation of the conflict, Mr. Lauson has retired, closed his office, moved to Florida. As such, I do not have the services of his managing paralegal to format and file documents, and cannot practice law without a local counsel.

    I declare under penalty of perjury that the foregoing is true and correct, executed this 23rd day of December in New Braunfels, Texas.

                                                   By: */s/ Lamar Treadwell*
                                                   Lamar Treadwell