Mark J. Young
Fla. Bar No. 0078158
Pro Hac Vice
myoungpa@gmail.com
MARK YOUNG, P.A.
1638 Camden Avenue
Jacksonville, FL 32207
Tel.: 904-996-8099
Attorney for Oceanic Production
Equipment, Ltd. and Jordan Klein Sr.

James E. Doroshow (SBN 112,920)
jdoroshow@foxrothschild.com
Ashe Puri (SBN 297,814)
apuri@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite
900
Los Angeles, CA 90067
Tel. (310) 598-4150
Attorneys for Defendants
Oppenheimer Cine Rental, LLC,
Oppenheimer Camera Products,
Inc., and Marty Oppenheimer

David A. Peck
SBN 171854
COAST LAW GROUP LLP
1140 South Coast Highway 101
Encinitas, California 92024
Tel.  760.942.8505 x108
Fax 760.942.8515
Email dpeck@coastlawgroup.com
Attorneys for Oceanic Production
Equipment, Ltd. and Jordan Klein Sr.

David Grober
davidgrober1@gmail.com
578 West Washington Blvd., Suite 866
Marina Del Rey, CA 90292
Tel. (310) 822-1100
Plaintiff, Pro se

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOICE INTERNATIONAL, INC., a California corporation; DAVID GROBER, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> OPPENHEIMER CINE RENTAL, LLC, et al. <br><br> Defendants. | Case No. 2:15-cv-08830-JAK-KS <br><br> *The Honorable John A. Kronstadt, Courtroom 750* <br><br><br> **JOINT STATUS REPORT REQUIRED BY COURT ORDER DKT. 449** <br><br> Complaint Filed:   November 12, 2015 |

In an Order [Dkt. 449] dated February 4, 2020, the Court directed the parties to meet and confer and file a joint report by 3:00pm on Thursday, February 6, 2020, in advance of the February 10, 2020 status conference that states (i) the parties' respective and/or collective views regarding the scope of trial in light of the recent orders; (ii) proposed dates for trial in the next four weeks, in view of the orders and Voice's obligation to obtain counsel promptly; and (iii) any open issues that should be addressed prior to trial.

## I.      STATUS CONFERENCE ON MONDAY FEBRUARY 10, 2020

In an Order [Dkt. 456] dated January 31, 2020, the Court continued a Status Conference from February 3, 2020 to February 10, 2020 at 1:30 pm.

### A. Defendants' Statement

Mark Young, counsel for Defendant Oceanic Production Equipment and Defendant Jordan Klein Sr., will appear telephonically for the status conference, as approved by the Court's Order [Dkt. 455] dated January 31, 2020.

### B. **Plaintiff's Statement.**  David Grober will appear in person at the Status conference.

## II.      SETTLEMENT

Efforts to settle the case have through counsel have failed.  However, John Dann and David Grober took it upon themselves and commenced multiple conversations on February 5th and through the morning of February 6th, and further involved Jordan Klein Sr. to see if they could fashion a settlement.  They have an agreement in principle.  David Grober has left a message for Marty Oppenheimer late morning of February 6th, to engage him in a discussion for a global settlement.  As of the writing of this, approximately 2:30 pm, Thursday

**JOINT STATUS REPORT**

February 6th Mr. Grober has not heard back from Marty Oppenheimer, and looks forward to having that conversation, and believes that continued direct participation between the litigants themselves is most likely to produce results.

### III.   TRIAL DATE

The Court's Order [Dkt. 449] directed the parties to propose dates for trial in the next four weeks.

#### A. Defendants' Statement

In accordance with the Court's Order [Dkt. 449], Defendants propose a trial date of February 18, 2020, February 25, 2020 or March 3, 2020.

Defendants remain agreeable to having Judge Gail J. Standish or Judge Karen L. Stevenson preside over all additional proceedings in this matter.

#### B. Plaintiff's Statement

With the Court's determination of the Motions in Limine, multiple issues were resolved that have allowed the litigants to discuss meaningful settlement. Plaintiffs wish time to continue to the process to hopefully meet fruition. If it does not with Marty Oppenheimer, but having an agreement in principal with the OPEL and Klein Sr., Plaintiff Grober would likely request a mediation with the Magistrate to see if resolution can be achieved.

### IV.   SCOPE AND DURATION OF TRIAL

Plaintiff's *ex parte* application [Dkt. 446, p. 3 of 8, line 11] refers to a five-day trial.  This conflicts with Defendants' understanding that the trial, as previously set, would have lasted 4 days, and that each side would be limited to a

total of 15 hours for opening statements, direct and cross examinations of witnesses, and closing arguments.  [Dkt. 382, p. 5].

## A. Defendants' Statement

Defendants respectfully request that the Court reconsider the trial duration and hourly limits, in view of the simplification of issues for trial.  The Court has now excluded evidence on the doctrine of equivalents [Dkt. 401, p. 1], and damages [Dkt. 459], and documents produced untimely after discovery [Dkt. 459]. Defendants respectfully request that the Court shorten the trial to a maximum of two days, and limit each side to a maximum of five (5) hours for opening statements, examinations of witnesses, and closing arguments.  Defendants believe 5 hours is ample time for each side to address the remaining issues of direct literal infringement, inducement, invalidity, alter ego and willfulness.

## B. Plaintiff's Statement

If there is no settlement reached, Plaintiff Grober, as noted in the recent Ex Parte, Dkt. 446, Plaintiffs would opt for a trial on infringement first.

## V.    TRIAL COUNSEL

Counsel for Defendants have not changed.  Plaintiff David Grober will appear *pro se*, as he has done throughout this case.  As of the date of this report, Plaintiff Voice International still has no legal representation for this lawsuit.

## A. Defendants' Statement

On December 9, 2019, Attorneys Robert Lauson and Lamar Treadwell filed an "Ex Parte Application to Withdraw as Plaintiff Voice International's Attorneys of Record." [Dkt. 431]. Each filed a declaration in support of the application to

**JOINT STATUS REPORT**

withdraw.  [Dkt. 431 at 4-5 ("Lauson Declaration"), Dkt. 443 ("Treadwell Declaration")]. On January 2, 2020, the Court granted the application. [Dkt. 445]. The Lauson Declaration makes clear that for months prior to December 2019, Mr. Grober knew of Mr. Lauson's retirement, move to Florida, sale of his law practice and inability to continue representing Plaintiff Voice International.  [Lauson Declaration para. 3] Concomitantly, Mr. Grober knew that Lamar Treadwell, appearing *pro hac vice*, could not continue his representation without local counsel and support staff.  [Treadwell Declaration para. 3].  Indeed, on October 2, 2019, Lauson filed a notice of unavailability after December 15, 2019.  [Dkt. 384].

Plaintiffs have known about the withdrawal of Voice International's attorneys since at least October 2, 2019, when Lauson filed a notice of unavailability and informed Grober of his retirement plans.  [Lauson Declaration para. 3]  In the January 2nd Order, the Court directed Voice International to retain new counsel posthaste:

> Voice International must move expeditiously to identify and engage new counsel. If new counsel is promptly identified but conditions engagement on a reasonable continuance of the trial date to allow time to review the extensive record in this action and to prepare for trial, such relief may be granted based on a review of an application that sets forth the specific bases for the request. If Voice International fails timely to identify and conditionally engage other counsel, that could lead to the dismissal of its claims, without prejudice to the claims brought by Grober, to the extent that they are viable as claims separate from those advanced by Voice International. Dkt. 445, p. 2 of 2.

More than a month has passed since the Court's January 2nd Order. More than four months have passed since Lauson filed a notice of unavailability.  Voice International has already had more than adequate time to retain new counsel. Voice International's claims should be dismissed with prejudice, leaving for trial only those claims of Plaintiff Grober that are viable as claims separate from those advanced by Voice International.

5

**JOINT STATUS REPORT**

**B. Plaintiff's Statement**

As noted in Dkt. 446, Robert Lauson had stated to the Court on November 18, 2019, and having known for a half year at least that he was retiring to Florida in December, and having bought a house, would none-the-less be available for trial in 2020, and would fly in from Florida to do that.  It was only in December, on a day's notice to Mr. Lauson, from the firm he sold his company to, that we could not participate and thereupon filed his motion to withdraw, approved by the Court on January 2, 2020.  Mr. Grober has been active in meeting with potential counsel, as well as undertaking the significant task of dealing and cataloging the case records and exhibits, as well as attending to the ex parte reexam that Mr. Klein filed and is due shortly.

**VI.    JURY INSTRUCTIONS AND VERDICT FORM**

The parties have filed proposed and disputed jury instructions [349, 350, 407, 408].  The parties have also filed a proposed jury verdict form.  [Dkt. 347].

**A. Defendants' Statement**

In view of the Court's recent rulings, Defendants revised the last set of jury instructions and the verdict form.  Defendants' revisions incorporate the recent claim constructions and eliminate entries on damages and doctrine of equivalents. Defendants provided the revised jury instructions and verdict form to Plaintiff Grober on February 5, 2020.

**B. Plaintiff's Statement**

Plaintiff Grober, on short notice of this report, settlement talks and the issues

noted above, has not reviewed the jury instructions as to be able to comment.

## VII.  EXHIBIT LIST

The parties filed joint exhibit lists on September 16, 2019 [Dkt. 348], and on October 15, 2019 [Dkt. 397], and on November 7, 2019 [Dkt. 409].

By Order [Dkt. 416, p. 1] dated November 18, 2019, the Court directed the parties to file a notice of disputed exhibits in which they are grouped by common objections no later than December 16, 2019.  The court instructed the parties to file a stipulation and proposed order no later than December 13, 2019 if additional time is necessary.

On December 13, 2019, counsel for Plaintiff Voice International requested Defendants' consent to an extension of time until December 19, 2019, to file a notice of disputed exhibits in which they are grouped by common objections. Defendants consented.  Counsel for Plaintiff Voice International timely filed a stipulated request for extension [Dkt. 437] on December 13, 2109.

After Defendants provided to Plaintiffs their revised notice of disputed exhibits grouped by common objections, Defendants did not hear back from Plaintiffs.  Rather than risk missing a deadline, Defendants filed a Joint Exhibit List [Dkt. 440, title of filing corrected as Dkt. 441] without Plaintiffs' signatures or approval.  That Exhibit List [Dkt. 441] contains a list of exhibits and table of objections exactly as provided by Plaintiffs to Defendants on December 17, 2019. Defendants edited some of Defendants' objections, but did not add any exhibits. Defendants did not change any of Plaintiffs' entries in the exhibit list or table of objections.

### A. Defendants' Statement

The Exhibit List [Dkt. 441] filed on December 19, 2019, is the latest version of the exhibit list.  While the exhibit list may include exhibits that Plaintiffs intended to offer in support of damages and doctrine of equivalent claims, and

exhibits that were not timely produced during discovery, Defendants do not believe further revisions of the exhibit list are necessary before trial.  Defendants will be prepared to make appropriate evidentiary objections, if necessary, during trial.

### B. Plaintiff's Statement.

Plaintiff Grober, on short notice of this report, settlement talks and the issues noted above, has not reviewed the exhibit list and is unable to comment.

## VIII.  MOTION FOR LEAVE TO AMEND

On December 19, 2019, Plaintiffs filed a one-page motion for leave to file an amended Exhibit List [Dkt. 438].  Plaintiffs did not schedule a hearing on the motion.  Defendants' opposed the motion [Dkt. 450].

### A. Defendants' Statement

Defendants' opposed the motion [Dkt. 450] for failure to show good cause and for untimely introduction of exhibits that were omitted from prior joint exhibit lists filed on September 16, 2019 [Dkt. 348], and on October 15, 2019 [Dkt. 397], and on November 7, 2019 [Dkt. 409].

### B. Plaintiff's Statement

Plaintiff Grober, on short notice of this report, settlement talks and the issues noted above, has not reviewed this issue.

## IX.   REEXAMINATION

On July 23, 2019, Klein Sr. filed a Request for Ex Parte Reexamination No. 90014342, which challenged the validity of every asserted claim of the '662 patent, i.e., claims 1, 3, 4, 14, 32, 35 and 38.  On September 10, 2019, the US Patent and Trademark Office granted the Request for Reexamination against every asserted

claim.  [Dkt. 379-1 pp. 81-109].  On December 16, 2019, in a 135-page Office Action, the US Patent and Trademark Office rejected every asserted claim of the '662 patent.  A copy of the office action is attached hereto as Exhibit 1.

**A. Defendants' Statement**

**Every asserted claim of the '662 patent is currently rejected by the USPTO.**  Each claim is very clearly anticipated by the new prior art.  The asserted claims will not survive the reexamination.  A trial is unnecessary.

On August 16, 2019, counsel for the parties met as required under LR 16-2.  As required by LR 16-2.9, Mark Young, counsel for Defendants OPEL and Klein Sr. broached settlement.  In addressing settlement, Mr. Young referred to prior art that was delivered during discovery and forms the basis for the Ex Parte Reexamination Proceeding that is currently pending at the USPTO.  Mr. Young asked Messrs. Grober and Lauson if they had considered the prior art. While Mr. Grober claimed that he had reviewed the prior art and determined that it did not anticipate the asserted claims, he could not identify a single claim element that is not described in the prior art.  Mr. Lauson, counsel for Voice International, vacillated, first saying that he had not reviewed the prior art, then saying that he "looked at it" but was not prepared to discuss it.  To this day, Plaintiffs have never identified a single claim element that is recited in the asserted claims but not described in the prior art, because no such element exists.  Plaintiffs have not responded to the outstanding office action. [Exhibit1].

A stay pending final disposition of the reexamination would avoid an unnecessary trial.  Additionally, because (a) the accused MakoHeads are not in use and will remain so at least until the '662 patent expires on May 26, 2020, and (b) damages have been excluded, a stay could not conceivably prejudice Plaintiffs.

**JOINT STATUS REPORT**

1    Accordingly, Defendants support a stay pending the outcome of the

2  reexamination proceeding.

3

4  **B. Plaintiff's Statement**

5    Plaintiff Grober, as noted above, has also had to undertake Mr. Klein's ex

6  parte USPTO reexam, further removing time from attending to trial issues and

7  locating counsel.

8

9    Plaintiff Grober's statement overall.  This report was written by Mr. Grober

10  using the initial report sent to Mr. Grober by Mr. Young, and whom was notified

11  of the settlement discussions and that Mr. Grober's response may come late due to

12  the lengthy settlement talks.  Mr. Grober just noticed that Mr. Young has filed.

13    Hopefully the issues of settlement can be fruitful.  With an agreement in

14  principal with OPEL and Mr. Klein, and having reached out to Marty

15  Oppenheimer, maybe a great use of the meeting on Monday February 10, would be

16  to try and settle any remaining issues, even set a meeting with the Magistrate if

17  there are remaining issues.

18    Mr. Grober apologizes to the Court for this report being slightly over the

19  deadline, but hopes the sincere attempts on the part of Grober, Dann and Klein are

20  seen as worthwhile.

21

22  Dated:  February 6, 2020                    Respectfully submitted,

23

24                                   By:    DAVID GROBER

25                                          s/David Grober_____
                                            Plaintiff, Pro Se
26

27

28

**JOINT STATUS REPORT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT STATUS REPORT**