David Grober, Pro Se Plaintiff
davidgrober1@gmail.com
578 West Washington Blvd., Suite 866
Marina Del Rey, CA  90292
Tel. (310) 951-1110

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| **VOICE INTERNATIONAL, INC.,; DAVID GROBER,** | **Case No.: 2:15-cv-08830-JAK(KS)** |
| **Plaintiffs,** | **Plaintiff's Status Brief Requested By Court Order, Doc. 479** |
| **vs.** | |
| **OPPENHEIMER CINE RENTAL, LLC, et al.** | |
| **Defendants.** | |

# I. Introduction

Per the Court's Order, doc. 479, the parties were directed to meet-and-confer by March 30, 2020 and then file simultaneous briefs, not to exceed 10 pages, by April 6, 2020 addressing specific issues outlined in doc. 479.   The meet-and-confer took place on March 30th at 1:00 pm.

## II.  The Instant Case Should Not Be Stayed Pending The USPTO Reexam

The purpose of filing the reexam request was a litigation tactic to cause undue delay to the case and multiply Plaintiffs' costs. See, doc. 371, page 3 of 12, line 21 – page 5 of 12, line 21.   The '662 patent is valid and enforceable. Defendant Klein Sr., through his now defunct company Mako Products, Inc., attempted to invalidate the '662 patent through a reexamination proceeding in 2005 and failed, resulting in the patent being recertified.   The newly filed reexam is simply a second attempt on the eve of trial to force another delay.  The asserted art is even further afield than the 2005 reexam, and the patent will again be recertified.

Also, according to USPTO data, the reexam process can take more than two years to conclude.  See attached Exhibit A. If there is an appeal, it can take even longer. The Mako-1 case was stayed for three years during the pendency of Klein Sr.'s first requested reexam, simply extending the timeline of the case over additional years. Imposing another stay for a second reexam would cause a further stay estimated at 1.5 to 2.5 years. Further prejudice to Plaintiffs includes that most of the parties are advanced in age, such as Klein Sr. in his 90's, Grober, Tom Smith and John Dann are all between the ages of 65 and 70.  Travel may become more difficult and the simple ability to accurately recall specific events and facts, as well as gear up again for the case is prejudicial. More years of delay to adjudicate the technical issue of infringement, which was brought 16 years ago is not warranted.

### III.  Bench Trial Is Appropriate

In the Fourth Amended Complaint, and previously, Plaintiffs requested a jury trial.  However, the sudden withdrawal of Voice International's (VI's) counsel resulted in Plaintiff's ex parte application to bifurcate the infringement issue wherein it was stated,  "Plaintiffs accept either a bench trial or a jury trial on the infringement issue . . . whichever way is quickest and most efficient, Plaintiffs have no objection." See doc. 446, page 5 of 8, line 11-13.  Where the Court then issued it's order, doc. 459, on February 4, 2020, dismissing Plaintiffs' damages, this confirms that a bench trial is appropriate.

Wherein Defendants submitted an Offer of Judgment (OOJ) to Plaintiffs on February 17, 2020, and which Plaintiffs timely accepted on March 2, 2020, this further streamlines the case.  Infringement, willful infringement, and any potential for attorney fees have been resolved between Plaintiffs and OPEL/Klein Sr.  See, doc. 482.  This was a significant breakthrough in the case as Plaintiffs have tried very hard to resolve the issues as well as limit the scope of trial.

### IV.  David Grober Can Pursue The Remaining Issues

While Plaintiffs were aware of Mr. Lauson's planned retirement as far back as October of 2019, Mr. Lauson made it clear to Mr. Grober that he would be involved with the trial, including into 2020.  Mr. Lauson verified this to the Court at the November 18, 2019 hearing when stating to the Court he would be available for the February 11, 2020 trial date.   Mr. Lauson's availability changed in December and the Court granted Mr. Lauson and Mr. Treadwell's withdrawal on January 2, 2020.  David Grober has been diligently seeking replacement counsel and has had numerous calls, discussions, and meetings with potential counsel, including flying to Chicago to meet with a firm there.  The task is daunting for any counsel to agree to undertake representation on the eve of trial on a case which in reality goes back 16 years.   Over those years, Defendant litigation tactics, filing and withdrawing

multiple false causes of action for defamation, Anti-trust, Ca. 17000 & 17200, then bankruptcy to avoid liability, resuming operations under a foreign corporation, then the instant case Klein jurisdiction issue resulting in a one to two year delay and Plaintiffs' successful 60b motion, have depleted Plaintiffs' financial resources, causing the shuttering of Grober's company, and difficulty finding appropriate counsel on a limited budget. The COVID-19 pandemic has likewise impacted meetings with potential new counsel, compounding the difficulty.   However the search is continuing.  On the basis that damages are no longer available, Voice International, although still looking for counsel, notes that once the trial date is set, if counsel is not timely engaged for trial, Voice International anticipates withdrawing from the case.

The Court inquired about Mr. Grober, and what claims he can pursue at trial if Plaintiff Voice International is unable to retain new counsel.  Mr. Grober is the owner of the '662 patent and did not transfer all patent rights to VI, just the limited right for commercialization.  That is clear in the Fourth Amended Complaint which reads, "Voice International has an exclusive license from Grober to commercialize the '662 patent." There is no assertion or document conveying any other rights, particularly not an exclusive right to engage in litigation.  That is the issue pertinent in the Court's reference to *Lone Star Silicon Innovations, LLC v. Nanya Tech Corp.,* 925F.3d 1225 (Fed Cir. 2019).  Grober has never relinquished the exclusive right to engage in litigation such as found in *Lone Star,* and therefore has full right to continue the litigation absent VI.

### V.  Proposed Trial Dates

With COVID-19 closing the court and under COOP there being no assured civil case start date, Plaintiff Grober responds that he can be prepared for trial mid-May 2020 onward with reasonable notice. Voice International is continuing to seek counsel, but if none is engaged reasonably prior to the trial date when it is set,

Grober will proceed *pro se* and is concurrently also looking for consulting counsel in that event.

## VI.  Other Issues

The Court asked for "Any other issue that any party believes central to the remaining issues in this action."

After Plaintiffs signed and submitted the OOJ to Mr. Young on March 2, 2020, and he noted it received and was going to file it with the Court on March 3rd, Mr. Young then on March 4th, began to claim it was not valid as not timely submitted, even though it was, and he stated as such to the court in his unfiled version of the notice of acceptance, doc. 482-3.  Mr. Young now wants a different agreement with different terms and releases for people not even in the case. Plaintiff Grober and Jordy Klein continued discussions on the changes Mr. Young was requesting, right up until late afternoon this very day, April 6, but came up with no other replacement versions.  Plaintiffs, therefor have submitted the March 2, 2020, timely signed Offer of Judgment, and ask the Court to enter it.

The Offer Of Judgment resolves many but not all of the trial issues. The OOJ would appear to remove the following from the case in the Fourth Amended Complaint, Infringement and willful infringement, #D and #E as those are admitted by OPEL and Klein in the OOJ.  # I pertaining to OPEL/Klein Sr.,  #J & #K which, if Plaintiff's understanding is correct, the Court dismissed damages pertaining to the Oppenheimer Defendants and OPEL/Klein Sr., and attorney fees pertaining to OPEL/Klein Sr.   Alter ego, as stated in the Court's order, doc. 382, page 3 of 11, is an equitable issue for the Court to decide.

Plaintiffs are now hoping that with the signing of the OOJ with OPEL/Klein Sr., that will be a catalyst for settlement talks with Oppenheimer, and subsequently all the issues in this case with both parties.  It is certainly a significant step forward.

## VII.  Trial Exhibits

Plaintiff Grober has reviewed the most current exhibit list, doc. 438, and struck exhibits no longer relevant or admissible.

Dated:  April 6, 2020                                    Respectfully submitted,

                                                                        */s/ David Grober*
                                                                        In Pro Per

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28